UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDDYSTONE RAIL COMPANY, LLC, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )    Civil Action No. 17–cv–00495<br>) |
| BRIDGER LOGISTICS, LLC, JULIO RIOS, JEREMY GAMBOA, FERRELLGAS PARTNERS, L.P., and FERRELLGAS L.P. | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

### DECLARATION OF JEFFREY M. THEODORE IN SUPPORT OF PLAINTIFF EDDYSTONE RAIL COMPANY'S OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS

I, Jeffrey M. Theodore, hereby declare as follows:

1. I am an attorney at the law firm of Steptoe & Johnson LLP, counsel for Plaintiff Eddystone Rail Company ("Eddystone") in the above-captioned case.

2. My colleagues and I have reviewed emails between Defendants Julio Rios and Jeremy Gamboa and Eddystone personnel. Rios and Gamboa directed dozens or hundreds of email exchanges as well as telephone calls to Eddystone personnel in Pennsylvania, and made several in-person visits to the state.

3. These emails reflect that Rios and Gamboa travelled to Pennsylvania repeatedly in order to meet with Eddystone, give tours of the facility, and direct the operations of Bridger Transfer Services and its affiliates.

4. Attached hereto as **Exhibit 1** is a true and correct copy of an April 24, 2012 email exchange between Julio Rios and Erik Johnson of Canopy Prospecting, one of the Philadelphia

investors in Eddystone.  Attached hereto as **Exhibit 2** is a true and correct copy of an email from Julio Rios to Erik Johnson dated May 5, 2012.  The emails reflect that Messrs. Rios and Johnson met in Philadelphia to discuss a potential Eddystone rail transloading facility and toured the future Eddystone site on April 25-26, 2012.

5. Attached hereto as **Exhibit 3** is a true and correct copy of an email exchange between Julio Rios and Erik Johnson and Kelly Wilkins, dated October 9, 2012, reflecting a meeting in Philadelphia between Rios and representatives of Norfolk Southern, the railroad that Bridger Logistics would ultimately hire to transport crude oil to Eddystone.

6. Attached hereto as **Exhibit 4** is a true and correct copy of a November 1, 2012 email exchange between Julio Rios and Erik Johnson.  The email reflects that on November 7, 2012 Mr. Rios traveled the Norfolk Southern rail route from Latrobe, Pennsylvania to Harrisburg, Pennsylvania, part of Norfolk Southern's infrastructure for bringing crude oil to the Philadelphia area.

7. Attached hereto as **Exhibit 5** is a true and correct copy of a May 30, 2013 email exchange between Julio Rios and Erik Johnson, which reflects that the two met in Philadelphia the following week.

8. Attached hereto as **Exhibit 6** is a true and correct copy of a September 30, 2013 email exchange between Julio Rios and Erik Johnson.  The emails reflect that Mr. Rios traveled to Philadelphia for a meeting with Canopy on October 1, 2013 and a visit to the Eddystone facility the next day.

9. Attached hereto as **Exhibit 7** is a true and correct copy of a meeting notice reflecting that Julio Rios and Jeremy Gamboa traveled to Pennsylvania for a meeting with

Monroe Energy and Canopy Prospecting.  The meeting was held at the Monroe Refinery on October 16, 2014.

10. Attached hereto as **Exhibits 8 and 9** are true and correct copies of email exchanges between counsel for Eddystone and Bridger, dated January 13, 2015.  The emails reflect a January 14, 2015 meeting at the Philadelphia Airport Marriott regarding the Eddystone facility that was attended by Rios and in which Gamboa may have participated by telephone.

11. Attached hereto as **Exhibit 10** is a true and correct copy of an email from Steven Turnbull to D. Tully, dated May 14, 2015.  The email reflects that Julio Rios and Jeremy Gamboa gave a tour of the Eddystone facility to representatives of Ferrellgas and investment bankers.

12. Attached hereto as **Exhibit 11** is true and correct copy of a June 1, 2015 email from Julio Rios to Vince Paradis of Enbridge.  The email reflects that, after the tour, Erik Johnson reached out to Ferrellgas about its potential interest in the Facility.  Mr. Rios informed Mr. Paradis that he was free to "bring someone to ERC and . . . talk[] to them about capacity and expansion opportunities" and that Eddystone personnel were not "to go around me and pitch the facility without my knowledge."  Mr. Rios added that Eddystone was to "stop interfering with my business" regarding the facility.  Mr. Rios also asserted that Eddystone was not "to go around me to Monroe Energy" and stated that he had "had to straighten [Canopy] out twice" when they did so previously.

I declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated April 13, 2017

/s/ Jeffrey M. Theodore
Jeffrey M. Theodore