# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDDYSTONE RAIL COMPANY, LLC, | ) |
| Plaintiff, | ) Civil Action No. 2:17-cv-00495-RK |
| vs. | ) |
| BRIDGER LOGISTICS, LLC, JULIO RIOS, JEREMY GAMBOA, FERRELLGAS PARTNERS, L.P., and FERRELLGAS, L.P., | ) **Oral Argument Requested** |
| Defendants. | ) |

**OPPOSITION OF BRIDGER LOGISTICS, LLC,
FERRELLGAS PARTNERS, L.P., AND FERRELLGAS, L.P.
TO PLAINTIFF EDDYSTONE RAIL COMPANY'S
MOTION TO STRIKE DEFENDANTS' REPLY BRIEFS**

**PRELIMINARY STATEMENT**

Defendants Bridger Logistics, LLC, Ferrellgas Partners, L.P., and Ferrellgas, L.P. (collectively, the "BL/FG Defendants")[1] respectfully submit this opposition to *Plaintiff Eddystone Rail Company's Motion to Strike Defendants' Reply Briefs* [ECF No. 45] (the "ERC MTS"). The ERC MTS should be denied in all respects.

**ARGUMENT**

ERC asks this Court to strike the BL/FG Defendants' entire reply briefs that were submitted in response to ERC's oppositions to their motions to dismiss [ECF No. 42] (the "MTD Reply"] and to strike allegations in ERC's Complaint [ECF No. 43] (the "MTS Reply"). *See* ERC MTS at 1. ERC argues that the replies were filed "in violation of Local Rule 7.1(c)" and "[Y]our Honor's unequivocal statement regarding Local Rule 7.1(c)'s meaning" because the BL/FG Defendants did not seek leave of the Court before filing the replies. *Id.* at 1, 4. ERC utterly fails to support this drastic claim.

The case which ERC cites as "[Y]our Honor's unequivocal statement" on the Local Rules was a criminal sentencing case decided by the Honorable James McGirr Kelly—as Your Honor is well aware, a different judge of the same last name. *United States v. Sokolow*, No. CRIM. 93-cr-394-JK-1, 1999 WL 275000, at *1 (E.D. Pa. May 5, 1999). Furthermore, Judge James M. Kelly noted that in civil cases replies are permitted by virtue of his standing order, *id.* at *1 n.1, and did not suggest that a party must seek leave to file any reply, only one that "address[es] matters not raised in the initial motion." *Id.* at *1. As discussed below, ERC does not even try to contend that the BL/FG Defendants addressed, in their MTD Reply, a matter not raised in their

---

[1] Capitalized terms not defined herein have the meaning given in the *Memorandum of Law in Support of Bridger Logistics, LLC, Ferrellgas Partners, L.P., and Ferrellgas, L.P.'s Motion to Dismiss Plaintiff's Complaint* [ECF No. 35] (the "MTD Brief") and the *Memorandum of Law in Support of Bridger Logistics, LLC, Ferrellgas Partners, L.P., and Ferrellgas, L.P.'s Motion to Strike Allegations in Plaintiff's Complaint* [ECF No. 36] (the "MTS Brief").

1

initial motion, or that the MTD Reply was not in fact necessary. With respect to the MTS Reply, the two matters ERC claims are "new" fit easily within the permissible bounds of a reply brief.

While the plain language of Local Rule 7.1(c) does contemplate the possibility of replies as "necessary," it <u>does not</u>, as ERC suggests, require a party to seek advanced permission to file a reply brief.[2] In the face of this silence, judges in the Eastern District of Pennsylvania often issue their own individual rules and procedures governing the replies in the cases before them, and such rules vary from judge to judge. Some judges expressly prohibit replies absent advanced permission,[3] others make clear that a party must use discretion in cabining its reply to issues that are important and/or not new, but do not require advance permission,[4] some permit or encourage replies,[5] and others say nothing at all about replies.[6] Despite this varied approach, ERC broadly

---

[2] Local Rule 7.1(c) reads in full: "Every motion not certified as uncontested, or not governed by Local Civil Rule 26.1(g), shall be accompanied by a brief containing a concise statement of the legal contentions and authorities relied upon in support of the motion. Unless the Court directs otherwise, any party opposing the motion shall serve a brief in opposition together with such answer or other response that may be appropriate, within fourteen (14) days after service of the motion and supporting brief. In the absence of timely response, the motion may be granted as uncontested except as provided under Fed. R. Civ. P. 56. The Court may require or permit briefs or submissions if the Court deems them necessary."

