# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDDYSTONE RAIL COMPANY, LLC, | ) |
| Plaintiff, | ) Civil Action No. 2:17-cv-00495-RK |
| vs. | ) |
| BRIDGER LOGISTICS, LLC, JULIO RIOS, JEREMY GAMBOA, FERRELLGAS PARTNERS, L.P., and FERRELLGAS, L.P., | ) **[Oral Argument Requested]** |
| Defendants. | ) |

**OPPOSITION OF JULIO RIOS and JEREMY GAMBOA
TO PLAINTIFF EDDYSTONE RAIL COMPANY'S
MOTION TO STRIKE DEFENDANTS' REPLY BRIEF**

Defendants Julio Rios and Jeremy Gamboa (collectively, the "Individual Defendants") respectfully submit this opposition to Plaintiff Eddystone Rail Company's Motion to Strike Defendants' Reply Briefs [ECF No. 45] ("ERC MTS").  The ERC MTS should be denied in all respects.

## I. JOINDER IN THE OPPOSITION OF THE BL/FG DEFENDANTS TO PLAINTIFF'S MOTION TO STRIKE

The Individual Defendants join the opposition of the BL/FG Defendants to the ERC MTS [ECF No. [  ]].  There was no violation of Local 7.1(c) in Defendants' filing of their reply briefs.  There was no violation of this Court's individual procedures in Defendants' filing of their reply briefs.

The reply filed by the Individual Defendants was necessary.  *See* Amended Reply In Further Support of Motion to Dismiss, [ECF No. 44], ("Individual Defendants' Reply"), n. 2.  The Individual Defendants' Reply was necessary to address, among other things, the new items raised by Plaintiff in its opposition ("ERC Opp.")[ECF No. 39] to the Individual Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim ("Ind. Def. MTD") [ECF No. 34].  In particular, but not exclusively, the ERC Opposition added allegations that were never even included in the Complaint.  *See e.g.*, ERC Opp. at p. 40 (alleging Rios' and Gamboa's "extensive efforts to contract for the use of a facility fewer than 20 miles from the courthouse where this Court presides, their numerous dealings with Pennsylvania-based companies, and their many meetings in Pennsylvania relating to this project", none of which was alleged in the Complaint).

Thus, as and for their joinder in the BL/FG Opposition to the ERC MTS, the Individual Defendants submit that there is no basis for striking the Individual Defendants' Reply because it was necessary.

1

### II. NO SURREPLY IS NECESSARY FOR PLAINTIFF TO FULLY ADDRESS THE ISSUES RAISED BY INDIVIDUAL DEFENDANTS' MOTION TO DISMISS.

The Individual Defendants did not raise any new issues in their Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim.  In their motion, the Individual Defendants asserted that Plaintiff had not alleged sufficient facts in the Complaint to support jurisdiction or liability against the Individual Defendants.  Ind. Def. MTD, *passim*.  The Individual Defendants submitted detailed affidavits establishing the factual basis for their dismissal request.  *Id.*, [ECF No. 34-2, 3].  In its opposition, Plaintiff submitted an attorney declaration attaching some email correspondence from years before the alleged harm occurred.  *See* Theodore Declaration, [ECF No. 39-1], Ex. 1 through 6.  In their reply, the Individual Defendants noted that the Theodore Declaration is insufficient to establish jurisdiction.  Individual Defendants' Reply, p. 10-12.  Plaintiff should not be granted a second bite at the apple, having failed to come forward with its best evidence of the Individual Defendants' minimum contacts in its opposition.[1]

### CONCLUSION

For the foregoing reasons, Plaintiff's request to strike the Individual Defendants' Reply should be denied.  Plaintiff's request to file a sur-reply should also be denied.

DATE:  April 27, 2017            Respectfully submitted,

/s/ *Jeremy A. Fielding*
Jeremy A. Fielding
*Admitted pro hac vice*
jfielding@lynnllp.com
Kent D. Krabill

---

[1] In the ERC MTS, Plaintiff requests that the Court "clarify whether a reply may be filed in this matter without first seeking leave of Court." ERC MTS, p. 4.  While the relief appears unnecessary per the Court's published procedures, Individual Defendants do not object to ERC's third request.

2

*Admitted pro hac vice*
kkrabill@lynnllp.com
Jonathan D. Kelley
*Admitted pro hac vice*
jkelley@lynnllp.com
LYNN PINKER COX & HURST, LLP
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Telephone: (214) 981-3800
Facsimile: (214) 981-3839

Julie Negovan, Esquire (1651)
1622 Spruce Street
Philadelphia, PA  19103
jn@sprucelaw.com
(267) 546-0623
*Attorneys for Defendants*
*Julio Rios and Jeremy Gamboa*

CERTIFICATE OF SERVICE

I, Julie Negovan, hereby certify that I filed and served the foregoing Individual Defendants' Opposition to ERC Motion to Strike Defendants' Replies to all counsel of record via the Court's ECF system on this date.

Dated: April 27, 2017                    /s/    *Julie Negovan*
                                                Julie Negovan

4