

**DAVID M. ZENSKY**
+1 212.872.1075/fax: +1 212.872.1002
dzensky@akingump.com

June 27, 2017

VIA ELECTRONIC COURT FILING

Honorable Robert F. Kelly
United States District Court
Eastern District of Pennsylvania
United States Courthouse
601 Market Street, Room 11613
Philadelphia, Pennsylvania 19106

      Re:    Eddystone Rail Company, LLC v. Bridger Logistics, LLC, et al., No. 17-00495-
             RK

Dear Judge Kelly:

      As Your Honor is aware, we represent the defendants Bridger Logistics, LLC, Ferrellgas
Partners, L.P., and Ferrellgas L.P. (the "BL/FG Defendants") in the above-referenced action.  On
Thursday, June 15, 2017, counsel for the parties appeared telephonically before the Court,
regarding the BL/FG Defendants' Motion to Strike Allegations in Plaintiff's Complaint ("Motion
to Strike") [ECF No. 36].  During that conference, the Court noted that Plaintiff's submissions
thus far on the Motion to Strike did not adequately resolve the question of Plaintiff's purported
sources for the allegations in the Complaint that are at issue in the Motion to Strike, and required
additional information from the Plaintiff.  In lieu of an immediate hearing and after discussion
with counsel, the Court directed the Plaintiff to identify with specificity the documents that
purportedly support the subject paragraphs, and to provide such documents to the BL/FG
Defendants if they were not already in our possession.  The Court rejected the Plaintiff's initial
offer to file a supplement on the docket.  The BL/FG Defendants agreed to review the Plaintiff's
production and report back to the Court whether our concerns, as set forth in our Motion to
Strike, had been satisfactorily resolved.

      Instead of complying with the Court's directive simply to serve supporting materials on
Defendants, Plaintiff filed a Supplement in Support of Plaintiff Eddystone Rail Company's
Opposition to Defendants' Motion to Strike Allegations in Plaintiff's Complaint [ECF No. 56]
("the Supplement").  The Supplement also improperly includes a series of unsubstantiated
allegations and arguments.  The BL/FG Defendants respectfully submit that the Plaintiff has not
complied with the Court's directive and request that the Supplement be stricken.



Honorable Robert F. Kelly
June 27, 2017
Page 2

   Nonetheless, the Court having insisted upon more disclosure from the Plaintiff, the
BL/FG Defendants are now able to review the purported sources for the subject allegations.
Accepting the Plaintiff at its word—that the sources identified in the Supplement are the <u>only</u>
sources on which Plaintiff's claims in the subject paragraphs are based—the BL/FG Defendants
believe that the Supplement sufficiently satisfies the BL/FG Defendants' concerns about the
*sources* used to draft a majority of the paragraphs at issue.[1]  Accordingly, in order to avoid
burdening the Court with a continued dispute on this point and to enable the Court to turn to the
pending motions to dismiss, the BL/FG Defendants hereby withdraw their Motion to Strike
without prejudice, and with a full reservation of all points of fact and law.

                              Respectfully submitted,

                              *David M. Zensky* / K.E.

                              David M. Zensky

_____

   [1] For the avoidance of doubt, the BL/FG Defendants do not mean that any such allegation is sufficiently
pled or properly supported by the alleged source. The BL/FG Defendants mean only that we understand the
purported sources for Plaintiff's allegation as arguably not violative of the governing protective order.

## <u>CERTIFICATE OF SERVICE</u>

I, Jeffery A. Dailey, hereby certify that I caused Defendants Bridger Logistics, LLC,

Ferrellgas Partners, L.P., and Ferrellgas L.P.'s letter regarding their Motion to Strike Allegations

in Plaintiff's Complaint [ECF No. 36] to be filed and served on all counsel of record via the

Court's ECF system on June 27, 2017.

*/s/ Jeffery A. Dailey*
Jeffery A. Dailey

Dated:  June 27, 2017