**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDDYSTONE RAIL COMPANY, LLC.<br>Plaintiff,<br>v.<br><br>BRIDGER LOGISTICS, LLC,<br>JULIO RIOS,<br>JEREMY GAMBOA,<br>FERRELLGAS PARTNERS, LP, and<br>FERRELLGAS, LP,<br>Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Civil Action No. 2:17-cv-00495-RK |

**AMENDED RESPONSES OF JULIO RIOS AND JEREMY GAMBOA
TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

Pursuant to Federal Rule of Civil Procedure 34, Defendants Julio Rios and Jeremy Gamboa (collectively, the "Individual Defendants"), by and through their undersigned counsel, hereby submit the following Amended objections and responses to Plaintiff's First Requests for Production.

All answers are made without in any way waiving or intending to waive, but on the contrary, intending to preserve and preserving:

1. All questions as to competency, materiality, privilege and admissibility as evidence for any purpose in any subsequent proceeding or the trial of this or any other action;

2. The right to object on any ground to the use of any of these Responses, or the subject matter thereof, in any subsequent proceeding or the trial of this or any other action;

3. The right to object on any ground at any time to a demand for further response to these or any other discovery requests or other discovery proceedings involving or relating to the subject matter of the discovery requests herein responded to; and

4.      The right to supplement and/or amend these Responses.

## I.      <u>GENERAL OBJECTIONS</u>

The Individual Defendants object to each document production request propounded by Plaintiff to the extent that such request:

1.      Is not relevant to the subject matter of this litigation considering the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues;

2.      Is not proportional to the needs of the case under Federal Rule of Civil Procedure 26;

3.      Is overly broad and any attempt to respond would be unduly burdensome, expensive, harassing and oppressive and/or would require the Individual Defendants to make an unreasonable investigation;

4.      Requests documents or information already in Plaintiff's possession, or that Plaintiff has equal access to;

5.      Seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court;

6.      Seeks information protected against disclosure as the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of Individual Defendants;

7.      Seeks information for an unreasonable and irrelevant or unlimited period of time;

8.      Is vague and ambiguous and incapable of a response as phrased;

9.      Seeks information which is available in the public domain or which is in the possession of third parties; and

10.     Otherwise exceeds the requirements of the Federal Rules of Civil Procedure regarding discovery.

The foregoing General Objections are hereby incorporated by reference into each and every Response of the Individual Defendants to each of the following document production requests as if fully set forth therein.

## II.      OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.      The Individual Defendants object to Plaintiff's Instructions and Definitions to the extent they seek to impose obligations upon the Individual Defendants that are different from, or in addition to, those authorized by, and permissible under, the Federal Rules of Civil Procedure.

2.      The Individual Defendants object to the definition of "you" and "your" to the extent they purport to include counsel or seek discovery of information protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court.

3.      The foregoing Objections to Instructions and Definitions are hereby incorporated by reference into each and every Response of the Individual Defendants to the following document production requests as if fully set forth therein.

## III.     OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

1.      All documents on which you will rely in this litigation.

**Objections:**  The foregoing General Objections are incorporated herein by reference.  The Individual Defendants object to this Request to the extent that it is not restricted to a relevant time period.  The Individual Defendants further object to this Request on the grounds that it is overly

broad in scope.  The Individual Defendants also object to this Request to the extent that it seeks information already in the possession of Plaintiff.  In addition, the Individual Defendants object to this Request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court.  The Individual Defendants further object to this Request to the extent it seeks information protected against disclosure as the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of the Individual Defendants.

**Response:**  The Individual Defendants are still investigating Plaintiff's claims, and are unclear as to what claims Plaintiff has asserted against them, and, relatedly, what timeframe would be relevant to those claims.  Accordingly, the Individual Defendants have not determined what documents they intend to rely upon in this litigation.

2.      All documents or communications concerning the RSA, any obligations or amounts owed thereunder, Eddystone or the Facility.

**Objections:**  The foregoing General Objections are incorporated herein by reference.  The Individual Defendants object to this Request to the extent that it is not restricted to a relevant time period.  The Individual Defendants further object to this Request on the ground that it is overly broad in scope in that the request is not proportional or even related to the issues at stake in the litigation.  For example, Plaintiff's request for all communications involving the RSA, Eddystone, or the Facility, is an overbroad and improper request.  The Individual Defendants also object to this Request to the extent that it seeks information already in the possession of Plaintiff.  In addition, the Individual Defendants object to this Request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court.  The Individual

4

Defendants further object to this Request to the extent it seeks information protected against disclosure as the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of the Individual Defendants.

**Response:**   The Individual Defendants are no longer affiliated with any Bridger or Ferrellgas entities and do not have access to all of the documents or communications they may have authored or received during their previous affiliation.   Subject to the foregoing general and specific objections, to the extent the Individual Defendants are in possession of relevant, responsive, non-privileged information, such information will be produced in accordance with what is proportional under Federal Rule of Civil Procedure 26, which only includes information from January 1, 2012 to March 1, 2016, at a mutually convenient time and place.

3.     All employment agreements and other documents reflecting the terms of employment for all employees of Bridger Logistics and/or of BTS and for all employees of Ferrellgas who had responsibility for business activities of Bridger Logistics or BTS, including but not limited to Julio Rios, Executive Vice President, Jeremy Gamboa, Executive Vice President, Alan Heitmann, Executive Vice President, Chief Financial Officer and Treasurer, Jospeh Natale, Heike Wallace, Dion Nicely, John Kolniak, Kelly Wilkins, Troy Lee, Tye Graham, Dan Giannini, David Stark, Wade Dollins, Callie Mendenhall, Les Patterson, Vispi Jilla, Lina Garabajal, and Taylor Phifer.

**Objections:**   The foregoing General Objections are incorporated herein by reference.   The Individual Defendants object to this Request to the extent that it is not restricted to a relevant time period.   The Individual Defendants further object to this Request on the ground that it is overly broad in scope in that the request is not proportional or even related to the issues at stake in the litigation.   For example, a request for "other documents" is an overbroad and improper request.   In

addition, the Individual Defendants object to this Request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court.  The Individual Defendants further object to this Request to the extent it seeks information protected against disclosure as the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of the Individual Defendants.

**Response:**   The Individual Defendants are no longer affiliated with any Bridger or Ferrellgas entities and do not have access to all of the documents or communications they may have authored or received during their previous affiliation.  Subject to the foregoing general and specific objections, to the extent the Individual Defendants are in possession of relevant, responsive, non-privileged information, such information will be produced in accordance with what is proportional under Federal Rule of Civil Procedure 26, which only includes information from January 1, 2012 to March 1, 2016, at a mutually convenient time and place.

4.      Sufficient documents to identify all persons who were BTS employees, agents or in any way acted on behalf of BTS from January 1, 2012 through March 1, 2016.

**Objections:**   The foregoing General Objections are incorporated herein by reference.  The Individual Defendants object to this Request to the extent that it is not restricted to a relevant time period.  The Individual Defendants further object to this Request on the ground that it is overly broad in scope and unanswerable.  For example, the request for "sufficient documents to identify" a group of individuals is undefined and improper.  Further, the terms "in any way acted on behalf of" are unlimited in scope, improperly vague and not proportional to the issues in this case.  Thus, any attempted response on behalf of the Individual Defendants would be incomplete and potentially inaccurate.  In addition, the Individual Defendants object to this Request to the extent

that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court.

**Response:**  The Individual Defendants are no longer affiliated with any Bridger entity and do not have access to all of the documents or communications they may have authored or received during their previous affiliation.  Subject to the foregoing general and specific objections, to the extent the Individual Defendants are in possession of relevant, responsive, non-privileged information, which would likely be limited solely to their own individual circumstances, such information will be produced at a mutually convenient time and place.

5.     With respect to persons who were agents or otherwise acted on behalf of BTS but who were not BTS employees, all documents identifying the employer or employment status of each such person and the sources of such person's compensation from January 1, 2012 through March 1, 2016.

**Objections:**  The foregoing General Objections are incorporated herein by reference.  The Individual Defendants object to this Request to the extent that it is not restricted to a relevant time period.  The Individual Defendants further object to this Request on the grounds that it is overly broad in scope, not limited to nor proportional to the issues in this case and essentially unanswerable.  For example, the terms "otherwise acted on behalf of", "employment status" and "sources of . . . compensation" are undefined and improperly vague. Thus, any attempted response on behalf of the Individual Defendants would be incomplete and potentially inaccurate.

**Response:**   The Individual Defendants are no longer affiliated with any Bridger or Ferrellgas entities and do not have access to all of the documents or communications they may have authored or received during their previous affiliation.  Subject to the foregoing general and

specific objections, to the extent the Individual Defendants are in possession of relevant, responsive, non-privileged information, which would likely be limited solely to their own individual circumstances, such information will be produced at a mutually convenient time and place.

6.      All documents identifying the members, equity owners, control persons, and any governing body of BTS, of Bridger Logistics, and of each other entity in the Bridger Group from June 1, 2011 through March 1, 2016.

