**EXHIBIT A**

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Eastern District of Pennsylvania

| | |
|---|---|
| Eddystone Rail Company, LLC | ) |
| *Plaintiff* | ) |
| v. | ) |
| Bridger Logistics, LLC, Julio Rios, Jeremy Gamboa, | ) |
| Ferrellgas Partners, L.P., and Ferrellgas, L.P. | ) |
| *Defendant* | ) |

Civil Action No.   2:17-cv-00495-RK

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                        Business First Bank
                          500 Laurel Street, Baton Rouge, LA 70801
_____
                     *(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A.

| Place: Schutte, Terhoeve, Richardson et al. , L.L.P. <br> C/o David Ziober <br> 501 Louisiana Ave, Baton Rouge, LA 70802 | Date and Time: <br><br> 09/19/2017 4:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      08/30/2017

CLERK OF COURT

_____          OR          _____
     *Signature of Clerk or Deputy Clerk*                              *Attorney's Signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Eddystone Rail Company, LLC _____ , who issues or requests this subpoena, are:

Nicholas Petts, Steptoe & Johnson LLP, 1330 Connecticut Avenue, NW, Washington, DC 20036, npetts@steptoe.com,
(202) 429-6488

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:17-cv-00495-RK

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Schedule A**

This Subpoena is issued in connection with the civil action *Eddystone Rail Company, LLC v. Bridger Logistics, LLC, et al.*, No. 2:17-cv-00495-RK (E.D. Pa. filed Feb. 2, 2017). The Subpoena commands you (as further defined below) to produce and permit inspection and copying of the documents set forth below.

**DEFINITIONS**

1.      "ERC" means Plaintiff Eddystone Rail Company, LLC.

2.      "Ferrellgas" means Defendants Ferrellgas, L.P., Ferrellgas Partners, L.P., and any of their employees, officers, representatives, agents, attorneys, members, subsidiaries, affiliates, successors, predecessors, and parents.

3.      "Bridger Party" means Julio Rios, James Ballengee, Jeremy Gamboa, Bridger LLC, Bridger Logistics, LLC, Bridger Marketing, LLC, Bridger Transportation, LLC, Bridger Leasing, LLC, Bridger Transfer Services, LLC, Bridger Lake, LLC, Bridger Rail Shipping, LLC, Bridger Marine, LLC, and Bridger Midstream, LLC, and any of their employees, officers, representatives, agents, attorneys, members, subsidiaries, affiliates, successors, predecessors, and parents.

4.      "Communication" means any transmission of information including facts, ideas, inquiries, solicitations, requests, complaints, proposals, or otherwise by any means and in any form, whether orally, electronically, telephonically, in writing, in person, or otherwise.

5.      "Concerning" or "relating to" mean embodying, discussing, referring to, relating to, pertaining to, describing, evidencing, comprising, containing, constituting, concerning supporting, reflecting, connected with, involving, identifying, or regarding.

6.     "Document" means any information or means of recording information –
including without limitation writings, drawings, graphs, charts, photographs, sound recordings,
images, files, and other data or data compilations – stored physically, electronically, or in any
other medium from which information can be obtained either directly or, if necessary, after
translation by the responding party into a reasonably usable form.  "Document" expressly
includes but is not limited to bank records, including documents reflecting: account balance and
holdings, deposits, withdrawals, drawdowns, the passing of checks or money orders, investment
in or holding of any type of financial asset, the transfer of financial assets, intra-bank transfers
(including transfers among different accounts held by the same person, or among different
subaccounts of a single account), transfers or wires to or from accounts at other financial
institutions (including the identity of such other financial institutions; the name of the transferee
or transferor account(s) and, where applicable, subaccount(s); and the identity of the person that
holds, controls, beneficially owns, or has power of attorney as to, the transferee or transferor
account(s) or subaccount(s)),  transfer or wire instructions (including when such instructions are
not carried out), flow of funds, account or subaccount opening and closing, control over and
beneficial status of accounts and subaccounts (such as records reflecting the account holder,
power-of-attorney holder, beneficial owner, or any other person exercising control over or
benefiting from the account or subaccount), and know-your-customer (KYC) information.

7.     "Financial institution" means any corporation, company, partnership, sole
proprietorship, or other business or legally recognized entity, a principal business line of which
consists of conducting or facilitating financial transactions, managing financial assets or
investments, lending money, or holding financial assets, and includes without limitation any

bank, thrift, savings and loan association, credit union, brokerage, insurance company, investment company, investment adviser, fund, or money-transfer service.

8.       "Person" means any natural person, corporation, company, partnership, sole proprietorship, trust, or other business or legally-recognized entity.

