**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EDDYSTONE RAIL COMPANY, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>JULIO RIOS and JEREMY GAMBOA,<br><br>    Defendants,<br><br>BRIDGER LOGISTICS, LLC, FERRELLGAS<br>PARTNERS, L.P., and FERRELLGAS L.P.,<br><br>    Defendants/Third-Party Plaintiffs,<br><br>  v.<br><br>JAMEX MARKETING, LLC (f/k/a BRIDGER<br>MARKETING, LLC), JAMEX TRANSFER<br>HOLDINGS, LLC, JAMEX, LLC (f/k/a<br>BRIDGER, LLC), JAMEX TRANSFER<br>SERVICES, LLC (f/k/a BRIDGER TRANSFER<br>SERVICES, LLC), JAMES BALLENGEE and<br>JOHN DOES 1–10,<br><br>    Third-Party Defendants. | Civil Action No. 2:17-cv-00495 |

## THE JAMEX ENTITIES' MOTION TO DISMISS THIRD-PARTY COMPLAINT

Third-Party Defendants Jamex LLC, Jamex Marketing LLC, Jamex Transfer Holdings LLC, and Jamex Transfer Services LLC (collectively the "Jamex Entities") file this Motion to Dismiss the Third-Party Complaint of Bridger Logistics, LLC, Ferrellgas Partners, L.P., and Ferrellgas L.P. (collectively "Bridger-Ferrellgas") [Dkt. No. 69/70] pursuant to Federal Rules of

Civil Procedure 12(b)(2), 12(b)(6), and the doctrine of *forum non conveniens* (the "Motion"),[1]

with Third-Party Defendant James Ballengee joining as provided below, and respectfully state:

    1.    On August 23, 2017, Bridger-Ferrellgas filed its Third-Party Complaint against

the Third-Party Defendants in the matter captioned above asserting four causes of action:

- *Count I*:   Breach of contractual indemnity against Jamex Transfer Holdings based on a February 22, 2016, Purchase and Sale Agreement between it and Bridger Logistics, with Ferrellgas Partners L.P. executing a "consent and joinder" (the "PSA");

- *Count II*:   Breach of contract against Jamex Marketing based on a related guarantee given by that entity to Bridger Logistics for Jamex Transfer Holdings' performance of the PSA (the "Guarantee");

- *Count III*:   Tortious interference against James Ballengee, individually, for entering into a settlement agreement alleged to cause a breach of the PSA and Guarantee as asserted in Counts I-II; and

- *Count IV*: A "contingent" claim for contribution against Jamex LLC, Jamex Transfer Services, and James Ballengee as an individual.

    2.    The Jamex Entities first move to dismiss the entire Third-Party Complaint on

*forum non conveniens* grounds because the central foundation of Counts I-III are wholly

dependent on a breach of the PSA, which has a forum selection clause providing for mandatory

venue in Dallas County, Texas.  Given a further waiver of objection to venue in Dallas County in

the Guarantee, the intertwined facts among the third-party claims, a lack of diversity between the

third-party plaintiffs and defendants,[2] and the balance of public and private interests favoring this

indemnity suit between non-Pennsylvania companies be heard in the contractually-agreed

convenient forum of Dallas County, this Court should dismiss the entire Third-Party Complaint

for *forum non conveniens*.  James Ballengee joins in seeking to dismiss on this basis.

---

[1] Pursuant to Local Rule 7.1(c), a memorandum of law, along with supporting exhibits and materials, is submitted herewith and incorporated by reference into this Motion as if fully set forth herein.

[2] Bridger Logistics is alleged to be based in Texas [TPC ¶ 9], as are all Third-Party Defendants.  [*Id.* ¶¶ 12-16.]

3.     In addition, this Court should dismiss Count I against Jamex Transfer Holdings and Count IV against Jamex LLC due to a lack of personal jurisdiction over those entities under Rule 12(b)(2).  Neither entity itself has any contacts with Pennsylvania.

4.     Further, all claims should be dismissed with prejudice for failure to state a claim under Rule 12(b)(6).  Counts I-III are based on the existence of a breach of the PSA in Count I. However, as a matter of law, Bridger-Ferrellgas's allegations are contrary to the plain and unambiguous terms of the PSA.  There is no breach of the PSA stated and, thus, no basis for Count I or the derivative Counts II-III.  Further, the allegations for contribution (Count IV) are conclusory and insufficient to state a claim as a matter of law.  All claims should be dismissed. James Ballengee joins in seeking to dismiss on this basis as well.

5.     The Jamex Entities refer the Court to their Memorandum of Law and Exhibits in Support—which is filed contemporaneously herewith and incorporated in full for all purposes— for their arguments, authorities, and exhibits being offered in support.

## **PRAYER**

WHEREFORE, the Jamex Entities (and James Ballengee where joining) respectfully request that the Court: (1) dismiss this entire third-party action under the doctrine of *forum non conveniens*; (2) dismiss all claims against Jamex LLC and Jamex Transfer Holdings LLC for lack of personal jurisdiction; (3) dismiss Counts I-IV with prejudice and without leave to amend for failure to state a claim as a matter of law; and (4) grant all other relief the Third-Party Defendants are entitled at law or in equity.

The Jamex Entities further request that the Court hear oral argument on this Motion.

Dated:  October 30, 2017

Respectfully submitted,

*/s/ Allison Brown*

Allison Brown
Pennsylvania State Bar No. 202227
WEIL, GOTSHAL & MANGES LLP
17 Hulfish Street, Suite 201
Princeton, New Jersey 08542
Telephone: 609-986-1104
Telecopier: 609-986-1199
allison.brown@weil.com

-and-

T. Ray Guy
Texas State Bar No. 08648500
(*pro hac vice to be submitted*)
WEIL, GOTSHAL & MANGES LLP
200 Crescent Court, Suite 300
Dallas, Texas  75201-6950
Telephone: 214-746-7700
Telecopier: 214-746-7777
ray.guy@weil.com

*Attorneys for James H. Ballengee, Jamex LLC,
Jamex Marketing LLC, Jamex Transfer
Holdings LLC, and Jamex Transfer Services
LLC*

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Local Rule 7.1(d), I hereby certify that on October 30, 2017, I electronically transmitted the foregoing document using the ECF system for filing and transmittal of a Notice of Electronic Filing to those parties registered for ECF in this case.

*/s/ Allison Brown*
Allison Brown