IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDDYSTONE RAIL COMPANY, LLC, | : CIVIL ACTION |
| Plaintiff, | : |
| v. | : No. 17-495 |
| BRIDGER LOGISTICS, LLC, JULIO RIOS, JEREMY GAMBOA, FERRELLGAS PARTNERS, L.P., and FERRELLGAS, L.P., | : |
| Defendants. | : |

**ORDER**

**AND NOW**, this 7th day of September, 2018, upon consideration of Plaintiff Eddystone Rail Company LLC's ("Eddystone") Motion For Leave To Amend The Complaint (Doc. No. 178), Defendants Julio Rios ("Rios") & Jeremy Gamboa's ("Gamboa") Opposition to Plaintiff Eddystone Rail Company, LLC's Motion for Leave to File Amended Complaint, and the Opposition to Plaintiff's Motion for Leave to File an Amended Complaint by Defendants Bridger Logistics, LLC ("Bridger"), Ferrellgas Partners, L.P., Ferrellgas L.P. (collectively, "FGP"), it is hereby **ORDERED** that Eddystone's Motion For Leave To Amend The Complaint is **GRANTED**.[1]

---

[1] Pursuant to Federal Rule of Civil Procedure 15(a), leave of court to amend pleadings shall be freely given when justice so requires. *See* Fed. R. Civ. P. 15(a). The decision on whether to allow such amendments is within the discretion of the court. *See Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413–14 (3d Cir. 1993) (citation omitted). Although Rule 15(a) requires that leave to amend be freely given, it is appropriate to deny such a request in the event that the court finds undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment. *Id.* at 1414. None of those grounds are present here.

There is no evidence of undue delay or bad faith on the part of Eddystone. It appears that Eddystone's Motion was made for a proper purpose, as it proposes to add new defendants and include factual information based on information that was not available to it at the time that the initial complaint was filed. Also, there is no evidence of

It is **FURTHER ORDERED** that the Clerk shall docket the Proposed Amended Complaint entitled, "First Amended Complaint," which is attached to Eddystone's Motion (Doc. No. 178-1).

BY THE COURT:

/s/ Robert F. Kelly
ROBERT F. KELLY
SENIOR JUDGE

---

any dilatory motive. Since this is Eddystone's first amendment request, there has not been a repeated failure to cure deficiencies in prior amendments. Furthermore, we do not find that the proposed added facts and defendants (each entity is or was a direct or indirect wholly owned FGP subsidiary), which are based on similar facts to the existing claims, would drive up litigation costs to such an inordinate degree as to be prejudicial. *See Synthes, Inc. v. Marotta*, 281 F.R.D. 217, 228 (E.D. Pa. 2012) ("Even when a proposed amended complaint adds substantive allegations against a defendant or adds new defendants, where such new defendants are related to the existing ones or where '[t]he evidence required to meet these new allegations is substantially similar to that which was originally required,' prejudice does not exist."). Additionally, Eddystone argues that all of the information on which the claims against the added defendants are based is within Defendants' possession. The parties are currently engaged in fact discovery and depositions have not yet commenced. While Defendants contend that they would need to conduct additional discovery and research, and may need to change their defense strategy, the current discovery period, with its resultant newly found discovery, is a time when litigation strategies are being formed and developed. *See id.* ("Notably, however, the need for additional discovery due to amendment does not, without more, prejudice the non-moving party."). The parties currently have the opportunity to address these amendments and conduct discovery. There is no evidence of prejudice.

Finally, "[t]he futility analysis on a motion to amend is essentially the same as a Rule 12(b)(6) motion." *Id.* at 229. At this time, we cannot conclude that the First Amended Complaint fails to state claims for intentional and constructive fraudulent transfer or a claim for alter ego liability. The First Amended Complaint sets forth facts with sufficient particularity required by Federal Rules of Civil Procedure 8 and 9(b) to apprise all of the defendants fairly of the intentional and constructive fraudulent transfer charges, and allegations of fraud, made against them. Likewise, the First Amended Complaint clearly and adequately alleges claims against FGP, Bridger, Rios, Gamboa, and newly added defendant, Bridger Rail Shipping, for Alter Ego.