# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EDDYSTONE RAIL COMPANY, LLC, | : |
|          Plaintiff/Counter-defendant, | : |
| | : |
|   v. | : |
| | : No. 2:17-cv-00495-RK |
| JULIO RIOS and JEREMY GAMBOA, | : |
|        Defendants, | : |
| | : |
| BRIDGER LOGISTICS, LLC, | : |
| FERRELLGAS PARTNERS, L.P., and | : |
| FERRELLGAS, L.P., | : |
|        Defendants/ | : |
|        Counterclaimants | : |
| | :: |

---

### THE BL/FG DEFENDANTS' FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

Defendants Bridger Logistics, LLC, Ferrellgas Partners, L.P., and Ferrellgas L.P. (the "BL/FG Defendants"), by and through their undersigned counsel, pursuant to Federal Rules of Civil Procedure 26 and 34, hereby respond and object to Plaintiff Eddystone Rail Company's ("ERC") First Set of Requests for Production (each individually a "Request", and collectively, the "Document Requests"). The BL/FG Defendants' investigation of the asserted claims is ongoing, and the BL/FG Defendants reserve the right to supplement these responses if additional or different information is obtained. The BL/FG Defendants reserve the right to make use of, or introduce at any hearing and at trial, documents or information, if any, otherwise responsive to ERC's Requests for Production.

Nothing contained in these responses and objections shall be deemed to be an admission, concession or waiver by the BL/FG Defendants as to the relevance, materiality, competency, foundation, authenticity, or admissibility of any information provided in response to these

1

Document Requests.  In providing responses to the Document Requests, the BL/FG Defendants

do not in any way waive or intend to waive, but rather intend to preserve and do preserve:

(a)      All objections as to relevancy, materiality, competency, foundation, authenticity,

and admissibility;

(b)      All rights to object on any ground to the use of any information and documents

provided or produced in response to the Document Requests in any proceedings, including the

trial of this or any other action; and

(c)      All rights to object on any ground to any further requests for information or

documents involving or related to any of the Document Requests.

Nothing in these Responses and Objections shall be construed as an admission that any

responsive document exists in connection with any particular Request.

Any disclosure of documents that are the subject of an objection herein shall not

constitute a waiver of any right or objection.

Pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, the BL/FG Defendants

reserve the right to supplement and amend their responses and objections, if necessary, to reflect

additional information, including additional burdens associated with discovery.  The responses

herein reflect the BL/FG Defendants' objections and responses to the extent now known.

## **GENERAL OBJECTIONS APPLYING TO ALL OF THE REQUESTS**

The following General Objections apply to each Definition, Instruction, and Request, and

shall have the same force and effect as if fully set forth in the response to each Request.  The

BL/FG Defendants do not waive any General Objections by providing specific responses and

objections to the Document Requests.[1]

---

[1] The objections in this section (the "General Objections") are specifically incorporated by reference in response to each Request. Certain of the General Objections are included in response to specific Document Requests. Such

2

2.      The BL/FG Defendants object to each Request to the extent it seeks documents already in ERC's possession, custody or control (apart from documents produced in the Arbitration, which are not permitted for use in this Litigation), or information already known by or which may be just as easily accessed by ERC as by the BL/FG Defendants because such Document Requests impose an undue burden and expense on the BL/FG Defendants.

3.      The BL/FG Defendants object to each Request, Instruction and Definition to the extent it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure, and to the extent that each Request seeks information beyond that permitted by such Rules.  The BL/FG Defendants' production of any document in response to the Document Requests should not be construed as a waiver of this objection.

4.      The BL/FG Defendants object to each Request to the extent it purports to seek information protected by the attorney-client privilege, the work-product doctrine, common interest doctrine, tax preparer-client privilege, auditor-privilege, or any other applicable privilege, immunity, discovery protection, law or rule against disclosure ("Privileged Information").  Any undertaking to provide information by Defendants should be understood to exclude Privileged Information.  Any disclosure by the BL/FG Defendants of documents or information protected by any of the foregoing privileges, immunities, doctrines, laws, rules, or duties is inadvertent and shall not be construed to constitute a waiver.  The BL/FG Defendants hereby invoke the Stipulation *Pursuant to Fed. R. Evid. 502(d)* [ECF No. 62] and reserve their rights to claw back any inadvertently produced document or information protected from disclosure that is provided in response to the Document Requests.  The BL/FG Defendants

---

inclusion of the General Objections does not diminish the applicability of these General Objections to all other Document Requests.

reserve (a) all privileges with respect to such information; (b) the right to object to use of such information; and (c) the right to object to the admissibility of such information.

5.  The BL/FG Defendants object to each Request to the extent it purports to seek information protected by Rule 26(b)(3)-(4) of the Federal Rules of Civil Procedure.

6.  The BL/FG Defendants object to each Request to the extent it purports to require the BL/FG Defendants to disclose documents (including but not limited to electronically stored information ("ESI")) outside their possession, custody, or control, or that cannot be recovered with reasonable efforts.  This includes but is not limited to documents generated, maintained or otherwise possessed by Jamex in connection with its ownership of JTS, or to any other former subsidiaries, parents, or affiliates, former employees, members, or managers, or to documents that are personally maintained by employees, members, or managers outside of the BL/FG Defendants' offices and computer systems.  The BL/FG Defendants will only produce documents in response to the Document Requests that are in the possession, custody or control of the BL/FG Defendants, or their current subsidiaries, or that are on the computer systems currently possessed by the BL/FG Defendants, and which can be located through a reasonable search.

7.  The BL/FG Defendants object to the Document Requests to the extent they seek information that cannot be located after a reasonably diligent search of the BL/FG Defendants' readily-accessible files where responsive documents would reasonably be expected to be found on the grounds that any such requirement would be overly broad and unduly burdensome.

8.  The BL/FG Defendants object to each Request to the extent it contains inaccurate, incomplete, vague, ambiguous or misleading descriptions of facts, events or pleadings in this

action.  The BL/FG Defendants do not concede the validity of or agree with such descriptions and do not admit any such allegations or assertions by responding to the Document Requests.

9.      The BL/FG Defendants object to the Document Requests to the extent they purport to make assumptions and/or draw legal conclusions.  The BL/FG Defendants do not agree with or acquiesce to any such assumptions and/or conclusions and do not admit any such allegations or assertions by responding to the Document Requests.

10.     Each of the BL/FG Defendants objects to the improper grouping of all defendants collectively in the Document Requests, rather than specific requests to each individual defendant. Each of the BL/FG Defendants makes the following Responses and Objections on its own behalf only, and does not respond or object to the Document Requests on behalf of any other defendant or entity.  Ferrellgas Partners, L.P., and Ferrellgas L.P. further object to each request directed to them for the time period prior to June 24, 2015 (the date on which Ferrellgas Partners, L.P. acquired Bridger Logistics, LLC and BTS) and will not search for or produce any documents prior to that time period in response to any Document Request, unless explicitly noted otherwise below.

## OBJECTIONS TO DEFINITIONS

11.     The BL/FG Defendants object to the definition of "Bridger Group" as purporting to include entities and persons that are not parties to this action: Bridger Transportation, LLC, Bridger Leasing, LLC, Bridger Lake, LLC, Bridger Rail Shipping, LLC, Bridger Marine, LLC, and Bridger Midstream, LLC.  The BL/FG Defendants alternatively object that the definition of "Bridger Group" contains an incomplete list of the affiliated Bridger entities.  The BL/FG Defendants further object to the definition of "Bridger Group" as "all of the foregoing entities other than Bridger, LLC and Bridger Marketing, LLC." Bridger Group, LLC does not currently

5

exist, and ERC's terminology is vague and confusing.  The BL/FG Defendants further object to the definition of "Bridger Group" as purportedly changing after July 1, 2015.

12.     The BL/FG Defendants object to the definition of "You" and "Your" as purporting to include any entity other than the BL/FG Defendants specifically, namely, Julio Rios, Jeremy Gamboa, and any former employees, officers, representatives, agents, attorneys, members, subsidiaries, affiliates and parents of the BL/FG Defendants.

## OBJECTIONS TO INSTRUCTIONS

13.     The BL/FG Defendants object to the Instructions to the Document Requests to the extent they improperly seek to impose on Defendants duties or obligations different from, additional to or otherwise beyond those required by Federal Rules of Civil Procedure 26 and/or 34.

14.     The BL/FG Defendants object to Instruction No. 4 to the extent it purports to require the BL/FG Defendants to disclose documents (including but not limited to electronically stored information ("ESI")) outside their possession, custody, or control.  The BL/FG Defendants will only produce documents in response to the Document Requests that are in the possession, custody or control of the BL/FG Defendants and/or their current subsidiaries, which can be located through a reasonable search.  Documents that are not within the BL/FG Defendants possession, custody, and control include, but are not limited to, documents generated, maintained or otherwise possessed by Jamex in connection with its ownership of BTS/JTS.

15.     The BL/FG Defendants object to Instruction No. 5 to the extent it purports to require the BL/FG Defendants to disclose documents "from 2012 to the present." The reference to 2012 is vague and ambiguous.  The BL/FG Defendants have asserted no allegations that relate

6

to any conduct by the BL/FG Defendants after February 2016.  The BL/FG Defendants will interpret the time period as running from December 31, 2012 through March 1, 2016 unless explicitly noted otherwise below.

16.     The BL/FG Defendants object to Instruction No. 6 to the extent that it purports to require the BL/FG Defendants to "indicate in [the] response to each document request the unique page numbers of those documents that are responsive to it." The BL/FG Defendants will produce the documents as they are kept in the usual course of business as permitted by Federal Rule of Civil Procedure 34.

17.     The BL/FG Defendants object to Instruction No. 9 to the extent it improperly seeks to impose on Defendants duties or obligations different from, additional to or otherwise beyond those required by Federal Rules of Civil Procedure 26 and/or 34.  The BL/FG Defendants will produce documents in the format(s) permitted by Federal Rules of Civil Procedure 26 and/or 34.

18.     The BL/FG Defendants object to Instruction No. 10 to the extent that it purports to require physical documents in hard copy.  The BL/FG Defendants will electronically image and bates-stamp any physical documents that are to be produced and will produce such images electronically.

19.     The BL/FG Defendants object to Instruction Nos. 9 and 11 on the grounds that it would be unduly burdensome, that it is not customary to provide the native/original format of all electronic documents, and that it is not consistent with the agreement between the parties regarding the form of production in this action.  The BL/FG Defendants agree to provide meta data for all electronic documents as agreed to by the parties pursuant to the email agreement

dated July 7, 2017, and will produce native version of Microsoft Excel spreadsheets only (i.e., no native files for emails, Word, or PowerPoint documents).

20.     The BL/FG Defendants object to Instruction No. 12 to the extent it improperly seeks to impose on Defendants duties or obligations different from, additional to or otherwise beyond those required by Federal Rules of Civil Procedure 26 and/or 34.  The BL/FG Defendants further object to Instruction No. 12 on the grounds that it improperly seeks to request Interrogatory information for each of the 60 document requests in the Request, far exceeding the 25 Interrogatories to which the BL/FG Defendants are entitled.  The BL/FG Defendants will only produce documents in response to the Document Requests that are in their possession, custody or control and can be located through a reasonable search and do not agree to the provision of other or different information.

21.     The BL/FG Defendants object to Instruction No. 13 on the grounds that the parties have yet to agree upon the format of a privilege log.  The BL/FG Defendants will produce a privilege log consistent with the parties' agreed-upon format of such a log.

## **SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS**

**REQUEST NO. 1:**

All documents on which you will rely in this litigation.

**RESPONSE:**

The BL/FG Defendants object to this Request on the following grounds:

1.     This Request seeks to impose on the BL/FG Defendants duties or obligations different from, additional to, or otherwise beyond those required by Federal Rule of Civil Procedure 26;

2.       This Request is premature to the extent it purports to seek expert discovery prior to the expert discovery period.  Further, as discovery has only just begun, the BL/FG Defendants do not yet have in their possession "[a]ll documents" on which they may wish to rely in this litigation;

3.       This Request improperly seeks documents and information that is subject to the attorney-client privilege;

4.       This Request seeks documents already in the possession, custody and control of ERC; and

5.       The word "rely" contained in this Request is not defined in the Document Requests and is overly broad, vague and ambiguous.

