**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EDDYSTONE RAIL COMPANY, LLC, | : |
|     **Plaintiff/Counter-defendant,** | : |
| | : |
|   **v.** | : |
| | : **No. 2:17-cv-00495-RK** |
| **JULIO RIOS and JEREMY GAMBOA,** | : |
| **BRIDGER LOGISTICS, LLC,** | : **Oral Argument Requested** |
| **FERRELLGAS PARTNERS, L.P., and** | : |
| **FERRELLGAS, L.P.** *et al.,* | : |
|     **Defendants,** | : |
| | : |
| **BRIDGER LOGISTICS, LLC,** | : |
| **FERRELLGAS PARTNERS, L.P., and** | : |
| **FERRELLGAS, L.P.,** | :: |
|     **Defendants/** | |
|     **Counterclaimants** | |

## DEFENDANTS JULIO RIOS & JEREMY GAMBOA'S
## MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants Julio Rios and Jeremy Gamboa (the "Individual Defendants"), through their undersigned counsel, move this Court for an Order dismissing the breach of fiduciary duty claim alleged against them in Plaintiff's First Amended Complaint for failure to state a claim under Rule 12(b)(6).

The Individual Defendants refer the Court to their Memorandum of Law—which is filed contemporaneously herewith and incorporated in full for all purposes—for arguments, authorities, and exhibits being offered in support of the relief sought in this Motion.

### **PRAYER**

WHEREFORE, Defendants Julio Rios and Jeremy Gamboa respectfully request that the Court dismiss the breach of fiduciary duty claim alleged against them for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

DATE:  October 5, 2018                               Respectfully submitted,


                                                     */s/ Jeremy A. Fielding*
                                                     Jeremy A. Fielding
                                                     *Admitted pro hac vice*
                                                     jfielding@lynnllp.com
                                                     Kent D. Krabill
                                                     *Admitted pro hac vice*
                                                     kkrabill@lynnllp.com
                                                     Jonathan D. Kelley
                                                     *Admitted pro hac vice*
                                                     jkelley@lynnllp.com
                                                     Christian A. Orozco
                                                     *Admitted pro hac vice*
                                                     corozco@lynnllp.com
                                                     LYNN PINKER COX & HURST, LLP
                                                     2100 Ross Avenue, Suite 2700
                                                     Dallas, Texas 75201
                                                     Telephone: (214) 981-3800
                                                     Facsimile: (214) 981-3839

                                                     Julie Negovan, Esquire (1651)
                                                     1622 Spruce Street
                                                     Philadelphia, PA  19103
                                                     jn@sprucelaw.com
                                                     (267) 546-0623

                                                     *Attorneys for Defendants*
                                                     *Julio Rios and Jeremy Gamboa*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **EDDYSTONE RAIL COMPANY, LLC,** | : |
|    **Plaintiff/Counter-defendant,** | : |
|  | : |
|   **v.** | : |
|  | : **No. 2:17-cv-00495-RK** |
| **JULIO RIOS and JEREMY GAMBOA,** | : |
| **BRIDGER LOGISTICS, LLC,** | : |
| **FERRELLGAS PARTNERS, L.P., and** | : |
| **FERRELLGAS, L.P.** *et al.*, | : |
|    **Defendants,** | : |
|  | : |
| **BRIDGER LOGISTICS, LLC,** | : |
| **FERRELLGAS PARTNERS, L.P., and** | : |
| **FERRELLGAS, L.P.,** | : |
|    **Defendants/** | :: |
|    **Counterclaimants** | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS JULIO RIOS & JEREMY GAMBOA'S
<u>MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT</u>**

**CONTENTS**

INTRODUCTION ................................................................................................................6

    I.       FACTUAL AND PROCEDURAL BACKGROUND ....................................7

    II.      ARGUMENT AND AUTHORITIES ............................................................7

         A.     Managers of Manager-Managed LLCs Owe Fiduciary Duties. .........................7

         B.     Rios and Gamboa Were Not Managers of BTS....................................................8

         C.     Louisiana Law Does Not Recognize "Controlling Person" Liability. ...............9

CONCLUSION ..................................................................................................................12

## TABLE OF AUTHORITIES

**CASES**

*3 Point Holdings, L.L.C. v. Gulf S. Sols., L.L.C.*, No. 06-10902, 2008 U.S. Dist. LEXIS 19522 (E.D. La. Mar. 13, 2008) ................................................................................................................8

