UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDDYSTONE RAIL COMPANY, LLC,<br>       Plaintiff/Counter-defendant,<br><br>  v.<br><br>JULIO RIOS, JEREMY GAMBOA, BRIDGER LOGISTICS, LLC, FERRELLGAS PARTNERS, L.P., FERRELLGAS, L.P., BRIDGER RAIL SHIPPING, LLC, BRIDGER REAL PROPERTY, LLC, BRIDGER STORAGE, LLC, BRIDGER SWAN RANCH, LLC, BRIDGER TERMINALS, LLC, BRIDGER TRANSPORTATION, LLC, J.J. ADDISON PARTNERS, LLC, J.J. LIBERTY, LLC, BRIDGER ADMINISTRATIVE SERVICES II, LLC, BRIDGER ENERGY, LLC, BRIDGER LAKE, LLC, BRIDGER LEASING, LLC, and BRIDGER MARINE, LLC,<br>       Defendants,<br><br>BRIDGER LOGISTICS, LLC, FERRELLGAS PARTNERS, L.P., and FERRELLGAS, L.P.,<br>       Defendants/Counterclaimants. | No. 2:17-cv-00495-RK |

**DEFENDANTS' MOTION TO EXTEND TIME TO FILE BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF <u>DOCUMENTS UNDER THE CRIME-FRAUD EXCEPTION</u>**

Pursuant to Fed. R. of Civ. P. 6(b), all Defendants jointly move this Court for an order extending the time within which they must respond to Plaintiff's Motion to Compel Production of Documents under the Crime-Fraud Exception (the "Motion to Compel" or the "Motion") by a period of 21 days, up to and including **November 16, 2018**.  Plaintiff objects to the requested extension and has indicated it will consent only to a 7-day extension until November 2, 2018.

Defendants proposed a November 9 deadline as a compromise, but Plaintiff declined, necessitating the filing of this motion. In support of this motion, Defendants state as follows:

1. Plaintiff filed and served the Motion to Compel late in the evening on Friday, October 12, 2018. Absent any extension, Defendants' responses to the Motion to Compel would be due 10 business days later on October 26, 2018.

2. Where a party moves for extension before a deadline has expired, Fed. R. Civ. P. 6(b) gives the Court ample discretion to grant an extension for good cause. *Orange Theatre Corp. v Rayherstz Amusement Corp.*, 139 F.2d 871, 872 (3d Cir. 1944) (extension granted pursuant to Fed. R. Civ. P. 6(b), "under which the court [has] ample power, in its discretion, to extend the time for serving a motion or answer"). Courts in this and other Circuits regularly grant extensions of time to respond to motions to compel discovery. *See*, *e.g.*, *FMC Corp. v. R.W. Christy, Inc.*, CIV.A. 86-5793, 1989 WL 27919, at *1 (E.D. Pa. Mar. 27, 1989); *Manville Sales Corp. v Paramount Sys., Inc.*, 1987 WL 14794, at *4 (E.D. Pa. Oct. 20, 1987) (same); *In re Fiddler's Cr., LLC*, 2014 WL 3805657, at *2 (M.D. Fla Aug. 1, 2014) (same); *Chromatics, Inc. v. Telex Computer Products, Inc.*, 695 F Supp. 1184, 1188 (N.D. Ga 1988) (granting a motion to extend time to respond to a motion to compel production of documents because the motion to extend was timely filed, and for other good cause); *RDLG, LLC v. RPM Group, LLC*, 2015 WL 4647811, at *1 (W.D.N.C. Aug. 5, 2015) ("The Motion to Extend Time to Respond to the Plaintiff's Motion to Compel was allowed"). Indeed, courts routinely grant extensions for at least the duration sought here where there is good cause. *Chocallo v. I.R.S. Dept. of Treasury*, 145 Fed App'x 746, 747 (3d Cir. 2005) (granting defendant a one-month extension to answer a complaint); *West v. United States*, CV 13-5339 (CCC), 2017 WL 187147, at *6 (D.N.J. Jan. 17, 2017) (same). For several reasons, there is good cause to grant Defendants' requested extension.

3. **First**, Plaintiff's Motion seeks to invade the sanctity of the attorney-client privilege using alleged crime-fraud as the vehicle. *See Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 90 (3d Cir. 1992) (recognizing that the attorney-client privilege is "traditionally deemed worthy of maximum legal protection" and documents within the scope of the privilege are "zealously protected"); *Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 863 (3d Cir. 1994) (granting writ of mandamus, overruling order compelling disclosure of privileged documents, and explaining that "[i]f we intend to serve the interests of justice by encouraging consultation with counsel free from the apprehension of disclosure, then courts must work to apply the privilege in ways that are predictable and certain"). The disposition of the Motion to Compel is extraordinarily important, and Defendants respectfully ask for a full and fair opportunity to respond. Under Plaintiff's proposed deadline of November 2, Defendants would be afforded no such opportunity. As explained below, Plaintiff filed its Motion at an already busy time in the case, and it has refused to accommodate the requested extension until November 16, while at the same time producing thousands of additional documents (as recently as October 16, 2018) and proposing to schedule numerous depositions for Defendants' counsel to take within the next two weeks. Putting aside the issue of tactical timing, a Motion seeking to invade the attorney-client privilege requires careful consideration and a full and fair opportunity to respond. That is especially true here, where Plaintiff seeks to invade the privilege across a broad and undefined category of documents. *See* Mot. at 29 (moving to "compel full disclosure of any withheld documents relating to the restructuring of BTS, the transferring or redicreting of its assets or revenue streams, the sale of BTS to Jamex, and the cessation of the Monroe shipping arrangement").

