UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDDYSTONE RAIL COMPANY, LLC | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 17-cv-00495 |
| | ) | |
| v. | ) | |
| | ) | |
| BRIDGER LOGISTICS, LLC, JULIO RIOS, JEREMY GAMBOA, FERRELLGAS PARTNERS, L.P., FERRELLGAS L.P., BRIDGER ADMINISTRATIVE SERVICES II, LLC, BRIDGER MARINE, LLC, BRIDGER RAIL SHIPPING, LLC, BRIDGER REAL PROPERTY, LLC, BRIDGER STORAGE, LLC, BRIDGER SWAN RANCH, LLC, BRIDGER TERMINALS, LLC, BRIDGER TRANSPORTATION, LLC, BRIDGER ENERGY, LLC, BRIDGER LEASING, LLC, BRIDGER LAKE, LLC, J.J. LIBERTY, LLC, J.J. ADDISON PARTNERS, LLC, | ) | |
| Defendants. | ) | |

**PLAINTIFF EDDYSTONE RAIL COMPANY'S
OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME
TO RESPOND TO MOTION TO COMPEL DOCUMENTS UNDER THE CRIME-
FRAUD EXCEPTION**

Eddystone opposes Defendants' request that they be given a full five weeks to prepare an opposition to Eddystone's motion to compel. Eddystone has agreed to a one-week extension of the deadline, which would give Defendants three weeks to prepare an opposition. Defendants' insistence instead on a three-week extension would unnecessarily slow the already delayed discovery process. The Court should not permit yet more delay in this litigation.

1

Eddystone has no desire to cause undue inconvenience to its adversaries.  As noted, Eddystone has agreed to a one-week extension of the filing deadline.  And Eddystone has consented to every request that Defendants have made for an extension of briefing schedules in this case to date – a total of ten weeks of extensions in all.  But the delay that Defendants seek here would impact discovery timing, as the depositions of many Ferrellgas witnesses cannot be taken until after the Court decides whether Eddystone may have access to many documents withheld under privilege.  Ferrellgas does not want its witnesses deposed twice if the Court orders production of documents that have been withheld as privileged, and Eddystone has accommodated that preference.  And there is no need for an extension longer than the week Eddystone has already offered.

Defendant Ferrellgas's own delays in producing documents and its privilege log, along with its insistence on seeking additional documents well after the document production deadline, have already worked substantial delays on the discovery schedule.  In the Court's April 13, 2018 scheduling order, it set an August 13, 2018 document production deadline and an October 15, 2018 cutoff for fact discovery, two months before the December 15, 2018 cutoff that Ferrellgas had proposed.  But as a result of Ferrellgas's actions, it appears that fact discovery will not conclude until mid-December at the earliest.  A three-week extension rather than the one week Eddystone has offered would simply drive the schedule back even further.

Eddystone respectfully asks that Defendants be granted a one-week extension of the filing deadline and that their request for a three-week extension be denied.

**ARGUMENT**

I. **The Requested Three-Week Extension Is Unnecessary and Would Unduly Delay Discovery**

Recent events in this case have conspired to delay discovery. Ferrellgas failed to meet the Court's document production deadlines. Last April, after extensive briefing, the Court gave the parties until August 13 to complete document production, with the goal that fact discovery would be completed by October 15. Instead of making rolling productions during the document production period, as Eddystone did, Ferrellgas waited until day of the deadline to produce 1.75 million pages of documents – more than 85% of its total production as of that point. Then, over the next two months, Ferrellgas produced another 300,000 pages, and Rios and Gamboa produced another 30,000 pages after the document production deadline. Ferrellgas did not produce its privilege log until September 26 and produced a revised version on October 11 – almost two months after the document production deadline.

In addition, Ferrellgas served a very late discovery request. On August 1, 2018 – a mere two weeks before the August 13 document production deadline – Ferrellgas served document subpoenas on third parties Enbridge and Canopy, the former owners of Eddystone. Production of the requested documents took Enbridge and Canopy several weeks to complete. Thereafter, Ferrellgas insisted that Eddystone expand search terms that Ferrellgas had approved in February 2018, and that Eddystone had been using to that time. To accommodate Ferrellgas, Eddystone agreed to expand the search terms, the final version of which Ferrellgas did not agree to until October 11, resulting in further delay as more documents were reviewed and then produced this week, a mere four days after Ferrellgas's confirmation.

Because of these discovery activities, Eddystone had previously informally agreed with Defendants that the parties would approach the Court to extend somewhat the deadlines in the

April 2018 scheduling order (Eddystone had agreed to a three-week extension, to November 9). Moreover, Eddystone has also agreed that in light of Enbridge's and Canopy's production of documents this week, the depositions of two Canopy witnesses scheduled for October 19 and October 23 should be postponed.

Of course, resolving the privilege dispute requires further delay. Five key Ferrellgas witnesses are prominent on several on the most significant email strings on Ferrellgas's privilege log. Because Ferrellgas does not want those witnesses deposed twice, once before and once after the improperly withheld emails are produced, the Parties agreed to delay their depositions until after the privilege motion is resolved. The longer that the motions take to resolve, the longer the delay. In such a context, a request for a three week extension seemed excessive.

Eddystone itself moved extremely quickly file its motion in order to minimize the resulting delay. Once Ferrellgas produced a privilege log disclosing the breadth of its privilege assertions, Eddystone prepared a motion to compel in two weeks. And Eddystone filed its motion the *day after* receiving Ferrellgas's revised privilege log, which added basic privilege log features such as a unique identifier for each document.

