## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDDYSTONE RAIL COMPANY, LLC, | : | |
| Plaintiff/Counter-defendant, | : | |
| | : | |
| v. | : | No. 2:17-cv-00495-RK |
| | : | |
| JULIO RIOS, JEREMY GAMBOA, | : | |
| BRIDGER LOGISTICS, LLC, | : | |
| FERRELLGAS PARTNERS, L.P., | : | |
| FERRELLGAS, L.P., BRIDGER RAIL | : | |
| SHIPPING, LLC, BRIDGER REAL | : | |
| PROPERTY, LLC, BRIDGER STORAGE, | : | |
| LLC, BRIDGER SWAN RANCH, LLC, | : | |
| BRIDGER TERMINALS, LLC, BRIDGER | : | |
| TRANSPORTATION, LLC, J.J. ADDISON | : | |
| PARTNERS, LLC, J.J. LIBERTY, LLC, | : | |
| BRIDGER ADMINISTRATIVE SERVICES | : | |
| II, LLC, BRIDGER ENERGY, LLC, | : | |
| BRIDGER LAKE, LLC, BRIDGER | : | |
| LEASING, LLC, and BRIDGER MARINE, | : | |
| LLC, | : | |
| Defendants, | : | |
| | : | |
| BRIDGER LOGISTICS, LLC, | : | |
| FERRELLGAS PARTNERS, L.P., and | : | |
| FERRELLGAS, L.P., | : | |
| Defendants/Counterclaimants. | : | |

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXTEND TIME TO FILE BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS UNDER THE CRIME-FRAUD EXCEPTION

The undersigned Defendants submit the following reply brief in further support of their October 17, 2018 motion for an extension of time (Dkt. 234), which seeks an additional 21 days (14 days beyond what Plaintiff is willing to give) to respond to a motion that seeks to destroy Defendants' attorney-client privilege. Defendants offer this reply to correct misstatements included in Plaintiff's October 18, 2018 opposition brief (Dkt. 235), and to state that Plaintiff's sense of "urgency" appears tactical and inconsistent with its own actions.

1.     Plaintiff repeatedly suggests that Defendants' modest request for an additional 14 days over and above what Plaintiff is willing to give will "affect the ultimate case schedule" (*e.g.*, Opp'n at 6).  There is no apparent basis for this statement, and Plaintiff offers none.  There is no trial date set in this matter, and the parties had agreed prior to Plaintiff's Motion to Compel that fact discovery would need to be extended beyond the original October 15 deadline.  Plaintiff altogether fails to describe any real prejudice that will result from the requested extension.

2.     In the grand scheme of this complex case, the fact that Plaintiff is unwilling to give Defendants 14 more days to respond to a motion that seeks to invade the attorney-client privilege suggests that Plaintiff is trying to gain tactical advantage by depriving Defendants of sufficient time to respond to their inaccurate narrative.  Plaintiff chooses its words carefully in stating that it "prepared [the] motion to compel in two weeks," without disclosing how long Plaintiff has been assembling the narrative and authorities that support the Motion to Compel.

3.     Rather than describing prejudice, Plaintiff attempts to lay the blame for the schedule shift solely at Defendants' feet (*e.g.*, Opp'n at 3).  Plaintiff fails to mention, however, that it did not identify any of the 10 witnesses it seeks to depose in this matter until September 13, barely a month before the original close of fact discovery (October 15), and only after Defendants urged that the parties exchange lists of deponents and begin working together to streamline the scheduling process.  Plaintiff's counsel then failed to provide any proposed dates for depositions of the witnesses Defendants intend to depose until weeks later, on October 3.

4.     To be clear, Defendants do not condemn Plaintiff for these delays, which are not surprising in a complex case that involves three sets of counsel.  Rather, Defendants bring these matters to the Court's attention to demonstrate that Plaintiff has not acted with the same sense of urgency it projects in its opposition brief.

12243786.1\C026759\2388969

5.      Without disclosing the foregoing, Plaintiff repeatedly criticizes Defendants on misleading grounds.  Plaintiff faults the size of the document production the BL/FG Defendants made on August 13, and the fact that Defendants produced their privilege logs and some documents after the August 13 date for completing document productions.  But the size of the BL/FG Defendants' production was a direct result of broad search terms that Plaintiff demanded (which, as Plaintiff notes, netted more than 2 million pages of responsive documents), and the reality that the BL/FG Defendants had to undertake a massive effort to gather and produce the enormous search yield during a relatively short time period.

6.      As to the BL/FG Defendants' privilege log, as an initial matter, there is nothing in the Court's scheduling order (Dkt. 157) requiring that privilege logs be served by August 13. Indeed, Plaintiff served its own privilege log <u>after</u> August 13.

7.      Moreover, as a result of the extraordinary volume of documents they produced, the BL/FG Defendants' privilege log contains approximately 65,000 entries.  It was no small task to prepare.  As the BL/FG Defendants were finishing their privilege log, they identified some documents that were not, in fact, privileged and promptly produced them (and made Plaintiff aware that this was the reason for some additional productions after August 13, another fact that Plaintiff omits from its opposition).

8.      Notably, Plaintiff has also produced documents after the August 13 deadline, including but not limited to 8,000 pages produced just a few days ago (on October 15).

9.      Plaintiff repeatedly suggests that Defendants are to blame for Plaintiff's tardy productions, because Defendants purportedly sought "additional documents well after the document production deadline" (*see* Opp'n at 2, 3, 5).  In actuality, Defendants first raised the challenge that led to Plaintiff's October 15 production in a letter dated <u>July 16, 2018</u>.  Plaintiff should have produced these documents (many of which are highly relevant) many months ago.

