UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDDYSTONE RAIL COMPANY, LLC,<br>    Plaintiff/Counter-defendant, | |
| v. | : <br> : |
| JULIO RIOS, JEREMY GAMBOA,<br>BRIDGER LOGISTICS, LLC,<br>FERRELLGAS PARTNERS, L.P.,<br>FERRELLGAS, L.P., *et al.*,<br>    Defendants, | :<br>:<br>:<br>:<br>:<br>: |
| BRIDGER LOGISTICS, LLC,<br>FERRELLGAS PARTNERS, L.P., and<br>FERRELLGAS, L.P.,<br>    Defendants/Counterclaimants. | :<br>: No. 2:17-cv-00495-RK<br>:<br>:<br>: |

**REPLY TO EDDYSTONE RAIL COMPANY'S OPPOSITION TO OCTOBER 5, 2018
MOTIONS TO DISMISS**

Defendants Julio Rios ("Rios") and Jeremy Gamboa ("Gamboa") (together, the "Individual Defendants"), file their Reply to Eddystone Rail Company, LLC's ("Eddystone" or, "Plaintiff") Opposition to October 2018 Motions to Dismiss (the "Opposition") as follows:

### I.    INTRODUCTION

Plaintiff's Opposition did not identify a single legal authority establishing that the Individual Defendants *personally* owe Eddystone fiduciary duties. Not one. That's not to say that Plaintiff doesn't cite cases in support of its argument. But Plaintiff's reliance on Pennsylvania authorities is wrong because Louisiana law applies. And Plaintiff's reliance on a single Louisiana case applying *Texas law* is also wrong because: (a) Louisiana law applies; and (b) Texas law unequivocally states that creditors of an insolvent company are not entitled to any fiduciary duties where, as here, the allegations of misconduct forming the breach take place while the company remains in operation. Because Plaintiffs

can't identify any legal authority establishing a *personal* fiduciary duty Rios or Gamboa owed to Eddystone, the Individual Defendants' Motion to Dismiss should be granted.

## II.     ARGUMENTS AND AUTHORITIES

Plaintiff's argument suffers from two very simple problems. *First*, Louisiana law, not Pennsylvania law, establishes the fiduciary duties of a Louisiana limited liability company. *Second*, Plaintiff failed to identify a single legal authority establishing that the Individual Defendants *personally* owed a fiduciary duty to Eddystone.

### A. Louisiana Law, Not Pennsylvania Law, Establishes The Fiduciary Duties Of A Louisiana Limited Liability Company.

Plaintiff argues that the Individual Defendants' reliance on Louisiana law "ignores fundamental choice-of-law principles," and that Pennsylvania law applies.[1] That argument is without merit because Plaintiff relies on the wrong legal standard. Courts sitting in diversity jurisdiction do not make a conflicts-of-laws analysis to determine a company's fiduciary duties; they look to the internal affairs doctrine. *See Griffith v. United Air Lines Inc.,* 416 Pa. 1, 203 A.2d 796, 805–06 (1964); *see also Hanover Ins. Co. v. Ryan,* No. 06–2650, 2007 WL 4456158, *3–4 (E.D.Pa. Dec. 17, 2007) (explaining *Griffith*). In the Eastern District of Pennsylvania – and everywhere else for that matter – courts apply the law of the state in which a limited liability company is formed to a plaintiff's breach of fiduciary duty claims. *See, e.g., Baker-Bey v. Delta Sigma Theta Sorority, Inc.*, 941 F. Supp. 2d 659, 664 (E.D. Pa. 2013) ("Accordingly, the Court will apply District of Columbia law to Plaintiff's breach of fiduciary duty claim."). Because Bridger Transfer Services is a Louisiana limited liability company, Louisiana law, not Pennsylvania law, BTS's fiduciary duties are governed by Louisiana law.

---

[1] Eddystone Rail Company's Opposition to October 5, 2018 Motions to Dismiss, filed October 19, 2018 [Dkt. 239], at 14.

### B. Plaintiff Failed To Identify A Single Legal Authority Establishing That Defendants *Personally* Owed A Fiduciary Duty To Eddystone.

Plaintiff argues that, under Louisiana law, Rios and Gamboa owed fiduciary duties to Eddystone the moment BTS entered into a "zone of insolvency."[2] That argument is without merit. *First*, the Individual Defendants are not members, managers, employees, or agents of BTS. And *second*, even if the Individual Defendants were employees of BTS, instead of its parent, Bridger Logistics, they still would not owe personal fiduciary duties to Plaintiff.