[3] *E.g.*, The Honorable Judge James Knoll Gardner's Policies and Procedures at 8 ("Reply briefs and surreply briefs are not allowed, unless requested, or permitted, by Judge Gardner. If permitted, reply briefs and surreply briefs shall not exceed seven pages, absent leave of Court."); The Honorable John R. Padova's Policies and Procedures at 4 ("Reply and surreply briefs may only be filed with leave of the Court."); The former Honorable Judge Stewart R. Dalzell's Policies and Procedures at 3 ("Judge Dalzell disfavors reply or surreply briefs. Before filing a reply or surreply brief, counsel should obtain permission from the judge.").

[4] *E.g.*, The Honorable J. William Ditter, Jr.'s Policies and Procedures at 3 ("Judge Ditter has no formal policy on reply or surreply briefs. If filed, they should be concise and not repetitive."); The Honorable Judge Timothy J. Savage's Policies and Procedures at 4–5 ("Reply briefs, addressing only issues raised in the brief in opposition and not repeating arguments in the brief, may be filed within seven days of service of the opponent's brief in opposition and shall be limited to ten pages. No further briefs may be filed."); The Honorable Jeffrey L. Schmehl's Policies and Procedures at 5 (same); The Honorable Joel H. Slomsky's Scheduling and Motion Policies and Procedures at 5 (similar); The Honorable Thomas N. O'Neill, Jr.'s Policies and Procedures at 3 ("Judge O'Neill has no formal policy on reply or surreply briefs. Such briefs should be concise, and counsel should evaluate carefully whether a reply or surreply brief is necessary."); The Honorable R. Barclay Surrick's Policies and Procedures at 2 ("Reply and surreply briefs should be filed only when absolutely necessary and only in circumstances where the parties wish to draw Judge Surrick's attention to controlling authority not previously cited by the parties.").

[5] *E.g.*, The Honorable Gerald Austin McHugh's Guidelines for Counsel at 3 ("Supplemental briefs, reply briefs, and sur-reply briefs may be filed without seeking leave, but once an opposition brief has been filed, the Court will begin considering the merits of the issue."); The Honorable Paul S. Diamond's Judicial Practice and Procedures at 2 ("Unless so ordered, Judge Diamond will accept reply or supplemental briefs, but normally will not await a reply brief before ruling on a motion."); The Honorable Anita B. Brody's Policies and Procedures ("For all motions,

2

tells Your Honor that "[t]his Court has routinely stricken or refused to consider replies filed by a party that did not first request permission," ERC MTS at 3—but disingenuously fails to acknowledge that the judges who decided nearly all of the cases it cites for this proposition fit into the first category above, *e.g.*, their individual rules explicitly require parties to obtain permission before filing replies.[7] ERC's refusal to address the unambiguous individual practices of these judges utterly undermines its credibility and conclusions concerning Local Rule 7.1(c). Further, nearly all of the decisions cited by ERC also involved situations in which the party raised truly new evidence or arguments in reply[8]—neither of which is the case here.[9] *Id.* at 3–4. ERC's incomplete citations show, once again, a willingness to take unsupportable positions on

---

replies are automatically allowed and motions for leave to file a reply are not required. With respect to dispositive motions, Judge Brody encourages submission of a reply, and parties need not move for permission to file a reply."); The Honorable Harvey Bartle III's Policies and Procedures at 4 ("A reply brief, addressing arguments raised in the brief in opposition to the motion, may be filed and served by the moving party within seven (7) days after service of the brief in opposition to the motion unless the Court sets a different schedule." (emphasis in original)).

[6] The Honorable Nitza I. Quinoñes Alejandro does not currently publish individual rules on the Eastern District of Pennsylvania court website.

[7] *DeLuca v. NWC Warranty Corp.*, No. 11-3768, 2013 WL 12142524, at *6 (E.D. Pa. July 22, 2013) (Dalzell, J.) (reply brief advanced new arguments; Judge Dalzell's procedures specifically require advance permission before filing reply); *Cooper v. Nationwide Mut. Ins. Co.*, No. 02-2138, 2002 WL 31478874, at *6 n.12 (E.D. Pa. Nov. 7, 2002) (Dalzell, J.) (same); *S.E.C. v. Going Platinum, Inc.*, 2003-CV-04191, 2004 WL 2203716, at *1 n.5 (E.D. Pa. Sept. 23, 2004) (Gardner, J.) (reply brief raised issues not appropriate on motion to dismiss; Judge Gardner's procedures specifically require advance permission); *Schmidt, Long & Assoc., Inc. v. Aetna U.S. Healthcare, Inc.*, No. 00-CV-3683, 2001 WL 856946, at *7 n.9 (E.D. Pa. July 26, 2001) (Padova, J.) (reply struck for "failure to comply with Court policy"; Judge Padova's individual rules provide that "reply and surreply briefs may only be filed with leave of the Court").