**Objections:**  The foregoing General Objections are incorporated herein by reference.  The Individual Defendants object to this Request to the extent that it is not restricted to a relevant time period.  In addition, the Individual Defendants object to this Request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court.  The Individual Defendants further object to this Request on the ground that it is overly broad in scope, not limited to nor proportional to the issues in this case and essentially unanswerable.  For example, the terms "control persons", "governing body" and "each other entity in the Bridger Group" are undefined and improperly vague.  Thus, any attempted response on behalf of the Individual Defendants would be incomplete and potentially inaccurate. Further, the Individual Defendants object to this Request because they have already agreed to produce any limited liability company agreements, operating agreements, or other governing documents for BTS, Bridger Logistics, and other Bridger Group entities from June 1, 2011 through March 1, 2016, which would contain the information in this Request.  This Request is therefore unreasonably duplicative.

**Response:**   The Individual Defendants are no longer affiliated with any Bridger or Ferrellgas entities and do not have access to all of the documents or communications they may

have authored or received during their previous affiliation.  Subject to the foregoing general and specific objections, to the extent the Individual Defendants are in possession of relevant, responsive, non-privileged information, which would likely be limited solely to their own individual circumstances, such information will be produced in accordance with what is proportional under Federal Rule of Civil Procedure 26, which only includes information from January 1, 2012 to March 1, 2016, at a mutually convenient time and place.

7.      All documents reflecting the appointment of officers or managers of BTS, of Bridger Logistics, and of each other entity in the Bridger Group from June 1, 2011 through March 1, 2016.

**Objections:**  The foregoing General Objections are incorporated herein by reference.  In addition, the Individual Defendants object to this Request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court.  The Individual Defendants further object to this Request on the ground that it is overly broad in scope, not limited to nor proportional to the issues in this case and essentially unanswerable.  For example, the terms "all documents reflecting the appointment" and "of each other entity in the Bridger Group" are undefined and improperly vague.  Thus, any attempted response on behalf of the Individual Defendants would be incomplete and potentially inaccurate.

**Response:**  The Individual Defendants are no longer affiliated with any Bridger or Ferrellgas entities and do not have access to all of the documents or communications they may have authored or received during their previous affiliation.  Subject to the foregoing general and specific objections, to the extent the Individual Defendants are in possession of relevant, responsive, non-privileged minutes of meetings wherein any officers or managers of BTS, Bridger

Logistics, or any Bridger Group entity were appointed, such information will be produced at a mutually convenient time and place.

8.      All meeting minutes or notes of meetings among the members, managers, officers or other control persons or governing entity of BTS, Bridger Logistics, and each other entity in the Bridger Group from June 1, 2011 through March 1, 2016.

**Objections:**  The foregoing General Objections are incorporated herein by reference.  The Individual Defendants object to this Request to the extent that it is not restricted to a relevant time period.  In addition, the Individual Defendants object to this Request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court.  The Individual Defendants further object to this Request on the ground that it is overly broad in scope, not limited to nor proportional to the issues in this case and essentially unanswerable.  For example, the terms "all notes of meetings" are undefined and improperly vague and not even related to the issues in this case. Thus, any attempted response on behalf of the Individual Defendants would be incomplete and potentially inaccurate.

**Response:**   The Individual Defendants are no longer affiliated with any Bridger or Ferrellgas entities and do not have access to all of the documents or communications they may have authored or received during their previous affiliation.  Subject to the foregoing general and specific objections, to the extent the Individual Defendants are in possession of relevant, responsive, non-privileged information, which would likely be limited solely to their own individual circumstances, such information will be produced in accordance with what is proportional under Federal Rule of Civil Procedure 26, which only includes information from January 1, 2012 to March 1, 2016, at a mutually convenient time and place.

9.      All limited liability company agreements, operating agreements, or other such governing documents for BTS, Bridger Logistics, and each other entity in the Bridger Group from June 1, 2011 through March 1, 2016, including all amendments thereto.

**Objections:**      The foregoing General Objections are incorporated herein by reference. The Individual Defendants object to this Request to the extent that it is not restricted to a relevant time period.  In addition, the Individual Defendants object to this Request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court.  The Individual Defendants further object to this Request on the grounds that it is overly broad in scope, and not limited to nor proportional to the issues in this case.  Thus, any attempted response on behalf of the Individual Defendants would be incomplete and potentially inaccurate.

**Response:**      The Individual Defendants are no longer affiliated with any Bridger or Ferrellgas entities and do not have access to all of the documents or communications they may have authored or received during their previous affiliation.  Subject to the foregoing general and specific objections, to the extent the Individual Defendants are in possession of relevant, responsive, non-privileged information, which would likely be limited solely to their own individual circumstances, such information will be produced at a mutually convenient time and place.

10.      All Ferrellgas Board of Directors Meeting Minutes for the period December 1, 2014 through December 31, 2016 that relate in any way to BTS, Bridger Logistics, the Bridger Group, Eddystone, the RSA, Jamex, LLC, Jamex Marketing, Jamex Transfer Holdings or Monroe.

**Objections:**      The foregoing General Objections are incorporated herein by reference. The Individual Defendants object to this Request because it is not restricted to a relevant time

period and therefore is not proportional to the needs of the case under Federal Rule of Civil Procedure 26.  In addition, the Individual Defendants object to this Request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court.  The Individual Defendants further object to this Request on the grounds that it is overly broad in scope, and not limited to nor proportional to the issues in this case.

**Response:**    The Individual Defendants are no longer affiliated with any of these entities and do not have access to all of the documents or communications they may have authored or received during their previous affiliation.  Subject to the foregoing general and specific objections, to the extent the Individual Defendants are in possession of relevant, responsive, non-privileged information, such information will be produced in accordance with what is proportional under Federal Rule of Civil Procedure 26, which only includes information from June 1, 2015 to November 28, 2016, at a mutually convenient time and place.

11.    All records and documents for any bank account that held, accumulated, acted as a cash management account, or in any way was a depository, repository or vehicle for cash or money of BTS, of Bridger Logistics, of any entity in the Bridger Group, or of any Ferrellgas entity that transferred cash or other assets to or received cash or assets from Bridger Logistics or BTS.

**Objections:**    The foregoing General Objections are incorporated herein by reference. The Individual Defendants object to this Request to the extent that it is not restricted to a relevant time period.  In addition, the Individual Defendants object to this Request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court.  The Individual Defendants further object to this Request on the ground that it is overly broad in scope.

The Individual Defendants further object that this Request is not limited to nor proportional to the issues in this case.  For example, the terms "in any way was" and "other assets" and "cash or assets" are undefined and improperly vague. Thus, any attempted response on behalf of the Individual Defendants would be incomplete and potentially inaccurate.

**Response:**       Subject to the foregoing general and specific objections, to the extent the Individual Defendants are in possession of relevant, responsive, non-privileged information related to BTS, Bridger Logistics, any Ferrellgas entity and any Bridger Group entity that does not include the Individual Defendants, such information will be produced in accordance with what is proportional under Federal Rule of Civil Procedure 26, which only includes information from January 1, 2012 to March 1, 2016, at a mutually convenient time and place.

To the extent this Request seeks information related to the Individual Defendants, such information has already been produced in accordance with what is proportional under Federal Rule of Civil Procedure 26, which includes the Individual Defendants' personal financial records from November 2015 through May 2016, redacted except for any transactions involving a Ferrellgas, Bridger, or Jamex entity .

12.     All records and documents for all open or closed bank, financial, investment, brokerage, institutional, or other accounts holding assets or deposits (or reflecting debts) of BTS, of Bridger Logistics, of any entity within the Bridger Group, or of any Ferrellgas entity that transferred cash or other assets to or received cash or assets from Bridger Logistics or BTS.

**Objections:**     The foregoing General Objections are incorporated herein by reference.  In addition, the Individual Defendants object to this Request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court.  The Individual

Defendants object to this Request to the extent that it is not restricted to a relevant time period. The Individual Defendants object to this Request on the grounds that it is overly broad in scope, and not limited to nor proportional to the issues in this case. For example, the terms "other assets" and "cash or assets" are undefined and improperly vague. Thus, any attempted response on behalf of the Individual Defendants would be incomplete and potentially inaccurate.

**Response:**   Subject to the foregoing general and specific objections, to the extent the Individual Defendants are in possession of relevant, responsive, non-privileged information related to BTS, Bridger Logistics, any Ferrellgas entity and any Bridger Group entity that does not include the Individual Defendants, such information will be produced in accordance with what is proportional under Federal Rule of Civil Procedure 26, which only includes information from January 1, 2012 to March 1, 2016, at a mutually convenient time and place.

To the extent this Request seeks information related to the Individual Defendants, such information has already been produced in accordance with what is proportional under Federal Rule of Civil Procedure 26, which includes the Individual Defendants' personal financial records from November 2015 through May 2016, redacted except for any transactions involving a Ferrellgas, Bridger, or Jamex entity.

13.   All records of any brokerage or other account through which BTS, Bridger Logistics or any other Bridger Group entity held future contracts, option contracts or other derivative instruments related to the purchase, sale or transportation of crude oil.

**Objections**:   The foregoing General Objections are incorporated herein by reference. The Individual Defendants object to this Request to the extent that it is not restricted to a relevant time period.  In addition, the Individual Defendants object to this Request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or

which is otherwise protected against or privileged from disclosure by law or rule of court.  The Individual Defendants object to this Request on the grounds that it is overly broad in scope, and not limited to nor proportional to the issues in this case. The Individual Defendants further object that the terms "other derivative instruments" and "other assets" and "option contracts" are undefined and improperly vague. Thus, any attempted response on behalf of the Individual Defendants would be incomplete and potentially inaccurate.