9.       "You" or "your" means Business First Bank, its present and former employees, officers, representatives, agents, attorneys, members, subsidiaries, affiliates, and parents.

10.      "Litigation" or "action" or "proceeding" means the above-captioned civil action.

## INSTRUCTIONS

1.       Deem the singular to include the plural and the plural to include the singular.

2.       Construe the words "all," "any," "each," and "every" to encompass "all," "any," "each," and/or "every" thing as necessary to make the document requests inclusive not exclusive and to bring within their scope all information that would otherwise be construed to be outside their scope.

3.       Construe the words "and" and "or" conjunctively or disjunctively as necessary to make the document requests inclusive not exclusive.

4.       Furnish all responsive information and documents either in your possession, custody, or control or available to you, your present and former representatives, employees, agents, attorneys, members, members, subsidiaries, parents, or affiliates.

5.       Unless otherwise specified, these requests seek documents generated in the period between July 1, 2011 and the present.

6.       Furnish all responsive documents with unique, sequential identifying numbers.

7.       State in detail the basis of any objection to any request, and respond fully to any request to the extent it is unobjected to in whole or in part.

3

8.      If any document covered by these requests is withheld by reason of a claim of

attorney-client privilege, attorney work product protection, or any other privilege or protection,

please furnish a log providing the following information with respect to each such withheld

document: date, author, recipients, general subject matter sufficient to make a prima facie

determination whether the asserted privilege has been properly invoked, and the legal basis upon

which the document has been withheld.

9.      Produce all documents in their original form.

10.     When producing documents or information stored electronically, provide them in

their native format and context with all contextual and metadata.

11.     Please organize electronic documents in the same manner that you store them

(e.g., if maintained by a custodian, such as e-mail residing on an email server, please organize

documents for production by custodian; if maintained as a subfolder of "My Documents" on a

custodian's hard drive, please organize documents for production by custodian with path

information preserved, etc.).

12.     To the extent responsive documents reside on databases and such other systems

and files, you are requested to produce the relevant database in useable form and/or permit

access for inspection, review and extraction of responsive information.

13.     Documents stored as electronic data on magnetic, optical, or other storage media

as "active" or "backup" files shall be produced in their native formats with any associated

metadata.

14.     These requests require production of paper documents in the same form and same

order as they are kept in the usual course of business, or organized and labeled to correspond

with the requests set forth below.  If you choose the former method, the documents are to be

produced in the boxes, file folders, binders and other containers in which the documents are found.  The titles, labels or other descriptions on the boxes, file folders, binders or other containers are to be left intact.

15.     At your election, documents maintained or stored in paper, hard-copy form can be produced as searchable .pdf (i.e., portable document format files with embedded text) and in an appropriate and usable manner (e.g., by copying such data onto an external hard drive).

16.     If any responsive document is not available to you or in your possession, custody, or control, identify each such document and state the disposition of such document, including the date of such disposition, the location of the document, and the person or persons presently in possession of the document.

17.     Supplement and update your response:  at any time you discover that your initial response was not entirely correct when made or is no longer entirely correct; at any time a failure to supplement would constitute a knowing or negligent concealment; or at any time you locate additional information or documents that are responsive to these requests.

## DOCUMENT REQUESTS

1.     All documents evidencing, referring to, concerning, or relating to any account or subaccount opened, maintained, accessed, used, controlled, held, or beneficially owned by any Bridger Party, or as to which any Bridger Party held power of attorney, during any time between July 1, 2011 and the present.

2.     All communications between you and any Bridger Party between July 1, 2011 and the present, evidencing, referring to, concerning, or relating to any account or subaccount described in Document Request No. 1 above.

5

3.      All documents evidencing, referring to, concerning or relating to the transfer of, or plans to transfer, financial assets from any Bridger Party (a) to another Bridger Party, (b) to Ferrellgas, or (c) to ERC, during any time between July 1, 2011 and the present.

4.      All documents comprising, evidencing, referring to, concerning, or relating to any communications between you or your outside counsel, on the one hand, and any Bridger Party or their counsel, where such communications arose in connection with, concern, relate to, involve, or refer to ERC or this litigation.

5.      All documents that you or your outside counsel have provided to any Bridger Party or any of their counsel in connection with, concerning, or relating to the litigation or any other dispute involving ERC.

**CERTIFICATION**

Andrew J. Sloniewsky, pursuant to 28 U.S.C. § 1746, declares and states that the foregoing document comprises an August 30, 2017 subpoena that Eddystone Rail Company, LLC caused to be served on Business First Bank, together with an accompanying cover letter of the same date.

I declare and certify under penalty of perjury that the foregoing is true and correct.

Executed on September 21, 2017

Andrew J. Sloniewsky