Subject to and without waiving any of the foregoing General Objections and these specific objections, the BL/FG Defendants will produce, on a rolling basis, non-privileged, non-work-product documents in their possession, custody or control, if any, that can be located upon a reasonable search and that the BL/FG Defendants anticipate relying on in this litigation.  To the extent the Report of Rule 26(f) Meeting stipulated schedule provides specific deadlines for the production or identification of specific materials, such as expert materials and exhibits to be used at trial, the BL/FG Defendants will not produce them at this time.

**REQUEST NO. 2:**

All documents or communications concerning the RSA, any obligations or amounts owed thereunder, Eddystone, or the Facility.

**RESPONSE:**

The BL/FG Defendants object to this Request on the following grounds:

1.   This Request is improper to the extent it seeks documents or information already in the possession, custody or control of ERC that may be just as easily accessed by ERC as by the BL/FG Defendants because such Request imposes an undue burden on the BL/FG Defendants;

2.   This Request is improper to the extent it seeks documents that are not within the custody or control of the BL/FG Defendants; and

3.   This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks "[a]ll documents or communications" from 2012 through the present, including those that may be cumulative, irrelevant, and/or redundant.

Subject to and without waiving any of the foregoing General Objections and these specific objections, the BL/FG Defendants will produce, on a rolling basis, non-privileged, non-work-product, non-duplicative documents in their possession, custody or control, if any, that can be located upon a reasonable search and are responsive to this Request.

**REQUEST NO. 3:**

All employment agreements and other documents reflecting the terms of employment for all employees of Bridger Logistics and/or of BTS and for all employees of Ferrellgas who had responsibility for business activities of Bridger Logistics or BTS, including but not limited to Julio Rios, Executive Vice President, Jeremy Gamboa, Executive Vice President, Alan Heitmann, Executive Vice President, Chief Financial Officer and Treasurer, Joseph Natale, Heike Wallace, Dion Nicely, Jon Kolniak, Kelly Wilkins, Troy Lee, Tye Graham, Dan Giannini, David Stark, Wade Dollins, Callie Mendenhall, Les Patterson, Vispi Jilla, Linda Carabajal, and Taylor Phifer.

10

**<u>RESPONSE:</u>**

The BL/FG Defendants object to this Request on the following grounds:

1.      This Request contains inaccurate, incomplete, vague, ambiguous or misleading descriptions of facts, events or pleadings in this action—the BL/FG Defendants do not concede the validity of or agree with such descriptions and do not admit any such allegations or assertions by responding to this Request;

2.      This Request improperly makes assumptions and/or draws legal conclusions—the BL/FG Defendants do not concede the validity of or agree with such assumptions or conclusions and do not admit any such allegations or assertions by responding to this Request;

3.      This Request seeks information that is not relevant to any claim or defense in the present action and is not proportional to the needs of the case;

4.      This Request improperly seeks sensitive personnel employment information;

5.      This Request improperly seeks proprietary and confidential business information;

6.      This Request is overbroad, unduly burdensome and not proportional to the needs of the case to the extent it seeks "[a]ll employment agreements and other documents reflecting the terms of employment for all employees of Bridger Logistics and/or of BTS" from 2012 through the present, including those that may be cumulative, irrelevant and/or redundant; and

7.      This Request is improper to the extent it seeks documents that are not within the custody or control of the BL/FG Defendants.

Subject to and without waiving any of the foregoing General Objections and these specific objections, the BL/FG Defendants will produce, on a rolling basis, non-privileged, non-

11

work product documents in their possession, custody or control, if any, that can be located upon a reasonable search and are sufficient to identify employment agreements for the 18 (eighteen) individuals identified in this Request, from the period running from December 31, 2012 through March 1, 2016, and any other non-privileged, non-work-product, non-cumulative, non-duplicative documents in their possession, custody or control, if any, that can be located upon a reasonable search and are sufficient to identify the terms of these 18 (eighteen) individuals' employment with Bridger Logistics and/or BTS, from the period running from December 31, 2012 through March 1, 2016.

**REQUEST NO. 4:**

Sufficient documents to identify all persons who were BTS employees, agents, or in any way acted on behalf of BTS from January 1, 2012 through March 1, 2016.

**RESPONSE:**

The BL/FG Defendants object to this Request on the following grounds:

1.  This Request calls for a legal conclusion with respect to the phrase "agents, or in any way acted on behalf of BTS" and, further, is overbroad to the extent that it does not describe or define the purpose of the scope of the purported agency or other authority;

2.  This Request seeks documents that are not in the possession, custody, or control of the BL/FG Defendants to the extent it seeks documents sufficient to identify "all persons who were BTS employees, agents, or in any way acted on behalf of BTS from January 1, 2012 through March 1, 2016"; and

3.  This Request improperly seeks documents that are or may be subject to third party confidentiality obligations.

Subject to and without waiving any of the foregoing General Objections and these specific objections, the BL/FG Defendants will produce, on a rolling basis, non-privileged, non-work-product documents in their possession, custody or control, if any, that can be located upon a reasonable search and that are sufficient to identify employees of BTS, Bridger Logistics, or their parents, or of Ferrellgas, whose responsibilities included work for, on behalf of, or BTS in any consistent or ongoing way capacity.  Without further clarification, the BL/FG Defendants will not search for other documents in response to this Request.

**REQUEST NO. 5:**

With respect to persons who were agents or otherwise acted on behalf of BTS but who were not BTS employees, all documents identifying the employer or employment status of each such person and the source of such person's compensation from January 1, 2012 through March 1, 2016.

**RESPONSE:**

The BL/FG Defendants object to this Request on the following grounds:

1.     This Request is improper to the extent it seeks documents that are not within the custody or control of the BL/FG Defendants; and

2.     This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all documents identifying the employer or employment status of each such person and the source of such person's compensation from January 1, 2012 through March 1, 2016".

Subject to and without waiving any of the foregoing General Objections and these specific objections, the BL/FG Defendants will produce, on a rolling basis, the documents

13

identified in Response to Request 4.  Without further clarification, the BL/FG Defendants will not search for other documents in response to this Request.

## REQUEST NO. 6:

All documents identifying the members, equity owners, control persons, and any governing body of BTS, of Bridger Logistics, and of each other entity in the Bridger Group from June 1, 2011 through March 1, 2016.

## RESPONSE:

The BL/FG Defendants object to this Request on the following grounds:

1.      This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll documents", including those that may be cumulative, irrelevant, and/or redundant, and, accordingly, the Request is overbroad, unduly burdensome, and seeks information neither material nor necessary to any claim or defense in this action;

2.      This Request improperly seeks information that is not relevant to any claim or defense in the present action and is overbroad and not proportional to the needs of the case, including but not limited to documents pertaining to "each other entity in the Bridger Group from June 1, 2011 through March 1, 2016"; and

3.      This Request improperly seeks publicly available documents which ERC can readily obtain without the assistance of the BL/FG Defendants.

Subject to and without waiving any of the foregoing General Objections and these specific objections, the BL/FG Defendants refer the Plaintiff to the documents produced on August 11, 2017.  The BL/FG Defendants will not conduct further searches in response to this Request.

14

**REQUEST NO. 7:**

All documents reflecting the appointment of officers or managers of BTS, of Bridger

Logistics, and of each other entity in the Bridger Group from June 1, 2011 through March 1,

2016.

**RESPONSE:**

The BL/FG Defendants object to this Request on the following grounds:

1.     This Request is overbroad and not proportional to the needs of the case to the

extent it seeks "[a]ll documents", including those that may be cumulative,

irrelevant, and/or redundant, and, accordingly, the Request is overbroad, unduly

burdensome, and seeks information neither material nor necessary to any claim or

defense in this action;

2.     This Request is overbroad, unduly burdensome, and not proportional to the needs

of the case to the extent it seeks documents that were already produced by the

BL/FG Defendants in connection with the preliminary document exchange

produced on August 11, 2017;

3.     This Request is overbroad, unduly burdensome, and not proportional to the needs

of the case to the extent it seeks information pertaining to "each other entity in the

Bridger Group from June 1, 2011 through March 1, 2016";

4.     This Request improperly seeks information that is not relevant to any claim or

defense in the present action and is not proportional to the needs of the case,

including but not limited to documents pertaining to "each other entity in the

Bridger Group from June 1, 2011 through March 1, 2016"; and

5.       This Request improperly seeks publicly available documents which ERC can readily obtain without the assistance of the BL/FG Defendants.

Subject to and without waiving any of the foregoing General Objections and these specific objections, the BL/FG Defendants refer the Plaintiff to the documents produced on August 11, 2017.  The BL/FG Defendants will not conduct further searches in response to this Request.

**REQUEST NO. 8:**

All meeting minutes or notes of meetings among the members, managers, officers, or other control persons or governing entity of BTS, Bridger Logistics, and each other entity in the Bridger Group from June 1, 2011 through March 1, 2016.

**RESPONSE:**

The BL/FG Defendants object to this Request on the following grounds:

1.       This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all documents", including those that may be cumulative, irrelevant, and/or redundant, and seeks information neither material nor necessary to any claim or defense in this action;

2.       This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents that were already produced by the BL/FG Defendants in connection with the preliminary document exchange produced on August 11, 2017;

3.       This Request improperly makes assumptions and/or draws legal conclusions—the BL/FG Defendants do not concede the validity of or agree with such assumptions

or conclusions and do not admit any such allegations or assertions by responding

to this Request; and

4.      This Request is overbroad, unduly burdensome, and not proportional to the needs

of the case to the extent it seeks information pertaining to "each other entity in the

Bridger Group from June 1, 2011 through March 1, 2016"; and

5.      This Request improperly seeks information that is not relevant to any claim or

defense in the present action and is not proportional to the needs of the case,

including but not limited to documents pertaining to "each other entity in the

Bridger Group from June 1, 2011 through March 1, 2016" and to "[a]ll meeting

minutes or notes of meetings" regardless of topics addressed.

The BL/FG Defendants refer the Plaintiff to the documents produced on August 11,

2017.  The BL/FG Defendants will not conduct further searches in response to this Request.

### REQUEST NO. 9:

All limited liability company agreements, operating agreements, or other such governing

documents for BTS, Bridger Logistics, and each other entity in the Bridger Group from June 1,

2011 through March 1, 2016, including all amendments thereto.

### RESPONSE:

The BL/FG Defendants object to this Request on the following grounds:

1.      This Request improperly seeks information that is not relevant to any claim or

defense in the present action and is not proportional to the needs of the case,

including but not limited to documents pertaining to "each other entity in the

Bridger Group from June 1, 2011 through March 1, 2016";

17

2.      This Request improperly seeks publicly available documents which ERC can

readily obtain without the assistance of the BL/FG Defendants; and

3.      This Request is improper to the extent it seeks documents that are not within the

custody or control of the BL/FG Defendants.

The BL/FG Defendants refer the Plaintiff to the documents produced on August 11,

2017.  The BL/FG Defendants will not conduct further searches in response to this Request.

**REQUEST NO. 10:**

All Ferrellgas Board of Directors Meeting Minutes for the period December 1, 2014

through December 31, 2016 that relate in any way to BTS, Bridger Logistics, the Bridger Group,

Eddystone, the RSA, Jamex, LLC, Jamex Marketing, Jamex Transfer Holdings, or Monroe.