*Carrieri v. Jobs.Com Inc.*, 393 F.3d 508 (5th Cir. 2004 .................................................................8

*Double-Eight Oil & Gas, L.L.C. v. Caruthers Producing Co.*, 13 So.3d 754 (La. Ct. App. 2d Cir. 2009) ......7

*Dutton & Vaughan, Inc. v. Spurney*, 600 So. 2d 693 (La. App. 4th Cir. 1992) ..............................9

*Hillman Lumber Products v. Webster Manufacturing, No. 06-1204; 2007 U.S. Dist. LEXIS 32410, at *17-18 (W.D. La. Apr. 27, 2007)* ...............................................................................................9

*In re Lobell*, 390 B.R. 206 (Bankr. M.D. La. 2008) .....................................................................7

*Matherne v. Barnum*, 94 So.3d 782 (La. Ct. App. 1st Cir. 2012) .................................................7

*McDonough Marine Serv., a Div. of Marmac Corp. v. Doucet*, 694 So.2d 305 (La. Ct. App. 1st Cir. 1996) ...7

*N. Am. Catholic Ed.Programming Found., Inc. v. Gheewalla*, 930 A.2d 92 (Del. 2007) ................7

*Terrebonne Concrete, LLC v. CEC Enterprises*, LLC, 76 So.3d 502 (La. Ct. App. 1st Cir. 2011) ................7

*Young v. Adolph*, 2002-67 (La. App. 5 Cir 05/15/02), 821 So. 2d 101 .................................. 8, 9

**OTHER AUTHORITIES**

L.S.A.-R.S. § 12:1314 ....................................................................................................................6

L.S.A.-R.S. § 12:1320(A) ...............................................................................................................6

L.S.A.-R.S. § 12:1320(C) ...............................................................................................................7

La. R.S. 12:1320(B) ........................................................................................................................7

Defendants Julio Rios and Jeremy Gamboa (the "Individual Defendants") file this Memorandum of Law in Support of their Motion to Dismiss Plaintiff Eddystone Rail Company, LLC's ("Eddystone") First Amended Complaint (the "Motion"), and respectfully show as follows.

## INTRODUCTION

In its First Amended Complaint (the "Amended Complaint"), Eddystone asserts a claim for breach of fiduciary duty against Rios and Gamboa.[1]  Specifically, Eddystone alleges that as officers of Bridger Logistics, a Louisiana manager-managed limited liability company[2], Rios and Gamboa owed fiduciary duties to the creditors of allegedly-insolvent Bridger Transfer Services ("BTS"), a subsidiary of Bridger Logistics.  Yet, under well-settled Louisiana law – which controls here – no such fiduciary duties exist.

Under Louisiana law, the ***only*** party that owes fiduciary duties to the creditors of an insolvent Louisiana manager-managed LLC is the manager.  Yet neither Rios nor Gamboa were managers of either Bridger Logistics or BTS.  Indeed, Eddystone's Amended Complaint premises its fiduciary duty claims on Rios and Gamboa's pleaded status as ***officers*** of Bridger Logistics.  But no such liability exists under Louisiana law.

Worse, neither Rios nor Gamboa were even officers of BTS, the allegedly insolvent entity. Accordingly, even if officers of an insolvent Louisiana manager-managed LLC ***do*** owe fiduciary duties to creditors under the Louisiana law (and they don't), Eddystone's claim ***still*** fails.  Rios and Gamboa cannot breach a fiduciary duty that does not exist in the first place.

Eddystone's breach of fiduciary duty claim against Rios and Gamboa thus fails as a matter of law and must be dismissed.

---

[1] Plaintiff's First Amended Compl. at ¶¶ 99-103, attached as Exhibit 1.
[2] Plaintiff's First Amended Compl. at ¶ 13.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Eddystone commenced this litigation in early 2017, seeking recovery on claims of alter ego liability, fraudulent transfer, and breach of fiduciary duty against five defendants: the BL/FG Defendants, Julio Rios, and Jeremy Gamboa.