4. **Second**, Plaintiff's Motion to Compel is 28 pages long, and it contains a lengthy, one-sided narrative rife with inaccurate factual assertions that relate directly to the merits of this

3

case.  Defendants intend to set the record straight in their opposition brief, and it is critical that the Court hear both sides of the case before deciding a motion requesting relief obliterating the attorney-client privilege.  Indeed, in an attempt to support its incorrect factual assertions, Plaintiff offers 34 exhibits and two declarations, one of which is from a certified public accountant (Meghan Cardell), upon which Plaintiff bases sweeping and unsupported conclusions.  Even if there were no other work going on in this case, it would take Defendants more than three weeks to prepare a comprehensive response to Plaintiff's 28-page Motion and to assemble the evidence necessary to rebut Plaintiff's incorrect factual assertions, including by obtaining declarations necessary to support their opposition.[1]

5.   **Third**, ongoing discovery activity in this case will interfere with Defendants' ability to provide a complete response within three weeks.  In particular, Defendants' counsel are working to review late-produced documents, prepare for and schedule a number of depositions, and arrange for an accounting system inspection.

6.   On September 20, 2018, Canopy (one of Plaintiff's former owners) produced more than 10,000 pages of documents in response to a subpoena served by Defendants on June 1, 2017.  On September 25, 2018, Plaintiff produced more than 13,000 pages of documents in response to a subpoena served on its former parent company on or about August 1, 2018.  After receiving these productions, Defendants prepared to proceed with depositions of Canopy executives.  But just this week, in response to subpoenas served on or about August 1, 2018 (more than two months ago), Plaintiff and Canopy produced an additional 33,000 pages (Plaintiff produced an additional 25,000 pages on October 15, 2018, and Canopy produced approximately 8,000 pages on October 16, 2018).

---

[1] Defendants are considering whether to seek to depose Cardell in order to rebut her declaration, and such a deposition would make it yet more difficult for Defendants to complete their opposition brief in three weeks.

7.      Defendants began to review these productions at their earliest opportunity and learned that the new productions contain thousands of documents involving two Canopy executives who were deeply involved in the Eddystone facility, and who were scheduled to be deposed mere days later, on Friday, October 19, 2018 and on Tuesday, October 23, 2018. To allow sufficient time to review these voluminous productions and to avoid the prejudice caused by these late-arriving productions, Defendants are in the process of rescheduling these depositions and are busy reviewing the thousands of newly-produced documents to prepare for rescheduled depositions of the Canopy executives. *Landry v. Swire Oilfield Services, L.L.C.*, 323 F.R.D. 360 (D.N.M. 2018) (finding good cause for an extension where movant had to review thousands of documents, and where movant represented that it began reviewing documents upon receipt, and there was no evidence of intent to inflict unnecessary delay by seeking an extension).

8.      In addition, Plaintiff attempted to schedule two more depositions for Defendants to take on October 24 and 26. Plaintiff gave only eight days' notice of the proposed October 24 deposition and insisted that the October 26 deposition proceed despite being informed of scheduling conflicts that day. In short, Plaintiff attempted to set four depositions during the second week of the three-week period in which it proposes that Defendants respond to its Motion to Compel. Several additional depositions are being scheduled for November 2018, and these depositions will require attention and preparation as well.

9.      At the same time, consistent with the Court's October 11, 2018 Order, Defendants Ferrellgas Partners, L.P. and Ferrellgas, L.P. (collectively "Ferrellgas") are working to make certain accounting systems available for an on-site inspection before November 2, 2018—an inspection that Plaintiff suggests will take as many as five days. This inspection will require attention from Ferrellgas, its outside counsel, and its accounting experts. Perhaps not

coincidentally, Plaintiff proposes November 2 as the deadline for Defendants' opposition to its Motion to Compel.