While it is Eddystone's practice to agree to extensions whenever possible, the five weeks that Defendants now seek to prepare an opposition are simply unnecessary. Five weeks is an extreme amount of time – more than twice what the rules provide and far longer than Eddystone spent on its motion – and every additional week directly adds to the length of time that this case will be pending. Defendants demand more time to respond to a discovery motion than parties in this Court are normally allotted to draft summary judgment oppositions, and more even than appellees are allotted to draft 14,000 word responsive briefs in the United States Courts of Appeals. *See* F.R.A.P 31(a).

The three weeks that Eddystone proposes for the preparation of the opposition will not prejudice Defendants.  Ferrellgas alone has plenty of manpower to devote to the brief: eight attorneys have entered appearances in this case, and even more are working on it.  Eddystone had also alerted Defendants to the possibility of a crime-fraud motion in a meet-and-confer that occurred a week before Eddystone filed on October 12.  There is no need to delay the case schedule so that Ferrellgas can have five weeks to brief this motion.

## II.     Defendants' Accusations Against Eddystone Are Inaccurate

Rather than focus on the merits of their extension request, Defendants hurl inaccurate accusations against Eddystone while ignoring their own delays.  Eddystone regrets having to respond to these claims, but feels it must do so to set the record straight.

In their motion, Defendants accuse Eddystone of making late productions itself.  Mot. at 4.  Defendants' accusation is unjustified.  As Defendants note, Eddystone's September 25, 2018 production was in response to a subpoena served on August 1, 2018, just twelve days before the production deadline.  The fifty-five day production timeline is more than reasonable and surpasses by several multiples Ferrellgas's speed of production in this litigation.  Eddystone's October 15 production was of documents identified by expanded search terms that Ferrellgas recently requested Eddystone run – a request that came many months after Eddystone's search terms had been agreed to by the Parties.  Ferrellgas did not sign off on the final version of the expanded search terms until October 11, 2018 and Eddystone produced the documents a mere four days later.

Next, Defendants accuse Eddystone of attempting to schedule depositions for October 24 on "only eight days' notice" and for October 26 "despite being informed of scheduling conflicts that day." Mot. at 5.  Again, both accusations are untrue.  Weeks ago, Eddystone proposed that

the October 24 witness be deposed on October 18; Eddystone offered to push the date back to the 24th when Ferrellgas objected to the October 18 date and has now agreed to find yet another date for Ferrellgas to depose the witness. And, as noted above, when the final documents responsive to Ferrellgas's late subpoenas could not be produced until this week, Eddystone agreed to the Defendant's request for a postponement. The October 26 deponent is a third-party former employee who requested that date; Defendants have never specified what supposed conflict they have with that date or why every single one of the myriad attorneys who have entered appearances for them in this case is unable to accommodate a third party witness whose deposition they have demanded. In fact, Defendants have rejected every single deposition date that Eddystone has offered for the witnesses that Defendants have requested, including October 18, October 19, October 23, October 24, October 25, October 26, November 2, November 7, and November 9.

      Finally, there is no merit to Defendants' accusation that Eddystone "has no problem with extending the schedule for its own benefit, but is unwilling to reciprocate." Mot. at 7. Eddystone has agreed to ten weeks' worth of extensions in this case – many more than it has sought for itself. Indeed, Eddystone has acceded to every single previous extension request.[1] Even here, Eddystone has agreed to a one week extension. But a three week extension is unnecessary, might affect the ultimate case schedule, and comes on top of Ferrellgas's delay in producing documents and serving its privilege log, all of which have already substantially

---

[1] Ferrellgas notes that Eddystone asked for an innocuous, one day extension on an interrogatory response but does not inform that Court that Eddystone ultimately did not make use of the extension or that Ferrellgas has asked Eddystone for, and had received, a one week extension on Ferrellgas's interrogatory responses just prior. That one week extension is in addition to the ten weeks of briefing extensions that Eddystone has referred to above.

delayed this case beyond what was contemplated in the Court's scheduling order. The Court should permit Defendants a one-week extension, as Eddystone has suggested.

## CONCLUSION

Three weeks is more than enough time for Defendants to prepare a response to Eddystone's motion to compel. Granting Defendants the extraordinary five weeks they seek is unnecessary and would needlessly delay the discovery schedule in this case.

Dated: October 18, 2018

Respectfully submitted,

/s/ Jeffrey Theodore
Henry E. Hockeimer, Jr. (I.D. No. 86768)
Terence M. Grugan (I.D. No. 307211)
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: (215) 665-8500
Facsimile: (215) 863-8999
hockeimerh@ballardspahr.com
grugant@ballardspahr.com

Filiberto Agusti (*pro hac vice*)
Jeffrey M. Theodore (*pro hac vice*)
Andrew J. Sloniewsky (*pro hac vice*)
Nicholas Petts (*pro hac vice*)
STEPTOE & JOHNSON, LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902
fagusti@steptoe.com
jtheodore@steptoe.com
asloniewsky@steptoe.com
npetts@steptoe.com

*Counsel for Eddystone Rail Company, LLC*

**CERTIFICATE OF SERVICE**

      I certify that I filed the foregoing via the Court's ECF system on October 18, 2018, thereby serving all counsel of record.

                                                    */s/ Jeffrey Theodore*
                                                     Jeffrey Theodore