Instead, Defendants had to navigate through an extensive meet and confer process to cajole Plaintiff into producing documents relevant to this case.  It is misleading for Plaintiff to now suggest that its resistance to producing such materials is the fault of Defendants.

10.     Finally, Plaintiff misleadingly suggests that Defendants have been uncooperative in scheduling depositions (*see* Opp'n at 5–6).  The reality, however, is that the parties are trying to schedule depositions among three law firms, and where conflicts have arisen on Defendants' side, it is not the case that all Defendants have had conflicts on the proposed dates (rather, some are conflicts for Rios and Gamboa's counsel and some are conflicts for the BL/FG Defendants' counsel).  Compounding this difficulty, Plaintiff has generally given Defendants less than two weeks' notice for depositions of key personnel, all of which require extensive preparation and travel.  Contrary to Plaintiff's argument (at 5-6), proposing a date that does not pan out and then providing eight days' notice of a new date is not sufficiently "advance" notice.

In closing, putting aside the back-and-forth about discovery conduct, Plaintiff does not explain how an additional 14 days will materially affect or prejudice Plaintiff.  Rather, it appears that Plaintiff seeks to obtain a tactical advantage by rushing Defendants to oppose their Motion to Compel.  Defendants merely request a full and fair opportunity to respond to a motion that seeks to invade the attorney-client privilege, and there is good cause to grant the extension.

For these reasons and for the reasons stated in Defendants' initial motion, Defendants respectfully request that the court extend the deadline to respond to Plaintiff's Motion to Compel Production of Documents under the Crime-Fraud Exception until November 16, 2018.

12243786.1\C026759\2388969

Dated: October 18, 2018

Respectfully submitted,

By: /s/ Richard L. Scheff
    Richard L. Scheff (I.D. No. 35213)
    Michael C. Witsch (I.D. No. 313884)
    ARMSTRONG TEASDALE, LLP
    1500 Market Street
    12th Floor, East Tower
    Philadelphia, PA 19102
    Telephone:  (215) 246-3469
    Facsimile:  (215) 569-8228
    rlscheff@armstrongteasdale.com
    mwitsch@armstrongteasdale.com

    Lawrence G. Scarborough (Admitted *Pro Hac Vice*)
    BRYAN CAVE LEIGHTON PAISNER LLP
    1290 Avenue of the Americas
    New York, New York 10104
    Telephone:  (212) 541-2000
    Facsimile:  (212) 541-4630
    lgscarborough@bclplaw.com

    Jacob A.  Kramer (Admitted *Pro Hac Vice*)
    BRYAN CAVE LEIGHTON PAISNER LLP
    1155 F Street, NW
    Washington, D.C. 20004
    Telephone:  (202) 508-6000
    Facsimile:  (202) 508-6200
    jake.kramer@bclplaw.com

    Brian C. Walsh (Admitted *Pro Hac Vice*)
    Alicia Ragsdale Olszeski (Admitted *Pro Hac Vice*)
    BRYAN CAVE LEIGHTON PAISNER LLP
    211 North Broadway, Suite 3600
    St.  Louis, Missouri 63102
    Telephone:  (314) 259-2000
    Facsimile:  (314) 259-2020
    brian.walsh@bclplaw.com
    ali.olszeski@bclplaw.com

Sarah L. Hartley (Admitted *Pro Hac Vice*)
BRYAN CAVE LEIGHTON PAISNER LLP
1700 Lincoln Street, Suite 4100
Denver, Colorado 80203
Telephone:  (303) 861-7000
Facsimile:  (303) 866-0200
sarah.hartley@bclplaw.com

*Attorneys for Bridger Logistics, LLC, Ferrellgas Partners, L.P., Ferrellgas L.P., Bridger Rail Shipping, LLC, Bridger Real Property, LLC, Bridger Storage, LLC, Bridger Swan Ranch, LLC, Bridger Terminals, LLC, Bridger Transportation, LLC, J.J. Addison Partners, LLC, J.J. Liberty, LLC, Bridger Admin Services II LLC, Bridger Energy, LLC, Bridger Lake, LLC, Bridger Leasing, LLC, Bridger Marine, LLC*

-and-

/s/ *Jeremy A. Fielding*

Julie Negovan, Esquire (1651)
1622 Spruce Street
Philadelphia, PA 19103
Telephone:  (267) 546-0623
jn@sprucelaw.com

Jeremy A. Fielding
Kent D. Krabill
Jonathan D. Kelley
Christian A. Orozco
LYNN PINKER COX & HURST, LLP
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Telephone:  (303) 861-7000
Facsimile:  (303) 866-0200
jfielding@lynnllp.com
kkrabill@lynnllp.com
jkelley@lynnllp.com
corozco@lynnllp.com

*Attorneys for Defendants Julio Rios and Jeremy Gamboa*

12243786.1\C026759\2388969

## <u>CERTIFICATE OF SERVICE</u>

I, Michael C. Witsch, hereby certify that on October 18, 2018, a true and correct copy of the foregoing *Defendants' Reply in Support of Motion To Extend Time To File Brief In Opposition To Plaintiff's Motion To Compel Production Of Documents Under The Crime-Fraud Exception* was filed electronically via the Court's ECF filing system. This document is available for viewing and downloading from the ECF system and electronic notification has been sent to all counsel of record.

/s/ Michael C. Witsch
Michael C. Witsch