#### 1. *The Individual Defendants are not members, managers, employees, or agents of BTS.*

Plaintiff makes the legal conclusion that the Individual Defendants' alleged "control" and "exercise of management functions of BTS renders Rios and Gamboa liable for breach of fiduciary duty."[3] The reason Plaintiff does not offer any legal authority for that proposition is because there isn't any. In other words, no authority stands for the proposition that employees of a Louisiana manager-managed limited liability company owe fiduciary duties to the creditor of a subsidiary. None.

To the contrary, the Eastern District of Louisiana held in *Tow v. Bulmahn* that the defendant officers and directors of a corporation "owed no fiduciary duties to" the creditors of a wholly-owned subsidiary – **even though that subsidiary was alleged to have been in the zone of insolvency**. 2016 WL 1722246, at *8 (E.D. La. Apr. 29, 2016), *aff'd sub nom. Matter of ATP Oil & Gas Corp.*, 711 F. App'x 216 (5th Cir. 2017) (emphasis added). That court concluded that the "claims of officer and director liability in allegations that defendants breached duties to [the wholly-owned subsidiary's] creditors or engaged in conduct that harmed creditors alone…**must be dismissed**." *Id.* (emphasis added). *See also, ASARCO LLC v. Americas Mining Corp.*, 396 B.R. 278, 416 (S.D. Tex. 2008) ("[E]ven where a wholly owned subsidiary is insolvent, the parent corporation does not owe a fiduciary duty to that subsidiary or its creditors."); *Trenwick Am. Litig. Tr. v. Ernst & Young, L.L.P.*, 906 A.2d 168, 191

---

[2] FAC at 26, ¶ 100.
[3] Opposition at 18.

**REPLY TO EDDYSTONE RAIL COMPANY'S**
**OPPOSITION TO OCTOBER 5, 2018 MOTIONS TO DISMISS**      3

(Del. Ch. 2006), *aff'd sub nom. Trenwick Am. Litig. Tr. v. Billett*, 931 A.2d 438 (Del. 2007) ("Under settled principles of Delaware law, a parent corporation does not owe fiduciary duties to its wholly-owned subsidiaries or their creditors"); *In re TOCFHBI, Inc.*, 413 B.R. 523, 539 (Bankr. N.D. Tex. 2009) ("Officers and directors owe no direct fiduciary duty to creditors of the corporation, even during insolvency or the zone of insolvency. The duty owed is to the corporation.").

Plaintiff's failure to identify even one authority establishing that employees of a parent company owe fiduciary duties to a wholly-owned subsidiary's creditor is fatal. Accordingly, the Motion to Dismiss should be granted.

### 2. *Even if the Individual Defendants were employees of BTS, instead of its parent, Bridger Logistics, they still would not owe personal fiduciary duties to Plaintiff.*

Assuming for the sake of argument that BTS employed the Individual Defendants, Plaintiff still failed to identify a single legal authority establishing *personal* fiduciary duties to BTS's creditors. In its Opposition, Plaintiff argues that La. Stat. Ann. § 12:1320 – the statutory scheme governing limitations of liability – does not limit Rios or Gamboa's liability for claims of breach of fiduciary duty because subsection (D) states that, "Nothing in this Chapter shall be construed as being in derogation of any rights which any person may by law have against a member, manager, employee, or agent of a limited liability company because of . . . any breach of professional duty or other negligent or wrongful act by such person."[4]

But to have any meaning at all, the "negligent or wrongful act" in subsection (D) "must refer to acts that are either done outside one's capacity as a member, manager, employee, or agent of a limited liability company or which while done in one's capacity as a member, manager, employee, or agent of a limited liability company also violate some *personal duty* owed by the individual to the injured party." *Petch v. Humble*, 41,301 (La.App. 2 Cir. 8/23/06), 939 So.2d 499, 504 (emphasis added).

---

[4] Opposition at 16.

**REPLY TO EDDYSTONE RAIL COMPANY'S
OPPOSITION TO OCTOBER 5, 2018 MOTIONS TO DISMISS** 4

Plaintiff's breach of fiduciary duty claim against the Individual Defendants must therefore fail because: (a) the FAC doesn't allege that the Individual Defendants acted outside their capacity as employees; and (b) the Opposition doesn't identify a cognizable legal basis for any fiduciary duty the Individual Defendants *personally* owed to Eddystone.

### a. The FAC doesn't allege that the Individual Defendants acted outside their capacity as employees.

Here, Plaintiff's allegations about breach of fiduciary duty arise exclusively from acts that Defendants are alleged to have taken in their official capacities as "controlling persons" of BTS.[5] Plaintiff's FAC, therefore, fails to state a cause of action for breach of fiduciary duty because it fails to plead that Defendants' alleged misconduct occurred outside the scope of their capacity as employees.