[8] *DeLuca*, 2013 WL 12142524, at *6; *Going Platinum, Inc.*, 2004 WL 2203716, at *1 n.5; *Cooper*, 2002 WL 31478874, at *6 n.12; *Burns v. Lavender Hill Herb Farm, Inc*., No. 01-CV-7019, 2002 WL 31513418, at *5 n.2 (E.D. Pa. Oct. 30, 2002) (Rufe, J.) ("[N]either Defendants nor [Plaintiff] sought leave . . . to file a reply or a sur-reply, or to provide additional evidence in support . . . .").

[9] *Cohen v. Prudential Insurance Co.* also does not provide authority for striking the BL/FG Defendants' MTD and MTS replies. No. 08–5319, 2009 WL 2488911, at *6 n.6 (E.D. Pa. Aug. 12, 2009) (Pollak, J.). ERC MTS 3. Local Rule 7.1(c), on its face, does not require advance leave, and Judge Pollak's other decisions make clear that he viewed Local Rule 7.1(c) as providing discretion to consider a reply when it would be helpful and at least once interpreted Local Rule 7.1(c) as not requiring advance permission. *See, e.g.*, *Stewart v. Wackenhut Corr. Corp.*, No. 01-731, 2009 WL 874012, at *1 n.1 (E.D. Pa. Mar. 26, 2009) (Pollak, J.) ("[B]ecause [Defendants' reply] was helpful to the determination of the issues, I have exercised my discretion to consider the brief."); *Warren ex rel. Warren v. Cheltenham Twp.*, No. 94-4999, 1995 WL 732804, at *4 n.3 (E.D. Pa. Nov. 13, 1995) (Pollak, J.) ("The court does not read [Local R]ule [7.1(c)] to require that a party seek advance permission to file a reply brief; indeed, it would unduly delay the work of this court were it routinely to treat the question of whether a party may file a reply brief as one that itself required argument."). Further, in *Cohen* itself, Judge Pollak did not strike the Defendants' reply but instead found it unnecessary to even consider it because he determined that he could grant the Defendants' motion to dismiss without considering their reply. 2009 WL 2488911, at *7.

the facts and the law, on the assumption that the parties or Court may not notice. *Id.*

Your Honor's practices state that "[r]eply and surreply briefs should be filed only if absolutely necessary," and say nothing about a requirement of seeking advance permission. Where needed, replies appear to be routinely filed and considered by this Court without advance permission sought. *E.g.*, *Hofacker v. Wells Fargo*, 2:16-cv-00517-RK (E.D. Pa. Mar. 8, 2016, Apr. 7, 2016) [ECF Nos. 8, 9]; *Marton v. Carosella and Russo Enters., Inc.*, 2:15-cv-03791-RK (E.D. Pa. Sept. 17 and 23, 2015) [ECF Nos. 8, 9]; *FS2 Capital Partners, LLC, v. Church*, 2:14-cv-04933-RK (E.D. Pa. Dec. 23, 2014, Jan. 16, 2015) [ECF Nos. 36, 40]; *King v. Rocktenn CP, LLC*, No. 2:13-cv-06663-RK (E.D. Pa. Apr. 8, 2015, May 11, 2015) [ECF Nos. 40, 41]. Indeed, the only case decided by Your Honor that was cited by ERC actually considered arguments in the reply at issue and did not strike the brief. *Zimmer v. CooperNeff Advisors, Inc.*, No. 04-3816, 2004 WL 2933979, at *1 n.1, *9 (E.D. Pa. Dec. 20, 2004) (noting that reply was filed without seeking leave of court under Local Rule 7.1(c) but considering the reply nonetheless).

Here, the BL/FG Defendants determined that a reply <u>was</u> absolutely necessary in this case because ERC repeatedly made arguments in its opposition to the motions to dismiss and strike that had no basis in the Complaint and severely misrepresented the applicable law for this Court. ERC utterly misdescribed the factual allegations of its Complaint, deigned to add new claims for relief that were not included in the Complaint, and made a choice-of-law argument in connection with its breach of fiduciary duty claim that omitted to inform the Court about the Pennsylvania statute codifying the internal affairs doctrine, which explicitly governs the claim. *See* MTD Reply 1–4, 8, 15. Thus, the BL/FG Defendants filed careful replies that were restricted to the issues and misrepresentations that were absolutely necessary to address and refrained from arguing the numerous other ways in which ERC misinterpreted the Complaint and

4

case law or made other objectionable arguments.[10]  The replies will undoubtedly be helpful to the Court, which is precisely why ERC wants to keep them from the Court's purview.

Thus, there is absolutely no basis to strike the reply briefs or impose an advance leave of court requirement not included in Local Rule 7.1(c) or Your Honor's individual practices. Nevertheless, to the extent formal permission is required for a reply, the BL/FG Defendants hereby formally request permission to file the MTD Reply and the MTS Reply.  Indeed, the issues at stake in this case are important and complex and (as evidenced by ERC's dramatic move seeking to strike the replies in their entirety) the replies make a meaningful contribution to the explication of the law that will aid in resolution of the motions.