**<u>Response</u>**:      Subject to the foregoing general and specific objections, the Individual Defendants are no longer affiliated with any Ferrellgas or Bridger entities and are not in possession, custody or control of responsive documents.

14.     All accounting books and records (in their native form, including electronic format, as generated and maintained in the normal course of business) of BTS, Bridger Logistics, of all other entities in the Bridger Group, and of any Ferrellgas entity that transferred cash or other assets to or received cash or assets from Bridger Logistics or BTS for 2013, 2014, 2015, 2016, including but not limited to the following:

    a.      All books of original entries

    b.      Detailed General Ledger

    c.      All detailed subsidiary ledgers

    d.      All detailed journal entries or other detailed sources of entries that resulted in a posting to the General Ledger

    e.      Opening and closing balances

    f.      Debt and credit memos

    g.      Metadata reflecting the software on which the accounting files were maintained in the normal course of business and the electronic format of the files.

**Objections:**    The foregoing General Objections are incorporated herein by reference. The Individual Defendants object to this Request to the extent that it is not restricted to a relevant time period.  In addition, the Individual Defendants object to this Request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court.  The Individual Defendants further object to this Request on the ground that it is overly broad in scope, and not limited to nor proportional to the issues in this case. The Individual Defendants object that the terms "other assets" and "cash or assets" are undefined and improperly vague. Thus, any attempted response on behalf of the Individual Defendants would be incomplete and potentially inaccurate.

**Response:**    Subject to the foregoing general and specific objections, the Individual Defendants are no longer affiliated with any Ferrellgas or Bridger entity and are not in possession, custody or control of responsive documents.

15.    All audited and unaudited balance sheets, income statements, consolidating schedules, cash flow statements, profit and loss statements or accounting reports, along with drafts, trial balances, and internal accounting workpapers of BTS, of Bridger Logistics, of all other entities in the Bridger Group, and of any Ferrellgas entity that transferred cash or other assets to or received cash or assets from Bridger Logistics or BTS for 2013, 2014, 2015, 2016.

**Objections:**    The foregoing General Objections are incorporated herein by reference. The Individual Defendants object to this Request to the extent that it is not restricted to a relevant time period.  In addition, the Individual Defendants object to this Request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court.  The

16

Individual Defendants further object to this Request on the ground that it is overly broad in scope, and not limited to nor proportional to the issues in this case. The Individual Defendants further object that the terms "other assets" and "cash or assets" are undefined and improperly vague. Thus, any attempted response on behalf of the Individual Defendants would be incomplete and potentially inaccurate.

**Response:**    Subject to the foregoing general and specific objections, the Individual Defendants are no longer affiliated with Ferrellgas and are not in possession, custody or control of responsive documents.

16.    Ferrellgas's General Ledger, journal entries, detailed entries, subsidiary ledgers, and original entries for 2014, 2015 and 2016 for transactions or postings related to an entity in the Bridger Group or an asset that at any time was owned or in the custody of an entity in the Bridger Group.

**Objections:**    The foregoing General Objections are incorporated herein by reference. The Individual Defendants object to this Request to the extent that it is not restricted to a relevant time period.  In addition, the Individual Defendants object to this Request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court.  The Individual Defendants further object to this Request on the grounds that it is overly broad in scope, and not limited to nor proportional to the issues in this case. The Individual Defendants object that the terms "transactions or postings", and "an asset that was at any time . . . in the custody of" are undefined and improperly vague.  Thus, any attempted response on behalf of Individual Defendants would be incomplete and potentially inaccurate.

**Response:**     Subject to the foregoing general and specific objections, the Individual Defendants are no longer affiliated with Ferrellgas and are not in possession, custody or control of responsive documents.

17.     All documents and communications relating to the income taxes (federal, state or local) owed or paid by BTS, Bridger Logistics, and all other entities in the Bridger Group for the years 2013, 2014, 2015 and 2016, including all tax returns filed with the Internal Revenue Service and all equivalent state or local authorities, all documents reflecting taxable income, all supporting schedules, all forms and all other tax documents.

**Objections:**     The foregoing General Objections are incorporated herein by reference. The Individual Defendants object to this Request to the extent that it is not restricted to a relevant time period.  In addition, the Individual Defendants object to this Request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court.  The Individual Defendants further object to this Request on the ground that it is overly broad in scope, and not limited to nor proportional to the issues in this case. For example, the terms "documents reflecting taxable income" and "all other tax documents" are undefined and improperly vague. Thus, any attempted response on behalf of the Individual Defendants would be incomplete and potentially inaccurate.

**Response:**     Subject to the foregoing general and specific objections, to the extent the Individual Defendants are in possession of relevant, responsive, non-privileged information related to BTS, Bridger Logistics, any Ferrellgas entity, or any Bridger Group entity that does not include the Individual Defendants, such information will be produced at a mutually convenient time and place.

To the extent this Request seeks information related to the Individual Defendants, relevant documents have already been produced in accordance with what is proportional under Federal Rule of Civil Procedure 26, which includes the Individual Defendants' personal financial records from November 2015 through May 2016, redacted except for any transactions involving a Ferrellgas, Bridger, or Jamex entity.

18.     For each entity in the Bridger Group, for the periods 2013, 2014, 2015 and 2016, a fixed asset listing, including description of the asset, date of acquisition, cost and depreciated value.

**Objections:**     The foregoing General Objections are incorporated herein by reference. The Individual Defendants object to this Request because it is not restricted to a relevant time period and therefore is not proportional to the needs of the case under Federal Rule of Civil Procedure 26.  In addition, the Individual Defendants object to this Request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court.  The Individual Defendants further object to this Request on the ground that it is overly broad in scope, and not limited to nor proportional to the issues in this case. For example, the terms "fixed asset listing" are undefined and improperly vague. Thus, any attempted response on behalf of Individual Defendants would be incomplete and potentially inaccurate.

**Response:**     Subject to the foregoing general and specific objections, the Individual Defendants are no longer affiliated with any Ferrellgas or Bridger entities and are not in possession, custody or control of responsive documents.

19.    For Ferrellgas, for the periods 2013, 2014, 2015 and 2016, a fixed asset listing of any asset owned at any time by a Bridger Group entity, including description of the asset, acquisition date, cost and depreciated value.

**Objections:**    The foregoing General Objections are incorporated herein by reference. The Individual Defendants object to this Request to the extent that it is not restricted to a relevant time period.  In addition, the Individual Defendants object to this Request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court.  The Individual Defendants further object to this Request on the ground that it is overly broad in scope, and not limited to nor proportional to the issues in this case. The Individual Defendants object that the terms "fixed asset listing" are undefined and improperly vague. Thus, any attempted response on behalf of the Individual Defendants would be incomplete and potentially inaccurate.

**Response:**    Subject to the foregoing general and specific objections, the Individual Defendants are no longer affiliated with any Ferrellgas or Bridger entities and are not in possession, custody or control of responsive documents.

20.    All documents provided to and all communications with any lender relating to proposed or requested financing, existing or new, of any investment in a Bridger Group entity or their assets or any other interests therein.

**Objections:**    The foregoing General Objections are incorporated herein by reference. The Individual Defendants object to this Request because it is not restricted to a relevant time period and therefore is not proportional to the needs of the case under Federal Rule of Civil Procedure 26.  In addition, the Individual Defendants object to this Request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine,

or which is otherwise protected against or privileged from disclosure by law or rule of court. Individual Defendants further object to this Request on the ground that it is overly broad in scope, and not limited to nor proportional to the issues in this case. The Individual Defendants object that the terms "any lender" and "proposed or requested financing" and "any investment" are undefined and improperly vague. Thus, any attempted response on behalf of Individual Defendants would be incomplete and potentially inaccurate.

**Response:**     Subject to the foregoing general and specific objections, the Individual Defendants are no longer affiliated with any Ferrellgas or Bridger entities and are not in possession, custody or control of responsive documents. Subject to the foregoing general and specific objections, to the extent the Individual Defendants are in possession of relevant, responsive, non-privileged information, which would likely be limited solely to their own individual circumstances, such information will be produced in accordance with what is proportional under Federal Rule of Civil Procedure 26, which only includes information from January 1, 2012 to March 1, 2016, at a mutually convenient time and place.

21.     All documents and communications concerning or relating to any transfer of assets or things of value from any Bridger Group entity to Ferrellgas, including any agreement governing the transfer, any documents reflecting consideration for the transfer, and any negotiations regarding the transfer.

**Objections:**     The foregoing General Objections are incorporated herein by reference. The Individual Defendants object to this Request to the extent that it is not restricted to a relevant time period. In addition, the Individual Defendants object to this Request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court. The

Individual Defendants further object to this Request on the ground that it is overly broad in scope, and not limited to nor proportional to the issues in this case.  The Individual Defendants object that the terms "in any way was" and "other assets" and "cash or assets" are undefined and improperly vague. Thus, any attempted response on behalf of the Individual Defendants would be incomplete and potentially inaccurate.