**RESPONSE:**

The BL/FG Defendants object to this Request on the following grounds:

1.      This Request is overbroad, unduly burdensome, and not proportional to the needs

of the case to the extent it seeks Board of Directors Meeting Minutes for the

period December 1, 2014 through December 31, 2016 for any Ferrellgas entity

(*i.e.*, subsidiary, affiliate or parent) other than Ferrellgas Partners, L.P. and

Ferrellgas, L.P.;

2.      This Request is overbroad, unduly burdensome, and not proportional to the needs

of the case to the extent it seeks Board of Directors Meeting Minutes for the

period December 1, 2014 through December 31, 2016 pertaining to, the Bridger

Group; and

3.      This Request is overbroad, unduly burdensome, and not proportional to the needs

of the case to the extent it purports to seek documents containing confidential

proprietary information.

Subject to and without waiving any of the foregoing General Objections and these

specific objections, the BL/FG Defendants will produce, on a rolling basis, non-privileged, non-

work-product documents in their possession, custody or control, if any, that can be located upon

a reasonable search and that are Board of Directors Meeting Minutes for the period December 1,

2014 through February 1, 2016 that refer to or discuss in any way BTS, Eddystone, the RSA,

Jamex, LLC, Jamex Marketing, Jamex Transfer Holdings, and/or Monroe, as those terms are

defined in these Requests.  The BL/FG Defendants will not search for documents or information

otherwise responsive to this Request pertaining to Bridger Logistics or "the Bridger Group."

**REQUEST NO. 11:**

All records and documents for any bank account that held, accumulated, acted as a cash

management account, or in any way was a depository, repository, or vehicle for cash or money

of BTS, of Bridger Logistics, of any entity in the Bridger Group, or of any Ferrellgas entity that

transferred cash or other assets to or received cash or assets from Bridger Logistics or BTS.

**RESPONSE:**

The BL/FG Defendants object to this Request on the following grounds:

1.      This Request is overbroad, unduly burdensome, and not proportional to the needs

of the case to the extent it seeks "all documents", including those that may be

cumulative, irrelevant, and/or redundant, and, accordingly, the Request is

overbroad, unduly burdensome, and seeks information neither material nor

necessary to any claim or defense in this action;

2.      This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information pertaining to "any entity in the Bridger Group";

3.      This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to seek documents containing confidential proprietary information; and

4.      This Request is improper to the extent it seeks documents that are not within the custody or control of the BL/FG Defendants.

Subject to and without waiving any of the foregoing General Objections and these specific objections, the BL/FG Defendants will produce, on a rolling basis, non-privileged, non-work-product, non-duplicative records or documents in their possession, custody or control, if any, that can be located upon a reasonable search and that are responsive to this Request for BTS, Bridger Logistics, and any Bridger Group or Ferrellgas entity that transferred cash or other assets to or received cash or assets from BTS.  The BL/FG Defendants will not search for documents or information otherwise responsive to this Request "of Bridger Logistics, of any entity in the Bridger Group, or of any Ferrellgas entity that transferred cash or other assets to or received cash or assets from Bridger Logistics." The BL/FG Defendants will not reproduce documents already produced on August 11, 2017.

**REQUEST NO. 12:**

All records and documents for all open or closed bank, financial, investment, brokerage, institutional, or other accounts holding assets or deposits (or reflecting debts) of BTS, of Bridger Logistics, of any entity in the Bridger Group, or of any Ferrellgas entity that transferred cash or other assets to or received cash or assets from Bridger Logistics or BTS.

**RESPONSE:**

Defendants object to this Request on the following grounds:

1.      This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all documents", including those that may be cumulative, irrelevant, and/or redundant, and, accordingly, the Request is overbroad, unduly burdensome, and seeks information neither material nor necessary to any claim or defense in this action;

2.      This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents that were already produced by the BL/FG Defendants in connection with the preliminary document exchange produced on August 11, 2017;

3.      This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information pertaining to "any entity in the Bridger Group";

4.      This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to seek documents containing confidential proprietary information; and

5.      This Request is improper to the extent it seeks documents that are not within the custody or control of the BL/FG Defendants.

Subject to and without waiving any of the foregoing General Objections and these specific objections, the BL/FG Defendants will produce, on a rolling basis, non-privileged, non-work-product, non-duplicative records or documents in their possession, custody or control, if any, that can be located upon a reasonable search and that are responsive to this Request for

BTS.  The BL/FG Defendants will not search for documents or information otherwise responsive to this Request of Bridger Logistics, "of any entity in the Bridger Group, or of any Ferrellgas entity that transferred cash or other assets to or received cash or assets from Bridger Logistics." The BL/FG Defendants will not reproduce documents already produced on August 11, 2017.

**REQUEST NO. 13:**

All records of any brokerage or other account through which BTS, Bridger Logistics, or any other Bridger Group entity held futures contracts, options contracts, or other derivative instruments related to the purchase, sale, or transportation of crude oil.

**RESPONSE:**

Defendants object to this Request on the following grounds:

1. This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information pertaining to "any entity in the Bridger Group";

2. This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information pertaining to brokerage or other accounts holding futures contracts, options contracts, or other derivative instruments, to which no claims relate;

3. This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to seek documents containing confidential proprietary information; and

4. This Request is improper to the extent it seeks documents that are not within the custody or control of the BL/FG Defendants.

Subject to and without waiving any of the foregoing General Objections and these specific objections, the BL/FG Defendants will produce, on a rolling basis, non-privileged, non-work-product records of any brokerage or other account through which BTS held futures contracts, options contracts, or other derivative instruments related to the purchase, sale, or transportation of crude oil, in their possession, custody or control, if any, that can be located upon a reasonable search and that are responsive to this Request.  The BL/FG Defendants will not search for records of any brokerage or other account through which Bridger Logistics or "any other Bridger Group entity" held futures contracts, options contracts, or other derivative instruments related to the purchase, sale or transportation of crude oil.

**REQUEST NO. 14:**

All accounting books and records (in their native form, including electronic format, as generated and maintained in the normal course of business) of BTS, of Bridger Logistics, of all other entities in the Bridger Group, and of any Ferrellgas entity that transferred cash or other assets to or received cash or assets from Bridger Logistics or BTS for 2013, 2014, 2015 and 2016, including but not limited to the following:.

    a.      All books of original entries

    b.      Detailed General Ledger

    c.      All detailed subsidiary ledgers

    d.      All detailed journal entries or other detailed sources of entries that resulted in a posting to the General Ledger

    e.      Opening and closing balances

    f.      Debit and credit memos

12024768.3

      g.     Metadata reflecting the software on which the accounting files were maintained in the normal course of business and the electronic format of the files.

**RESPONSE:**

Defendants object to this Request on the following grounds:

1.     This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all accounting books", including those that may be cumulative, irrelevant, and/or redundant, and, accordingly, the Request is overbroad, unduly burdensome, and seeks information neither material nor necessary to any claim or defense in this action;

2.     This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and information pertaining to "all other entities in the Bridger Group";

3.     This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks all accounting books and records of "any Ferrellgas entity that transferred cash or other assets to or received cash or assets from Bridger Logistics . . . for 2013, 2014, 2015 and 2016;" and

4.     This Request improperly seeks proprietary and confidential business information.

     Subject to and without waiving any of the foregoing General Objections and these specific objections, the BL/FG Defendants will produce, on a rolling basis, copies of non-privileged, non- work-product documents in their possession, custody or control, if any, that can be located upon a reasonable search and that are responsive to this Request for BTS, Bridger Logistics, and any Bridger Group entity that that transferred cash or other assets to or received

cash or assets from BTS for 2013, 2014, 2015 and 2016.  The BL/FG Defendants will not search

for documents or information otherwise responsive to this Request pertaining to Bridger

Logistics or "all other entities in the Bridger Group." The BL/FG Defendants will not reproduce

documents already produced on August 11, 2017.

With respect to Ferrellgas entities that have transferred cash or other assets to or received

cash or assets from BTS for 2015 and 2016, the BL/FG Defendants will produce, on a rolling

basis, non-privileged, non-work-product documents in their possession, custody or control,

relevant portions of copies of records or documents, if any, that can be located upon a reasonable

search and that are responsive to this Request.  The BL/FG Defendants will not produce any

Ferrellgas entity's accounting books and records in their entirety.

## **REQUEST NO. 15:**

All audited and unaudited balance sheets, income statements, consolidating schedules,

cash flow statements, profit and loss statements, statements of changes in equity, statements of

retained earnings, and other financial statements or accounting reports, along with drafts, trial

balances, and internal accounting workpapers, of BTS, of Bridger Logistics, of all other entities

in the Bridger Group, and of any Ferrellgas entity that transferred cash or other assets to or

received cash or assets from Bridger Logistics or BTS for 2013, 2014, 2015 and 2016.

## **RESPONSE:**

Defendants object to this Request on the following grounds:

1.        This Request is overbroad, unduly burdensome, and not proportional to the needs

of the case to the extent it seeks "[a]ll audited and unaudited balance sheets,

income statements, consolidating schedules, cash flow statements, profit and loss

statements, statements of changes in equity, statements of retained earnings, and

other financial statements or accounting reports, along with drafts, trial balances, and internal accounting workpapers", including those that may be cumulative, irrelevant, and/or redundant, and, accordingly, the Request is overbroad, unduly burdensome, and seeks information neither material nor necessary to any claim or defense in this action;

2.     This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and information pertaining to "all other entities in the Bridger Group";

3.     This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll audited and unaudited balance sheets, income statements, consolidating schedules, cash flow statements, profit and loss statements, statements of changes in equity, statements of retained earnings, and other financial statements or accounting reports, along with drafts, trial balances, and internal accounting workpapers" for "any Ferrellgas entity that transferred cash or other assets to or received cash or assets from Bridger Logistics or BTS for 2013, 2014, 2015 and 2016;" and

4.     This Request improperly seeks proprietary and confidential business information.

Subject to and without waiving any of the foregoing General Objections and these specific objections, the BL/FG Defendants will produce, on a rolling basis, copies of non-privileged, non-work-product documents in their possession, custody or control, if any, that can be located upon a reasonable search and that are sufficient to identify audited and unaudited balance sheets, income statements, consolidating schedules, cash flow statements, profit and loss statements, statements of changes in equity, statements of retained earnings, and other financial

statements or accounting reports, along with drafts, trial balances, and internal accounting workpapers, of BTS, and of other entities in the Bridger Group, and of any Ferrellgas entity that transferred cash or other assets to or received cash or assets from BTS for 2013, 2014, 2015 and 2016.  The BL/FG Defendants will not search for documents pertaining to Bridger Logistics, or "of all other entities in the Bridger Group, and of any Ferrellgas entity that transferred cash or other assets to or received cash or assets from Bridger Logistics." The BL/FG Defendants will not reproduce documents already produced on August 11, 2017.

### REQUEST NO. 16:

Ferrellgas's General Ledger, journal entries, detailed entries, subsidiary ledgers, and original entries for 2014, 2015 and 2016 for transactions or postings related to an entity in the Bridger Group or an asset that at any time was owned or in the custody of an entity in the Bridger Group.

### RESPONSE:

Defendants object to this Request on the following grounds:

1.     This Request is vague and ambiguous because, among other things, the words "an entity" and "an asset" are undefined, as a result of which the BL/FG Defendants cannot reasonably determine what information this Request seeks;

2.     This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks Ferrellgas's General Ledger entries and related documents for "transactions or postings related to an [unspecified] entity in the Bridger Group or an asset that at any time was owned or in the custody of an entity in the Bridger Group";

3.      This Request is improper to the extent, as written, it seeks documents and

information that may have no connection to this action; and

4.      This Request is improper to the extent it seeks documents and information from

2014, prior to Ferrellgas's acquisition of Bridger Logistics.

Subject to and without waiving the foregoing General and Specific Objections, the

BL/FG Defendants will not search for or produce documents in response to this Request, except

as follows:  the BL/FG Defendants will produce any responsive documents identified by

searching electronically stored information ("ESI") from certain agreed custodians and sources

using certain agreed search terms.  Pursuant to the parties' reciprocal agreement, any document

containing such search terms will be produced unless it is clearly irrelevant (meaning no party

could contend in good faith that the document is relevant) or subject to an applicable

privilege.  The BL/FG Defendants' agreement to proceed in this manner is not intended to, and

does not, waive any of their specific objections to gathering and producing documents from other

sources.