On September 7, 2018, the Court permitted Eddystone to file its First Amended Complaint which, *inter alia*, adds thirteen additional defendants.  In the Amended Complaint, Eddystone alleges that Defendants Rios and Gamboa both breached their fiduciary duties to Eddystone – as a creditor of BTS – "using their management and controlling powers over BTS to render BTS unable to pay its creditors."[3]  Eddystone makes this same allegation with respect to two other defendants in this lawsuit: Ferrellgas, L.P. – the manager of Bridger Logistics – and Bridger Logistics itself, which was the manager of BTS.  Rios and Gamboa are named in this count in their capacity as officers of Bridger Logistics, not as either members or managers of BTS, or Bridger Logistics.

## II.   ARGUMENT AND AUTHORITIES

### A.   Managers of Manager-Managed LLCs Owe Fiduciary Duties.

The fiduciary duties owed to a limited liability company by its members and manager are set forth in, and exclusively governed by, Louisiana's comprehensive statutory law of limited liability companies.  *See* L.S.A.-R.S. § 1301, *et seq.* (Chapter 22. Limited Liability Companies); *see also* L.S.A.-R.S. § 12:1320(A) ("The liability of members, managers, employees, or agents, as such, of a [LLC] organized and existing under [Louisiana law] shall at all times be ***determined solely and exclusively by the provisions of this Chapter.***" (emphasis added)).  Pursuant to this statutory law, a "manager, if management is vested in one or more managers . . . [s]hall be deemed to stand in a fiduciary relationship with the limited liability company and its members and shall discharge his duties in good

---

[3] Exhibit 1 at ¶ 11.

faith, with the diligence, care, judgment and skill which an ordinary prudent person in a like position would exercise under similar circumstances."  L.S.A.-R.S. § 12:1314.  As set forth below, Eddystone's Amended Complaint fails to state a claim under Louisiana law for breach of fiduciary duties against Rios and Gamboa – neither of whom were managers of either BTS *or* its parent company, Bridger Logistics.

### B.  Rios and Gamboa Were Not Managers of BTS or Bridger Logistics.

The Amended Complaint alleges that "Rios and Gamboa violated their fiduciary duties of care and/or loyalty to Eddystone," as BTS' creditor.[4]  But this is impossible under Louisiana law.  Rios and Gamboa were neither members nor managers of BTS, which was a manager-managed LLC.  Each were employed only as officers of BTS's parent company, Bridger Logistics.  BTS itself **had no officers**, but was controlled by its manager – Bridger Logistics – which was in turn controlled by its manager, Ferrellgas, L.P.[5]

As officers of Bridger Logistics, neither Rios nor Gamboa owed a fiduciary duty to Logistics' manager-managed subsidiary, BTS.  In fact, neither Rios nor Gamboa owed a fiduciary duty to Bridger Logistics, itself.  And Rios and Gamboa certainly did not owe fiduciary duties to the creditors of a subsidiary of a company to which neither owed a fiduciary duty.  Indeed, Louisiana law makes clear this bedrock principle that corporate entities do not owe fiduciary duties directly to parties that have entered contracts with the corporate entity – let alone with the corporate entity's subsidiaries.  *See Terrebonne Concrete, LLC v. CEC Enterprises*, LLC, 76 So.3d 502, 510 (La. Ct. App. 1st Cir. 2011) (members of an LLC do not owe fiduciary duties to "persons or entities that contract with the corporation"); *McDonough Marine Serv., a Div. of Marmac Corp. v. Doucet*, 694 So.2d 305, 312 (La. Ct.

---

[4] Ex. 1 at ¶ 102.

[5] Bridger Logistics – like BTS – is also a Louisiana manager-managed LLC, and was managed by its manager, Ferrellgas, L.P.  Ex. 1 at ¶ 13.

App. 1st Cir. 1996) (same). Indeed, Louisiana courts have readily held that "[w]ithout a doubt, statutory law found in La. R.S. 12:1320(B) insulates a member of a limited liability company from personal liability for a debt or obligation of the limited liability company [to a third party]." *Matherne v. Barnum*, 94 So.3d 782, 788 (La. Ct. App. 1st Cir. 2012); *see also Double-Eight Oil & Gas, L.L.C. v. Caruthers Producing Co.*, 13 So.3d 754, 758 (La. Ct. App. 2d Cir. 2009) (creditor's attempt to amend a judgment against an LLC to include its members barred by L.S.A.-R.S. § 12:1320(C)).