10.     **Fourth**, there would be no unfairness or prejudice to Plaintiff in granting the requested extension. *United States v. Demelio*, No. Crim. 05-15, 2009 WL 145949, at *1 (W.D. Pa. Jan. 21, 2009) (finding no prejudice where a timely motion for a two-week extension is made). It is evident that Plaintiff has been working on its Motion to Compel for quite some time, based on (1) the scope of Plaintiff's Motion and the lengthy factual allegations set forth therein, and (2) the breadth of materials that Plaintiff has offered in an attempt to support its incorrect allegations. Defendants require sufficient time to untangle an erroneous and one-sided narrative that Plaintiff has been weaving for some time, and it will not prejudice Plaintiff in any way to give Defendants a full and fair opportunity to meet Plaintiff's allegations. No trial date has been set, and the parties have already agreed to extend the close of discovery until four weeks after the Court decides the Motion to Compel.[2]

11.     Defendants have accommodated Plaintiff's requests for extension and have otherwise attempted to work cooperatively with Plaintiff on scheduling matters. Most recently, on October 15, 2018, counsel for Plaintiff requested a one-day extension to serve responses to interrogatories propounded by defendant Ferrellgas Partners, L.P. Defendants' counsel readily agreed, as they have routinely agreed to other such requests. In addition, Plaintiff's counsel indicated that they planned to depose several of Defendants' key witnesses after the Motion to Compel is decided, notwithstanding that several of these depositions had already been scheduled and confirmed (including the depositions for Defendants Julio Rios and Jeremy Gamboa). Defendants agreed to postpone the depositions until after the Motion to Compel is decided (in

---

[2] The parties are preparing a joint motion to address this agreed extension to the deadlines set forth in the scheduling order.

lieu of making the deponents available twice).  In short, Plaintiff has no problem with extending the schedule for its own benefit, but is unwilling to reciprocate to provide Defendants a fair opportunity to respond to a Motion to Compel that would invade the attorney-client privilege. Thus, as a matter of equity and fairness, there is good cause for the Court to grant the requested extension.

12. This is the first request for an extension of time to respond to the Motion to Compel.  This motion is made in good faith, and is not interposed for purposes of delay, and the granting of this Motion will not prejudice any of the parties to this action.

WHEREFORE, Defendants respectfully request that the Court enter an order granting an extension to respond to Plaintiff's Motion to Compel Production of Documents under the Crime-Fraud Exception until November 16, 2018.

Dated: October 17, 2018

                    Respectfully submitted,

By: /s/ Richard L. Scheff
Richard L. Scheff (I.D. No. 35213)
Michael C. Witsch (I.D. No. 313884)
ARMSTRONG TEASDALE, LLC
1500 Market Street
12th Floor, East Tower
Philadelphia, PA 19102
Telephone:  (215) 246-3469
Facsimile:  (215) 569-8228
rlscheff@armstrongteasdale.com
mwitsch@armstrongteasdale.com

Lawrence G. Scarborough (Admitted *Pro Hac Vice*)
BRYAN CAVE LEIGHTON PAISNER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 541-2000
Facsimile:  (212) 541-4630
lgscarborough@bclplaw.com

Jacob A. Kramer (Admitted *Pro Hac Vice*)
BRYAN CAVE LEIGHTON PAISNER LLP
1155 F Street, NW
Washington, D.C. 20004
Telephone: (202) 508-6000
Facsimile: (202) 508-6200
jake.kramer@bclplaw.com

Brian C. Walsh (Admitted *Pro Hac Vice*)
Alicia Ragsdale Olszeski (Admitted *Pro Hac Vice*)
BRYAN CAVE LEIGHTON PAISNER LLP
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
Telephone: (314) 259-2000
Facsimile: (314) 259-2020
brian.walsh@bclplaw.com
ali.olszeski@bclplaw.com

Sarah L. Hartley (Admitted *Pro Hac Vice*)
BRYAN CAVE LEIGHTON PAISNER LLP
1700 Lincoln Street, Suite 4100
Denver, Colorado 80203
Telephone: (303) 861-7000
Facsimile: (303) 866-0200
sarah.hartley@bclplaw.com

*Attorneys for Bridger Logistics, LLC, Ferrellgas Partners, L.P., Ferrellgas L.P., Bridger Rail Shipping, LLC, Bridger Real Property, LLC, Bridger Storage, LLC, Bridger Swan Ranch, LLC, Bridger Terminals, LLC, Bridger Transportation, LLC, J.J. Addison Partners, LLC, J.J. Liberty, LLC, Bridger Admin Services II LLC, Bridger Energy, LLC, Bridger Lake, LLC, Bridger Leasing, LLC, Bridger Marine, LLC*

-and-

/s/ Jonathan D. Kelley

Julie Negovan, Esquire (1651)
1622 Spruce Street
Philadelphia, PA 19103
Telephone: (267) 546-0623
jn@sprucelaw.com

Jeremy A. Fielding
Kent D. Krabill
Jonathan D. Kelley
Christian A. Orozco
LYNN PINKER COX & HURST, LLP
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Telephone:  (303) 861-7000
Facsimile:  (303) 866-0200
jfielding@lynnllp.com
kkrabill@lynnllp.com
jkelley@lynnllp.com
corozco@lynnllp.com

*Attorneys for Defendants Julio Rios and Jeremy Gamboa*

## CERTIFICATE OF SERVICE

I, Michael C. Witsch, hereby certify that on October 17, 2018, a true and correct copy of the foregoing *Defendants' Motion To Extend Time To File Brief In Opposition To Plaintiff's Motion To Compel Production Of Documents Under The Crime-Fraud Exception* was filed electronically via the Court's ECF filing system. This document is available for viewing and downloading from the ECF system and electronic notification has been sent to all counsel of record.

/s/ Michael C. Witsch
Michael C. Witsch