### b. The Opposition doesn't identify a cognizable legal basis for any fiduciary duty the Individual Defendants personally owed to Eddystone.

The Opposition also fails because it relies on an incorrect statement of Texas law as the sole basis for Rios and Gamboa's *personal* fiduciary duties to Eddystone. According to Plaintiff, *3 Point Holdings, L.L.C. v. Gulf S. Sols., L.L.C.* stands for the proposition that "Officers and directors who are aware that the entity is within the 'zone of insolvency' have expanded fiduciary duties which include the creditors, not just the equity holders." 2008 WL 695379, at *1 (E.D. La. Mar. 13, 2008).[6] Plaintiff's reliance on *3 Point Holdings*, however, is unavailing. In the first place, *3 Point Holdings* is not a statement of Louisiana law, but rather of Texas law. More importantly, however, *3 Point Holdings* does not even correctly reflect the current state of Texas law. "Texas **does not impose fiduciary duties in favor of creditors on the directors of an insolvent but still operating corporation**." *Matter of ATP Oil*

---

[5] FAC at 26, ¶ 100.
[6] Opposition at 15.

*& Gas Corp.*, 711 F. App'x 216, 221 (5th Cir. 2017). Here, every act Plaintiff alleges constitutes a breach of Defendants' fiduciary duties to Eddystone took place while BTS was still operational.[7]

In sum, an incorrect statement of Texas law provides no legally-recognized basis establishing that the Individual Defendants owed *personal* fiduciary duties to Eddystone. Accordingly, the Motion to Dismiss should be granted.

### III.   CONCLUSION

Neither the FAC nor the Opposition supports a legally-recognized claim that the Individual Defendants owed *personal* fiduciary duties to Eddystone. Eddystone's best argument rests on an incorrect statement of the law in the wrong jurisdiction. That is not sufficient to survive a motion to dismiss. Accordingly, the Motion to Dismiss Plaintiff's claims for breach of fiduciary duty against Rios and Gamboa should be granted.

---

[7] FAC at 26-27, ¶¶ 100-103.

Dated:  October 26, 2018

Respectfully submitted:

*/s/ Jonathan D. Kelley*
Jeremy A. Fielding (*pro hac vice*)
jfielding@lynnllp.com
Kent D. Krabill (*pro hac vice*)
kkrabill@lynnllp.com
Jonathan D. Kelley (*pro hac vice*)
jkelley@lynnllp.com
Lynn Pinker Cox & Hurst, LLP
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Telephone: (214) 981-3800
Facsimile: (214) 981-3839

Julie Negovan, Esquire (1651)
jnegovan@griesinglaw.com
Griesing Law, LLC
1717 Arch Street, Suite 3630
Philadelphia, Pennsylvania 19103

**ATTORNEYS FOR DEFENDANTS JULIO RIOS AND JEREMY GAMBOA**

## CERTIFICATE OF SERVICE

I, Jonathan Kelley, hereby certify that I served the foregoing on all counsel of record via electronic mail on October 26, 2018 as follows:

Filiberto Agusti
fagusti@steptoe.com
Jeffrey M. Theodore
jtheodore@steptoe.com
Nicholas Petts
npetts@steptoe.com
Timothy Work
twork@steptoe.com
STEPTOE & JOHNSON LLP
1330 Connecticut Ave. NW
Washington, DC 20036

Henry Hockeimer, Jr.
hockeimerh@ballardspahr.com
Terence Grugan
grugant@ballardspahr.com
BALLARD SPAHR LLP
1735 Market St. 51st Floor
Philadelphia, PA 19103

*Attorneys for Plaintiff Eddystone Rail Company, LLC*

Matthew Thompson
mthompson@cokinoslaw.com
Cokinos | Young
Four Houston Center
1221 Lamar, 16th Floor
Houston, TX 77010

*Attorney for Kelly Wilkins*

Lawrence Scarborough
lgscarborough@bcplaw.com
Brian C. Walsh
Brian.walsh@bclplaw.com
Sarah Hartley
Sarah.hartley@bclplaw.com
Alicia Ragsdale Olszeski
Ali.olszeski@bclplaw.com
Jacob A. Kramer
Jake.kramer@bclplaw.com
BRYAN CAVE LEIGHTON PAISNER LLP

*Attorneys for BL/FG Defendants*

                <u>*/s/ Jonathan D. Kelley*</u>
                Jonathan D. Kelley