ERC seeks, in the alternative, leave to "respond to new issues" raised by the BL/FG Defendants in the MTS Reply.  ERC MTS 1, 4.  ERC does not even try to suggest what, if any, "new" arguments were raised in the BL/FG Defendants' MTD Reply and does not seek leave to file a surreply to the motion to dismiss.  *Id.* 4.

ERC does propose, conversely, that the BL/FG Defendants raised two new issues in the MTS Reply:  (1) the applicability of Paragraph 4 of the Confidentiality Order (which requires a court order before use of Confidential Information against a non-Party to the arbitration, like the BL/FG Defendants), and (2) the request that decision of the motion to strike be stayed pending discovery.  ERC MTS 2–3.  With respect to the first item, the MTS Brief cited Paragraph 4 of the Confidentiality Order and argued that it "specifically prohibited [ERC from] using [Confidential Information] for purposes other than the Arbitration."  MTS Brief 1; *see also id.* 3, 3 n.5, 7, 8, 8 n.27.  In response to the spurious argument in *Plaintiff Eddystone Rail Company's Opposition to*

---

[10] ERC's citation to the total number of pages between the BL/FG Defendants and the other defendants in the cases obscures the fact that very different issues are addressed in their respective briefs.

*Defendants' Motion to Strike Allegations in Plaintiff's Complaint* [ECF No. 40] (the "MTS Opposition") or "MTS Opp.") that "Eddystone was free to use Ferrellgas documents" in this lawsuit under Paragraph 6, *see* MTS Opp. 9; *see also id.* 6 n.3, 13 n.7, the BL/FG Defendants determined that it was absolutely necessary to reiterate the language of Paragraph 4 (which governs here) in the MTS Brief.  MTS Reply 5.  This is not new:  the applicability of Paragraph 4 was raised in the initial MTS Brief.

With respect to the second item, the alternative suggestion that the Court defer ruling on the motion to strike was made in response to the lengthy affidavit ERC submitted and ERC's bald statements in the MTS Opposition which directly contradict the sworn statements made in its Verified Petition filed in the Southern District of New York.  MTS Reply 1–2, 7.  The BL/FG Defendants neither sought new relief nor made new arguments but rather reacted to the assertions in the MTS Opposition that (somewhat surprisingly) contradicted ERC's prior sworn statements.

Since the BL/FG Defendants have not raised new arguments in the MTS Reply and ERC has not asked to file a surreply to the MTD Reply, ERC is not entitled to file a surreply.[11]

## **CONCLUSION**

For the foregoing reasons, ERC's request to strike the BL/FG Defendants MTD Reply and MTS Reply should be denied.  ERC's request to file a surreply should also be denied.  The BL/FG Defendants do not object to this Court issuing a clarifying statement about the availability of replies in this case.

---

[11] ERC requests that the Court "clarify whether a reply may be filed in this matter without first seeking leave of [C]ourt." ERC MTS 4.  While the relief appears unnecessary to the BL/FG Defendants based on the language of the Court's published procedures, the BL/FG Defendants do not object to ERC's third request.

Dated: April 26, 2017

Respectfully submitted,

*/s/ Jeffery A. Dailey*
Jeffery A. Dailey (I.D. No. 85993)
Caroline A. Gardner (I.D. No. 318815)
AKIN GUMP STRAUSS HAUER &
FELD LLP
Two Commerce Square, Suite 4100
2001 Market Street
Philadelphia, PA 19103
T: 215-965-1200
F: 215-965-1210
jdailey@akingump.com
cgardner@akingump.com

David M. Zensky (*pro hac vice*)
Katherine P. Porter (*pro hac vice*)
Kelly A. Eno (*pro hac vice*)
AKIN GUMP STRAUSS HAUER &
FELD LLP
One Bryant Park
New York, New York 10036
T: (212) 872-1000
F: (212) 872-1002
dzensky@akingump.com
kporter@akingump.com
keno@akingump.com
*Attorneys for Bridger Logistics, LLC*
*Ferrellgas Partners, L.P., and Ferrellgas L.P.*

## CERTIFICATE OF SERVICE

I, Jeffery A. Dailey, hereby certify that I caused the Opposition of Bridger Logistics, LLC, Ferrellgas Partners, L.P., and Ferrellgas, L.P. to Plaintiff Eddystone Rail Company's Motion to Strike Defendants' Reply Briefs to be filed and served to all counsel of record via the Court's ECF system on April 26, 2017.

Dated: April 26, 2017                              */s/ Jeffery A. Dailey*