**Response:**     Subject to the foregoing general and specific objections, to the extent the Individual Defendants are in possession of relevant, responsive, non-privileged information related to BTS, Bridger Logistics, any Ferrellgas entity and any Bridger Group entity that does not include the Individual Defendants, such information will be produced in accordance with what is proportional under Federal Rule of Civil Procedure 26, which only includes information from January 1, 2012 to March 1, 2016, at a mutually convenient time and place.

To the extent this Request seeks information related to the Individual Defendants, such information has already been produced in accordance with what is proportional under Federal Rule of Civil Procedure 26, which includes the Individual Defendants' personal financial records from November 2015 through May 2016, redacted except for any transactions involving a Ferrellgas, Bridger, or Jamex entity.

22.     All records and documents of BTS, Bridger Logistics or any other entity in the Bridger Group that were provided to independent auditors in 2013, 2014, 2015 and 2016 as part of the financial statement audit process.

**Objections:**  The foregoing General Objections are incorporated herein by reference.  The Individual Defendants object to this Request because it is not restricted to a relevant time period and therefore is not proportional to the needs of the case under Federal Rule of Civil Procedure 26.  In addition, the Individual Defendants object to this Request to the extent that it seeks

information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court.  The Individual Defendants further object to this Request on the ground that it is overly broad in scope, and not limited to nor proportional to the issues in this case.  The Individual Defendants object that the terms "as part of the financial statement audit process" are undefined and improperly vague. Thus, any attempted response on behalf of Individual Defendants would be incomplete and potentially inaccurate.

**Response:**     Subject to the foregoing general and specific objections, the Individual Defendants are no longer affiliated with any Ferrellgas or Bridger entities and are not in possession, custody or control of responsive documents.

23.     Any adjusting entries proposed by the independent auditors for the financial statements or records of BTS, Bridger Logistics or any other entity in the Bridger Group in 2013, 2014, 2015 and 2016.

**Objections:**     The foregoing General Objections are incorporated herein by reference. The Individual Defendants object to this Request because it is not restricted to a relevant time period and therefore is not proportional to the needs of the case under Federal Rule of Civil Procedure 26.  In addition, the Individual Defendants object to this Request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court.  The Individual Defendants further object to this Request on the ground that it is overly broad in scope, and not limited to nor proportional to the issues in this case. The Individual Defendants object that the terms "adjusting entries" and "proposed by" and "financial [] records" are undefined and

improperly vague. Thus, any attempted response on behalf of Individual Defendants would be incomplete and potentially inaccurate.

**Response:**     Subject to the foregoing general and specific objections, the Individual Defendants are no longer affiliated with Ferrellgas and are not in possession, custody or control of responsive documents.

24.     All communications between BTS, Bridger Logistics, or any other entity in the Bridger Group and its independent auditors for the years 2013, 2014, 2015 and 2016.

**Objections:**     The foregoing General Objections are incorporated herein by reference. The Individual Defendants object to this Request to the extent that it is not restricted to a relevant time period.  In addition, the Individual Defendants object to this Request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court.  The Individual Defendants further object to this Request on the ground that it is overly broad in scope, and not limited to nor proportional to the issues in this case. Thus, any attempted response on behalf of Individual Defendants would be incomplete and potentially inaccurate.

**Response:**     The Individual Defendants are no longer affiliated with any Bridger or Ferrellgas entities and do not have access to all of the documents or communications they may have authored or received during their previous affiliation.  Subject to the foregoing general and specific objections, to the extent the Individual Defendants are in possession of relevant, responsive, non-privileged information, which would likely be limited solely to their own individual circumstances, such information will be produced at a mutually convenient time and place.

25.    All communications relating to the June 2, 2015 disclosure to the SEC that "Bridger Logistics has and continues to experience material weaknesses in its internal controls over financial reporting," and all drafts of the disclosure documents.

**Objections:**    The foregoing General Objections are incorporated herein by reference. The Individual Defendants object to this Request because it is not restricted to a relevant time period and therefore is not proportional to the needs of the case under Federal Rule of Civil Procedure 26.  In addition, the Individual Defendants object to this Request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court.  The Individual Defendants further object to this Request on the ground that it is overly broad in scope. The Individual Defendants object that the terms "communications relating to" and "drafts of the disclosure documents" are undefined and improperly vague. Thus, any attempted response on behalf of the Individual Defendants would be incomplete and potentially inaccurate.

**Response:**    Subject to the foregoing general and specific objections, to the extent the Individual Defendants are in possession of relevant, responsive, non-privileged information, which would likely be limited solely to their own individual circumstances, such information will be produced at a mutually convenient time and place.

26.    All underlying records and documents supporting each of the BTS current asset account balances at December 31, 2014, as shown in the consolidating balance sheet of the 2014 Bridger, LLC and Subsidiaries financial statements, including all documents reflecting accounts receivable debtors, entities who owed such accounts receivable, the consideration BTS provided in respect of each accounts receivable and other current assets.

**Objections:**   The foregoing General Objections are incorporated herein by reference. The Individual Defendants object to this Request because it is not restricted to a relevant time period and therefore is not proportional to the needs of the case under Federal Rule of Civil Procedure 26.  In addition, the Individual Defendants object to this Request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court.  The Individual Defendants further object to this Request on the ground that it is overly broad in scope. The Individual Defendants object that the terms "underlying records" and "supporting" are undefined and improperly vague. Thus, any attempted response on behalf of Individual Defendants would be incomplete and potentially inaccurate.

**Response:**   Subject to the foregoing general and specific objections, to the extent the Individual Defendants are in possession of relevant, responsive, non-privileged information, which would likely be limited solely to their own individual circumstances, such information will be produced at a mutually convenient time and place.

27.   All underlying records and documents supporting each of the BTS property and equipment balances at December 31, 2014, as shown in the consolidating balance sheet of the 2014 Bridger, LLC and Subsidiaries financial statements, including all documents reflecting BTS' ownership of, control over, or interest in such property and equipment, including all pipeline injection stations, land, rail cars, and vehicles.

**Objections:**   The foregoing General Objections are incorporated herein by reference. The Individual Defendants object to this Request because it is not restricted to a relevant time period and therefore is not proportional to the needs of the case under Federal Rule of Civil Procedure 26.  In addition, the Individual Defendants object to this Request to the extent that it

seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court. The Individual Defendants further object to this Request on the ground that it is overly broad in scope. The Individual Defendants object that the terms "underlying records" and "supporting" are undefined and improperly vague. Thus, any attempted response on behalf of the Individual Defendants would be incomplete and potentially inaccurate.

**Response:**     Subject to the foregoing general and specific objections, to the extent the Individual Defendants are in possession of relevant, responsive, non-privileged information, which would likely be limited solely to their own individual circumstances, such information will be produced at a mutually convenient time and place.

28.     All documents and communications relating to the decline in BTS' total assets or any portion of the total assets from $98,120,418 or any portion thereof as of December 31, 2014 to "no assets or liabilities other than is obligations under the Eddystone contract," on January 13, 2016, including all emails, invoices, agreements, assignments, wire confirmations, receipts, conveyances, mortgages, encumbrances, licenses, leases, surrendered or gifted (or granting of any option or documents entering into any contractual obligations to do any of the foregoing) and other documents evidencing or relating to transfers of assets to or from BTS or from or to other entities, including without limitation related parties.

**Objections:**  The foregoing General Objections are incorporated herein by reference. The Individual Defendants object to this Request to the extent that it is not restricted to a relevant time period. In addition, the Individual Defendants object to this Request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court. The

Individual Defendants further object to this Request on the ground that it is overly broad in scope, not limited to nor proportional to the issues in this case, and seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence.

**Response:**     The Individual Defendants are no longer affiliated with any Ferrellgas or Bridger entities and do not have access to all of the documents or communications they may have authored or received during their previous affiliation.  To the extent the Individual Defendants are in possession of relevant, responsive, non-privileged information, which would likely be limited solely to their own individual circumstances, such information will be produced in accordance with what is proportional under Federal Rule of Civil Procedure 26, which only includes information from December 31, 2014 to March 1, 2016, at a mutually convenient time and place.

29.     All documents reflecting any BTS dividends, distributions (in cash or in kind), redemptions, purchases, repayments, return or reduction of capital or other payments to members of BTS or other direct or indirect BTS owners from December 31, 2012 through March 1, 2016.

**Objections:**  The foregoing General Objections are incorporated herein by reference.  The Individual Defendants object to this Request to the extent that it is not restricted to a relevant time period.  The Individual Defendants further object to this Request on the ground that it is overly broad in scope, not limited to nor proportional to the issues in this case, and seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence.

**Response:**     Subject to the foregoing general and specific objections, to the extent the Individual Defendants are in possession of relevant, responsive, non-privileged information related to members of BTS not including the Individual Defendants, such information will be produced in accordance with what is proportional under Federal Rule of Civil Procedure 26, which only

includes information from December 31, 2014 to March 1, 2016, at a mutually convenient time and place.

To the extent this Request seeks information related to the Individual Defendants, such information has already been produced in accordance with what is proportional under Federal Rule of Civil Procedure 26, which includes the Individual Defendants' personal financial records from November 2015 through May 2016, redacted except for any transactions involving a Ferrellgas, Bridger, or Jamex entity.