**REQUEST NO. 17:**

All documents and communications relating to the income taxes (federal, state, or local)

owed or paid by BTS, Bridger Logistics, and all other entities in the Bridger Group for the years

2013, 2014, 2015 and 2016, including all tax returns filed with the Internal Revenue Service and

all equivalent state or local authorities, all documents reflecting taxable income, all supporting

schedules, all forms, and all other tax documents.

**RESPONSE:**

Defendants object to this Request on the following grounds:

28

1.      This Request is overbroad, unduly burdensome, and not proportional to the needs

of the case to the extent it seeks documents and information pertaining to "all

other entities in the Bridger Group";

2.      This Request improperly seeks documents containing confidential proprietary

information and information that is protected from discovery by reason of the tax-

preparer privilege, as embodied in 26 U.S.C. § 7525 (and elsewhere); and

3.      This Request is improper to the extent, as written, it seeks documents and

information that may have no connection to this action.

Subject to and without waiving the foregoing General and Specific Objections, the

BL/FG Defendants will not search for or produce documents in response to this Request.

## **REQUEST NO. 18:**

For each entity in the Bridger Group, for the periods 2013, 2014, 2015 and 2016, a fixed

asset listing, including description of the asset, date of acquisition, cost and depreciated value.

## **RESPONSE:**

Defendants object to this Request on the following grounds:

1.      This Request improperly seeks to impose on Defendants duties or obligations

different from, additional to or otherwise beyond those required by Federal Rules

of Civil Procedure 26 and/or 34 in that it asks the BL/FG Defendants to create a

"fixed asset listing" not otherwise maintained in the BL/FG Defendants' ordinary

course of business;

2.      This Request improperly seeks proprietary and confidential business information ;

3.      This Request improperly seeks documents that are not within the custody or

control of the BL/FG Defendants to the extent it seeks a "fixed asset listing"

document that is not maintained in the ordinary course of business;

4.      This Request is vague and ambiguous because, among other things, the words

"fixed asset listing" are undefined, as a result of which the BL/FG Defendants cannot

reasonably determine what information this Request seeks;

5.      This Request is improper to the extent, as written, it seeks documents and

information `that may have no connection to this action;

6.      This Request is overbroad, unduly burdensome, and not proportional to the needs

of the case to the extent it seeks information for "each entity in the Bridger

Group"; and

7.      This Request is overbroad, unduly burdensome, and not proportional to the needs

of the case to the extent it seeks information regarding "a fixed asset list",

including a "description of the asset, acquisition date, cost, and depreciated value"

for a four year period.

To the extent that a pre-existing fixed asset listing, including description of the asset, date

of acquisition, cost and depreciated value exits, the BL/FG Defendants will produce, on a rolling

basis, copies of non-privileged, non-work-product documents in their possession, custody or

control, if any, that can be located upon a reasonable search and that are responsive to this

Request for BTS.  Subject to and without waiving the foregoing General and Specific

Objections, the BL/FG Defendants will not search for documents responsive to this Request for

any "entity in the Bridger Group" other than BTS.

**REQUEST NO. 19:**

For Ferrellgas, for the periods 2013, 2014, 2015 and 2016, a fixed asset listing of any asset owned at any time by a Bridger Group entity, including description of the asset, acquisition date, cost and depreciated value.

**RESPONSE:**

Defendants object to this Request on the following grounds:

1.      This Request improperly seeks to impose on Defendants duties or obligations different from, additional to or otherwise beyond those required by Federal Rules of Civil Procedure 26 and/or 34 in that it asks the BL/FG Defendants to create a "fixed asset listing" not otherwise maintained in the BL/FG Defendants' ordinary course of business;

2.      This Request improperly seeks proprietary and confidential business information;

3.      This Request improperly seeks documents that are not within the custody or control of the BL/FG Defendants to the extent it seeks a "fixed asset listing" document that is not maintained in the ordinary course of business;

4.      This Request is, vague and ambiguous because, among other things, the words "fixed asset listing" are undefined, as a result of which the BL/FG Defendants cannot reasonably determine what information this Request seeks;

5.      This Request is improper to the extent, as written, it seeks documents and information that may have no connection to this action;

6.      This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information for "a Bridger Group entity"; and

7.      This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information regarding "any asset", including a "description of the asset, acquisition date, cost, and depreciated value" for a four year period.

To the extent that a fixed asset listing of any asset owned at any time by a Bridger Group entity, including description of the asset, acquisition date, cost and depreciated value exists, the BL/FG Defendants will produce, on a rolling basis, copies of non-privileged, non-work-product documents in their possession, custody or control, if any, that can be located upon a reasonable search and that are responsive to this Request for BTS.  Subject to and without waiving the foregoing General and Specific Objections, the BL/FG Defendants will not search for documents responsive to this Request for any "Bridger Group entity" other than BTS.

**REQUEST NO. 20:**

All documents provided to and all communications with any lender relating to proposed or requested financing, existing or new, of any investment in a Bridger Group entity or their assets or any other interests therein.

**RESPONSE:**

Defendants object to this Request on the following grounds:

1.      This Request improperly seeks proprietary and confidential business information and communications;

2.      This Request improperly seeks documents that are or may be subject to third party confidentiality obligations;

3.      This Request is improper to the extent it seeks documents that are not within the custody or control of the BL/FG Defendants;

4.      This Request is vague and ambiguous because, among other things, the words

"any investment in a Bridget Group entity or their assets or any other interests

therein" is undefined, as a result of which the BL/FG Defendants cannot

reasonably determine what information this Request seeks; and

5.      This Request is overbroad, unduly burdensome, and not proportional to, the needs

of the case to the extent.it seeks "[a]ll documents", including those that may be

cumulative, irrelevant, and/or redundant, "with any lender" relating to "any

investment in a Bridger Group entity" or "their assets or any other interests

therein," and, accordingly, the Request is overbroad, unduly burdensome, and

seeks information neither material nor necessary to any claim or defense in this

action.

Subject to and without waiving any of the foregoing General Objections and these

specific objections, the BL/FG Defendants will produce, on a rolling basis, non-privileged, non-

work-product documents and communications with any lender relating to proposed or requested

financing, existing or new, of any investment in BTS, if any, that can be located upon a

reasonable search.  The BL/FG Defendants will not search for documents pertaining to any

"Bridger Group entity" other than BTS.

Further, subject to and without waiving the foregoing objections, the BL/FG Defendants

will produce any responsive documents identified by searching electronically stored information

("ESI") from certain agreed custodians and sources using certain agreed search terms.  Pursuant

to the parties' reciprocal agreement, any document containing such search terms will be

produced unless it is clearly irrelevant (meaning no party could contend in good faith that the

document is relevant) or subject to an applicable privilege.  The BL/FG Defendants' agreement

33

to proceed in this manner is not intended to, and does not, waive any of their specific objections to gathering and producing documents from other sources.

**REQUEST NO. 21:**

All documents and communications concerning or relating to any transfer of assets or things of value from any Bridger Group entity to Ferrellgas, including any agreement governing the transfer, any documents reflecting consideration for the transfer, and any negotiations regarding the transfer.

**RESPONSE:**

Defendants object to this Request on the following grounds:

1.  This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll documents and communications", including those that may be cumulative, irrelevant, and/or redundant, "concerning or relating to any transfer of assets or things of value from any Bridger Group entity to Ferrellgas" and, accordingly, the Request is overbroad, unduly burdensome, and seeks information neither material nor necessary to any claim or defense in this action;

2.  This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents relating to "any Bridger Group entity"; and

3.  This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents concerning "any transfer of assets or things of value" over a five year period.

Subject to and without waiving any of the foregoing General Objections and these specific objections, the BL/FG Defendants will produce, on a rolling basis, non-privileged, non-work-product documents in their possession, custody or control, if any, that can be located upon a reasonable search and that are sufficient to identify any transfer of assets or things of value from BTS to Ferrellgas.  The BL/FG Defendants will not reproduce documents already produced on August 11, 2017.  Without further clarification, the BL/FG Defendants will not search for other documents in response to this Request.

Further, subject to and without waiving the foregoing objections, the BL/FG Defendants will produce any responsive documents identified by searching electronically stored information ("ESI") from certain agreed custodians and sources using certain agreed search terms.  Pursuant to the parties' reciprocal agreement, any document containing such search terms will be produced unless it is clearly irrelevant (meaning no party could contend in good faith that the document is relevant) or subject to an applicable privilege.  The BL/FG Defendants' agreement to proceed in this manner is not intended to, and does not, waive any of their specific objections to gathering and producing documents from other sources.

**REQUEST NO. 22:**

All records and documents of BTS, Bridger Logistics, or any other entity in the Bridger Group that were provided to independent auditors in 2013, 2014, 2015, and 2016, as part of the financial statement audit process.

**RESPONSE:**

Defendants object to this Request on the following grounds:

1.      This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information pertaining to "any other entity in the Bridger Group";

2.      This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll records and documents" provided to auditors without limitation as to topic;

3.      This Request is improper to the extent, as written, it seeks documents and information that may have no connection to this action, to the extent it requires "all records and documents" of "any other entity in the Bridger Group"; and

4.      This Request improperly seeks proprietary and confidential business information and communications.

Subject to and without waiving any of the foregoing General Objections and these specific objections, the BL/FG Defendants will produce, on a rolling basis, non-privileged, non-work-product records and documents in their possession, custody or control, if any, that can be located upon a reasonable search and that are sufficient to identify records and documents that BTS provided to independent auditors in 2013, 2014, 2015, and 2016, as part of the financial statement audit process.  The BL/FG Defendants will not search for documents or information otherwise responsive to this Request pertaining to Bridger Logistics or "any other entity in the Bridger Group."

**<u>REQUEST NO. 23:</u>**

Any adjusting entries proposed by the independent auditors for the financial statements or records of BTS, Bridger Logistics, or any other entity-in the Bridger Group in 2013, 2014, 2015 and 2016, whether or not posted.

36

**<u>RESPONSE:</u>**

Defendants object to this Request on the following grounds:

1.      This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information pertaining to "any other entity in the Bridger Group";

2.      This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ny adjusting entries" proposed by auditors without limitation as to topic;

3.      This Request is improper to the extent, as written, it seeks documents and information that may have no connection to this action, to the extent it requires "any adjusting entries . . . for financial statements or records" of "any other entity in the Bridger Group"; and

4.      This Request improperly seeks proprietary and confidential business information and communications.

Subject to and without waiving any of the foregoing General Objections and these specific objections, the BL/FG Defendants will produce, on a rolling basis, non-privileged, non-work-product adjusting entries for BTS proposed by the independent auditors for the financial statements or records that relate to the RSA or the Eddystone Facility that are in the BL/FG Defendants' possession, custody or control, if any, that can be located upon reasonable search and that are responsive to this Request.  The BL/FG Defendants will not search for documents or information otherwise responsive to this Request pertaining to Bridger Logistics or "any other entity in the Bridger Group" or that do not pertain to the RSA or the Eddystone Facility.

12024768.3

**REQUEST NO. 24:**

All communications between BTS, Bridger Logistics, or any other entity in the Bridger Group and its independent auditors for the years 2013, 2014, 2015 and 2016.

**RESPONSE:**

Defendants object to this Request on the following grounds:

1.    This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information pertaining to "any other entity in the Bridger Group";

2.    This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll communications" with auditors without limitation as to topic;

3.    This Request is improperly duplicative of at least Request Nos. 21-23; and

4.    This Request improperly seeks proprietary and confidential business information and communications.

Subject to and without waiving any of the foregoing General Objections and these specific objections, the BL/FG Defendants will produce, on a rolling basis, non-privileged, non-work-product, non-duplicative documents for BTS that relate to the RSA or the Eddystone Facility that are in the BL/FG Defendants' possession, custody or control, if any, that can be located upon a reasonable search and constitute communications between BTS and its independent auditors for the years 2013, 2014, 2015 and 2016.  The BL/FG Defendants will not search for documents or information otherwise responsive to this Request pertaining to Bridger Logistics or "any other entity in the Bridger Group" or that do not pertain to the RSA or the Eddystone Facility.