Whether an entity is in the "zone of insolvency" does nothing to alter this analysis – officers or members of a Louisiana LLC simply do not owe fiduciary duties to the creditors of a subsidiary. *See In re Lobell*, 390 B.R. 206, 216 n.49, 217 (Bankr. M.D. La. 2008)[6] (applying Louisiana law) (rejecting plaintiff's contention that member-manager of LLC owed fiduciary duties to creditors once LLC entered zone of insolvency).[7]

Louisiana law and related caselaw is dispositive on this subject: only BTS's manager owed it a fiduciary duty. The Individual Defendants cannot be liable for breaching a fiduciary duty that neither owed as a matter of law. This claim against the Individual Defendants should be dismissed.

### C.  Louisiana Law Does Not Recognize "Controlling Person" Liability.

Louisiana law does not recognize that a controlling person of a limited liability company owes a fiduciary duty to its creditors when the company is within the zone of insolvency, and Eddystone cannot point to any case applying Louisiana law that says otherwise.

---

[6] *In re Lobell* rejected the Louisiana federal district court decision of *3 Point Holdings, L.L.C. v. Gulf South Solutions, L.L.C.*, 2008 WL 695379, at *2 (E.D. La. Mar. 13, 2008) as badly reasoned because, although Louisiana law was presumably applicable, the *3 Point Holdings* court cited and applied, without substantive discussion, language from a Fifth Circuit decision applying Texas law.

[7] This is supported by Delaware law. *See N. Am. Catholic Ed.Programming Found., Inc. v. Gheewalla*, 930 A.2d 92, 99–103 (Del. 2007) (fiduciaries do not owe duties to creditors when company is insolvent or "in the zone of insolvency").

Indeed, the only cases that come close to recognizing such liability are inapposite. For example, in *3 Point Holdings, L.L.C. v. Gulf S. Sols., L.L.C.*, a creditor moved for summary judgment alleging that the control persons of a Louisiana limited liability company acted with a reckless disregard to the best interest of the company by failing to pay its creditors and improperly diverting funds. *3 Point Holdings, L.L.C. v. Gulf S. Sols., L.L.C.*, No. 06-10902, 2008 U.S. Dist. LEXIS 19522 (E.D. La. Mar. 13, 2008), ECF No. 42. The creditor argued that "all members or control persons . . . failed to act in the best interest of [the company] resulting in damage to the LLC, its employees and creditors." *Id.* Defendants did not oppose the motion for summary judgment, and the court granted the motion. *Id.* In its opinion, the court declared:

> Officers and directors who are aware that the entity is within the "zone of insolvency" have expanded fiduciary duties which include the creditors, not just the equity holders. (*Carrieri v. Jobs.Com Inc.*, 393 F.3d 508, 534 & n.24 (5th Cir. 2004) (in the context of a corporation). A creditor may prevail on a claim of breach of that duty if he shows that wrongful transactions placed the entity in the zone of insolvency.

*Id.* But the court did not explain why the Fifth Circuit decision is instructive on **Louisiana** law. In fact, the footnote cited by the court unequivocally states that the fiduciary duty between members and creditors when a company reaches a zone of insolvency is recognized under **Delaware** and **Texas** law – **not Louisiana**. *Carrieri v. Jobs.Com Inc.*, 393 F.3d 508, 534 & n.24 (5th Cir. 2004). Thus, the court applied Fifth Circuit precedent without applying Louisiana law. The court's failure to cite any Louisiana authority, only federal law, makes this clear.

Another example is *Young v. Adolph*, 2002-67 (La. App. 5 Cir 05/15/02), 821 So. 2d 101, 106. As an initial hurdle to relevancy, the case involved a corporation instead of an LLC. But to the extent this case is relevant, the court's analysis only confirms the fact that the Individual Defendants cannot be liable for breach of fiduciary duty under Louisiana law:

> While Plaintiffs are correct that our courts have recognized a fiduciary duty by a corporation towards creditors of that corporation, **personal liability by the**

> *principals of the corporation for breach of that duty does not lie, absent proof of fraud in the actions taken by the principals.*