30.    All documents, communications, and agreements concerning any BTS payment or transfer of assets or of anything of value to Bridger, LLC, Bridger Logistics, Ferrellgas, any other Bridger Group entity, and/or any other entity in which Bridger, LLC, Bridger Logistics and/or Ferrellgas directly or indirectly owns an interest from December 31, 2012 through March 1, 2016.

**Objections:**    The foregoing General Objections are incorporated herein by reference. The Individual Defendants object to this Request to the extent that it is not restricted to a relevant time period.  The Individual Defendants further object to this Request on the ground that it is overly broad in scope, not limited to nor proportional to the issues in this case, and seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. Thus, any attempted response on behalf of the Individual Defendants would be incomplete and potentially inaccurate.

**Response:**    Subject to the foregoing general and specific objections, to the extent the Individual Defendants are in possession of relevant, responsive, non-privileged information related to BTS, Bridger Logistics, Ferrellgas, any Bridger Group entity that does not include the Individual Defendants, and/or any other entity in which Bridger, LLC, Bridger Logistics and/or Ferrellgas

directly or indirectly owns an interest, such information will be produced at a mutually convenient time and place.

To the extent this Request seeks information related to any BTS payment or transfer of assets or of anything of value to the Individual Defendants, the Individual Defendants are not in possession, custody or control of any responsive documents, because they never received any such payment or transfer of value from BTS.

31.    All documents reflecting compensation, remuneration, incentive payment, value transfer or granting of any benefit to Messrs. Rios, Gamboa from December 31, 2012 through March 1, 2016, including bonuses, success fees, management fees, service fees, brokers fees, finders' fees, commission or other charges or fees from December 31, 2012 through March 1, 2016.

**Objections:**    The foregoing General Objections are incorporated herein by reference. The Individual Defendants object to this Request to the extent that it is not restricted to a relevant time period.  In addition, the Individual Defendants object to this Request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court.  The Individual Defendants further object to this Request on the ground that it is overly broad in scope, not limited to nor proportional to the issues in this case, and seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. Thus, any attempted response on behalf of Individual Defendants would be incomplete and potentially inaccurate.

**Response:**    The Individual Defendants are no longer affiliated with the Bridger entities and do not have access to all of the documents or communications they may have authored or received during their previous affiliation.  Subject to the foregoing general and specific objections,

the Individual Defendants have already produced responsive information in accordance with what is proportional under Federal Rule of Civil Procedure 26, which includes the Individual Defendants' personal financial records from November 2015 through May 2016, redacted except for any transactions involving a Ferrellgas, Bridger, or Jamex entity.

32.     All documents reflecting compensation, remuneration, incentive payments or value transfer or granting or (sic) any benefit to Messrs. Rios, Gamboa, or any entity in which Ferrellgas Partners, L.P. owns an interest, including bonuses, success fees, management fees, services, or other charges or fees, brokers fees, finders' fees, commission from June 25, 2015 through February 1, 2016.

**Objections:**  The foregoing General Objections are incorporated herein by reference.  The Individual Defendants object to this Request to the extent that it is not restricted to a relevant time period.  In addition, the Individual Defendants object to this Request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court.  The Individual Defendants further object to this Request on the ground that it is overly broad in scope, not limited to nor proportional to the issues in this case, and seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. Thus, any attempted response on behalf of the Individual Defendants would be incomplete and potentially inaccurate.

**Response:**     The Individual Defendants are no longer affiliated with the Bridger entities and do not have access to all of the documents or communications they may have authored or received during their previous affiliation.  Subject to the foregoing general and specific objections, the Individual Defendants have already produced information in accordance with what is proportional under Federal Rule of Civil Procedure 26, which includes the Individual Defendants'

personal financial records from November 2015 through May 2016, redacted except for any transactions involving a Ferrellgas, Bridger, or Jamex entity.

33.     All documents reflecting a BTS waiver, release or deferral of an obligation or an amount owed from December 31, 2012 through March 1, 2016.

**Objections:**  The foregoing General Objections are incorporated herein by reference.  The Individual Defendants object to this Request to the extent that it is not restricted to a relevant time period.  In addition, the Individual Defendants object to this Request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court.  The Individual Defendants further object to this Request on the ground that it is overly broad in scope, not limited to nor proportional to the issues in this case, and seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. Thus, any attempted response on behalf of the Individual Defendants would be incomplete and potentially inaccurate.

**Response:**     Subject to the foregoing general and specific objections, the Individual Defendants are no longer affiliated with any Ferrellgas or Bridger entities and are not in possession, custody or control of responsive documents.

34.     All express agreements between and/or among Bridger Group entities and BTS, including in the form of executed documents, letter agreements, emails and/or other exchanges of correspondence.

**Objections:**   The foregoing General Objections are incorporated herein by reference. The Individual Defendants object to this Request to the extent that it is not restricted to a relevant time period.  In addition, the Individual Defendants object to this Request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or

which is otherwise protected against or privileged from disclosure by law or rule of court.  The Individual Defendants further object to this Request on the ground that it is overly broad in scope, not limited to nor proportional to the issues in this case, and seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. Thus, any attempted response on behalf of the Individual Defendants would be incomplete and potentially inaccurate.

**Response:**      The Individual Defendants are no longer affiliated with the Bridger entities and do not have access to all of the documents or communications they may have authored or received during their previous affiliation.  Subject to the foregoing general and specific objections, to the extent Individual Defendants are in possession of relevant, responsive, non-privileged information, which would likely be limited solely to their own individual circumstances, such information will be produced in accordance with what is proportional under Federal Rule of Civil Procedure 26, which only includes information from January 1, 2012 to March 1, 2016, at a mutually convenient time and place.

35.      All documents or communications which, in Defendants' view, give rise to an implied or express contract or agreement between BTS and any other Bridger Group entity.

**Objections:** The foregoing General Objections are incorporated herein by reference.  The Individual Defendants object to this Request to the extent that it is not restricted to a relevant time period.  In addition, the Individual Defendants object to this Request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court.  The Individual Defendants further object to this Request on the ground that it is overly broad in scope, not limited to nor proportional to the issues in this case, and seeks irrelevant information not

reasonably calculated to lead to the discovery of admissible evidence. Thus, any attempted response on behalf of the Individual Defendants would be incomplete and potentially inaccurate.

**Response:**     Subject to the foregoing general and specific objections, the Individual Defendants are no longer affiliated with any Ferrellgas or Bridger entities and are not in possession, custody or control of responsive documents.

36.     All documents and communications reflecting or relating to the exchange of consideration between any Bridger Group entities and BTS.

**Objections:**     The foregoing General Objections are incorporated herein by reference. The Individual Defendants object to this Request to the extent that it is not restricted to a relevant time period.  In addition, the Individual Defendants object to this Request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court.  The Individual Defendants further object to this Request on the ground that it is overly broad in scope, not limited to nor proportional to the issues in this case, and seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. Thus, any attempted response on behalf of the Individual Defendants would be incomplete and potentially inaccurate.

**Response:**     The Individual Defendants are no longer affiliated with the Bridger entities and do not have access to all of the documents or communications they may have authored or received during their previous affiliation.  Subject to the foregoing general and specific objections, to the extent Individual Defendants are in possession of relevant, responsive, non-privileged information, which would likely be limited solely to their own individual circumstances, such information will be produced in accordance with what is proportional under Federal Rule of Civil

Procedure 26, which only includes information from January 1, 2012 to March 1, 2016, at a mutually convenient time and place.

37.    All documents and communications regarding the decision to have BTS, rather than Bridger Logistics, contract with Eddystone for access to the Facility.

**Objections:**    The foregoing General Objections are incorporated herein by reference. The Individual Defendants object to this Request because it is not restricted to a relevant time period and therefore is not proportional to the needs of the case under Federal Rule of Civil Procedure 26.  In addition, the Individual Defendants object to this Request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court.  The Individual Defendants further object to this Request on the ground that it is overly broad in scope, and seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. Thus, any attempted response on behalf of the Individual Defendants would be incomplete and potentially inaccurate.

**Response:**    The Individual Defendants are no longer affiliated with the Bridger entities and do not have access to all of the documents or communications they may have authored or received during their previous affiliation.  Subject to the foregoing general and specific objections, to the extent Individual Defendants are in possession of relevant, responsive, non-privileged information, which would likely be limited solely to their own individual circumstances, such information will be produced in accordance with what is proportional under Federal Rule of Civil Procedure 26, which only includes information from January 1, 2012 to April 1, 2013, at a mutually convenient time and place.  These dates reflect the date when the RSA negotiations began until the date BTS was sold.

38.     All documents concerning the terms on which BTS provided transloading capacity to Bridger Logistics, Ferrellgas and/or any other entity in the Bridger Group.

**Objections:**   The foregoing General Objections are incorporated herein by reference. The Individual Defendants object to this Request to the extent that it is not restricted to a relevant time period.  In addition, the Individual Defendants object to this Request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court.  The Individual Defendants further object to this Request on the ground that it is overly broad in scope, not limited to nor proportional to the issues in this case, and seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. Thus, any attempted response on behalf of the Individual Defendants would be incomplete and potentially inaccurate.