## REQUEST NO. 25:

All communications relating to the June 2, 2015 disclosure to the SEC that "Bridger Logistics has and continues to experience material weaknesses in its internal controls over financial reporting", and all drafts of the disclosure documents.

## RESPONSE:

Defendants object to this Request on the following grounds:

1.      This Request is improper to the extent, as written, it seeks documents and information that may have no connection to this action.

Subject to and without waiving any of the foregoing General Objections, the BL/FG Defendants will not search for or produce documents in response to this Request.

## REQUEST NO. 26:

All underlying records and documents supporting each of the BTS current asset account balances at December 31, 2014, as shown in the consolidating balance sheet of the 2014 Bridger, LLC and Subsidiaries financial statements, including all documents reflecting accounts receivable debtors, entities who owed such accounts receivable, the consideration BTS provided in respect of such accounts receivable, and other current assets.

## RESPONSE:

Defendants object to this Request on the following grounds:

1.      This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all underlying records and documents", including those that may be cumulative, irrelevant, and/or redundant, and, accordingly, the Request is overbroad, unduly burdensome, and seeks information neither material nor necessary to any claim or defense in this action;

2.      This Request seeks documents that are not in the possession, custody, or control

of the BL/FG Defendants;

3.      This Request improperly seeks proprietary and confidential business information;

and

4.      This Request improperly seeks documents that are or may be subject to third party

confidentiality obligations.

Subject to and without waiving any of the foregoing General Objections and these specific objections, the BL/FG Defendants will produce, on a rolling basis, non-privileged, non-work-product records and documents in their possession, custody or control, if any; that can be located upon a reasonable search and that are responsive to this Request.

**REQUEST NO. 27:**

All underlying records and documents supporting each of the BTS property and equipment balances at December 31, 2014, as shown in the consolidating balance sheet of the 2014 Bridger, LLC and Subsidiaries financial statements, including all documents reflecting BTS' ownership of, control over, or interest in such property and equipment, including all pipeline injection stations, land, rail cars, and vehicles.

**RESPONSE:**

Defendants object to this Request on the following grounds:

1.      This Request is overbroad, unduly burdensome, and not proportional to the needs

of the case to the extent it seeks "all underlying records and documents",

including those that may be cumulative, irrelevant, and/or redundant, and,

accordingly, the Request is overbroad, unduly burdensome, and seeks information

neither material nor necessary to any claim or defense in this action;

2.      This Request seeks documents that are not in the possession, custody, or control of the BL/FG Defendants;

3.      This Request improperly seeks proprietary and confidential business information;

4.      This Request improperly seeks documents that are or may be subject to third party confidentiality obligations; and

5.      This Request is improperly duplicative of at least Request No. 26.

Subject to and without waiving any of the foregoing General Objections and these specific objections, the BL/FG Defendants will produce, on a rolling basis, non-privileged, non-work-product records and documents in their possession, custody or control, if any, that can be located upon a reasonable search and that are responsive to this Request.

**REQUEST NO. 28:**

All documents and communications relating to the decline in BTS' total assets or any portion of the total assets from $98,120,418 or any portion thereof as of December 31, 2014 to "no assets or liabilities other than its obligations under the Eddystone contract", on January 13, 2016, including all emails, invoices, agreements, assignments, wire confirmations, receipts, conveyances, mortgages, encumbrances, licenses, leases, surrendered or gifted (or granting of any option or documents entering into any contractual obligations to do any of the foregoing) and other documents evidencing or relating to transfers of assets to or from BTS from or to other entities, including without limitation, related parties.

**RESPONSE:**

Defendants object to this Request on the following grounds:

1.      This Request contains inaccurate, incomplete, vague, ambiguous or misleading descriptions of facts, events or pleadings in this action—the BL/FG Defendants

do not concede the validity of or agree with such descriptions and do not admit
any such allegations or assertions by responding to this Request;

2.      This Request improperly makes assumptions and/or draws legal conclusions—the
BL/FG Defendants do not concede the validity of or agree with such assumptions
or conclusions and do not admit any such allegations or assertions by responding
to this Request;

3.      This Request seeks documents that are not in the possession, custody, or control
of the BL/FG Defendants; and

4.      This Request is vague and ambiguous.

Subject to and without waiving any of the foregoing General Objections and these
specific objections, and without admitting the purported existence or decline of the alleged total
assets of $98,120,418, the BL/FG Defendants will produce, on a rolling basis, non-privileged,
non-work-product documents and communications in their possession, custody or control that
are responsive to this Request and had a material impact on BTS's assets or liabilities, if any,
that can be located upon a reasonable search.  The BL/FG Defendants will not search for other
documents otherwise responsive to this Request.

**REQUEST NO. 29:**

All documents reflecting any BTS dividends, distributions (in cash or in kind),
redemptions, purchases, repayments, return or reduction of capital or other payments to members
of BTS or other direct or indirect BTS owners from December 31, 2012 through March 1, 2016.

**RESPONSE:**

Defendants object to this Request on the following grounds:

1.      This Request is overbroad, unduly burdensome, and not proportional to the needs

of the case to the extent it seeks "all documents", including, those that may be

cumulative, irrelevant, and/or redundant, and, accordingly, the Request is

overbroad, unduly burdensome, and seeks information neither material nor

necessary to any claim or defense in this action; and

2.      This Request is improper to the extent it seeks documents that are not within the

custody or control of the BL/FG Defendants.

Subject to and without waiving any of the foregoing General Objections and these

specific objections, the BL/FG Defendants will produce, on a rolling basis, non-privileged, non-

work-product, non-duplicative documents in their possession, custody or control, if any, from

December 31, 2014 through March 1, 2016, that can be located upon a reasonable search and

that are responsive to this Request.

**REQUEST NO. 30:**

All documents, communications, and agreements concerning any BTS payment or

transfer of assets or of any thing of value to Bridger, LLC, Bridger Logistics, Ferrellgas, any

other Bridger Group entity, and/or any other entity in which Bridger, LLC, Bridger Logistics

and/or Ferrellgas directly or indirectly owns an interest from December 31, 2012 through March

1, 2016.

**RESPONSE:**

Defendants object to this Request on the following grounds:

1.      This Request is overbroad, unduly burdensome, and not proportional to the needs

of the case to the extent it seeks documents that were already produced by the

BL/FG Defendants in connection with the preliminary document exchange produced on August 11, 2017;

2.  This Request is improperly duplicative of at least Request No. 21;

3.  This Request is improper to the extent it seeks documents that are not within the custody or control of the BL/FG Defendants;

4.  This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll documents, communications and agreements concerning any BTS payment or transfer of assets or of any thing of value", including those that may be cumulative, irrelevant, and/or redundant, and, accordingly, the Request is overbroad, unduly burdensome, and seeks information neither material nor necessary to any claim or defense in this action; and

5.  This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll" documents and information "from December 31, 2012 through March 1, 2016".

The BL/FG Defendants refer the Plaintiff to the documents produced on August 11, 2017.  The BL/FG Defendants will not conduct further searches in response to this Request.

## REQUEST NO. 31:

All documents reflecting compensation, remuneration, incentive payment, value transfer, or granting of any benefit to Messrs. Rios, Gamboa from December 31, 2012 through March 1, 2016, including bonuses, success fees, management fees, service fees, brokers fees, finders fees, commissions, or other charges or fees, from December 31, 2012 through March 1, 2016.

## RESPONSE:

Defendants object to this Request on the following grounds:

1.  This Request is improper to the extent it seeks documents that are not within the custody or control of the BL/FG Defendants for the period prior to June 24, 2015;

2.  This Request is vague and ambiguous because, among other things, the words "value transfer".is undefined, as a result of which the BL/FG Defendants cannot reasonably determine what information this Request seeks;

3.  This Request improperly seeks sensitive personnel employment information;

4.  This Request improperly seeks proprietary and confidential business information for the period prior to June 24, 2015;

5.  This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all documents", including those that may be cumulative, irrelevant, and/or redundant, and, accordingly, the Request is overbroad, unduly burdensome, and seeks information neither material nor necessary to any claim or defense in this action; and

6.  This Request is improper to the extent, as written, it seeks documents and information that may have no connection to this action.

Subject to and without waiving any of the foregoing General Objections and these specific objections, the BL/FG Defendants will not produce documents in response to this Request.

### REQUEST NO. 32:

All documents reflecting compensation, remuneration, incentive payment or value transfer or granting or any benefit to Messrs. Rios, Gamboa, or any entity in which Ferrellgas Partners, LP owns an interest, including bonuses, success fees, management fees, service fees or

other charges or fees, brokers fees, finders fees, commissions from June 25, 2015 through

February 1, 2016.

**RESPONSE:**

Defendants object to this Request on the following grounds:

1.      This Request is overbroad, unduly burdensome, and not proportional to the needs

of the case to the extent it seeks "all documents", including those that may be

cumulative, irrelevant, and/or redundant, and, accordingly, the Request is

overbroad, unduly burdensome, and seeks information neither material nor

necessary to any claim or defense in this action;

2.      This Request improperly seeks sensitive personnel employment information; and

3.      This Request is improperly duplicative of at least Request No. 31.

Subject to and without waiving any of the foregoing General Objections and these

specific objections, the BL/FG Defendants will not produce documents in response to this

Request.

**REQUEST NO. 33:**

All documents reflecting a BTS waiver, release or deferral of an obligation or an amount

owed from December 31, 2012 through March 1, 2016.

**RESPONSE:**

Defendants object to this Request on the following grounds:

1.      This Request is improper to the extent it seeks documents that are not within the

custody or control of the BL/FG Defendants;

2.      This Request is vague and ambiguous because, among other things, the words

"waiver", "release", "deferral", "obligation", and "amount owed" are undefined,

as a result of which the BL/FG Defendants cannot reasonably determine what information this Request seeks;

3.      This Request improperly makes assumptions and/or draws legal conclusions—the BL/FG Defendants do not concede the validity of or agree with such assumptions or conclusions and do not admit any such allegations or assertions by responding to this Request;

4.      This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all documents" reflecting any "BTS waiver, release or deferral of an obligation or an amount owed";

5.      This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll documents" from December 31, 2012 through March 1, 2016; and

6.      This Request is improper to the extent, as written, it seeks documents and information that may have no connection to this action.

Subject to and without waiving any of the foregoing General Objections and these specific objections, and without admitting to any purported waiver, release or deferral of obligations, the BL/FG Defendants will produce, on a rolling basis, non-privileged, non-work-product, non-duplicative documents in their possession, custody or control, if any, sufficient to identify a BTS waiver, release or deferral of a material obligation or an amount owed from September 1, 2015 through March 1, 2016, that can be located upon a reasonable search.  The BL/FG Defendants will not produce "[a]ll documents" from December 31, 2012 through March 1, 2016—the time period and topic provided for by this Request is overbroad and unduly burdensome.

47

**REQUEST NO. 34:**

All express agreements between and/or among Bridger Group entities and BTS, including in the form of executed documents, letter agreements, emails, and/or other exchanges of correspondence.

**RESPONSE**:

Defendants object to this Request on the following grounds:

1.      This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll express agreements", including those that may be cumulative, irrelevant, and/or redundant, and, accordingly, the Request is overbroad, unduly burdensome, and seeks information neither material nor necessary to any claim or defense in this action;

2.      This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll . . . emails and/or other exchanges of correspondence", including those that may be cumulative, irrelevant, and/or redundant, and, accordingly, the Request is overbroad, unduly burdensome, and seeks information neither material nor necessary to any claim or defense in this action; and

3.      This Request is improper to the extent it seeks documents that are not within the custody or control of the BL/FG Defendants.