2002-67 (La. App. 5 Cir 05/15/02), 821 So. 2d 101, 106 (citing *Dutton & Vaughan, Inc. v. Spurney*, 600 So. 2d 693 (La. App. 4th Cir. 1992)) (emphasis added).   As Eddystone readily admits, **it has not alleged that either of the Individual Defendants engaged in any kind of fraud**. *See* Eddystone Resp. to Gamboa Interrogatory No. 8, attached as Exhibit 2 ("Eddystone has not, as yet, alleged fraudulent misrepresentation as a cause of action.").   Further, *Young* does not establish that principals of a corporation owe a fiduciary duty when the company is within the zone of insolvency.   In fact, *Young* only speaks to personal liability that may attach regarding a company's breach of fiduciary duty; it is silent regarding whether principals of a corporation ever owe a fiduciary duty to its creditors.   The case cited in *Young* makes clear that a member does not owe a fiduciary duty to a creditor: "Corporate officers and directors owe a fiduciary duty to their corporation and its shareholders.   They do not, however, owe such a duty to persons or entities which contract with the corporation." *Dutton & Vaughan, Inc. v. Spurney*, 600 So. 2d 693, 697 (La. Ct. App. 1992) (emphasis added).

Finally, the *Hillman Lumber Products v. Webster Manufacturing* further reinforces the point made in *Young*.   There, the court held:

> A corporate shareholder or director is ordinarily not liable for the debts of the corporation . . . Louisiana courts have also recognized a fiduciary duty by a corporation towards its creditors and that the principals of the corporation may bear personal liability for breach of that duty if it is proved that there was fraud in the actions taken by the principals.

No. 06-1204, 2007 U.S. Dist. LEXIS 32410, at *17-18 (W.D. La. Apr. 27, 2007) (citing *Young v. Adolph*, 821 So.2d 101, 106 (La. App. 5th Cir. 2002)).   For the reasons articulated above in the discussion of *Young*, this case only reinforces the fact that a principle may be liable for a breach of a company's breach of fiduciary duty if fraud is proven.   *Hillman* does nothing to state (1) that a company owes a fiduciary duty to creditors when a company is within the zone of insolvency; (2) that a member owes

a fiduciary duty to a creditor at any time; or (3) that any of these propositions apply to members in a limited liability company.

These cases make clear the standard uniformly enforced under Louisiana law: the manager of a manager-managed LLC owes fiduciary duties to that LLC. Its principles do not. And its principles certainly do not owe fiduciary duties to the creditors of a subsidiary managed by an LLC to which they owe no fiduciary duty. Defendants Julio Rios and Jeremy Gamboa were principles of Bridger Logistics, not managers of BTS. The Individual Defendants therefore owed no fiduciary duties to BTS, nor to its creditors, and the breach of fiduciary duty claim against the Individual Defendants in Eddystone's Amended Complaint should be dismissed.

## **CONCLUSION**

For the foregoing reasons, the Court should dismiss the breach of fiduciary duty claim alleged against the Individual Defendants in Eddystone's Amended Complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.


DATE: October 5, 2018                                 Respectfully submitted,


                                                      */s/ Jeremy A. Fielding*
                                                      Jeremy A. Fielding
                                                      *Admitted pro hac vice*
                                                      jfielding@lynnllp.com
                                                      Kent D. Krabill
                                                      *Admitted pro hac vice*
                                                      kkrabill@lynnllp.com
                                                      Jonathan D. Kelley
                                                      *Admitted pro hac vice*
                                                      jkelley@lynnllp.com
                                                      Christian A. Orozco
                                                      *Admitted pro hac vice*
                                                      corozco@lynnllp.com
                                                      LYNN PINKER COX & HURST, LLP
                                                      2100 Ross Avenue, Suite 2700
                                                      Dallas, Texas 75201

Telephone: (214) 981-3800
Facsimile: (214) 981-3839

GRIESING LAW, LLC
Julie Negovan, Esquire (1651)
1800 JFK Blvd, Suite 1800
Philadelphia, PA  19103
jnegovan@griesinglaw..com
(215) 431-9295

*Attorneys for Defendants*
*Julio Rios and Jeremy Gamboa*

## CERTIFICATE OF SERVICE

I, Julie Negovan, hereby certify that I filed and served the foregoing filing to all counsel of record via the Court's ECF system on this date.

Dated: October 5, 2018                    /s/     Julie Negovan
                                                 Julie Negovan