**Response:**     The Individual Defendants are no longer affiliated with any Ferrellgas or Bridger entities and do not have access to all of the documents or communications they may have authored or received during their previous affiliation.  Subject to the foregoing general and specific objections, to the extent Individual Defendants are in possession of relevant, responsive, non-privileged information, which would likely be limited solely to their own individual circumstances, such information will be produced in accordance with what is proportional under Federal Rule of Civil Procedure 26, which only includes information from January 1, 2012 to March 1, 2016, at a mutually convenient time and place.

39.     All documents, communications and agreements that reflect a commercial relationship between BTS and any other parties, including Bridger Group entities.

**Objections:** The foregoing General Objections are incorporated herein by reference.  The Individual Defendants object to this Request because it is not restricted to a relevant time period

and therefore is not proportional to the needs of the case under Federal Rule of Civil Procedure 26. In addition, the Individual Defendants object to this Request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court. The Individual Defendants further object to this Request on the ground that it is overly broad in scope, and seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. The Individual Defendants object that the terms "commercial relationship" are undefined and improperly vague. Thus, any attempted response on behalf of the Individual Defendants would be incomplete and potentially inaccurate.

**Response:**  The Individual Defendants are no longer affiliated with any Ferrellgas or Bridger entities and do not have access to all of the documents or communications they may have authored or received during their previous affiliation. Subject to the foregoing general and specific objections, to the extent Individual Defendants are in possession of relevant, responsive, non-privileged information, which would likely be limited solely to their own individual circumstances, such information will be produced in accordance with what is proportional under Federal Rule of Civil Procedure 26, which only includes information from January 1, 2012 to March 1, 2016, at a mutually convenient time and place.

40.    All documents and communications relating to capital contributions made to BTS or repaid by BTS after its formation on June 1, 2011 through March 1, 2016.

**Objections:**  The foregoing General Objections are incorporated herein by reference. The Individual Defendants object to this Request to the extent that it is not restricted to a relevant time period. In addition, the Individual Defendants object to this Request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or

which is otherwise protected against or privileged from disclosure by law or rule of court.  The Individual Defendants further object to this Request on the ground that it is overly broad in scope, not limited to nor proportional to the issues in this case, and seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. Thus, any attempted response on behalf of the Individual Defendants would be incomplete and potentially inaccurate.

**Response:**     The Individual Defendants are no longer affiliated with any Ferrellgas or Bridger entities and do not have access to all of the documents or communications they may have authored or received during their previous affiliation.  Subject to the foregoing general and specific objections, to the extent Individual Defendants are in possession of documents or communications reflecting or evidencing capital contributions made to BTS or repaid by BTS after its formation on June 1, 2011 through March 1, 2016, such information will be produced at a mutually convenient time and place.

41.    All documents relating to the ownership or control of property, plant and equipment used by BTS or used in the shipping of crude oil through the Facility each month, including but not limited to copies of all purchase or lease agreements for the rail cars that delivered crude oil to the Facility.

**Objections:**  The foregoing General Objections are incorporated herein by reference.  The Individual Defendants object to this Request because it is not restricted to a relevant time period and therefore is not proportional to the needs of the case under Federal Rule of Civil Procedure 26.  In addition, the Individual Defendants object to this Request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court.  The Individual Defendants further object to this Request on the ground that it is overly broad in scope,

and seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. Thus, any attempted response on behalf of the Individual Defendants would be incomplete and potentially inaccurate.

**Response:**     The Individual Defendants are no longer affiliated with any Ferrellgas or Bridger entities and do not have access to all of the documents or communications they may have authored or received during their previous affiliation.  Subject to the foregoing general and specific objections, to the extent Individual Defendants are in possession of relevant, responsive, non-privileged information, which would likely be limited solely to their own individual circumstances, such information will be produced in accordance with what is proportional under Federal Rule of Civil Procedure 26, which only includes information from January 1, 2012 to March 1, 2016, at a mutually convenient time and place.

42.     All documents relating to the premises from which Bridger Logistics, BTS, and each other entity of the Bridger Group conducted business, including but not limited to all commercial lease agreements.

**Objections:**  The foregoing General Objections are incorporated herein by reference.  The Individual Defendants object to this Request to the extent that it is not restricted to a relevant time period.  The Individual Defendants further object to this Request on the ground that it is overly broad in scope, not limited to nor proportional to the issues in this case, and seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. Thus, any attempted response on behalf of the Individual Defendants would be incomplete and potentially inaccurate.

**Response:**     The Individual Defendants are no longer affiliated with any Ferrellgas or Bridger entities and do not have access to all of the documents or communications they may have

authored or received during their previous affiliation.  Subject to the foregoing general and specific objections, to the extent Individual Defendants are in possession of relevant, responsive, non-privileged information, which would likely be limited solely to their own individual circumstances, such information will be produced in accordance with what is proportional under Federal Rule of Civil Procedure 26, which only includes information from January 1, 2012 to March 1, 2016, at a mutually convenient time and place.

43.    All    documents    and    communications    concerning    BTS's    sources    of revenue/sales/income from business operations, including any business conducted in addition to BTS's business at the Facility.

**Objections:**    The foregoing General Objections are incorporated herein by reference. The Individual Defendants object to this Request to the extent that it is not restricted to a relevant time period.  In addition, the Individual Defendants object to this Request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court.  The Individual Defendants further object to this Request on the ground that it is overly broad in scope, not limited to nor proportional to the issues in this case, and seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. Thus, any attempted response on behalf of the Individual Defendants would be incomplete and potentially inaccurate.

**Response:**    The Individual Defendants are no longer affiliated with any Ferrellgas or Bridger entities and do not have access to all of the documents or communications they may have authored or received during their previous affiliation.  Subject to the foregoing general and specific objections, to the extent Individual Defendants are in possession of relevant, responsive, non-privileged information, which would likely be limited solely to their own individual circumstances,

such information will be produced in accordance with what is proportional under Federal Rule of Civil Procedure 26, which only includes information from January 1, 2012 to March 1, 2016, at a mutually convenient time and place.

44. All documents concerning BTS's source[s] of revenue or funding from January 1, 2012 to March 1, 2016, including all documents reflecting the source(s) of funds for each monthly payment made by BTS under the RSA, all documents concerning payments by Monroe and/or Jamex Marketing or Jamex, LLC to any Bridger Group entity, and all documents concerning payments to BTS by any Bridger Group entity or by Jamex Marketing or Jamex, LLC.

**Objections:** The foregoing General Objections are incorporated herein by reference. The Individual Defendants object to this Request to the extent that it is not restricted to a relevant time period. In addition, the Individual Defendants object to this Request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court. The Individual Defendants further object to this Request on the ground that it is overly broad in scope, and not limited to nor proportional to the issues in this case. Thus, any attempted response on behalf of the Individual Defendants would be incomplete and potentially inaccurate.

**Response:** The Individual Defendants are no longer affiliated with any Ferrellgas or Bridger entities and do not have access to all of the documents or communications they may have authored or received during their previous affiliation. Subject to the foregoing general and specific objections, to the extent Individual Defendants are in possession of relevant, responsive, non-privileged information, which would likely be limited solely to their own individual circumstances, such information will be produced at a mutually convenient time and place.

45.     All documents concerning the terms of any arrangement, agreement or business relationship between BTS and Bridger Logistics or any other Bridger Group entity, including any obligations owed to BTS by any Bridger Group entity.

**Objections:**     The foregoing General Objections are incorporated herein by reference. The Individual Defendants object to this Request because it is not restricted to a relevant time period and therefore is not proportional to the needs of the case under Federal Rule of Civil Procedure 26.   In addition, the Individual Defendants object to this Request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court.  The Individual Defendants further object to this Request on the ground that it is overly broad in scope. Thus, any attempted response on behalf of Individual Defendants would be incomplete and potentially inaccurate.

**Response:**     The Individual Defendants are no longer affiliated with any Ferrellgas or Bridger entities and do not have access to all of the documents or communications they may have authored or received during their previous affiliation.  Subject to the foregoing general and specific objections, to the extent Individual Defendants are in possession of relevant, responsive, non-privileged information, which would likely be limited solely to their own individual circumstances, such information will be produced in accordance with what is proportional under Federal Rule of Civil Procedure 26, which only includes information from January 1, 2012 to March 1, 2016, at a mutually convenient time and place.

46.     For all expenses BTS incurred in its business, including on lease agreements it signed with third parties, all records reflecting payments made from bank accounts not held in BTS' own name.

**Objections:**   The foregoing General Objections are incorporated herein by reference. The Individual Defendants object to this Request to the extent that it is not restricted to a relevant time period.  The Individual Defendants further object to this Request on the ground that it is overly broad in scope, and not limited to nor proportional to the issues in this case. Thus, any attempted response on behalf of Individual Defendants would be incomplete and potentially inaccurate.

**Response:**   Subject to the foregoing general and specific objections, the Individual Defendants are no longer affiliated with Ferrellgas and are not in possession, custody or control of responsive documents.

47.   All documents and communications among BTS, any Bridger Group entity, Ferrellgas, and all third parties regarding Eddystone's rail unloading terminal and the roughly 65,000 barrels per day transloading capacity owned/controlled through the RSA.