Subject to and without waiving any of the foregoing General Objections and these specific objections, the BL/FG Defendants will produce, on a rolling basis, non-privileged, non-work-product documents in their possession, custody or control, if any, sufficient to identify express agreements between and/or among Bridger Logistics and BTS pertaining to the payment of fees, expenses and costs incurred or owed by BTS in respect of the RSA, that can be located

48

upon a reasonable search.  The BL/FG Defendants will not produce 141 express agreements between and/or among Bridger Group entities and BTS" without limitation because such a requirement is overbroad and unduly burdensome.

**REQUEST NO. 35:**

All documents or communications which, in the Defendants' view, gave rise to an implied or express contract or agreement between BTS and any other Bridger Group entity.

**RESPONSE:**

Defendants object to this Request on the following grounds:

1.  This Request contains inaccurate, incomplete, vague, ambiguous or misleading descriptions of facts, events or pleadings in this action—the BL/FG Defendants do not concede the validity of or agree with such descriptions and do not admit any such allegations or assertions by responding to this Request;

2.  This Request improperly makes assumptions and/or draws legal conclusions—the BL/FG Defendants do not concede the validity of or agree with such assumptions or conclusions and do not admit any such allegations or assertions by responding to this Request;

3.  This Request improperly seeks information that is protected from discovery by reason of attorney client privilege, work product protection and/or the protections afforded by Rule 26(b)(3)—(4) of the Federal Rules of Civil Procedure;

4.  This Request improperly calls for legal conclusions by the BL/FG Defendants; and

5.      This request is improperly premature to the extent it seeks legal conclusions or

analyses with respect to purported implied contracts between BTS and, any other

Bridger Group entity.

Subject to and without waiving the foregoing General and Specific Objections, the

BL/FG Defendants will produce documents that were previously understood by the business

people at the BL/FG Defendants as giving rise to an implied contract between Bridger Logistics

and BTS pertaining to the payment of fees, expenses and costs incurred or owed by BTS in

respect of the RSA.  The BL/FG Defendants will not search for documents that are otherwise

responsive to this Request pertaining to "any other Bridger Group entity."

**REQUEST NO. 36:**

All documents and communications reflecting or relating to the exchange of

consideration between any Bridger Group entities and BTS.

**RESPONSE:**

Defendants object to this Request on the following grounds:

1.      This Request is overbroad, unduly burdensome, and not proportional to the needs

of the case to the extent it seeks documents that were already produced by the

BL/FG Defendants in connection with the preliminary document exchange

produced on August 11, 2017;

2.      This Request is vague and ambiguous because, among other things, the words

"exchange of consideration" are undefined, as a result of which the BL/FG

Defendants cannot reasonably determine what information this Request seeks;

3.      This Request improperly seeks proprietary and confidential business information

and communications;

4.      This Request is overbroad, unduly burdensome, and not proportional to the needs

of the case to the extent it seeks "[a]ll documents and communications", including

those that may be cumulative, irrelevant, and/or redundant, and, accordingly, the

Request is overbroad, unduly burdensome, and seeks information neither material

nor necessary to any claim or defense in this action; and

5.      This Request is overbroad, unduly burdensome, and not proportional to the needs

of the case to the extent it seeks "[a]ll documents and communications", without

limitation, "reflecting or relating to the exchange of consideration between any

Bridger Group entities and BTS."

The BL/FG Defendants refer the Plaintiff to the documents produced on August 11,

2017.  The BL/FG Defendants will not conduct further searches in response to this Request.

**REQUEST NO. 37:**

All documents and communications regarding the decision to have BTS, rather than

Bridger Logistics, contract with Eddystone for access to the Facility.

**RESPONSE:**

Defendants object to this Request on the following grounds:

1.      This Request is improper to the extent it seeks documents that are not within the

custody or control of the BL/FG Defendants;

2.      This Request contains inaccurate, incomplete, vague, ambiguous or misleading

descriptions of facts, events or pleadings in this action—the BL/FG Defendants

do not concede the validity of or agree with such descriptions and do not admit

any such allegations or assertions by responding to this Request;

3.      This Request improperly makes assumptions and/or draws legal conclusions—the BL/FG Defendants do not concede the validity of or agree with such assumptions or conclusions and do not admit any such allegations or assertions by responding to this Request; and

4.      This request is improperly premature to the extent it seeks legal conclusions or analyses with respect to purported reasons that BTS contracted with Eddystone.

Subject to and without waiving any of the foregoing General Objections and these specific objections, the BL/FG Defendants will produce, on a rolling basis, non-privileged, non-work-product documents, communications and agreements in their possession, custody or control, if any, sufficient to identify the reasons BTS, rather than Bridger Logistics, contracted with Eddystone, that can be located upon a reasonable search.

**REQUEST NO. 38:**

All documents concerning the terms on which BTS provided transloading capacity to Bridger Logistics, Ferrellgas, and/or any other entity in the Bridger Group.

**RESPONSE:**

Defendants object to this Request on the following grounds:

1.      This Request contains inaccurate, incomplete, vague, ambiguous or misleading descriptions of facts, events or pleadings in this action—the BL/FG Defendants do not concede the validity of or agree with such descriptions and do not admit any such allegations or assertions by responding to this Request;

2.      This Request is improper to the extent it seeks documents that are not within the custody or control of the BL/FG Defendants;

3.      This Request is vague and ambiguous because, among other things, the words
"transloading capacity" are undefined and unlimited, as a result of which the
BL/FG Defendants cannot reasonably determine what information this Request
seeks;

4.      This Request is overbroad, unduly burdensome, and not proportional to the needs
of the case to the extent it seeks "all documents", including those that may be
cumulative, irrelevant, and/or redundant, and, accordingly, the Request is
overbroad, unduly burdensome, and seeks information neither material nor
necessary to any claim or defense in this action;

5.      This Request is overbroad, unduly burdensome, and not proportional to the needs
of the case to the extent it seeks, without limitation, the "terms on which BTS
provided transloading capacity to Bridger Logistics, Ferrellgas, and/or any other
entity in the Bridger Group."

Subject to and without waiving any of the foregoing General Objections and these
specific objections, the BL/FG Defendants will produce, on a rolling basis, non-privileged, non-
work-product documents in their possession, custody or control, if any, that can be located upon
a reasonable search and are responsive to this Request sufficient to identify the terms on which
BTS provided transloading capacity, via the Facility, to Bridger Logistics, Ferrellgas, and/or any
current subsidiary of Bridger Logistics.  The BL/FG Defendants will not produce "[a]ll
documents concerning the terms on which BTS provided transloading capacity"—the Request's
scope as posed is overbroad and unduly burdensome.

**REQUEST NO. 39:**

All documents, communications, and agreements that reflect a commercial relationship between BTS and any other parties, including any Bridger Group entities.

**RESPONSE:**

Defendants object to this Request on the following grounds:

1.      This Request is vague and ambiguous because, among other things, the words "a commercial relationship" are undefined, as a result of which the BL/FG Defendants cannot reasonably determine what information this Request seeks;

2.      This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll documents, communications, and agreements" including those that may be cumulative, irrelevant, and/or redundant, and, accordingly, the Request is overbroad, unduly burdensome, and seeks information neither material nor necessary to any claim or defense in this action;

3.      This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents reflecting a commercial relationship . "between BTS and any other parties", without limitation, including those that may be cumulative, irrelevant, and/or redundant, and, accordingly, the Request is overbroad, unduly burdensome, and seeks information neither material nor necessary to any claim or defense in this action; and

4.      This Request is improperly duplicative of at least Request No. 38.

Subject to and without waiving the foregoing General and Specific Objections, the BL/FG Defendants will not conduct additional searches for documents responsive to this Request

without further clarification—all relevant documents potentially covered by this Request will be produced in response to other Requests.

**REQUEST NO. 40:**

All documents and communications relating to capital contributions made to BTS or repaid by BTS after its formation on June 1, 2011 through March 1, 2016.

**RESPONSE:**

Defendants object to this Request on the following grounds:

1.  This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents that were already produced by the BL/FG Defendants in connection with the preliminary document exchange produced on ,August 11, 2017;

2.  This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all documents and communications", including those that may be cumulative, irrelevant, and/or redundant, and, accordingly, the Request is overbroad, unduly burdensome, and seeks information neither material nor necessary to any claim or defense in this action;

3.  This Request is improper to the extent it seeks documents that are not within the custody or control of the BL/FG Defendants; and

4.  This Request improperly seeks information that is not relevant to any claim or defense in the present action and is not proportional to the needs of the case

The BL/FG Defendants refer the Plaintiff to the documents produced on August 11, 2017.  The BL/FG Defendants will not conduct further searches in response to this Request.

**REQUEST NO. 41:**

All documents relating to the ownership or control of all property; plant, and equipment used by BTS or used in the shipping of crude oil through the Facility each month, including but not limited to copies of all purchase or lease agreements for the rail cars that delivered crude oil to the Facility.

**RESPONSE:**

Defendants object to this Request on the following grounds:

1.      This Request is improper to the extent it seeks documents that are not within the custody or control of the BL/FG Defendants;

2.      This Request improperly seeks documents that are or may be subject to third party confidentiality obligations;

3.      This Request improperly seeks proprietary and confidential business information;

4.      This Request is vague and ambiguous because, among other things, the terms "property, plant, and equipment" are undefined, as a result of which the BL/FG Defendants cannot reasonably determine what information this Request seeks; and

5.      This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all documents" and "all purchase or lease agreements", including those that may be cumulative, irrelevant, and/or redundant, and, accordingly, the Request is overbroad, unduly burdensome, and seeks information neither material nor necessary to any claim or defense in this action.

Subject to and without waiving the foregoing General and Specific Objections, the BL/FG Defendants will not search for documents responsive to this Request without further clarification—all relevant documents potentially covered by this Request will be produced in response to other Requests.

## REQUEST NO. 42:

All documents relating to the premises from which Bridger Logistics, BTS, and each other entity of the Bridger Group conducted business, including but not limited to all commercial lease agreements.

## RESPONSE:

Defendants object to this Request on the following grounds:

1.    This Request improperly seeks information that is not relevant to any claim or defense in the present action and is not proportional to the needs of the case, including but not limited to documents relating to premises through which Bridger Logistics and "each other entity" of the Bridger Group conducted business;

2.    This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks all documents pertaining to "each other entity of the Bridger Group";

3.    This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all documents", including those that may be cumulative, irrelevant, and/or redundant, and, accordingly, the Request is overbroad, unduly burdensome, and seeks information neither material nor necessary to any claim or defense in this action;

57

4.      This Request is improper to the extent it seeks documents that are not within the custody or control of the BL/FG Defendants; and

5.      This Request is improperly duplicative of at least Request No. 41.

Subject to and without waiving the foregoing General and Specific Objections, the BL/FG Defendants will not search for documents responsive to this Request without further clarification—all relevant documents potentially covered by this Request will be produced in response to other Requests.

**REQUEST NO. 43:**

All documents and communications concerning BTS's sources of revenue/sales/income from business operations, including any business conducted in addition to BTS's business at the Facility.

**RESPONSE:**

Defendants object to this Request on the following grounds:

1.      This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all documents and communications", including those that may be cumulative, irrelevant, and/or redundant, and, accordingly, the Request is overbroad, unduly burdensome, and seeks information neither material nor necessary ' to any claim or defense in this action;

2.      This Request is vague and ambiguous because, among other things, the term "business operations" is undefined, as a result of which the BL/FG Defendants cannot reasonably determine what information this Request seeks; and

3.      This Request is improper to the extent it seeks documents that are not within the custody or control of the BL/FG Defendants.

Subject to and without waiving any of the foregoing General Objections and these specific objections, the BL/FG Defendants will produce, on a rolling basis, non-privileged, non-work-product documents in their possession, custody or control records or documents, if any, that can be located upon a reasonable search sufficient to identify BTS's sources of revenue, sales and income.