**Objections:**   The foregoing General Objections are incorporated herein by reference. The Individual Defendants object to this Request to the extent that it is not restricted to a relevant time period.  In addition, the Individual Defendants object to this Request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court.  The Individual Defendants further object to this Request on the ground that it is overly broad in scope, and not limited to nor proportional to the issues in this case. Thus, any attempted response on behalf of Individual Defendants would be incomplete and potentially inaccurate.

**Response:**   The Individual Defendants are no longer affiliated with any Ferrellgas or Bridger entities and do not have access to all of the documents or communications they may have authored or received during their previous affiliation.  Subject to the foregoing general and specific

objections, to the extent Individual Defendants are in possession of relevant, responsive, non-privileged information, which would likely be limited solely to their own individual circumstances, such information will be produced in accordance with what is proportional under Federal Rule of Civil Procedure 26, which only includes information from January 1, 2012 to March 1, 2016, at a mutually convenient time and place.

48.    All documents, reports, or studies that any Bridger Group entity prepared concerning the merits of supplying crude oil to Delaware River refineries via the Eddystone facility, including any documents provided to Monroe.

**Objections:**  The foregoing General Objections are incorporated herein by reference.  The Individual Defendants object to this Request because it is not restricted to a relevant time period and therefore is not proportional to the needs of the case under Federal Rule of Civil Procedure 26.  In addition, the Individual Defendants object to this Request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court.  The Individual Defendants further object to this Request on the ground that it is overly broad in scope, and not limited to nor proportional to the issues in this case.  The Individual Defendants object that the terms "merits of supplying crude oil" are undefined and improperly vague.  Thus, any attempted response on behalf of the Individual Defendants would be incomplete and potentially inaccurate.

**Response:**      The Individual Defendants are no longer affiliated with any Ferrellgas or Bridger entities and do not have access to all of the documents or communications they may have authored or received during their previous affiliation.  Subject to the foregoing general and specific objections, to the extent Individual Defendants are in possession of relevant, responsive, non-

privileged information, which would likely be limited solely to their own individual circumstances, such information will be produced in accordance with what is proportional under Federal Rule of Civil Procedure 26, which only includes information from January 1, 2012 to March 1, 2016, at a mutually convenient time and place.

49.     All documents concerning BTS's obligation to provide financial assurances to Eddystone under the RSA, including all documents concerning any effort to provide such financial assurances whether a letter of credit or any other form of financial assurances.

**Objections:**  The foregoing General Objections are incorporated herein by reference.  The Individual Defendants object to this Request because it is not restricted to a relevant time period and therefore is not proportional to the needs of the case under Federal Rule of Civil Procedure 26.   In addition, the Individual Defendants object to this Request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court.   The Individual Defendants further object to this Request on the ground that it is overly broad in scope, and not limited to nor proportional to the issues in this case. Thus, any attempted response on behalf of the Individual Defendants would be incomplete and potentially inaccurate.

**Response:**      The Individual Defendants are no longer affiliated with any Ferrellgas or Bridger entities and do not have access to all of the documents or communications they may have authored or received during their previous affiliation.  Subject to the foregoing general and specific objections, to the extent Individual Defendants are in possession of relevant, responsive, non-privileged information, which would likely be limited solely to their own individual circumstances, such information will be produced in accordance with what is proportional under Federal Rule of

Civil Procedure 26, which only includes information from January 2012 to March 2016, at a mutually convenient time and place.

50.     All documents and communications concerning efforts or proposals by any Bridger Group entity to use the Eddystone facility to supply crude oil to any refinery other than Monroe or to supply crude oil to any refinery on the East Coast other than through the Eddystone facility.

**Objections:**     The foregoing General Objections are incorporated herein by reference. The Individual Defendants object to this Request because it is not restricted to a relevant time period and therefore is not proportional to the needs of the case under Federal Rule of Civil Procedure 26.  In addition, the Individual Defendants object to this Request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court.  The Individual Defendants further object to this Request on the ground that it is overly broad in scope. Thus, any attempted response on behalf of Individual Defendants would be incomplete and potentially inaccurate.

**Response:**     The Individual Defendants are no longer affiliated with any Ferrellgas or Bridger entities and do not have access to all of the documents or communications they may have authored or received during their previous affiliation.  Subject to the foregoing general and specific objections, to the extent Individual Defendants are in possession of relevant, responsive, non-privileged information, which would likely be limited solely to their own individual circumstances, such information will be produced in accordance with what is proportional under Federal Rule of Civil Procedure 26, which only includes information from January 1, 2012 to March 1, 2016, at a mutually convenient time and place.

51.     All documents and communications concerning any possible purchase of the Facility from Eddystone by Bridger Logistics, Jamex Marketing, or their affiliates during the period January 1, 2013 to March 1, 2016, including all any applications, communications, or discussions that in any way relate to actual or potential financing or a credit facility, including all documents provided to a lender.

**Objections:**  The foregoing General Objections are incorporated herein by reference.  The Individual Defendants object to this Request because it is not restricted to a relevant time period and therefore is not proportional to the needs of the case under Federal Rule of Civil Procedure 26.   In addition, the Individual Defendants object to this Request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court.  The Individual Defendants further object to this Request on the ground that it is overly broad in scope, and not limited to nor proportional to the issues in this case. Thus, any attempted response on behalf of Individual Defendants would be incomplete and potentially inaccurate.

**Response:**      The Individual Defendants are no longer affiliated with any of these entities and do not have access to all of the documents or communications they may have authored or received during their previous affiliation.  Subject to the foregoing general and specific objections, to the extent the Individual Defendants are in possession of relevant, responsive, non-privileged information, such information will be produced at a mutually convenient time and place.

52.     All documents and communications relating to or concerning the sale, supply, or shipment of crude oil to Monroe and/or via the facility, the Crude Oil Supply Agreement, the Amended and Restated Crude Oil Supply Agreement, the Monroe TLA, Jamex TLA, the Logistics APA, and all related or associated agreements, including but not limited to copies of the

agreements, documents relating to performance thereunder, and potential or actual termination or modification of the agreements.

**Objections:**  The foregoing General Objections are incorporated herein by reference.  The Individual Defendants object to this Request to the extent that it is not restricted to a relevant time period.  In addition, the Individual Defendants object to this Request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court.  The Individual Defendants further object to this Request on the ground that it is overly broad in scope, and not limited to nor proportional to the issues in this case. Thus, any attempted response on behalf of Individual Defendants would be incomplete and potentially inaccurate.

**Response:**     The Individual Defendants are no longer affiliated with any Ferrellgas or Bridger entities and do not have access to all of the documents or communications they may have authored or received during their previous affiliation.  Subject to the foregoing general and specific objections, the Individual Defendants will produce, on a rolling basis, non-privileged, non-work-product, non-proprietary, non-duplicative documents and communications in their possession, custody or control, if any, that can be located upon a reasonable search and relate to or concern the negotiation of and entry into the Crude Oil Supply Agreement, the Amended and Restated Crude Oil Supply Agreement, the Monroe TLA, Jamex TLA, the Logistics APA, and all related or associated agreements.

53.    All documents concerning the financing of purchases or shipment of crude oil to be delivered to Monroe or transloaded at the Facility, including all documents or communications relating to financing by Carlyle or Merrill, the Carlyle Agreement, or the Merrill Financing Agreement.

**Objections:**   The foregoing General Objections are incorporated herein by reference.  The Individual Defendants object to this Request because it is not restricted to a relevant time period and therefore is not proportional to the needs of the case under Federal Rule of Civil Procedure 26.  In addition, the Individual Defendants object to this Request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court.  The Individual Defendants further object to this Request on the ground that it is overly broad in scope, and not limited to nor proportional to the issues in this case. Thus, any attempted response on behalf of Individual Defendants would be incomplete and potentially inaccurate.

**Response:**       The Individual Defendants are no longer affiliated with any Ferrellgas or Bridger entities and do not have access to all of the documents or communications they may have authored or received during their previous affiliation.  Subject to the foregoing general and specific objections, the Individual Defendants agree to produce on a rolling basis, non-privileged, non-work-product, non-proprietary, non-duplicative documents that can be located upon a reasonable search and are sufficient to identify the financing of purchases or shipment of crude oil to be delivered to Monroe or transloaded at the Facility. The Individual Defendants will further produce, on a rolling basis, non-privileged, non-work-product, nonduplicative documents or communications in their possession, custody or control, if any, with Carlyle concerning the Carlyle Agreement and with Merrill concerning the Merrill Financing Agreement that can be located upon a reasonable search. The Individual Defendants will not search for other documents in response to this overbroad Request without further clarification or limitation.

54.     All documents and communications relating to or concerning the January Letter Agreements, any amendments thereto, the cessation of crude oil shipments to Monroe and/or via

the Facility, and the potential or actual termination or modification of the Crude Oil Supply Agreement, the Amended and Restated Crude Oil Supply Agreement, the Monroe TLA, Jamex TLA, and all related or associated agreements.

**Objections:**  The foregoing General Objections are incorporated herein by reference.  The Individual Defendants object to this Request to the extent that it is not restricted to a relevant time period.  In addition, the Individual Defendants object to this Request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court.  The Individual Defendants further object to this Request on the ground that it is overly broad in scope, and not limited to nor proportional to the issues in this case. Thus, any attempted response on behalf of the Individual Defendants would be incomplete and potentially inaccurate.