**REQUEST NO. 44:**

All documents concerning BTS's source(s) of revenue or funding from January 1, 2012 to March 1, 2016, including all documents reflecting the source(s) of funds for each monthly payment made by BTS under the RSA, all documents concerning payments by Monroe and/or Jamex Marketing or Jamex, LLC, to any Bridger Group entity, and all documents concerning payments to BTS by any Bridger Group entity or by Jamex Marketing or Jamex, LLC.

**RESPONSE:**

Defendants object to this Request on the following grounds:

1.      This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all documents", including those that may be cumulative, irrelevant, and/or redundant, and, accordingly, the Request is overbroad, unduly burdensome, and seeks information neither material nor necessary to any claim or defense in this action;

2.      This Request is improper to the extent it seeks documents that are not within the custody or control of the BL/FG Defendants;

3.      This Request is improperly duplicative of at least Request No. 43;

4.      This Request is improper to the extent it seeks documents or information already in the possession, custody or control of ERC that may be just as easily accessed

by ERC as by the BL/FG Defendants because such Request imposes an undue burden on the BL/FG Defendants;

Subject to and without waiving any of the foregoing General Objections and these specific objections, the BL/FG Defendants will produce, on a rolling basis, non-privileged, non-work-product, non-duplicative documents in their possession, custody or control records or documents, if any, that can be located upon a reasonable search and are sufficient to identify source(s) of revenue or funding for BTS from January 1, 2012 to March 1, 2016, documents concerning payments by Monroe and/or Jamex Marketing or Jamex, LLC, to BTS or Bridger Logistics, and documents concerning payments to BTS by any Bridger Group entity or by Jamex Marketing or Jamex, LLC.

## **REQUEST NO. 45:**

All documents concerning the terms of any arrangement, agreement, or business relationship between BTS and Bridger Logistics or any other Bridger Group entity, including any obligations owed to BTS by any Bridger Group entity.

## **RESPONSE:**

Defendants object to this Request on the following grounds:

1.    This Request is improperly duplicative of at least Request Nos. 34 and 39;

2.    This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all documents", including those that may be cumulative, irrelevant, and/or redundant, and, accordingly, the Request is overbroad, unduly burdensome, and seeks information neither material nor necessary to any claim or defense in this action;

3.    This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "any arrangement, agreement, or business relationship between BTS and Bridger Logistics or any other Bridger Group entity"; and

4.    This Request is improper to the extent it seeks documents that are not within the custody or control of the BL/FG Defendants.

Subject to and without waiving any of the foregoing General Objections and these specific objections, the BL/FG Defendants will produce, on a rolling basis, non-privileged, non-work-product, non-duplicative documents in their possession, custody or control, if any, that can be located upon a reasonable search and are sufficient to identify express agreements between and/or among Bridger Group entities and BTS pertaining to the payment of fees, expenses and costs incurred or owed by BTS.  The BL/FG Defendants will not produce "All documents concerning the terms of any arrangement, agreement, or business relationship between BTS and Bridger Logistics or any other Bridger Group entity" without limitation because such a requirement is overbroad and unduly burdensome.

## REQUEST NO. 46:

For all expenses BTS incurred in its business, including on lease agreements it signed with third parties, all records reflecting payments made from bank accounts not held in BTS' own name.

## RESPONSE:

Defendants object to this Request on the following grounds:

1.    This Request is improperly duplicative of at least Request Nos. 11, 12 and 42.

Subject to and without waiving any of the foregoing General Objections and these specific objections, the BL/FG Defendants will produce, on a rolling basis, non-privileged, non-work-product bank records in their possession, custody or control, if any, that can be located upon a reasonable search and reflect payments made by BTS for expenses incurred in its business from bank accounts not held in BTS' own name.

**REQUEST NO. 47:**

All documents and communications among BTS, any Bridger Group entity, Ferrellgas, and all third parties regarding Eddystone's rail unloading terminal and the roughly 65,000 barrels per day transloading capacity owned/controlled through the RSA.

**RESPONSE:**

Defendants object to this Request on the following grounds:

1. The BL/FG Defendants object to this Request to the extent it contains inaccurate, incomplete, vague, ambiguous or misleading descriptions of facts, events or pleadings in this action. The BL/FG Defendants do not concede the validity of or agree with such descriptions and do not admit any such allegations or assertions by responding to the this Request;

2. This Request is improper to the extent it seeks documents that are not within the custody or control of the BL/FG Defendants;

3. This Request is improper to the extent it seeks documents or information already in the possession, custody or control of ERC that may be just as easily accessed by ERC as by the BL/FG Defendants because such Request imposes an undue burden on the BL/FG Defendants;

12024768.3

4.      This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all documents and communications" among "all third parties"; and

5.      This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all documents and communications", including those that may be cumulative, irrelevant, and/or redundant, and, accordingly, the Request is overbroad, unduly burdensome, and seeks information neither material nor necessary to any claim or defense in this action.

Subject to and without waiving any of the foregoing General Objections and these specific objections, the BL/FG Defendants will produce, on a rolling basis, non-privileged, non-work-product, non-duplicative documents and communications in their possession, custody or control, if any, among BTS, any Bridger Group entity and Ferrellgas regarding Eddystone's rail unloading terminal transloading capacity that can be located upon a reasonable search.  The BL/FG Defendants will not search for or produce "all documents and communications" with "all third parties" in response to this Request without limitation—this Request is overbroad and unduly burdensome.

### REQUEST NO. 48:

All documents, reports, or studies that any Bridger Group entity prepared concerning the merits of supplying crude oil to Delaware River refineries via the Eddystone facility, including any documents provided to Monroe.

### RESPONSE:

Defendants object to this Request on the following grounds:

1.      This Request improperly seeks proprietary and confidential business information;

63

2.      This Request improperly seeks documents that are or may be subject to third party confidentiality obligations;

3.      This Request is improper to the extent it seeks documents that are not within the custody or control of the BL/FG Defendants; and

4.      This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all documents, reports or studies", including those that may be cumulative, irrelevant, and/or redundant, and, accordingly, the Request is overbroad, unduly burdensome, and seeks information neither material nor necessary to any claim or defense in this action.

Subject to and without waiving any of the foregoing General Objections and these specific objections, the BL/FG Defendants will produce, on a rolling basis, non-privileged, non-work-product, non-confidential, non-duplicative documents, reports or studies in their possession, custody or control, if any, that can be located upon a reasonable search and that any Bridger Group entity prepared concerning the merits of supplying crude oil to Delaware River refineries via the Eddystone facility, including any documents provided to Monroe.

### REQUEST NO. 49:

All documents concerning BTS's obligation to provide financial assurances to Eddystone under the RSA, including all documents concerning any effort to provide such financial assurances whether a letter of credit or any other form of financial assurances.

### RESPONSE:

Defendants object to this Request on the following grounds:

1.      The BL/FG Defendants object to this Request to the extent it contains inaccurate, incomplete, vague, ambiguous or misleading descriptions of facts, events or

pleadings in this action.  The BL/FG Defendants do not concede the validity of or agree with such descriptions and do not admit any such allegations or assertions by responding to the this Request;

2.      This Request is improper to the extent it seeks documents that are not within the custody or control of the BL/FG Defendants; and

3.      This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all documents", including those that may be cumulative, irrelevant, and/or redundant, and, accordingly, the Request is overbroad, unduly burdensome, and seeks information neither material nor necessary to any claim or defense in this action.

Subject to and without waiving any of the foregoing General Objections and these specific objections, the BL/FG Defendants will produce, on a rolling basis, non-privileged, non-work-product, non-duplicative documents in their possession, custody or control, if any, that can be located upon a reasonable search and concern any purported obligation or effort to provide financial assurances to ERC under the RSA.

**REQUEST NO. 50:**

All documents and communications concerning efforts or proposals by any Bridger Group entity to use the Eddystone facility to supply crude oil to any refinery other than Monroe or to supply crude oil to any refinery on the East Coast other than through the Eddystone facility.

**RESPONSE:**

Defendants object to this Request on the following grounds:

1.      This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all documents and communications", including

those that may be cumulative, irrelevant, and/or redundant, and, accordingly, the

Request is overbroad, unduly burdensome, and seeks information neither material

nor necessary to any claim or defense in this action;

2.      This Request is overbroad, unduly burdensome, and not proportional to the needs

of the case to the extent it seeks information concerning efforts or proposals by

any Bridger Group entity to "supply crude oil to any refinery on the East Coast

other than through the Eddystone facility";

3.      This Request is improper to the extent, as written, it seeks documents and

information that may have no connection to this action to the extent it seeks

information concerning efforts or proposals by any Bridger Group entity to

"supply crude oil to any refinery on the East Coast other than through the

Eddystone facility"; and

4.      This Request improperly seeks proprietary and confidential business information

and communications.

Subject to and without waiving any of the foregoing General Objections and these

specific objections, the BL/FG Defendants will produce, on 'a rolling basis, non-privileged, non-

work-product, non-proprietary, non-duplicative documents and communications in their

possession, custody or control, if any, that can be located upon a reasonable search and are

responsive to this Request.

**REQUEST NO. 51:**

All documents and communications concerning any possible purchase of the Facility

from Eddystone by Bridger Logistics, Jamex Marketing, or their affiliates during the period

January 1, 2013 to March 1, 2016, including all any applications, communications, or

discussions that in any way relate to actual or potential financing or a credit facility, including all documents provided to a lender.

**RESPONSE:**

Defendants object to this Request on the following grounds:

1. This Request is improper to the extent it seeks documents that are not within the custody or control of the BL/FG Defendants;

2. This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all documents and communications", "all applications, communications, or discussions" and "all documents provided to a lender", including those that may be cumulative, irrelevant, and/or redundant, and, accordingly, the Request is overbroad, unduly burdensome, and seeks information neither material nor necessary to any claim or defense in this action.

Subject to and without waiving any of the foregoing General Objections and these specific objections, the BL/FG Defendants will produce, on a rolling basis, non-privileged, non-work-product, non-proprietary, non-duplicative documents and communications in their possession, custody or control, if any, that can be located upon a reasonable search and are responsive to this Request.

**REQUEST NO. 52:**

All documents and communications relating to or concerning the sale, supply, or shipment of crude oil to Monroe and/or via the facility, the Crude Oil Supply Agreement, the Amended and Restated Crude Oil Supply Agreement, the Monroe TLA, Jamex TLA, the Logistics APA, and all related or associated agreements, including but not limited to copies of

the agreements, documents relating to performance thereunder, and potential or actual termination or modification of the agreements.

**RESPONSE:**

Defendants object to this Request on the following grounds:

1.      This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "Dill documents and communications relating .to or concerning the sale, supply, or shipment of crude oil to Monroe" and "documents relating to performance thereunder, and potential or actual termination or modification of the agreements";

2.      This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all documents and communications", including those that may be cumulative, irrelevant, and/or redundant, and, accordingly, the Request is overbroad, unduly burdensome, and seeks information neither material nor necessary to any claim or defense in this action; and

3.      This Request is improper to the extent it seeks documents that are not within the custody or control of the BL/FG Defendants.

Subject to and without waiving any of the foregoing General Objections and these specific objections, the BL/FG Defendants will produce, on a rolling basis, non-privileged, non-work-product, non-proprietary, non-duplicative documents and communications in their possession, custody or control, if any, that can be located upon a reasonable search and relate to or concern the negotiation of and entry into the Crude Oil Supply Agreement, the Amended and Restated Crude Oil Supply Agreement, the Monroe TLA, Jamex TLA, the Logistics APA, and all related or associated agreements.

**REQUEST NO. 53:**

All documents concerning the financing of purchases or shipment of crude oil to be delivered to Monroe or transloaded at the Facility, including all documents or communications relating to financing by Carlyle or Merrill, the Carlyle Agreement, or the Merrill Financing Agreement.