**Response:**     Subject to the foregoing general and specific objections, to the extent the Individual Defendants are in possession of relevant, responsive, non-privileged information, which would likely be limited solely to their own individual circumstances, such information will be produced at a mutually convenient time and place.

55.    All documents and communications concerning or relating to the BTS Purchase and Sale Agreement, the BTS Assignment Agreement, and all associated or related agreements, including copies thereof.

**Objections:**    The foregoing General Objections are incorporated herein by reference. The Individual Defendants object to this Request to the extent that it is not restricted to a relevant time period.  In addition, the Individual Defendants object to this Request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court.  The

Individual Defendants further object to this Request on the ground that it is overly broad in scope, and not limited to nor proportional to the issues in this case. Thus, any attempted response on behalf of the Individual Defendants would be incomplete and potentially inaccurate.

**Response:**      The Individual Defendants are no longer affiliated with any Ferrellgas or Bridger entities and do not have access to all of the documents or communications they may have authored or received during their previous affiliation.  Subject to the foregoing general and specific objections, to the extent Individual Defendants are in possession of relevant, responsive, non-privileged information, which would likely be limited solely to their own individual circumstances, such information will be produced in accordance with what is proportional under Federal Rule of Civil Procedure 26, which only includes information from January 1, 2012 to March 1, 2016, at a mutually convenient time and place.

56.      All documents and communications concerning the negotiation and sale of BTS to Jamex Transfer Holdings, including but not limited to all agreements related to the sale and all communications regarding the decision to sell BTS, the terms of the sale, the impact on obligations to BTS, and the impact on obligations to Eddystone under the RSA.

**Objections:**      The foregoing General Objections are incorporated herein by reference. The Individual Defendants object to this Request to the extent that it is not restricted to a relevant time period.  In addition, the Individual Defendants object to this Request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court.  The Individual Defendants further object to this Request on the ground that it is overly broad in scope, and not limited to nor proportional to the issues in this case. Thus, any attempted response on behalf of the Individual Defendants would be incomplete and potentially inaccurate.

**Response:**    The Individual Defendants are no longer affiliated with any Ferrellgas or Bridger entities and do not have access to all of the documents or communications they may have authored or received during their previous affiliation.  Subject to the foregoing general and specific objections, to the extent Individual Defendants are in possession of relevant, responsive, non-privileged information, which would likely be limited solely to their own individual circumstances, such information will be produced in accordance with what is proportional under Federal Rule of Civil Procedure 26, which only includes information from January 1, 2012 to March 1, 2016, at a mutually convenient time and place.

57.    All documents and communications regarding assets exchanged or payments made between or among Ferrellgas, Bridger Logistics, the Bridger Group, Jamex, LLC, and Jamex Marketing from May 1, 2015 through present.

**Objections:**  The foregoing General Objections are incorporated herein by reference.  The Individual Defendants object to this Request to the extent that it is not restricted to a relevant time period.  In addition, the Individual Defendants object to this Request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court.  The Individual Defendants further object to this Request on the ground that it is overly broad in scope, and not limited to nor proportional to the issues in this case.  Thus, any attempted response on behalf of Individual Defendants would be incomplete and potentially inaccurate.

**Response:**    Subject to the foregoing general and specific objections, to the extent the Individual Defendants are in possession of relevant, responsive, non-privileged information related to Ferrellgas, Bridger Logistics, the Bridger Group—excluding the Individual Defendants—

Jamex, LLC, and Jamex Marketing, such information will be produced at a mutually convenient time and place.

To the extent this Request seeks information related to the Individual Defendants, such information has already been produced in accordance with what is proportional under Federal Rule of Civil Procedure 26, which includes the Individual Defendants' personal financial records from November 2015 through May 2016, redacted except for any transactions involving a Ferrellgas, Bridger, or Jamex entity.

58.     All documents and communications regarding payments any Bridger Group entity received from Jamex Marketing from May 1, 2015 through present.

**Objections:**     The foregoing General Objections are incorporated herein by reference. The Individual Defendants object to this Request to the extent that it is not restricted to a relevant time period.  In addition, the Individual Defendants object to this Request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court.  The Individual Defendants further object to this Request on the ground that it is overly broad in scope, and not limited to nor proportional to the issues in this case. Thus, any attempted response on behalf of Individual Defendants would be incomplete and potentially inaccurate.

**Response:**     Subject to the foregoing general and specific objections, to the extent the Individual Defendants are in possession of relevant, responsive, non-privileged documents and communications regarding payments to any Bridger Group entity—excluding the Individual Defendants—such information will be produced at a mutually convenient time and place.

To the extent this Request seeks documents and communications regarding any payments received from Jamex Marketing by the Individual Defendants, such information has already been

produced in accordance with what is proportional under Federal Rule of Civil Procedure 26, which includes the Individual Defendants' personal financial records from November 2015 through May 2016, redacted except for any transactions involving a Ferrellgas, Bridger, or Jamex entity.

59.     All documents and communications regarding Ferrellgas' decision, on October 18, 2016, to relieve Messrs. Rios and Gamboa of their management responsibilities at Bridger Logistics.

**Objections:**     The foregoing General Objections are incorporated herein by reference. The Individual Defendants object to this Request because it is not restricted to a relevant time period and therefore is not proportional to the needs of the case under Federal Rule of Civil Procedure 26.   In addition, the Individual Defendants object to this Request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court.   The Individual Defendants further object to this Request on the ground that it is overly broad in scope.

**Response:**     The Individual Defendants are no longer affiliated with any Ferrellgas or Bridger entities and do not have access to all of the documents or communications they may have authored or received during their previous affiliation.   Subject to the foregoing general and specific objections, to the extent Individual Defendants are in possession of relevant, responsive, non-privileged information, which would likely be limited solely to their own individual circumstances, such information will be produced at a mutually convenient time and place.

60.     All documents relating to the internal review of Bridger Logistics' operations that Ferrellgas announced in connection with its October 18, 2016 decision to remove Messrs. Rios and Gamboa from their management positions at any Bridger Group entity, including all preliminary and final reports produced in the course of the review.

54

**Objections:**  The foregoing General Objections are incorporated herein by reference.  The Individual Defendants object to this Request because it is not restricted to a relevant time period and therefore is not proportional to the needs of the case under Federal Rule of Civil Procedure 26.  In addition, the Individual Defendants object to this Request to the extent that it seeks information which is protected by the attorney-client privilege or the work product doctrine, or which is otherwise protected against or privileged from disclosure by law or rule of court.  The Individual Defendants further object to this Request on the ground that it is overly broad in scope.

**Response**:     Subject to the foregoing general and specific objections, the Individual Defendants are no longer affiliated with any Ferrellgas or Bridger entities and are not in possession, custody or control of responsive documents.

Dated:  October 12, 2017

Respectfully submitted:

*/s/ Jonathan D. Kelley*
Jeremy A. Fielding (*pro hac vice*)
jfielding@lynnllp.com
Kent D. Krabill (*pro hac vice*)
kkrabill@lynnllp.com
Jonathan D. Kelley (*pro hac vice*)
jkelley@lynnllp.com
LYNN PINKER COX & HURST, LLP
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Telephone: (214) 981-3800
Facsimile: (214) 981-3839

Julie Negovan, Esquire (1651)
jnegovan@griesinglaw.com
GRIESING LAW, LLC
1717 Arch Street, Suite 3630
Philadelphia, Pennsylvania 19103

**ATTORNEYS FOR DEFENDANTS
JULIO RIOS AND JEREMY GAMBOA**

## <u>CERTIFICATE OF SERVICE</u>

I, Jonathan Kelley, hereby certify that I served the foregoing Amended Responses to Plaintiff's First Set of Requests for Production for Defendants Julio Rios and Jeremy Gamboa on all counsel of record via electronic mail on October 12, 2017 as follows:

Filiberto Agusti
fagusti@steptoe.com
Jeffrey M. Theodore
jtheodore@steptoe.com
Nicholas Petts
npetts@steptoe.com
Timothy Work
twork@steptoe.com
STEPTOE & JOHNSON LLP
1330 Connecticut Ave. NW
Washington, DC 20036

Henry Hockeimer, Jr.
hockeimerh@ballardspahr.com
Terence Grugan
grugant@ballardspahr.com
BALLARD SPAHR LLP
1735 Market St. 51st Floor
Philadelphia, PA 19103

*Attorneys for Plaintiff Eddystone Rail Company, LLC*

Jeffery A. Dailey
Caroline A. Gardner
AKIN GUMP STRAUSS HAUER &
FELD LLP
Two Commerce Square, Suite 4100
2001 Market Street
Philadelphia, PA 19103
T: 215-965-1200
F: 215-965-1210
jdailey@akingump.com
cgardner@akingump.com

David M. Zensky

Katherine P. Porter
Joseph Sorkin
Kelly A. Eno
AKIN GUMP STRAUSS HAUER &
FELD LLP
One Bryant Park
New York, New York 10036
T: (212) 872-1000
F: (212) 872-1002
dzensky@akingump.com
kporter@akingump.com
jsorkin@akingump.com
keno@akingump.com

*Attorneys for Bridger Logistics, LLC*
*Ferrellgas Partners, L.P., and Ferrellgas L.P.*

*/s/ Jonathan D. Kelley*
Jonathan D. Kelley