**RESPONSE:**

Defendants object to this Request on the following grounds:

1.      This Request is improper to the extent it seeks documents that are not within the custody or control of the BL/FG Defendants;

2.      This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all documents", including those that may be cumulative, irrelevant, and/or redundant, and, accordingly, the Request is overbroad, unduly burdensome, and seeks information neither material nor necessary to any claim or defense in this action; and

3.      This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and information from 2012 through present.  Subject to and without waiving any of the foregoing General Objections and these specific objections, the BL/FG Defendants will produce, on a rolling basis, non-privileged, non-work-product, non-duplicative documents in their custody, possession or control, if any, that can be located upon a reasonable search and are sufficient to identify the financing of purchases or shipment of crude oil to be delivered to Monroe or transloaded at the Facility.  The BL/FG Defendants will further produce, on a rolling basis, non-privileged, non-work-

69

product, non-duplicative documents or communications in their possession, custody or control, if any, with Carlyle concerning the Carlyle Agreement and with Merrill concerning the Merrill Financing Agreement that can be located upon a reasonable search.  The BL/FG Defendants will not search for other documents in response to this overbroad Request without further clarification or limitation.

**REQUEST NO. 54:**

All documents and communications relating to or concerning the January Letter Agreements, any amendments thereto, the cessation of crude oil shipments to Monroe and/or via the Facility, and the potential or actual termination or modification of the Crude Oil Supply Agreement, the Amended and Restated Crude Oil Supply Agreement, the Monroe TLA, Jamex TLA, and all related or associated -agreements.

**RESPONSE:**

Defendants object to this Request on the following grounds:

1.      This Request is improperly duplicative of at least Request No. 52; and

2.      This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all documents and communications", including those that may be cumulative, irrelevant, and/or redundant, and, accordingly, the Request is overbroad, unduly burdensome, and seeks information neither material nor necessary to any claim or defense in this action.

Subject to and without waiving any of the foregoing General Objections and these specific objections, the BL/FG Defendants will produce, on a rolling basis, non-privileged, non-work-product, non-proprietary, non-duplicative documents and communications in their

possession, custody or control, if any, that can be located upon a reasonable search and are responsive to this Request.

**REQUEST NO. 55:**

All documents and communications concerning or relating to the BTS Purchase and Sale Agreement, the BTS Assignment Agreement, and all associated or related agreements, including copies thereof.

**RESPONSE:**

Defendants object to this Request on the following grounds:

1.       This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all documents and communications", including those that may be cumulative, irrelevant, and/or redundant, and, accordingly, the Request is overbroad, unduly burdensome, and seeks information neither material nor necessary to any claim or defense in this action; and

2.       This Request is improper to the extent it seeks documents that are not within the custody or control of the BL/FG Defendants.

Subject to and without waiving any of the foregoing General Objections and these specific objections, the BL/FG Defendants will produce, on a rolling basis, non-privileged, non-work-product, non-proprietary, non-duplicative documents and communications in their possession, custody or control, if any, that can be located upon a reasonable search and are responsive to this Request.

**REQUEST NO. 56:**

All documents and communications concerning the negotiation and sale of BTS to Jamex Transfer Holdings, including but not limited to all agreements related to the sale and all

communications regarding the decision to sell BTS, the terms of the sale, the impact on obligations to BTS, and the impact on obligations to Eddystone under the RSA.

**RESPONSE:**

Defendants object to this Request on the following grounds:

1.      This Request is improper to the extent it seeks documents that are not within the custody or control of the BL/FG Defendants; and

2.      This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all documents and communications", including those that may be cumulative, irrelevant, and/or redundant, and, accordingly, the Request is overbroad, unduly burdensome, and seeks information neither material nor necessary to any claim or defense in this action.

Subject to and without waiving any of the foregoing General Objections and these specific objections, the BL/FG Defendants will produce, on a rolling basis, non-privileged, non-work-product, non-proprietary, non-duplicative documents and communications in their possession, custody or control, if any, that can be located upon a reasonable search and are responsive to this Request.

**REQUEST NO. 57:**

All documents and communications regarding assets exchanged or payments made between or among Ferrellgas, Bridger Logistics, the Bridger Group, Jamex, LLC, and Jamex Marketing from May 1, 2015 through present.

**RESPONSE:**

Defendants object to this Request on the following grounds:

1.      This Request is improper to the extent it seeks documents that are not within the custody or control of the BL/FG Defendants;

2.      This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all documents and communications", including those that may be cumulative, irrelevant, and/or redundant, and, accordingly, the Request is overbroad, unduly burdensome, and seeks information neither material nor necessary to any claim or defense in this action;

3.      This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "assets exchanged or payments made between or among Ferrellgas and the Bridger Group" unrelated to BTS; and

4.      This Request is improper to the extent, as written, it seeks documents and information that may have no connection to this action, including "assets exchanged or payments made between or among Ferrellgas and the Bridger Group" unrelated to BTS.

Subject to and without waiving any of the foregoing General Objections and these specific objections, the BL/FG Defendants will produce, on a rolling basis, the documents identified in response to Requests 30, 44 and 46.  Without further clarification, the BL/FG Defendants will not search for other documents in response to this Request.

Further, subject to and without waiving the foregoing objections, the BL/FG Defendants will produce any responsive documents identified by searching electronically stored information ("ESI") from certain agreed custodians and sources using certain agreed search terms.  Pursuant to the parties' reciprocal agreement, any document containing such search terms will be produced unless it is clearly irrelevant (meaning no party could contend in good faith that the

document is relevant) or subject to an applicable privilege.  The BL/FG Defendants' agreement to proceed in this manner is not intended to, and does not, waive any of their specific objections to gathering and producing documents from other sources.

**REQUEST NO. 58:**

All documents and communications regarding payments any Bridger 'Group entity received from Jamex Marketing from May 1, 2015 through present.

**RESPONSE:**

Defendants object to this Request on the following grounds:

1.      This Request is improperly duplicative of at least Request No. 57.

2.      This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "assets exchanged or payments made between or among Ferrellgas and the Bridger Group" unrelated to BTS, Eddystone or the Facility; and

3.      This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all documents and communications", including those that may be cumulative, irrelevant, and/or redundant, and, accordingly, the Request is overbroad, unduly burdensome, and seeks information neither material nor necessary to any claim or defense in this action.

Subject to and without waiving any of the foregoing General Objections and these specific objections, the BL/FG Defendants will produce, on a rolling basis, the documents identified in Response to Requests 30, 44 and 46.  Without further clarification, the BL/FG Defendants will not search for other documents in response to this Request.

12024768.3

Further, subject to and without waiving the foregoing objections, the BL/FG Defendants will produce any responsive documents identified by searching electronically stored information ("ESI") from certain agreed custodians and sources using certain agreed search terms.  Pursuant to the parties' reciprocal agreement, any document containing such search terms will be produced unless it is clearly irrelevant (meaning no party could contend in good faith that the document is relevant) or subject to an applicable privilege.  The BL/FG Defendants' agreement to proceed in this manner is not intended to, and does not, waive any of their specific objections to gathering and producing documents from other sources.

**REQUEST NO. 59:**

All documents and communications regarding Ferrellgas' decision, on October 18, 2016, to relieve Messrs. Rios and Gamboa of their management responsibilities at Bridger Logistics.

**RESPONSE:**

Defendants object to this Request on the following grounds:

1.      The BL/FG Defendants object to this Request to the extent it contains inaccurate, incomplete, vague, ambiguous or misleading descriptions of facts, events or pleadings in this action.  The BL/FG Defendants do not concede the validity of or agree with such descriptions and do not admit any such allegations or assertions by responding to this Request;

2.      The BL/FG Defendants object to this Request to the extent it purports to make assumptions and/or draw legal conclusions.  The BL/FG Defendants do not agree with or acquiesce to any such assumptions and/or conclusions and do not admit any such allegations or assertions by responding to this Request;

12024768.3

3.     This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all documents and communications", including those that may be cumulative, irrelevant, and/or redundant, and, accordingly, the Request is overbroad, unduly burdensome, and seeks information neither material nor necessary to any claim or defense in this action;

4.     This Request improperly seeks sensitive personnel employment information;

5.     This Request improperly seeks documents that are or may be subject to third party confidentiality obligations;

6.     This Request is improper to the extent it seeks documents that are not within the custody or control of the BL/FG Defendants; and

7.     This Request improperly seeks information that is not relevant to any claim or defense in the present action and is not proportional to the needs of the case.

Subject to and without waiving any of the foregoing General Objections and these specific objections, the BL/FG Defendants will produce, on a rolling basis, the documents identified in Response to Requests 3, 5 and 32.  Without further clarification, the BL/FG Defendants will not search for other documents in response to this Request.

**REQUEST NO. 60:**

All documents relating to the internal review of Bridger Logistics' operations that Ferrellgas announced in connection with its October 18, 2016 decision to remove Messrs. Rios and Gamboa from their management positions at any Bridger Group entity, including all preliminary and final reports produced in the course of the review.

**RESPONSE:**

Defendants object to this Request on the following grounds:

76

1.      The BL/FG Defendants object to this Request to the extent it contains inaccurate, incomplete, vague, ambiguous or misleading descriptions of facts, events or pleadings in this action.  The BL/FG Defendants do not concede the validity of or agree with such descriptions and do not admit any such allegations or assertions by responding to this Request;

2.      The BL/FG Defendants object to this Request to the extent it purports to make assumptions and/or draw legal conclusions.  The BL/FG Defendants do not agree with or acquiesce to any such assumptions and/or conclusions and do not admit any such allegations or assertions by responding to this Request;

3.      This Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all documents and communications", including those that may be cumulative, irrelevant, and/or redundant, and, accordingly, the Request is overbroad, unduly burdensome, and seeks information neither material nor necessary to any claim or defense in this action;

4.      This Request improperly seeks sensitive personnel employment information;

5.      This Request improperly seeks documents that are or may be subject to third party confidentiality obligations;

6.      This Request is improper to the extent it seeks documents that are not within the custody or control of the BL/FG Defendants; and

7.      This Request improperly seeks information that is not relevant to any claim or defense in the present action and is not proportional to the needs of the case.

77

Subject to and without waiving any of the foregoing General Objections and these specific objections, the BL/FG Defendants will not produce documents in response to this Request.

Dated: August 1, 2018

Respectfully submitted,

By: /s/ *Jacob A. Kramer*

Richard L. Scheff (I.D. No. 35213)
Michael C. Witsch (I.D. No. 313884)
MONTGOMERY MCCRACKEN WALKER & RHOADS LLP
123 South Broad Street
Philadelphia, Pennsylvania 19109
Telephone:  (215) 772-1500
Facsimile:  (215) 772-7620
rscheff@mmwr.com
mwitsch@mmwr.com

Lawrence G. Scarborough (Admitted *Pro Hac Vice*)
BRYAN CAVE LEIGHTON PAISNER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 541-2000
Facsimile:  (212) 541-4630
lgscarborough@ bclplaw.com

Jacob A.  Kramer (Admitted *Pro Hac Vice*)
BRYAN CAVE LEIGHTON PAISNER LLP
1155 F Street, NW
Washington, D.C. 20004
Telephone:  (202) 508-6000
Facsimile:  (202) 508-6200
jake.kramer@ bclplaw.com

12024768.3

Brian C. Walsh (Admitted *Pro Hac Vice*)
Alicia Ragsdale Olszeski (Admitted *Pro Hac Vice*)
BRYAN CAVE LEIGHTON PAISNER LLP
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
Telephone: (314) 259-2000
Facsimile: (314) 259-2020
brian.walsh@ bclplaw.com
ali.ragsdale@ bclplaw.com

Sarah L. Hartley (Admitted *Pro Hac Vice*)
BRYAN CAVE LEIGHTON PAISNER LLP
1700 Lincoln Street, Suite 4100
Denver, Colorado 80203
Telephone: (303) 861-7000
Facsimile: (303) 866-0200
sarah.hartley@bclplaw.com

*Counsel for the BL/FG Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2018, the foregoing was served via email to all counsel of record.

/s/   *Jacob A. Kramer*
Counsel for the BL/FG Defendants