**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EDDYSTONE RAIL COMPANY, LLC, | : | |
| Plaintiff/Counter-defendant, | : | |
| | : | |
| v. | : | No. 2:17-cv-00495-RK |
| | : | |
| JULIO RIOS, JEREMY GAMBOA, | : | |
| BRIDGER LOGISTICS, LLC, | : | |
| FERRELLGAS PARTNERS, L.P., | : | |
| FERRELLGAS, L.P., *et al.*, | : | |
| Defendants, | : | |
| | : | |
| BRIDGER LOGISTICS, LLC, | : | |
| FERRELLGAS PARTNERS, L.P., and | : | |
| FERRELLGAS, L.P., | : | |
| Defendants/Counterclaimants. | : | |
| | : | |

**DECLARATION OF JACOB A. KRAMER, ESQ., IN SUPPORT OF**
**MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL**

I, Jacob A. Kramer, pursuant to 28 U.S.C. § 1746, hereby state and declare:

1.      I am a partner at the law firm of Bryan Cave Leighton Paisner LLP, counsel of Record for Defendants/Counterclaimants Bridger Logistics, LLC ("BL"), Ferrellgas Partners, L.P. ("FGP"), and Ferrellgas L.P. ("FG") (collectively, the "BL/FG Defendants"). I am an attorney duly admitted to practice in the State of Maryland and the District of Columbia, and I am admitted *pro hac vice* in the above-captioned matter.

2.      I am over the age of 18 and competent to testify as to the matters set forth herein.

3.      I have personal knowledge of the matters set forth herein and, if called upon to do so, I could and would testify competently thereto under oath.

4.      Attached as **Exhibit A** hereto is a true and correct copy of a letter from J. Kramer to J. Theodore dated September 21, 2018.

5.     Attached as **Exhibit B** hereto is a true and correct copy of a letter from C. Orozco to J. Theodore dated September 28, 2018.

6.     Attached as **Exhibit C** hereto is a true and correct copy of email communications between J. Kramer and J. Theodore from September 21, 2018 through October 4, 2018.

7.     Attached as **Exhibit D** hereto is a true and correct copy of email communications between J. Fielding and J. Theodore from August 24, 2018 through October 3, 2018.

8.     Attached as **Exhibit E** hereto is a true and correct copy of a letter from J. Fielding to F. Agusti dated October 5, 2018.

9.     Attached as **Exhibit F** hereto is a true and correct copy of a letter from J. Fielding to F. Agusti dated October 8, 2018.

10.     Attached as **Exhibit G** hereto is a true and correct copy of a letter from J. Theodore to J. Fielding dated October 9, 2018.

11.     Attached as **Exhibit H** hereto is a true and correct copy of a letter from J. Kramer to J. Theodore dated October 8, 2018.

12.     Attached as **Exhibit I** hereto is a true and correct copy of a letter from J. Theodore to J. Kramer dated October 12, 2018.

13.     On Friday, October 5, counsel for all parties held a meet and confer teleconference to discuss the manner in which Plaintiff's counsel at Steptoe & Johnson, LLP's ("Steptoe") handled inadvertently produced documents subject to a claim of privilege, among other issues.  I believe at least three attorneys from Steptoe (Jeffrey M. Theodore, Andrew Sloniewsky, and Nicholas Petts) participated in the call, as well as several attorneys from Bryan Cave Leighton Paisner ("BCLP"), counsel for the BL/FG Defendants, and Lynn Pinker Cox & Hurst ("LP"), counsel for Co-Defendants Julio Rios and Jeremy Gamboa.

14.     During the October 5 call, Mr. Theodore initially refused to answer straightforward questions about whether Steptoe had continued to review Protected Information after receiving the BCLP and LP Clawback Letters.   For example, Mr. Theodore declined to answer a "yes" or "no" question as to whether his team had continued to review any of the Protected Information following receipt of the Clawback Letters, taking the position that the answer was protected by the attorney work-product doctrine.   When asked, he also declined to say whether Steptoe had reviewed the governing authorities and applicable rules of professional conduct relating to inadvertently produced privileged materials since learning that Steptoe was in possession of opposing parties' privileged materials.   Instead, he asserted that he and Steptoe had "done nothing wrong" and suggested that we provide any contrary authorities.

15.     After further discussion of the issue during the October 5 call, Mr. Theodore stated that the contents of a "key email chain" listed in the LP Clawback Letter was "seared in his memory," and there is a "good chance [he] could recite it from memory."   He further stated that, when he reviewed the email exchange, "it was clear to me that [Defendants] would claim that it was privileged."   He also stated that, upon reviewing the email exchange, he concluded that there was a "crime-fraud issue" in this case.     Many of the inadvertently produced documents, including the document characterized by Mr. Theodore as a "key email chain," were marked on their face as "confidential" or "privileged" or "attorney-client communication." Others include direct communications with counsel about matters at issue in this case.

16.     On October 15, 2018, Mr. Theodore stated during a call with me that Steptoe had "pulled together" its Motion to Compel in just "two weeks."

17.     Steptoe has also inadvertently produced privileged documents in this case, and counsel for the BL/FG Defendants have promptly e-mailed Plaintiff's counsel on several occasions (typically within minutes after identifying such documents) to notify them that

Plaintiff's production included what appeared to be inadvertently produced privileged information and to confirm immediate compliance with the Rule 502(d) Stipulation by removing the documents from electronic systems and destroying any copies.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 5, 2018, at Bethesda, Maryland.

Jacob A. Kramer

# EXHIBIT A



BRYAN CAVE LEIGHTON PAISNER LLP
1155 F Street, N.W., Washington, D.C. 20004-1357
T: 202 508 6000  F: 202 508 6200  bclplaw.com

September 21, 2018

Jacob A. Kramer
Direct: 202/508-6153
Fax: 202/220-7453
Jake.Kramer@bclplaw.com

**VIA E-MAIL**

Mr. Jeffrey Theodore
Steptoe & Johnson LLP
1330 Connecticut Avenue NW
Washington, DC  20036-1795

Re:     *Eddystone Rail Company, LLC V. Bridger Logistics, LLC et al.*, 2:17-cv-00495-RK

Counsel:

It has come to our attention that certain of our clients' document productions included inadvertently disclosed documents, listed below, which are subject to the attorney-client privilege ("Protected Information").  In accordance with the parties' stipulation pursuant to Fed. R. Evid. 502(d) (entered in this case on July 31, 2017), we hereby request that you promptly return, sequester, or destroy all physical copies of the Protected Information and remove it from any electronic storage systems and networks.

We will be making a separate production with slip sheets and redacted versions of these documents, as necessary.  These documents will also be included on our forthcoming privilege log.

| Begin Bates | End Bates |
|---|---|
| BLFG_EDPA0077481 | BLFG_EDPA0077481 |
| BLFG_EDPA0077482 | BLFG_EDPA0077554 |
| BLFG_EDPA0077555 | BLFG_EDPA0077627 |
| BLFG_EDPA0079158 | BLFG_EDPA0079158 |
| BLFG_EDPA0079159 | BLFG_EDPA0079232 |
| BLFG_EDPA0079233 | BLFG_EDPA0079305 |
| BLFG_EDPA0083411 | BLFG_EDPA0083411 |
| BLFG_EDPA0083412 | BLFG_EDPA0083418 |
| BLFG_EDPA0083419 | BLFG_EDPA0083419 |
| BLFG_EDPA0083420 | BLFG_EDPA0083426 |
| BLFG_EDPA0129940 | BLFG_EDPA0129940 |
| BLFG_EDPA0129941 | BLFG_EDPA0130026 |
| BLFG_EDPA0130027 | BLFG_EDPA0130105 |
| BLFG_EDPA0131521 | BLFG_EDPA0131521 |
| BLFG_EDPA0131522 | BLFG_EDPA0131533 |

Mr. Jeffrey Theodore
September 21, 2018
Page 2

| | |
|---|---|
| BLFG_EDPA0131534 | BLFG_EDPA0131612 |
| BLFG_EDPA0131613 | BLFG_EDPA0131691 |
| BLFG_EDPA0152589 | BLFG_EDPA0152589 |
| BLFG_EDPA0152590 | BLFG_EDPA0152670 |
| BLFG_EDPA0152671 | BLFG_EDPA0152752 |
| BLFG_EDPA0186136 | BLFG_EDPA0186136 |
| BLFG_EDPA0186137 | BLFG_EDPA0186138 |
| BLFG_EDPA0319289 | BLFG_EDPA0319291 |
| BLFG_EDPA0319292 | BLFG_EDPA0319292 |
| BLFG_EDPA0320579 | BLFG_EDPA0320580 |
| BLFG_EDPA0320581 | BLFG_EDPA0320581 |
| BLFG_EDPA0320582 | BLFG_EDPA0320582 |
| BLFG_EDPA0320583 | BLFG_EDPA0320583 |
| BLFG_EDPA0320584 | BLFG_EDPA0320584 |
| BLFG_EDPA0320586 | BLFG_EDPA0320587 |
| BLFG_EDPA0320588 | BLFG_EDPA0320589 |
| BLFG_EDPA0320590 | BLFG_EDPA0320591 |
| BLFG_EDPA0320592 | BLFG_EDPA0320593 |
| BLFG_EDPA0320594 | BLFG_EDPA0320595 |
| BLFG_EDPA0320599 | BLFG_EDPA0320601 |
| BLFG_EDPA0321661 | BLFG_EDPA0321661 |
| BLFG_EDPA0321662 | BLFG_EDPA0321664 |
| BLFG_EDPA0326667 | BLFG_EDPA0326667 |
| BLFG_EDPA0326668 | BLFG_EDPA0326678 |
| BLFG_EDPA0326679 | BLFG_EDPA0326679 |
| BLFG_EDPA0326680 | BLFG_EDPA0326680 |
| BLFG_EDPA0326681 | BLFG_EDPA0326681 |
| BLFG_EDPA0326682 | BLFG_EDPA0326692 |
| BLFG_EDPA0326821 | BLFG_EDPA0326823 |
| BLFG_EDPA0326853 | BLFG_EDPA0326857 |
| BLFG_EDPA0326858 | BLFG_EDPA0326862 |
| BLFG_EDPA0327055 | BLFG_EDPA0327060 |
| BLFG_EDPA0327663 | BLFG_EDPA0327664 |
| BLFG_EDPA0327665 | BLFG_EDPA0327688 |
| BLFG_EDPA0396871 | BLFG_EDPA0396871 |
| BLFG_EDPA0396872 | BLFG_EDPA0396872 |
| BLFG_EDPA0398739 | BLFG_EDPA0398742 |
| BLFG_EDPA0398743 | BLFG_EDPA0398743 |
| BLFG_EDPA0398744 | BLFG_EDPA0398745 |
| BLFG_EDPA0398746 | BLFG_EDPA0398746 |
| BLFG_EDPA0398747 | BLFG_EDPA0398751 |
| BLFG_EDPA0398752 | BLFG_EDPA0398752 |
| BLFG_EDPA0398753 | BLFG_EDPA0398753 |
| BLFG_EDPA0398754 | BLFG_EDPA0398755 |

Mr. Jeffrey Theodore
September 21, 2018
Page 3

| | |
|---|---|
| BLFG_EDPA0398953 | BLFG_EDPA0398957 |
| BLFG_EDPA0398958 | BLFG_EDPA0398958 |
| BLFG_EDPA0440352 | BLFG_EDPA0440353 |
| BLFG_EDPA0440354 | BLFG_EDPA0440360 |
| BLFG_EDPA0467515 | BLFG_EDPA0467517 |
| BLFG_EDPA0467523 | BLFG_EDPA0467525 |
| BLFG_EDPA0467530 | BLFG_EDPA0467533 |
| BLFG_EDPA0480408 | BLFG_EDPA0480409 |
| BLFG_EDPA0480410 | BLFG_EDPA0480412 |
| BLFG_EDPA0505353 | BLFG_EDPA0505353 |
| BLFG_EDPA0528448 | BLFG_EDPA0528448 |
| BLFG_EDPA0528449 | BLFG_EDPA0528449 |
| BLFG_EDPA0536579 | BLFG_EDPA0536581 |
| BLFG_EDPA0536582 | BLFG_EDPA0536584 |
| BLFG_EDPA0536585 | BLFG_EDPA0536587 |
| BLFG_EDPA0536588 | BLFG_EDPA0536591 |
| BLFG_EDPA0538547 | BLFG_EDPA0538550 |
| BLFG_EDPA0538603 | BLFG_EDPA0538607 |
| BLFG_EDPA0538644 | BLFG_EDPA0538648 |
| BLFG_EDPA0538709 | BLFG_EDPA0538714 |
| BLFG_EDPA0538757 | BLFG_EDPA0538762 |
| BLFG_EDPA0538763 | BLFG_EDPA0538763 |
| BLFG_EDPA0538813 | BLFG_EDPA0538819 |
| BLFG_EDPA0538820 | BLFG_EDPA0538828 |
| BLFG_EDPA0538829 | BLFG_EDPA0538839 |
| BLFG_EDPA0543446 | BLFG_EDPA0543447 |
| BLFG_EDPA0543448 | BLFG_EDPA0543448 |
| BLFG_EDPA0543470 | BLFG_EDPA0543471 |
| BLFG_EDPA0543472 | BLFG_EDPA0543472 |
| BLFG_EDPA0543984 | BLFG_EDPA0543984 |
| BLFG_EDPA0543985 | BLFG_EDPA0543986 |
| BLFG_EDPA0543987 | BLFG_EDPA0543987 |
| BLFG_EDPA0543988 | BLFG_EDPA0543989 |
| BLFG_EDPA0544018 | BLFG_EDPA0544019 |
| BLFG_EDPA0544020 | BLFG_EDPA0544021 |
| BLFG_EDPA0548149 | BLFG_EDPA0548153 |
| BLFG_EDPA0548154 | BLFG_EDPA0548158 |
| BLFG_EDPA0548797 | BLFG_EDPA0548800 |
| BLFG_EDPA0548801 | BLFG_EDPA0548805 |
| BLFG_EDPA0735810 | BLFG_EDPA0735818 |
| BLFG_EDPA0735819 | BLFG_EDPA0735819 |
| BLFG_EDPA0735904 | BLFG_EDPA0735912 |
| BLFG_EDPA1055739 | BLFG_EDPA1055740 |
| BLFG_EDPA1484325 | BLFG_EDPA1484325 |

Mr. Jeffrey Theodore
September 21, 2018
Page 4

| | |
|---|---|
| BLFG_EDPA1484326 | BLFG_EDPA1484379 |
| BLFG_EDPA1536411 | BLFG_EDPA1536411 |
| BLFG_EDPA1536412 | BLFG_EDPA1536484 |
| BLFG_EDPA1536485 | BLFG_EDPA1536574 |
| BLFG_EDPA1536575 | BLFG_EDPA1536643 |
| BLFG_EDPA1614006 | BLFG_EDPA1614007 |
| BLFG_EDPA1614008 | BLFG_EDPA1614010 |
| BLFG_EDPA1614011 | BLFG_EDPA1614013 |
| BLFG_EDPA1614055 | BLFG_EDPA1614058 |
| BLFG_EDPA1614059 | BLFG_EDPA1614062 |
| BLFG_EDPA1614063 | BLFG_EDPA1614066 |
| BLFG_EDPA1787922 | BLFG_EDPA1787925 |
| BLFG_EDPA1787926 | BLFG_EDPA1787929 |
| BLFG_EDPA1787930 | BLFG_EDPA1787933 |
| BLFG_EDPA1946711 | BLFG_EDPA1946712 |
| BLFG_EDPA1946713 | BLFG_EDPA1946721 |
| BLFG_EDPA1946722 | BLFG_EDPA1946730 |
| BLFG_EDPA1949146 | BLFG_EDPA1949146 |
| BLFG_EDPA1949147 | BLFG_EDPA1949202 |
| BLFG_EDPA1949305 | BLFG_EDPA1949305 |
| BLFG_EDPA1949306 | BLFG_EDPA1949361 |
| BLFG_EDPA1950049 | BLFG_EDPA1950049 |
| BLFG_EDPA1950050 | BLFG_EDPA1950065 |
| BLFG_EDPA1950066 | BLFG_EDPA1950082 |
| BLFG_EDPA1950083 | BLFG_EDPA1950084 |
| BLFG_EDPA1950604 | BLFG_EDPA1950604 |
| BLFG_EDPA1950605 | BLFG_EDPA1950620 |
| BLFG_EDPA1950621 | BLFG_EDPA1950667 |
| BLFG_EDPA1950668 | BLFG_EDPA1950669 |
| BLFG_EDPA1950670 | BLFG_EDPA1950677 |
| BLFG_EDPA1950678 | BLFG_EDPA1950681 |
| BLFG_EDPA1950682 | BLFG_EDPA1950683 |
| BLFG_EDPA1950684 | BLFG_EDPA1950686 |
| BLFG_EDPA1950687 | BLFG_EDPA1950691 |
| BLFG_EDPA1950692 | BLFG_EDPA1950733 |
| BLFG_EDPA1950734 | BLFG_EDPA1950750 |
| BLFG_EDPA1951450 | BLFG_EDPA1951451 |
| BLFG_EDPA1951452 | BLFG_EDPA1951508 |
| BLFG_EDPA1956561 | BLFG_EDPA1956562 |
| BLFG_EDPA1956563 | BLFG_EDPA1956563 |
| BLFG_EDPA1956564 | BLFG_EDPA1956564 |
| BLFG_EDPA1956565 | BLFG_EDPA1956572 |
| BLFG_EDPA1956579 | BLFG_EDPA1956582 |
| BLFG_EDPA1966040 | BLFG_EDPA1966041 |

Mr. Jeffrey Theodore
September 21, 2018
Page 5

| | |
|---|---|
| BLFG_EDPA1966042 | BLFG_EDPA1966111 |
| BLFG_EDPA1971563 | BLFG_EDPA1971564 |
| BLFG_EDPA1971565 | BLFG_EDPA1971630 |
| BLFG_EDPA1971631 | BLFG_EDPA1971704 |
| BLFG_EDPA1972630 | BLFG_EDPA1972631 |
| BLFG_EDPA1972632 | BLFG_EDPA1972720 |
| BLFG_EDPA1972721 | BLFG_EDPA1972769 |
| BLFG_EDPA1975502 | BLFG_EDPA1975504 |
| BLFG_EDPA1976297 | BLFG_EDPA1976300 |
| BLFG_EDPA1976346 | BLFG_EDPA1976349 |
| BLFG_EDPA1976383 | BLFG_EDPA1976387 |
| BLFG_EDPA1976396 | BLFG_EDPA1976399 |
| BLFG_EDPA1976718 | BLFG_EDPA1976719 |
| BLFG_EDPA1976720 | BLFG_EDPA1976721 |
| BLFG_EDPA1976722 | BLFG_EDPA1976724 |
| BLFG_EDPA1976725 | BLFG_EDPA1976727 |
| BLFG_EDPA1977954 | BLFG_EDPA1977954 |
| BLFG_EDPA1977955 | BLFG_EDPA1978064 |
| BLFG_EDPA1978065 | BLFG_EDPA1978172 |
| BLFG_EDPA1978173 | BLFG_EDPA1978227 |
| BLFG_EDPA1978228 | BLFG_EDPA1978278 |
| BLFG_EDPA2035261 | BLFG_EDPA2035262 |
| BLFG_EDPA2035263 | BLFG_EDPA2035271 |
| BLFG_EDPA2035397 | BLFG_EDPA2035399 |
| BLFG_EDPA2035400 | BLFG_EDPA2035408 |
| BLFG_EDPA2035455 | BLFG_EDPA2035457 |
| BLFG_EDPA2035458 | BLFG_EDPA2035459 |
| BLFG_EDPA2038128 | BLFG_EDPA2038129 |
| BLFG_EDPA2038131 | BLFG_EDPA2038131 |
| BLFG_EDPA2038132 | BLFG_EDPA2038132 |
| BLFG_EDPA2038133 | BLFG_EDPA2038133 |
| BLFG_EDPA2038137 | BLFG_EDPA2038138 |
| BLFG_EDPA2038139 | BLFG_EDPA2038141 |
| BLFG_EDPA2038355 | BLFG_EDPA2038355 |
| BLFG_EDPA2038356 | BLFG_EDPA2038356 |
| BLFG_EDPA2038397 | BLFG_EDPA2038399 |
| BLFG_EDPA2038494 | BLFG_EDPA2038496 |
| BLFG_EDPA2038497 | BLFG_EDPA2038498 |
| BLFG_EDPA2038499 | BLFG_EDPA2038502 |
| BLFG_EDPA2038523 | BLFG_EDPA2038526 |
| BLFG_EDPA2039818 | BLFG_EDPA2039821 |
| BLFG_EDPA2084672 | BLFG_EDPA2084672 |
| BLFG_EDPA2084673 | BLFG_EDPA2084675 |
| BLFG_EDPA2099504 | BLFG_EDPA2099507 |

Mr. Jeffrey Theodore
September 21, 2018
Page 6

| | |
|---|---|
| BLFG_EDPA2099508 | BLFG_EDPA2099508 |
| BLFG_EDPA2099509 | BLFG_EDPA2099509 |
| BLFG_EDPA2099510 | BLFG_EDPA2099515 |
| BLFG_EDPA2099516 | BLFG_EDPA2099516 |
| BLFG_EDPA2099517 | BLFG_EDPA2099517 |
| BLFG_EDPA2099518 | BLFG_EDPA2099518 |
| BLFG_EDPA2099519 | BLFG_EDPA2099522 |
| BLFG_EDPA2105997 | BLFG_EDPA2105998 |
| BLFG_EDPA2194081 | BLFG_EDPA2194081 |
| BLFG_EDPA2194082 | BLFG_EDPA2194192 |
| BLFG_EDPA2194503 | BLFG_EDPA2194503 |
| BLFG_EDPA2194504 | BLFG_EDPA2194612 |
| BLFG_EDPA2194613 | BLFG_EDPA2194723 |
| BLFG_EDPA2194747 | BLFG_EDPA2194748 |
| BLFG_EDPA2194910 | BLFG_EDPA2194911 |
| BLFG_EDPA2195605 | BLFG_EDPA2195606 |
| BLFG_EDPA2195829 | BLFG_EDPA2195831 |
| BLFG_EDPA2196060 | BLFG_EDPA2196061 |
| BLFG_EDPA2196224 | BLFG_EDPA2196224 |
| BLFG_EDPA2196225 | BLFG_EDPA2196225 |
| BLFG_EDPA2196226 | BLFG_EDPA2196388 |
| BLFG_EDPA2196389 | BLFG_EDPA2196449 |
| BLFG_EDPA2196455 | BLFG_EDPA2196457 |
| BLFG_EDPA2196501 | BLFG_EDPA2196502 |
| BLFG_EDPA2197624 | BLFG_EDPA2197625 |
| BLFG_EDPA2197952 | BLFG_EDPA2197953 |
| BLFG_EDPA2197962 | BLFG_EDPA2197963 |
| BLFG_EDPA2200336 | BLFG_EDPA2200336 |
| BLFG_EDPA2200337 | BLFG_EDPA2200338 |
| BLFG_EDPA2200465 | BLFG_EDPA2200465 |
| BLFG_EDPA2200466 | BLFG_EDPA2200467 |
| BLFG_EDPA2201470 | BLFG_EDPA2201470 |
| BLFG_EDPA2201471 | BLFG_EDPA2201544 |
| BLFG_EDPA2201545 | BLFG_EDPA2201628 |
| BLFG_EDPA2201660 | BLFG_EDPA2201661 |
| BLFG_EDPA2201662 | BLFG_EDPA2201735 |
| BLFG_EDPA2203235 | BLFG_EDPA2203236 |
| BLFG_EDPA2226585 | BLFG_EDPA2226586 |
| BLFG_EDPA2237315 | BLFG_EDPA2237319 |
| BLFG_EDPA2279913 | BLFG_EDPA2279916 |
| BLFG_EDPA2279928 | BLFG_EDPA2279931 |
| BLFG_EDPA2279932 | BLFG_EDPA2279935 |
| BLFG_EDPA2282309 | BLFG_EDPA2282310 |
| BLFG_EDPA2282311 | BLFG_EDPA2282312 |

Mr. Jeffrey Theodore
September 21, 2018
Page 7

| | |
|---|---|
| BLFG-JMX_EDPA0090997 | BLFG-JMX_EDPA0090998 |
| BLFG-JMX_EDPA0091005 | BLFG-JMX_EDPA0091006 |
| BLFG-JMX_EDPA0091008 | BLFG-JMX_EDPA0091010 |
| BLFG-JMX_EDPA0091201 | BLFG-JMX_EDPA0091203 |
| BLFG-JMX_EDPA0091240 | BLFG-JMX_EDPA0091243 |
| BLFG-JMX_EDPA0091254 | BLFG-JMX_EDPA0091257 |
| BLFG-JMX_EDPA0091317 | BLFG-JMX_EDPA0091321 |
| BLFG-JMX_EDPA0091350 | BLFG-JMX_EDPA0091350 |
| BLFG-JMX_EDPA0091389 | BLFG-JMX_EDPA0091390 |
| BLFG-JMX_EDPA0091446 | BLFG-JMX_EDPA0091447 |
| BLFG-JMX_EDPA0091490 | BLFG-JMX_EDPA0091490 |
| BLFG-JMX_EDPA0091928 | BLFG-JMX_EDPA0091928 |
| BLFG-JMX_EDPA0091944 | BLFG-JMX_EDPA0091945 |
| BLFG-JMX_EDPA0091946 | BLFG-JMX_EDPA0091947 |
| BLFG-JMX_EDPA0091949 | BLFG-JMX_EDPA0091950 |
| BLFG-JMX_EDPA0091957 | BLFG-JMX_EDPA0091959 |
| BLFG-JMX_EDPA0091968 | BLFG-JMX_EDPA0091970 |
| BLFG-JMX_EDPA0092059 | BLFG-JMX_EDPA0092060 |
| BLFG-JMX_EDPA0092429 | BLFG-JMX_EDPA0092429 |
| BLFG-JMX_EDPA0092581 | BLFG-JMX_EDPA0092581 |
| BLFG-JMX_EDPA0092620 | BLFG-JMX_EDPA0092621 |
| BLFG-JMX_EDPA0092646 | BLFG-JMX_EDPA0092647 |
| BLFG-JMX_EDPA0092996 | BLFG-JMX_EDPA0092996 |
| BLFG-JMX_EDPA0093752 | BLFG-JMX_EDPA0093752 |

Some of the inadvertently disclosed documents listed above are communications with an attorney from your firm, Bizunesh "Biz" Scott, who appears also to have served as Bridger LLC's Deputy General Counsel and Director for Regulatory and Government Affairs beginning in late 2014. We have identified a few privileged emails to Ms. Scott using two different email addresses in the same communication (bscott@steptoe.com and bscott@bridgergroup.com), which of course created some initial confusion as to the applicability of the privilege. Can you shed any light on Ms. Scott's role at Bridger during the relevant period? Was she seconded to Bridger from Steptoe?

Thank you for your prompt attention to this matter.

Sincerely,

# EXHIBIT B

# LYNN PINKER COX HURST

CHRISTIAN A. OROZCO
*Associate*

D 214 981 3804
F 214 981 3839
corozco@lynnllp.com

Lynn Pinker Cox & Hurst, LLP
2100 Ross Avenue
Suite 2700
Dallas, Texas 75201
lynnllp.com

September 28, 2018

**<u>Via Electronic Mail</u>**
Jeffrey Theodore
Steptoe & Johnson, LLP
1330 Connecticut Avenue NW
Washington, DC 20036-1795

Re:    *Eddystone Rail Company, LLC V. Bridger Logistics, LLC et al.*, 2:17-cv-00495-RK

Counsel:

It has come to our attention that certain of our clients' document productions included inadvertently disclosed documents, listed below, which are subject to the attorney-client privilege ("Protected Information"). In accordance with the parties' stipulation pursuant to Fed. R. Evid. 502(d) (entered in this case on July 31, 2017), we hereby request that you promptly return, sequester, or destroy all physical copies of the Protected Information and remove it from any electronic storage systems and networks.

We will be making a separate production with slip sheets and redacted versions of these documents, as necessary. These documents will also be included on our forthcoming privilege log.

| Family Date | RG_EDPA Bates Range | RIOS Bates Range |
|---|---|---|
| 2/26/2016 | RG_EDPA0002888-RG_EDPA0002889 | |
| 2/26/2016 | RG_EDPA0002890 | |
| 2/26/2016 | RG_EDPA0002891-RG_EDPA0002892 | |
| 2/18/2016 | RG_EDPA0056932-RG_EDPA0056934 | |
| 9/13/2016 | RG_EDPA0060347-RG_EDPA0060366 | |
| 4/16/2016 | RG_EDPA0069962-RG_EDPA0069964 | |
| 6/9/2016 | RG_EDPA0097627-RG_EDPA0097628 | |
| 6/9/2016 | RG_EDPA0097629 | |
| 6/9/2016 | RG_EDPA0097630 | |
| 6/9/2016 | RG_EDPA0097631-RG_EDPA0097650 | |
| 6/9/2016 | RG_EDPA0097651 | |
| 6/8/2015 | RG_EDPA0109101 | RIOS 003088 |
| 6/10/2015 | RG_EDPA0109296-RG_EDPA0109297 | RIOS 003080-RIOS 003081 |
| 6/10/2015 | RG_EDPA0109298-RG_EDPA0109300 | RIOS 005798-RIOS 005800 |
| 6/10/2015 | RG_EDPA0109301-RG_EDPA0109303 | RIOS 003082-RIOS 003084 |
| 6/10/2015 | RG_EDPA0109304-RG_EDPA0109306 | RIOS 028678-RIOS 028680 |
| 6/10/2015 | RG_EDPA0109307-RG_EDPA0109309 | RIOS 028681-RIOS 028683 |
| 6/10/2015 | RG_EDPA0109310-RG_EDPA0109313 | RIOS 028684-RIOS 028687 |

September 28, 2018
Page 2

| 6/25/2015 | RG_EDPA0110100 | RIOS 023344 |
|---|---|---|
| 6/26/2015 | RG_EDPA0110147-RG_EDPA0110148 | RIOS 023352-RIOS 023353 |
| 6/26/2015 | RG_EDPA0110149-RG_EDPA0110150 | RIOS 035850-RIOS 035851 |
| 6/27/2015 | RG_EDPA0110192-RG_EDPA0110195 | RIOS 002216-RIOS 002219 |
| 6/27/2015 | RG_EDPA0110196-RG_EDPA0110200 | RIOS 005266-RIOS 005270 |
| 7/6/2015 | RG_EDPA0110736-RG_EDPA0110738 | RIOS 021198-RIOS 021200 |
| 7/6/2015 | RG_EDPA0110773-RG_EDPA0110776 | RIOS 021203-RIOS 021206 |
| 7/6/2015 | RG_EDPA0110787-RG_EDPA0110790 | RIOS 023374-RIOS 023377 |
| 7/6/2015 | RG_EDPA0110791-RG_EDPA0110794 | RIOS 023382-RIOS 023385 |
| 7/6/2015 | RG_EDPA0110795-RG_EDPA0110798 | RIOS 023395-RIOS 023398 |
| 7/6/2015 | RG_EDPA0110799-RG_EDPA0110802 | RIOS 005389-RIOS 005392 |
| 7/6/2015 | RG_EDPA0110816-RG_EDPA0110820 | RIOS 023407-RIOS 023411 |
| 7/6/2015 | RG_EDPA0110825-RG_EDPA0110829 | RIOS 023412-RIOS 023416 |
| 7/22/2015 | RG_EDPA0112249 | RIOS 001168 |
| 8/30/2015 | RG_EDPA0114686-RG_EDPA0114687 | RIOS 038734-RIOS 038735 |
| 9/1/2015 | RG_EDPA0114766 | RIOS 032434 |
| 9/12/2015 | RG_EDPA0115984 | RIOS 030848 |
| 9/12/2015 | RG_EDPA0115985-RG_EDPA0115986 | RIOS 030849-RIOS 030850 |
| 9/12/2015 | RG_EDPA0115987-RG_EDPA0115988 | RIOS 030851-RIOS 030852 |
| 9/15/2015 | RG_EDPA0116255 | RIOS 030313 |
| 9/15/2015 | RG_EDPA0116256 | RIOS 030314 |
| 9/15/2015 | RG_EDPA0116257-RG_EDPA0116258 | RIOS 030315-RIOS 030316 |
| 9/15/2015 | RG_EDPA0116259-RG_EDPA0116260 | RIOS 038142-RIOS 038143 |
| 9/15/2015 | RG_EDPA0116261-RG_EDPA0116262 | RIOS 030317-RIOS 030318 |
| 9/18/2015 | RG_EDPA0116594-RG_EDPA0116597 | |
| 10/6/2015 | RG_EDPA0118440-RG_EDPA0118441 | RIOS 002432-RIOS 002433 |
| 10/6/2015 | RG_EDPA0118447-RG_EDPA0118448 | RIOS 006241-RIOS 006242 |
| 10/6/2015 | RG_EDPA0118449-RG_EDPA0118451 | RIOS 002434-RIOS 002436 |
| 10/6/2015 | RG_EDPA0118452-RG_EDPA0118454 | RIOS 006243-RIOS 006245 |
| 10/6/2015 | RG_EDPA0118455-RG_EDPA0118457 | RIOS 002437-RIOS 002439 |
| 10/6/2015 | RG_EDPA0118458-RG_EDPA0118461 | RIOS 006565-RIOS 006568 |
| 10/7/2015 | RG_EDPA0118498 | RIOS 022631 |
| 10/7/2015 | RG_EDPA0118499-RG_EDPA0118501 | RIOS 022632-RIOS 022634 |
| 10/7/2015 | RG_EDPA0118503 | RIOS 022636 |
| 10/7/2015 | RG_EDPA0118507-RG_EDPA0118508 | RIOS 025339-RIOS 025340 |
| 10/13/2015 | RG_EDPA0119028 | RIOS 025520 |
| 10/13/2015 | RG_EDPA0119029-RG_EDPA0119030 | RIOS 025521-RIOS 025522 |
| 10/18/2015 | RG_EDPA0119514-RG_EDPA0119518 | RIOS 023082-RIOS 023086 |
| 10/19/2015 | RG_EDPA0119532-RG_EDPA0119538 | RIOS 023092-RIOS 023098 |
| 10/20/2015 | RG_EDPA0120080-RG_EDPA0120081 | RIOS 020738-RIOS 020739 |
| 10/20/2015 | RG_EDPA0120084-RG_EDPA0120085 | RIOS 001511-RIOS 001512 |
| 10/20/2015 | RG_EDPA0120088-RG_EDPA0120090 | RIOS 006292-RIOS 006294 |

September 28, 2018
Page 3

| 10/20/2015 | RG_EDPA0120091-RG_EDPA0120093 | RIOS 001513-RIOS 001515 |
| 10/20/2015 | RG_EDPA0120094-RG_EDPA0120096 | RIOS 020742-RIOS 020744 |
| 10/20/2015 | RG_EDPA0120097-RG_EDPA0120099 | RIOS 006295-RIOS 006297 |
| 10/20/2015 | RG_EDPA0120100-RG_EDPA0120102 | RIOS 001516-RIOS 001518 |
| 10/20/2015 | RG_EDPA0120103-RG_EDPA0120106 | RIOS 020745-RIOS 020748 |
| 10/20/2015 | RG_EDPA0120107-RG_EDPA0120111 | RIOS 037570-RIOS 037574 |
| 10/20/2015 | RG_EDPA0120112-RG_EDPA0120115 | RIOS 020749-RIOS 020752 |
| 10/20/2015 | RG_EDPA0120116-RG_EDPA0120120 | RIOS 001519-RIOS 001523 |
| 10/24/2015 | RG_EDPA0120622 | |
| 10/28/2015 | RG_EDPA0121138-RG_EDPA0121144 | RIOS 015101-RIOS 015107 |
| 10/28/2015 | RG_EDPA0121200-RG_EDPA0121206 | RIOS 000291-RIOS 000297 |
| 10/28/2015 | RG_EDPA0121261-RG_EDPA0121264 | RIOS 013263-RIOS 013266 |
| 10/28/2015 | RG_EDPA0121285-RG_EDPA0121291 | RIOS 000298-RIOS 000304 |
| 10/28/2015 | RG_EDPA0121312-RG_EDPA0121313 | RIOS 000316-RIOS 000317 |
| 10/28/2015 | RG_EDPA0121314-RG_EDPA0121317 | RIOS 000661-RIOS 000664 |
| 10/28/2015 | RG_EDPA0121325-RG_EDPA0121331 | RIOS 013298-RIOS 013304 |
| 10/28/2015 | RG_EDPA0121332-RG_EDPA0121335 | RIOS 000322-RIOS 000325 |
| 10/30/2015 | RG_EDPA0121591-RG_EDPA0121593 | RIOS 013903-RIOS 013905 |
| 10/30/2015 | RG_EDPA0121594-RG_EDPA0121597 | RIOS 013906-RIOS 013909 |
| 10/30/2015 | RG_EDPA0121598-RG_EDPA0121601 | RIOS 013365-RIOS 013368 |
| 10/30/2015 | RG_EDPA0121640-RG_EDPA0121641 | RIOS 013391-RIOS 013392 |
| 11/3/2015 | RG_EDPA0122043-RG_EDPA0122047 | RIOS 013656-RIOS 013660 |
| 11/3/2015 | RG_EDPA0122048-RG_EDPA0122052 | RIOS 037326-RIOS 037330 |
| 11/3/2015 | RG_EDPA0122061 | RIOS 013688 |
| 11/3/2015 | RG_EDPA0122062-RG_EDPA0122063 | RIOS 013689-RIOS 013690 |
| 11/4/2015 | RG_EDPA0122214-RG_EDPA0122215 | RIOS 033575-RIOS 033576 |
| 11/4/2015 | RG_EDPA0122216-RG_EDPA0122218 | RIOS 033577-RIOS 033579 |
| 11/5/2015 | RG_EDPA0122291-RG_EDPA0122294 | RIOS 033541-RIOS 033544 |
| 11/12/2015 | RG_EDPA0123124 | RIOS 033808 |
| 11/12/2015 | RG_EDPA0123125 | RIOS 033809 |
| 11/12/2015 | RG_EDPA0123126 | RIOS 033810 |
| 11/12/2015 | RG_EDPA0123127-RG_EDPA0123128 | RIOS 033811-RIOS 033812 |
| 11/12/2015 | RG_EDPA0123129-RG_EDPA0123130 | RIOS 033813-RIOS 033814 |
| 11/12/2015 | RG_EDPA0123131-RG_EDPA0123133 | RIOS 031779-RIOS 031781 |
| 11/12/2015 | RG_EDPA0123137 | RIOS 031785 |
| 11/12/2015 | RG_EDPA0123138-RG_EDPA0123139 | RIOS 031786-RIOS 031787 |
| 11/13/2015 | RG_EDPA0123356-RG_EDPA0123357 | RIOS 031934-RIOS 031935 |
| 11/13/2015 | RG_EDPA0123358 | RIOS 031936 |
| 11/13/2015 | RG_EDPA0123359-RG_EDPA0123360 | RIOS 031937-RIOS 031938 |
| 11/13/2015 | RG_EDPA0123361 | RIOS 031939 |
| 11/13/2015 | RG_EDPA0123362-RG_EDPA0123363 | RIOS 033925-RIOS 033926 |
| 11/13/2015 | RG_EDPA0123364 | RIOS 033927 |

September 28, 2018
Page 4

| | | |
|---|---|---|
| 11/16/2015 | RG_EDPA0123580-RG_EDPA0123582 | RIOS 036960-RIOS 036962 |
| 11/19/2015 | RG_EDPA0123910-RG_EDPA0123911 | RIOS 029706-RIOS 029707 |
| 12/1/2015 | RG_EDPA0124972-RG_EDPA0124973 | RIOS 023944-RIOS 023945 |
| 12/1/2015 | RG_EDPA0124974 | RIOS 023946 |
| 12/1/2015 | RG_EDPA0124975-RG_EDPA0124979 | RIOS 023947-RIOS 023951 |
| 12/3/2015 | RG_EDPA0125167-RG_EDPA0125168 | RIOS 021940-RIOS 021941 |
| 12/3/2015 | RG_EDPA0125174-RG_EDPA0125175 | RIOS 021947-RIOS 021948 |
| 12/3/2015 | RG_EDPA0125176 | RIOS 021951 |
| 12/3/2015 | RG_EDPA0125177 | RIOS 021949 |
| 12/3/2015 | RG_EDPA0125178 | RIOS 021950 |
| 12/11/2015 | RG_EDPA0125792 | RIOS 037051 |
| 12/11/2015 | RG_EDPA0125797-RG_EDPA0125798 | RIOS 017299-RIOS 017300 |
| 12/11/2015 | RG_EDPA0125799-RG_EDPA0125800 | RIOS 017301-RIOS 017302 |
| 12/11/2015 | RG_EDPA0125801-RG_EDPA0125805 | RIOS 017303-RIOS 017307 |
| 12/11/2015 | RG_EDPA0125806-RG_EDPA0125807 | RIOS 019436-RIOS 019437 |
| 12/11/2015 | RG_EDPA0125808-RG_EDPA0125810 | RIOS 037052-RIOS 037054 |
| 12/11/2015 | RG_EDPA0125811-RG_EDPA0125813 | RIOS 017308-RIOS 017310 |
| 12/11/2015 | RG_EDPA0125814-RG_EDPA0125816 | RIOS 017311-RIOS 017313 |
| 12/11/2015 | RG_EDPA0125817-RG_EDPA0125820 | RIOS 037055-RIOS 037058 |
| 12/14/2015 | RG_EDPA0125886-RG_EDPA0125888 | RIOS 037059-RIOS 037061 |
| 12/15/2015 | RG_EDPA0125936-RG_EDPA0125939 | RIOS 037094-RIOS 037097 |
| 12/15/2015 | RG_EDPA0125940-RG_EDPA0125944 | RIOS 017179-RIOS 017183 |
| 12/15/2015 | RG_EDPA0125945-RG_EDPA0125949 | RIOS 017184-RIOS 017188 |
| 12/15/2015 | RG_EDPA0125950-RG_EDPA0125954 | RIOS 036546-RIOS 036550 |
| 12/15/2015 | RG_EDPA0125955-RG_EDPA0125960 | RIOS 019425-RIOS 019430 |
| 12/15/2015 | RG_EDPA0125965-RG_EDPA0125968 | RIOS 017193-RIOS 017196 |
| 12/15/2015 | RG_EDPA0125974-RG_EDPA0125978 | RIOS 017197-RIOS 017201 |
| 12/15/2015 | RG_EDPA0125979-RG_EDPA0125983 | RIOS 036561-RIOS 036565 |
| 12/15/2015 | RG_EDPA0125984-RG_EDPA0125989 | RIOS 017202-RIOS 017207 |
| 12/15/2015 | RG_EDPA0125990-RG_EDPA0125994 | RIOS 017208-RIOS 017212 |
| 12/15/2015 | RG_EDPA0125995-RG_EDPA0126001 | RIOS 037098-RIOS 037104 |
| 12/16/2015 | RG_EDPA0126026-RG_EDPA0126030 | RIOS 036569-RIOS 036573 |
| 12/16/2015 | RG_EDPA0126031-RG_EDPA0126036 | RIOS 017135-RIOS 017140 |
| 12/17/2015 | RG_EDPA0126071-RG_EDPA0126076 | RIOS 017143-RIOS 017148 |
| 12/17/2015 | RG_EDPA0126077 | RIOS 017149 |
| 12/17/2015 | RG_EDPA0126084-RG_EDPA0126089 | RIOS 036627-RIOS 036632 |
| 12/18/2015 | RG_EDPA0126260 | RIOS 017343 |
| 12/18/2015 | RG_EDPA0126270 | RIOS 036574 |
| 12/18/2015 | RG_EDPA0126271 | RIOS 017353 |
| 12/19/2015 | RG_EDPA0126272 | RIOS 036575 |
| 12/19/2015 | RG_EDPA0126273-RG_EDPA0126274 | RIOS 036576-RIOS 036577 |
| 12/19/2015 | RG_EDPA0126275-RG_EDPA0126276 | RIOS 036578-RIOS 036579 |

September 28, 2018
Page 5

| 12/19/2015 | RG_EDPA0126277 | RIOS 036582 |
|---|---|---|
| 12/19/2015 | RG_EDPA0126278-RG_EDPA0126279 | RIOS 036580-RIOS 036581 |
| 12/21/2015 | RG_EDPA0126286-RG_EDPA0126287 | RIOS 036585-RIOS 036586 |
| 12/21/2015 | RG_EDPA0126289-RG_EDPA0126291 | RIOS 017363-RIOS 017365 |
| 12/29/2015 | RG_EDPA0126570 | RIOS 014521 |
| 12/29/2015 | RG_EDPA0126571-RG_EDPA0126574 | RIOS 014522-RIOS 014525 |
| 12/29/2015 | RG_EDPA0126575-RG_EDPA0126576 | RIOS 036616-RIOS 036617 |
| 12/29/2015 | RG_EDPA0126577-RG_EDPA0126578 | RIOS 014526-RIOS 014527 |
| 1/7/2016 | RG_EDPA0126787-RG_EDPA0126788 | RIOS 033116-RIOS 033117 |
| 1/7/2016 | RG_EDPA0126789-RG_EDPA0126793 | RIOS 033118-RIOS 033122 |
| 1/7/2016 | RG_EDPA0126882 | RIOS 033227 |
| 1/7/2016 | RG_EDPA0126883 | RIOS 037147 |
| 1/7/2016 | RG_EDPA0126884-RG_EDPA0126885 | RIOS 033228-RIOS 033229 |
| 1/9/2016 | RG_EDPA0126939 | RIOS 033264 |
| 1/9/2016 | RG_EDPA0126957 | RIOS 033281 |
| 1/11/2016 | RG_EDPA0126998-RG_EDPA0126999 | RIOS 036461-RIOS 036462 |
| 1/11/2016 | RG_EDPA0127000-RG_EDPA0127003 | RIOS 036463-RIOS 036466 |
| 1/11/2016 | RG_EDPA0127004 | RIOS 036467 |
| 1/11/2016 | RG_EDPA0127005 | RIOS 036472 |
| 1/11/2016 | RG_EDPA0127006-RG_EDPA0127009 | RIOS 036468-RIOS 036471 |
| 1/12/2016 | RG_EDPA0127045-RG_EDPA0127047 | RIOS 031231-RIOS 031233 |
| 1/12/2016 | RG_EDPA0127048-RG_EDPA0127051 | RIOS 031234-RIOS 031237 |
| 1/20/2016 | RG_EDPA0127405-RG_EDPA0127408 | RIOS 036662-RIOS 036665 |
| 2/12/2016 | RG_EDPA0128875-RG_EDPA0128878 | RIOS 021598-RIOS 021601 |
| 2/12/2016 | RG_EDPA0128879 | RIOS 021602 |
| 2/12/2016 | RG_EDPA0128880 | RIOS 021609 |
| 2/12/2016 | RG_EDPA0128881-RG_EDPA0128886 | RIOS 021603-RIOS 021608 |
| 2/12/2016 | RG_EDPA0128918-RG_EDPA0128919 | RIOS 021641-RIOS 021642 |
| 2/15/2016 | RG_EDPA0128979-RG_EDPA0128980 | RIOS 021515-RIOS 021516 |
| 2/15/2016 | RG_EDPA0128981-RG_EDPA0128983 | RIOS 019115-RIOS 019117 |
| 2/15/2016 | RG_EDPA0128984-RG_EDPA0128986 | RIOS 021517-RIOS 021519 |
| 2/18/2016 | RG_EDPA0129165-RG_EDPA0129167 | RIOS 021542-RIOS 021544 |
| 2/18/2016 | RG_EDPA0129168 | RIOS 021546 |
| 2/18/2016 | RG_EDPA0129169 | RIOS 021545 |
| 2/18/2016 | RG_EDPA0129172-RG_EDPA0129175 | RIOS 021547-RIOS 021550 |
| 2/18/2016 | RG_EDPA0129176-RG_EDPA0129179 | RIOS 036478-RIOS 036481 |
| 2/18/2016 | RG_EDPA0129187-RG_EDPA0129189 | RIOS 019159-RIOS 019161 |
| 2/18/2016 | RG_EDPA0129190 | RIOS 019162 |
| 2/18/2016 | RG_EDPA0129191 | RIOS 019163 |
| 2/19/2016 | RG_EDPA0129192-RG_EDPA0129193 | RIOS 021562-RIOS 021563 |
| 2/19/2016 | RG_EDPA0129194-RG_EDPA0129195 | RIOS 021564-RIOS 021565 |
| 2/19/2016 | RG_EDPA0129196 | RIOS 021566 |

September 28, 2018
Page 6

| 2/19/2016 | RG_EDPA0129197 | RIOS 021567 |
|---|---|---|
| 2/19/2016 | RG_EDPA0129198-RG_EDPA0129199 | RIOS 021568-RIOS 021569 |
| 2/20/2016 | RG_EDPA0129254-RG_EDPA0129255 | RIOS 019185-RIOS 019186 |
| 2/22/2016 | RG_EDPA0129409-RG_EDPA0129410 | RIOS 016793-RIOS 016794 |
| 2/22/2016 | RG_EDPA0129411 | RIOS 016803 |
| 2/22/2016 | RG_EDPA0129412-RG_EDPA0129419 | RIOS 016795-RIOS 016802 |
| 2/22/2016 | RG_EDPA0129420-RG_EDPA0129422 | RIOS 035712-RIOS 035714 |
| 2/22/2016 | RG_EDPA0129423 | RIOS 035715 |
| 2/22/2016 | RG_EDPA0129424-RG_EDPA0129426 | RIOS 016804-RIOS 016806 |
| 2/22/2016 | RG_EDPA0129427-RG_EDPA0129430 | RIOS 016809-RIOS 016812 |
| 2/22/2016 | RG_EDPA0129431 | RIOS 016813 |
| 2/22/2016 | RG_EDPA0129432 | RIOS 016816 |
| 2/22/2016 | RG_EDPA0129433-RG_EDPA0129434 | RIOS 016814-RIOS 016815 |
| 2/22/2016 | RG_EDPA0129435-RG_EDPA0129438 | RIOS 019187-RIOS 019190 |
| 2/22/2016 | RG_EDPA0129439-RG_EDPA0129443 | RIOS 019191-RIOS 019195 |
| 2/22/2016 | RG_EDPA0129444 | RIOS 019196 |
| 2/22/2016 | RG_EDPA0129445-RG_EDPA0129449 | RIOS 019197-RIOS 019201 |
| 2/22/2016 | RG_EDPA0129450 | RIOS 019203 |
| 2/22/2016 | RG_EDPA0129451 | RIOS 019202 |
| 2/22/2016 | RG_EDPA0129452-RG_EDPA0129456 | RIOS 019315-RIOS 019319 |
| 2/22/2016 | RG_EDPA0129457 | RIOS 019320 |
| 2/22/2016 | RG_EDPA0129458-RG_EDPA0129463 | RIOS 019321-RIOS 019326 |
| 2/22/2016 | RG_EDPA0129464 | RIOS 019327 |
| 2/22/2016 | RG_EDPA0129465-RG_EDPA0129470 | RIOS 019330-RIOS 019335 |
| 2/22/2016 | RG_EDPA0129471 | RIOS 019336 |
| 2/22/2016 | RG_EDPA0129472-RG_EDPA0129476 | RIOS 019337-RIOS 019341 |
| 2/22/2016 | RG_EDPA0129477 | RIOS 019342 |
| 2/22/2016 | RG_EDPA0129478 | RIOS 019350 |
| 2/22/2016 | RG_EDPA0129479 | RIOS 019343 |
| 2/22/2016 | RG_EDPA0129480-RG_EDPA0129481 | RIOS 019344-RIOS 019345 |
| 2/22/2016 | RG_EDPA0129482 | RIOS 019348 |
| 2/22/2016 | RG_EDPA0129483 | RIOS 019358 |
| 2/22/2016 | RG_EDPA0129484-RG_EDPA0129485 | RIOS 019353-RIOS 019354 |
| 2/22/2016 | RG_EDPA0129486 | RIOS 019349 |
| 2/22/2016 | RG_EDPA0129487-RG_EDPA0129488 | RIOS 019356-RIOS 019357 |
| 2/22/2016 | RG_EDPA0129489-RG_EDPA0129490 | RIOS 019351-RIOS 019352 |
| 2/22/2016 | RG_EDPA0129491-RG_EDPA0129492 | RIOS 019346-RIOS 019347 |
| 2/22/2016 | RG_EDPA0129493 | RIOS 019355 |
| 2/22/2016 | RG_EDPA0129494 | RIOS 019359 |
| 2/22/2016 | RG_EDPA0129495-RG_EDPA0129499 | RIOS 019360-RIOS 019364 |
| 2/22/2016 | RG_EDPA0129500 | RIOS 019365 |
| 2/26/2016 | RG_EDPA0129861-RG_EDPA0129862 | |

September 28, 2018
Page 7

| | | |
|---|---|---|
| 3/1/2016 | RG_EDPA0129972-RG_EDPA0129975 | |
| 3/1/2016 | RG_EDPA0129985 | RIOS 016939 |
| 3/1/2016 | RG_EDPA0129986-RG_EDPA0129991 | RIOS 016941-RIOS 016946 |
| 3/1/2016 | RG_EDPA0129992 | RIOS 016940 |
| 3/16/2016 | RG_EDPA0130874-RG_EDPA0130877 | RIOS 022180-RIOS 022183 |
| 3/23/2016 | RG_EDPA0131315-RG_EDPA0131316 | RIOS 006416-RIOS 006417 |
| 3/28/2016 | RG_EDPA0131695 | |
| 4/2/2016 | RG_EDPA0132139-RG_EDPA0132140 | RIOS 019555-RIOS 019556 |
| 4/11/2016 | RG_EDPA0132633 | RIOS 006155 |
| 4/11/2016 | RG_EDPA0132634-RG_EDPA0132635 | RIOS 017638-RIOS 017639 |
| 4/11/2016 | RG_EDPA0132636-RG_EDPA0132637 | RIOS 017640-RIOS 017641 |
| 4/14/2016 | RG_EDPA0133141 | RIOS 001003 |
| 4/14/2016 | RG_EDPA0133221 | RIOS 037185 |
| 4/14/2016 | RG_EDPA0133222-RG_EDPA0133224 | RIOS 000491-RIOS 000493 |
| 4/14/2016 | RG_EDPA0133241-RG_EDPA0133244 | RIOS 017761-RIOS 017764 |
| 4/14/2016 | RG_EDPA0133263-RG_EDPA0133266 | RIOS 038016-RIOS 038019 |
| 4/14/2016 | RG_EDPA0133267-RG_EDPA0133270 | RIOS 038020-RIOS 038023 |
| 4/14/2016 | RG_EDPA0133271 | RIOS 001010 |
| 4/14/2016 | RG_EDPA0133272 | RIOS 017560 |
| 4/14/2016 | RG_EDPA0133273-RG_EDPA0133274 | RIOS 001011-RIOS 001012 |
| 4/14/2016 | RG_EDPA0133275-RG_EDPA0133276 | RIOS 006450-RIOS 006451 |
| 4/14/2016 | RG_EDPA0133277-RG_EDPA0133278 | RIOS 006452-RIOS 006453 |
| 4/14/2016 | RG_EDPA0133279 | RIOS 006454 |
| 4/15/2016 | RG_EDPA0133280-RG_EDPA0133281 | RIOS 001013-RIOS 001014 |
| 4/15/2016 | RG_EDPA0133282-RG_EDPA0133284 | RIOS 006455-RIOS 006457 |
| 4/15/2016 | RG_EDPA0133285-RG_EDPA0133287 | RIOS 001015-RIOS 001017 |
| 4/15/2016 | RG_EDPA0133295-RG_EDPA0133298 | RIOS 001020-RIOS 001023 |
| 4/15/2016 | RG_EDPA0133304 | RIOS 003214 |
| 4/15/2016 | RG_EDPA0133309-RG_EDPA0133313 | RIOS 006460-RIOS 006464 |
| 4/16/2016 | RG_EDPA0133336-RG_EDPA0133337 | RIOS 006465-RIOS 006466 |
| 4/16/2016 | RG_EDPA0133338 | RIOS 006468 |
| 4/16/2016 | RG_EDPA0133339 | RIOS 006467 |
| 4/16/2016 | RG_EDPA0133340-RG_EDPA0133342 | RIOS 001028-RIOS 001030 |
| 4/20/2016 | RG_EDPA0133593-RG_EDPA0133594 | RIOS 006592-RIOS 006593 |
| 4/20/2016 | RG_EDPA0133595 | RIOS 006595 |
| 4/20/2016 | RG_EDPA0133596 | RIOS 006594 |
| 4/25/2016 | RG_EDPA0133996 | RIOS 006673 |
| 4/25/2016 | RG_EDPA0133997 | RIOS 000600 |
| 4/26/2016 | RG_EDPA0134033-RG_EDPA0134037 | RIOS 038475-RIOS 038479 |
| 4/26/2016 | RG_EDPA0134038-RG_EDPA0134042 | RIOS 014761-RIOS 014765 |
| 4/26/2016 | RG_EDPA0134043-RG_EDPA0134048 | RIOS 038480-RIOS 038485 |
| 4/27/2016 | RG_EDPA0134097-RG_EDPA0134098 | RIOS 006815-RIOS 006816 |

September 28, 2018
Page 8

| | | |
|---|---|---|
| 4/27/2016 | RG_EDPA0134099 | RIOS 006817 |
| 4/27/2016 | RG_EDPA0134100 | RIOS 006818 |
| 4/27/2016 | RG_EDPA0134101-RG_EDPA0134102 | RIOS 006819-RIOS 006820 |
| 4/27/2016 | RG_EDPA0134103-RG_EDPA0134104 | RIOS 000594-RIOS 000595 |
| 5/2/2016 | RG_EDPA0134331 | RIOS 000629 |
| 5/2/2016 | RG_EDPA0134332-RG_EDPA0134333 | RIOS 006727-RIOS 006728 |
| 5/2/2016 | RG_EDPA0134334-RG_EDPA0134335 | RIOS 000630-RIOS 000631 |
| 5/2/2016 | RG_EDPA0134336-RG_EDPA0134337 | RIOS 006729-RIOS 006730 |
| 5/2/2016 | RG_EDPA0134340-RG_EDPA0134342 | RIOS 006731-RIOS 006733 |
| 5/2/2016 | RG_EDPA0134343-RG_EDPA0134347 | RIOS 014992-RIOS 014996 |
| 5/6/2016 | RG_EDPA0134982 | RIOS 006752 |
| 5/7/2016 | RG_EDPA0134985-RG_EDPA0134986 | RIOS 000232-RIOS 000233 |
| 5/7/2016 | RG_EDPA0134989-RG_EDPA0134990 | RIOS 006755-RIOS 006756 |
| 5/7/2016 | RG_EDPA0134991-RG_EDPA0134993 | RIOS 012592-RIOS 012594 |
| 5/7/2016 | RG_EDPA0134994-RG_EDPA0134996 | RIOS 012595-RIOS 012597 |
| 5/7/2016 | RG_EDPA0134997-RG_EDPA0134999 | RIOS 012598-RIOS 012600 |
| 5/7/2016 | RG_EDPA0135000-RG_EDPA0135002 | RIOS 012601-RIOS 012603 |
| 5/7/2016 | RG_EDPA0135003-RG_EDPA0135006 | RIOS 012604-RIOS 012607 |
| 5/7/2016 | RG_EDPA0135007-RG_EDPA0135011 | RIOS 038034-RIOS 038038 |
| 5/7/2016 | RG_EDPA0135012-RG_EDPA0135015 | RIOS 012608-RIOS 012611 |
| 5/7/2016 | RG_EDPA0135038-RG_EDPA0135039 | RIOS 006474-RIOS 006475 |
| 5/7/2016 | RG_EDPA0135040 | RIOS 006479 |
| 5/7/2016 | RG_EDPA0135041 | RIOS 006476 |
| 5/7/2016 | RG_EDPA0135042 | RIOS 006478 |
| 5/7/2016 | RG_EDPA0135043 | RIOS 006477 |
| 5/7/2016 | RG_EDPA0135044-RG_EDPA0135048 | RIOS 006764-RIOS 006768 |
| 5/7/2016 | RG_EDPA0135049-RG_EDPA0135054 | RIOS 013173-RIOS 013178 |
| 5/7/2016 | RG_EDPA0135055-RG_EDPA0135060 | RIOS 038502-RIOS 038507 |
| 5/9/2016 | RG_EDPA0135105-RG_EDPA0135106 | RIOS 038508-RIOS 038509 |
| 5/9/2016 | RG_EDPA0135107-RG_EDPA0135124 | RIOS 038510-RIOS 038527 |
| 5/9/2016 | RG_EDPA0135140-RG_EDPA0135145 | RIOS 038979-RIOS 038984 |
| 5/9/2016 | RG_EDPA0135146-RG_EDPA0135150 | RIOS 013141-RIOS 013145 |
| 5/9/2016 | RG_EDPA0135151-RG_EDPA0135156 | RIOS 000258-RIOS 000263 |
| 5/9/2016 | RG_EDPA0135157-RG_EDPA0135164 | RIOS 000264-RIOS 000271 |
| 5/9/2016 | RG_EDPA0135165-RG_EDPA0135173 | RIOS 007057-RIOS 007065 |
| 5/9/2016 | RG_EDPA0135174-RG_EDPA0135181 | RIOS 000272-RIOS 000279 |
| 5/9/2016 | RG_EDPA0135182-RG_EDPA0135188 | RIOS 013146-RIOS 013152 |
| 5/9/2016 | RG_EDPA0135191-RG_EDPA0135193 | RIOS 007066-RIOS 007068 |
| 5/9/2016 | RG_EDPA0135194-RG_EDPA0135202 | RIOS 013155-RIOS 013163 |
| 5/9/2016 | RG_EDPA0135203-RG_EDPA0135205 | RIOS 000280-RIOS 000282 |
| 5/9/2016 | RG_EDPA0135206-RG_EDPA0135214 | RIOS 013164-RIOS 013172 |
| 5/9/2016 | RG_EDPA0135215-RG_EDPA0135217 | RIOS 007069-RIOS 007071 |

September 28, 2018
Page 9

| 5/10/2016 | RG_EDPA0135219-RG_EDPA0135221 | RIOS 000245-RIOS 000247 |
|---|---|---|
| 5/10/2016 | RG_EDPA0135222-RG_EDPA0135225 | RIOS 007072-RIOS 007075 |
| 5/10/2016 | RG_EDPA0135226-RG_EDPA0135229 | RIOS 000248-RIOS 000251 |
| 5/10/2016 | RG_EDPA0135230-RG_EDPA0135237 | RIOS 012723-RIOS 012730 |
| 5/10/2016 | RG_EDPA0135656-RG_EDPA0135658 | RIOS 007080-RIOS 007082 |
| 5/10/2016 | RG_EDPA0135659-RG_EDPA0135660 | RIOS 007083-RIOS 007084 |
| 5/11/2016 | RG_EDPA0135661-RG_EDPA0135663 | RIOS 033330-RIOS 033332 |
| 5/11/2016 | RG_EDPA0135664-RG_EDPA0135666 | RIOS 003774-RIOS 003776 |
| 5/12/2016 | RG_EDPA0135914 | RIOS 003898 |
| 5/12/2016 | RG_EDPA0135915 | RIOS 006832 |
| 5/12/2016 | RG_EDPA0135916 | RIOS 006836 |
| 5/12/2016 | RG_EDPA0135917 | RIOS 006834 |
| 5/12/2016 | RG_EDPA0135918 | RIOS 006833 |
| 5/12/2016 | RG_EDPA0135919 | RIOS 006835 |
| 5/12/2016 | RG_EDPA0135920-RG_EDPA0135921 | RIOS 003899-RIOS 003900 |
| 5/16/2016 | RG_EDPA0136120 | RIOS 007051 |
| 5/16/2016 | RG_EDPA0136121 | RIOS 033491 |
| 6/7/2016 | RG_EDPA0136984-RG_EDPA0136985 | RIOS 027209-RIOS 027210 |
| 6/7/2016 | RG_EDPA0136988-RG_EDPA0136989 | RIOS 035005-RIOS 035006 |
| 6/7/2016 | RG_EDPA0136990-RG_EDPA0136992 | RIOS 027211-RIOS 027213 |
| 6/8/2016 | RG_EDPA0137061-RG_EDPA0137063 | |
| 6/9/2016 | RG_EDPA0137276 | RIOS 027574 |
| 6/9/2016 | RG_EDPA0137277 | RIOS 027597 |
| 6/9/2016 | RG_EDPA0137278-RG_EDPA0137297 | RIOS 027577-RIOS 027596 |
| 6/9/2016 | RG_EDPA0137298 | RIOS 027576 |
| 6/9/2016 | RG_EDPA0137299 | RIOS 027575 |
| 6/9/2016 | RG_EDPA0137302-RG_EDPA0137303 | RIOS 004683-RIOS 004684 |
| 6/9/2016 | RG_EDPA0137304-RG_EDPA0137323 | RIOS 004687-RIOS 004706 |
| 6/9/2016 | RG_EDPA0137324 | RIOS 004707 |
| 6/9/2016 | RG_EDPA0137325 | RIOS 004686 |
| 6/9/2016 | RG_EDPA0137326 | RIOS 004685 |
| 7/12/2016 | RG_EDPA0139360 | RIOS 000803 |
| 7/12/2016 | RG_EDPA0139361-RG_EDPA0139362 | RIOS 016002-RIOS 016003 |
| 7/12/2016 | RG_EDPA0139367-RG_EDPA0139368 | RIOS 016008-RIOS 016009 |
| 7/18/2016 | RG_EDPA0139528 | RIOS 039350 |
| 7/18/2016 | RG_EDPA0139529 | RIOS 039353 |
| 7/18/2016 | RG_EDPA0139530 | RIOS 039354 |
| 7/18/2016 | RG_EDPA0139531 | RIOS 039358 |
| 7/18/2016 | RG_EDPA0139532 | RIOS 039351 |
| 7/18/2016 | RG_EDPA0139533 | RIOS 039355 |
| 7/18/2016 | RG_EDPA0139534 | RIOS 039356 |
| 7/18/2016 | RG_EDPA0139535 | RIOS 039352 |

September 28, 2018
Page 10

| 7/18/2016 | RG_EDPA0139536 | RIOS 039361 |
|---|---|---|
| 7/18/2016 | RG_EDPA0139537-RG_EDPA0139538 | RIOS 039359-RIOS 039360 |
| 7/18/2016 | RG_EDPA0139539 | RIOS 039357 |
| 8/27/2016 | RG_EDPA0142187-RG_EDPA0142190 | RIOS 003727-RIOS 003730 |
| 9/6/2016 | RG_EDPA0142650-RG_EDPA0142651 | RIOS 004931-RIOS 004932 |
| 9/6/2016 | RG_EDPA0142657-RG_EDPA0142658 | RIOS 004933-RIOS 004934 |
| 9/6/2016 | RG_EDPA0142685-RG_EDPA0142686 | RIOS 004433-RIOS 004434 |
| 9/6/2016 | RG_EDPA0142688-RG_EDPA0142689 | RIOS 004784-RIOS 004785 |
| 9/6/2016 | RG_EDPA0142737-RG_EDPA0142738 | RIOS 004790-RIOS 004791 |
| 9/6/2016 | RG_EDPA0142739-RG_EDPA0142740 | RIOS 004436-RIOS 004437 |
| 9/26/2016 | RG_EDPA0144013-RG_EDPA0144014 | |
| 9/26/2016 | RG_EDPA0144015-RG_EDPA0144017 | |
| 9/27/2016 | RG_EDPA0144065-RG_EDPA0144067 | RIOS 005143-RIOS 005145 |
| 9/27/2016 | RG_EDPA0144078-RG_EDPA0144080 | RIOS 000078-RIOS 000080 |
| 9/27/2016 | RG_EDPA0144081-RG_EDPA0144084 | RIOS 000081-RIOS 000084 |
| 9/27/2016 | RG_EDPA0144103-RG_EDPA0144105 | |
| 9/29/2016 | RG_EDPA0144215-RG_EDPA0144216 | RIOS 005147-RIOS 005148 |
| 9/29/2016 | RG_EDPA0144217-RG_EDPA0144218 | RIOS 000092-RIOS 000093 |
| 9/30/2016 | RG_EDPA0144324-RG_EDPA0144326 | RIOS 000494-RIOS 000496 |
| 9/30/2016 | RG_EDPA0144327-RG_EDPA0144329 | RIOS 005151-RIOS 005153 |
| 9/30/2016 | RG_EDPA0144330-RG_EDPA0144333 | RIOS 000497-RIOS 000500 |
| 9/30/2016 | RG_EDPA0144334-RG_EDPA0144339 | RIOS 000501-RIOS 000506 |
| 9/30/2016 | RG_EDPA0144340-RG_EDPA0144343 | RIOS 005154-RIOS 005157 |
| 9/30/2016 | RG_EDPA0144346-RG_EDPA0144350 | RIOS 000509-RIOS 000513 |
| 9/30/2016 | RG_EDPA0144351-RG_EDPA0144355 | RIOS 000514-RIOS 000518 |
| 9/30/2016 | RG_EDPA0144356-RG_EDPA0144362 | RIOS 005158-RIOS 005164 |
| 9/30/2016 | RG_EDPA0144363-RG_EDPA0144368 | RIOS 000519-RIOS 000524 |
| 9/30/2016 | RG_EDPA0144369 | RIOS 000525 |
| 9/30/2016 | RG_EDPA0144370-RG_EDPA0144376 | RIOS 005165-RIOS 005171 |
| 9/30/2016 | RG_EDPA0144377 | RIOS 005173 |
| 9/30/2016 | RG_EDPA0144378 | RIOS 005172 |
| 9/30/2016 | RG_EDPA0144380-RG_EDPA0144387 | RIOS 000526-RIOS 000533 |
| 9/30/2016 | RG_EDPA0144394-RG_EDPA0144402 | RIOS 005176-RIOS 005184 |
| 9/30/2016 | RG_EDPA0144427-RG_EDPA0144431 | |
| 9/30/2016 | RG_EDPA0144433-RG_EDPA0144438 | |
| 9/30/2016 | RG_EDPA0144443-RG_EDPA0144449 | |
| 10/6/2016 | RG_EDPA0144519 | RIOS 007123 |
| 10/7/2016 | RG_EDPA0144567-RG_EDPA0144569 | RIOS 007128-RIOS 007130 |
| 10/7/2016 | RG_EDPA0144572-RG_EDPA0144573 | |
| 10/7/2016 | RG_EDPA0144589-RG_EDPA0144590 | |
| 10/10/2016 | RG_EDPA0144616 | RIOS 004272 |
| 10/10/2016 | RG_EDPA0144617 | RIOS 004296 |

September 28, 2018
Page 11

| 10/10/2016 | RG_EDPA0144618 | RIOS 004399 |
|---|---|---|
| 10/10/2016 | RG_EDPA0144619-RG_EDPA0144720 | RIOS 004297-RIOS 004398 |
| 10/10/2016 | RG_EDPA0144721-RG_EDPA0144743 | RIOS 004273-RIOS 004295 |
| 10/12/2016 | RG_EDPA0144752-RG_EDPA0144753 | RIOS 004261-RIOS 004262 |
| 10/12/2016 | RG_EDPA0144754 | RIOS 004265 |
| 10/12/2016 | RG_EDPA0144755-RG_EDPA0144756 | RIOS 004263-RIOS 004264 |
| 10/12/2016 | RG_EDPA0144757-RG_EDPA0144758 | |
| 10/14/2016 | RG_EDPA0144778-RG_EDPA0144780 | |
| 7/12/2018 | RG_EDPA0195954-RG_EDPA0195956 | |
| 7/12/2018 | RG_EDPA0206633-RG_EDPA0206635 | |
| 12/31/9999 | RG_EDPA0214475-RG_EDPA0214481 | RIOS 013179-RIOS 013185 |
| 12/31/9999 | RG_EDPA0214537-RG_EDPA0214540 | RIOS 013596-RIOS 013599 |
| 12/31/9999 | RG_EDPA0214541-RG_EDPA0214542 | RIOS 013691-RIOS 013692 |
| 12/31/9999 | RG_EDPA0215142-RG_EDPA0215143 | RIOS 024127-RIOS 024128 |
| 12/31/9999 | RG_EDPA0215352-RG_EDPA0215353 | RIOS 029110-RIOS 029111 |
| 12/31/9999 | RG_EDPA0215354 | RIOS 029114 |
| 12/31/9999 | RG_EDPA0215355-RG_EDPA0215356 | RIOS 029112-RIOS 029113 |
| 12/31/9999 | RG_EDPA0215602-RG_EDPA0215603 | RIOS 035571-RIOS 035572 |
| 12/31/9999 | RG_EDPA0215604-RG_EDPA0215605 | RIOS 035700-RIOS 035701 |
| 12/31/9999 | RG_EDPA0215621-RG_EDPA0215623 | RIOS 036482-RIOS 036484 |
| 12/31/9999 | RG_EDPA0215627-RG_EDPA0215631 | RIOS 036556-RIOS 036560 |
| 12/31/9999 | RG_EDPA0215705-RG_EDPA0215706 | RIOS 039015-RIOS 039016 |

Thank you for your prompt attention to this matter.

Sincerely,

Christian A. Orozco

# EXHIBIT C

| | |
|---|---|
| **From:** | Theodore, Jeffrey <jtheodore@steptoe.com> |
| **Sent:** | Thursday, October 04, 2018 1:35 PM |
| **To:** | Kramer, Jake; Jon Kelley; Julie Negovan; Sloniewsky, Andrew; hockeimerh@ballardspahr.com; grugant@ballardspahr.com; Agusti, Fil; Petts, Nick; Arad-Neeman, Daniele; pbogdasarian@stradley.com; Scarborough, Lawrence; Landon, Jana (JLandon@STRADLEY.COM); Kent Krabill; Adrian Garcia; Ewelina Johnson; Christian Orozco; Greg Brassfield |
| **Cc:** | Eddystone Team; Richard L. Scheff (RLScheff@ArmstrongTeasdale.com); mwitsch@armstrongteasdale.com |
| **Subject:** | RE: Eddystone v. Ferrellgas -- Clawback of Privileged Documents |

Jake,

If we're wrong about what's on your privilege log, can you please point us to where/how we can find the document identifiers/bates numbers for each entry as well as the explanations of why each document is privileged?

As to your question, we disagree with both the factual and legal premise, and we are not going to provide you with details of our work effort on this case. In any event, we are entitled to submit some or all of the purportedly clawed back documents for in camera review.

Jeff

---

**From:** Kramer, Jake [mailto:jake.kramer@bclplaw.com]
**Sent:** Wednesday, October 03, 2018 7:04 AM
**To:** Theodore, Jeffrey; Jon Kelley; Julie Negovan; Sloniewsky, Andrew; hockeimerh@ballardspahr.com; grugant@ballardspahr.com; Agusti, Fil; Petts, Nick; Arad-Neeman, Daniele; pbogdasarian@stradley.com; Scarborough, Lawrence; Landon, Jana (JLandon@STRADLEY.COM); Kent Krabill; Adrian Garcia; Ewelina Johnson; Christian Orozco; Greg Brassfield
**Cc:** Eddystone Team; Richard L. Scheff (RLScheff@ArmstrongTeasdale.com); mwitsch@armstrongteasdale.com
**Subject:** RE: Eddystone v. Ferrellgas -- Clawback of Privileged Documents

Jeff:

Suffice it to say, we disagree with virtually everything in your email below and remain interested in receiving confirmation that you and your team did not go review these inadvertently produced privileged documents after receiving our clawback notice.  Could you please provide a direct answer to that question?

If you and Lynn Pinker are available, we are available to discuss privilege issues in a meet and confer on Friday.  In the meantime, we will provide more information about the documents about which you inquired in your initial email.

Thanks,
Jake



**JACOB A. KRAMER**
Partner
BRYAN CAVE LEIGHTON PAISNER LLP - Washington, D.C. USA
jacob.kramer@bclplaw.com
T: +1 202 508 6153  M: +1 202 550 8547

**From:** Theodore, Jeffrey [mailto:jtheodore@steptoe.com]
**Sent:** Wednesday, October 03, 2018 4:03 AM
**To:** Kramer, Jake; Jon Kelley; Julie Negovan; Sloniewsky, Andrew; hockeimerh@ballardspahr.com; grugant@ballardspahr.com; Agusti, Fil; Petts, Nick; Arad-Neeman, Daniele; pbogdasarian@stradley.com; Scarborough, Lawrence; Landon, Jana (JLandon@STRADLEY.COM); Kent Krabill; Adrian Garcia; Ewelina Johnson; Christian Orozco; Greg Brassfield
**Cc:** Eddystone Team; Richard L. Scheff (RLScheff@ArmstrongTeasdale.com); mwitsch@armstrongteasdale.com
**Subject:** RE: Eddystone v. Ferrellgas -- Clawback of Privileged Documents

Jake,

Your suggestion that we should have gleaned the basis of your claims of privilege from your privilege log is problematic for three reasons. First, our stipulation provides that any clawback "notice shall include a statement of the basis for the Producing Party's contention that the information is privileged or protected," rather than putting the onus on us to go matching clawed back documents to your privilege log. Second, it was impossible for us to know that the clawed back documents were on your privilege log, much less which entries they might correspond to, since your privilege log does not contain any document ID identifiers for any of the entries. Third, the descriptions in your privilege log do not provide a basis to support any claim that a document is privileged. They simply state "attorney-client privilege" with no explanation whatsoever of the grounds for claiming that a document is covered by the privilege. As a result, even with the correlation table that you provided in your email of this afternoon, there is still no statement as to the basis of your contention that any of the information is privileged.

Despite the facial inadequacy of your clawback notice, we are working to sequester the documents in a prompt manner, and we have no intention of using the material while this remains an issue. That said, the Parties' stipulation requires you to provide an adequate explanation of the documents and the basis for the claim of privilege. It also expressly preserves our right to challenge your claim of privilege and to submit the documents to the Court for that purpose.

Before we do that, we think it appropriate to meet and confer regarding some of the claims in the hopes of resolving them without court intervention. Since both parties have already indicated a desire to meet and confer about a larger range of privilege issues, we think it makes sense to address this in that context rather than to handle privilege issues piecemeal. Since Ferrellgas may own any privilege applicable to documents that Rios and Gamboa are seeking to claw back, we believe that we should include them in the discussion as well. We are available to meet and confer on privilege issues this week at your convenience.

Thanks,

Jeff

**From:** Kramer, Jake [mailto:jake.kramer@bclplaw.com]
**Sent:** Tuesday, October 02, 2018 2:36 PM
**To:** Theodore, Jeffrey; Jon Kelley; Julie Negovan; Sloniewsky, Andrew; hockeimerh@ballardspahr.com; grugant@ballardspahr.com; Agusti, Fil; Petts, Nick; Arad-Neeman, Daniele; pbogdasarian@stradley.com; Scarborough,

Lawrence; Landon, Jana (JLandon@STRADLEY.COM); Kent Krabill; Adrian Garcia; Ewelina Johnson; Christian Orozco; Greg Brassfield
**Cc:** Eddystone Team; Richard L. Scheff (RLScheff@ArmstrongTeasdale.com); mwitsch@armstrongteasdale.com
**Subject:** RE: Eddystone v. Ferrellgas -- Clawback of Privileged Documents


Jeff:

Attached is the chart referenced below.  Please respond to our request for confirmation that these documents were removed from your system without further review.

Thanks,
Jake



JACOB A. KRAMER
Partner
BRYAN CAVE LEIGHTON PAISNER LLP - Washington, D.C. USA
jacob.kramer@bclplaw.com
T: +1 202 508 6153   M: +1 202 550 8547

---

**From:** Kramer, Jake
**Sent:** Monday, October 01, 2018 6:17 PM
**To:** Theodore, Jeffrey; Jon Kelley; Julie Negovan; Sloniewsky, Andrew; hockeimerh@ballardspahr.com; grugant@ballardspahr.com; Agusti, Fil; Petts, Nick; Arad-Neeman, Daniele; pbogdasarian@stradley.com; Scarborough, Lawrence; Landon, Jana (JLandon@STRADLEY.COM); Kent Krabill; Adrian Garcia; Ewelina Johnson; Christian Orozco; Greg Brassfield
**Cc:** Eddystone Team; Richard L. Scheff (RLScheff@ArmstrongTeasdale.com); mwitsch@armstrongteasdale.com
**Subject:** RE: Eddystone v. Ferrellgas -- Clawback of Privileged Documents

Jeff:

As an initial matter, our letter was not a clawback "request."  You are required by Fed. R. Evid. 502(b) and by stipulation (as well as by applicable rules of professional conduct) to promptly return, sequester, or destroy inadvertently produced privileged documents, without conducting any further review of such documents.  Please confirm that you did so after receiving our letter.

The privilege log you received last week includes all of the documents listed in the letter and states the basis for our assertions of privilege.  In addition, more than half of the documents you asked about have been reproduced with redactions to protect privileged information.  For your convenience and for the limited purpose of identifying clawed back documents on our privilege log, we can provide you with a separate table linking each clawed back Bates number to the privilege log row number (and to the new Bates numbers for those reproduced with redactions).  If you continue to have questions after reviewing our privilege log, we will address them.

Thanks,
Jake



JACOB A. KRAMER
Partner
BRYAN CAVE LEIGHTON PAISNER LLP - Washington, D.C. USA
jacob.kramer@bclplaw.com
T: +1 202 508 6153   M: +1 202 550 8547

---

**From:** Theodore, Jeffrey [mailto:jtheodore@steptoe.com]
**Sent:** Friday, September 28, 2018 4:13 PM

3

**To:** Kramer, Jake; Jon Kelley; Julie Negovan; Sloniewsky, Andrew; hockeimerh@ballardspahr.com; grugant@ballardspahr.com; Agusti, Fil; Petts, Nick; Arad-Neeman, Daniele; pbogdasarian@stradley.com; Scarborough, Lawrence; Landon, Jana (JLandon@STRADLEY.COM); Kent Krabill; Adrian Garcia; Ewelina Johnson; Christian Orozco; Greg Brassfield
**Cc:** Eddystone Team; Richard L. Scheff (RLScheff@ArmstrongTeasdale.com); mwitsch@armstrongteasdale.com
**Subject:** RE: Eddystone v. Ferrellgas -- Clawback of Privileged Documents

Jake,

We have reviewed your clawback request, which does not "include a statement of the basis for the Producing Party's contention that the information is privileged or protected" as required by our 502(d) stipulation.

As a result, we have specific questions about some of the privilege claims. For example, many of the documents appear to relate to a post-BL acquisition dispute between Bridger LLC and Ferrellgas and are documents as to which, if privileged, Bridger LLC (now Jamex LLC) would own the privilege. That they are in FGP's possession should waive any privilege, and it is unclear that they would be privileged in the first place. Examples include: BLFG_EDPA2035455; BLFG_EDPA2035458; BLFG_EDPA2038128; BLFG_EDPA2038131-32; BLFG_EDPA2038355; BLFG_EDPA2038356; BLFG_EDPA2038397; BLFG_EDPA2038494; BLFG_EDPA2038531; BLFG_EDPA2039818; BLFG_EDPA2282309; BLFG_EDPA2282311.

Several other documents do not appear on their face to be privileged. Examples include BLFG_EDPA1787922; BLFG_EDPA1787926; BLFG_EDPA1787930; BLFG_EDPA1614006; BLFG_EDPA1614008; BLFG_EDPA1614011; BLFG_EDPA1614055; BLFG_EDPA1614063; BLFG_EDPA2279913; BLFG_EDPA2279928; BLFG_EDPA1976346; BLFG_EDPA2200336-37; BLFG_EDPA2200465-67; BLFG_EDPA2226585; BLFG_EDPA2237315.

Please let us know the basis on which you contend the materials you seek to claw back are privileged.

Thanks,

Jeff

---

**From:** Kramer, Jake [mailto:jake.kramer@bclplaw.com]
**Sent:** Friday, September 21, 2018 9:22 AM
**To:** Theodore, Jeffrey; Jon Kelley; Julie Negovan; Sloniewsky, Andrew; hockeimerh@ballardspahr.com; grugant@ballardspahr.com; Agusti, Fil; Petts, Nick; Arad-Neeman, Daniele; pbogdasarian@stradley.com; Scarborough, Lawrence; Landon, Jana (JLandon@STRADLEY.COM); Kent Krabill; Adrian Garcia; Ewelina Johnson; Christian Orozco; Greg Brassfield
**Cc:** Eddystone Team; Richard L. Scheff (RLScheff@ArmstrongTeasdale.com); mwitsch@armstrongteasdale.com
**Subject:** Eddystone v. Ferrellgas -- Clawback of Privileged Documents

Jeff:

Please review the attached letter clawing back some inadvertently produced documents.

Thanks,
Jake



**JACOB A. KRAMER**
Partner
BRYAN CAVE LEIGHTON PAISNER LLP - Washington, D.C. USA
jacob.kramer@bclplaw.com
T: +1 202 508 6153  M: +1 202 550 8547

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

We may monitor and record electronic communications in accordance with applicable laws and regulations. Where appropriate we may also share certain information you give us with our other offices (including in other countries) and select third parties. For further information (including details of your privacy rights and how to exercise them), see our updated Privacy Notice at www.bclplaw.com.

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

We may monitor and record electronic communications in accordance with applicable laws and regulations. Where appropriate we may also share certain information you give us with our other offices (including in other countries) and select third parties. For further information (including details of your privacy rights and how to exercise them), see our updated Privacy Notice at www.bclplaw.com.

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

We may monitor and record electronic communications in accordance with applicable laws and regulations. Where appropriate we may also share certain information you give us with our other offices (including in other countries) and select third parties. For further information (including details of your privacy rights and how to exercise them), see our updated Privacy Notice at www.bclplaw.com.

# EXHIBIT D

| | |
|---|---|
| **From:** | Jeremy Fielding <jfielding@lynnllp.com> |
| **Sent:** | Wednesday, October 03, 2018 9:26 AM |
| **To:** | Theodore, Jeffrey |
| **Cc:** | Christian Orozco; Jon Kelley; Agusti, Fil; Petts, Nick; hockeimerh@ballardspahr.com; grugant@ballardspahr.com; Sloniewsky, Andrew; Kramer, Jake; Hartley, Sarah; Ewelina Johnson; Kirkeby, Lisa; Kent Krabill; Witsch, Michael (MWitsch@mmwr.com); Scheff, Richard (rscheff@mmwr.com); Ragsdale Olszeski, Ali; Scarborough, Lawrence; Walsh, Brian; Natalie Stallbohm; Greg Brassfield; Davis, Tim |
| **Subject:** | Re: Eddystone v. Bridger et al.; Rios and Gamboa Supplemental Production |

Jeff:

We have done so in our letter. But we will do so again: the documents identified in our letter involve communications between FGP employees and lawyers for FGP in which those lawyers are providing legal advice or being requested that they provide legal advice.

Please confirm pursuant to the federal rules and our stipulation that you have deleted all copies of the clawed-back documents.

Regards,

Jeremy

Sent from my iPad

On Oct 3, 2018, at 3:04 AM, Theodore, Jeffrey <jtheodore@steptoe.com> wrote:

> Christian,
>
> Please provide us "a statement of the basis for the Producing Party's contention that the information is privileged or protected" as required by our 502(d) stipulation.
>
> Thanks,
>
> Jeff

**From:** Christian Orozco [mailto:corozco@lynnllp.com]
**Sent:** Friday, September 28, 2018 11:53 AM
**To:** Jon Kelley; Theodore, Jeffrey; Agusti, Fil; Petts, Nick; hockeimerh@ballardspahr.com; grugant@ballardspahr.com; Sloniewsky, Andrew
**Cc:** Kramer, Jake; Hartley, Sarah; Ewelina Johnson; Kirkeby, Lisa; Kent Krabill; Jeremy Fielding; Witsch, Michael (MWitsch@mmwr.com); Scheff, Richard (rscheff@mmwr.com); Ragsdale Olszeski, Ali;

Scarborough, Lawrence; Walsh, Brian; Natalie Stallbohm; Greg Brassfield; Davis, Tim
**Subject:** RE: Eddystone v. Bridger et al.; Rios and Gamboa Supplemental Production

Jeff:

Please review the attached letter clawing back some inadvertently produced documents.

Best,
Christian

---

**From:** Christian Orozco
**Sent:** Friday, August 24, 2018 1:08 PM
**To:** Jon Kelley <jkelley@lynnllp.com>; Theodore, Jeffrey <jtheodore@steptoe.com>; Filiberto Agusti (fagusti@steptoe.com) <fagusti@steptoe.com>; Petts, Nick <npetts@Steptoe.com>; hockeimerh@ballardspahr.com; grugant@ballardspahr.com; ASloniewsky@steptoe.com
**Cc:** Kramer, Jake <jake.kramer@bclplaw.com>; Hartley, Sarah <sarah.hartley@bclplaw.com>; Ewelina Johnson <ejohnson@lynnllp.com>; Kirkeby, Lisa <lisa.kirkeby@bclplaw.com>; Kent Krabill <kkrabill@lynnllp.com>; Jeremy Fielding <jfielding@lynnllp.com>; Witsch, Michael (MWitsch@mmwr.com) <MWitsch@mmwr.com>; Scheff, Richard (rscheff@mmwr.com) <rscheff@mmwr.com>; Ragsdale Olszeski, Ali <ali.olszeski@bclplaw.com>; Scarborough, Lawrence <lgscarborough@bclplaw.com>; Walsh, Brian <brian.walsh@bclplaw.com>; Natalie Stallbohm <nstallbohm@lynnllp.com>; Greg Brassfield <gbrassfield@lynnllp.com>; Davis, Tim <tim.davis@bclplaw.com>
**Subject:** RE: Eddystone v. Bridger et al.; Rios and Gamboa Supplemental Production

Counsel:

Please find attached Julio Rios and Jeremy Gamboa's Privilege Log.

Best,
Christian

---

**From:** Christian Orozco
**Sent:** Monday, August 13, 2018 9:38 PM
**To:** Jon Kelley <jkelley@lynnllp.com>; Theodore, Jeffrey <jtheodore@steptoe.com>; Filiberto Agusti (fagusti@steptoe.com) <fagusti@steptoe.com>; Petts, Nick <npetts@Steptoe.com>; hockeimerh@ballardspahr.com; grugant@ballardspahr.com; ASloniewsky@steptoe.com
**Cc:** Kramer, Jake <jake.kramer@bclplaw.com>; Hartley, Sarah <sarah.hartley@bclplaw.com>; Ewelina Johnson <ejohnson@lynnllp.com>; Kirkeby, Lisa <lisa.kirkeby@bclplaw.com>; Kent Krabill <kkrabill@lynnllp.com>; Jeremy Fielding <jfielding@lynnllp.com>; Witsch, Michael (MWitsch@mmwr.com) <MWitsch@mmwr.com>; Scheff, Richard (rscheff@mmwr.com) <rscheff@mmwr.com>; Ragsdale Olszeski, Ali <ali.olszeski@bclplaw.com>; Scarborough, Lawrence <lgscarborough@bclplaw.com>; Walsh, Brian <brian.walsh@bclplaw.com>; Natalie Stallbohm <nstallbohm@lynnllp.com>; Greg Brassfield <gbrassfield@lynnllp.com>; Davis, Tim <tim.davis@bclplaw.com>
**Subject:** Re: Eddystone v. Bridger et al.; Rios and Gamboa Supplemental Production

Counsel,

Below is a link to Rios and Gamboa's supplemental production, stamped **RG_EDPA0215963-RG_EDPA0216675.**

LINK:
https://dallaspinnacle.brickftp.com/f/3f6b1cac560350ef


Please let me know if you have any trouble accessing these files.

Best,
Christian

---

**From:** Christian Orozco <corozco@lynnllp.com>
**Date:** Monday, July 23, 2018 at 9:58 AM
**To:** Jon Kelley <jkelley@lynnllp.com>, "Theodore, Jeffrey" <jtheodore@steptoe.com>, "Filiberto Agusti (fagusti@steptoe.com)" <fagusti@steptoe.com>, "Petts, Nick" <npetts@Steptoe.com>, "hockeimerh@ballardspahr.com" <hockeimerh@ballardspahr.com>, "grugant@ballardspahr.com" <grugant@ballardspahr.com>, "ASloniewsky@steptoe.com" <ASloniewsky@steptoe.com>
**Cc:** "Kramer, Jake" <jake.kramer@bclplaw.com>, "Hartley, Sarah" <sarah.hartley@bclplaw.com>, Ewelina Johnson <ejohnson@lynnllp.com>, "Kirkeby, Lisa" <lisa.kirkeby@bclplaw.com>, Kent Krabill <kkrabill@lynnllp.com>, Jeremy Fielding <jfielding@lynnllp.com>, "Witsch, Michael (MWitsch@mmwr.com)" <MWitsch@mmwr.com>, "Scheff, Richard (rscheff@mmwr.com)" <rscheff@mmwr.com>, "Ragsdale Olszeski, Ali" <ali.olszeski@bclplaw.com>, "Scarborough, Lawrence" <lgscarborough@bclplaw.com>, "Walsh, Brian" <brian.walsh@bclplaw.com>, Natalie Stallbohm <nstallbohm@lynnllp.com>, Greg Brassfield <gbrassfield@lynnllp.com>, "Davis, Tim" <tim.davis@bclplaw.com>
**Subject:** RE: Eddystone v. Bridger et al.; Rios and Gamboa Supplemental Production

Counsel,

Below is a link to Rios and Gamboa's supplemental production, stamped **RG_EDPA0108388 - RG_EDPA0215962.**

LINK:
https://dallaspinnacle.brickftp.com/f/eb6f9ba5b74fc2d4


Note that these are being produced pursuant to the requests propounded in Eddystone's Second Set of RFPs regarding the arbitration dispute between Rios and Gamboa, on the one hand, and any Ferrellgas Entity that employed them, on the other hand.  As such, and pursuant to the Court's Protective Order (ECF No. 63), these documents are also labeled as "CONFIDENTIAL."

Please let me know if you have any trouble accessing these files.

Best,
Christian

---

**From:** Jonathan Kelley
**Sent:** Monday, July 02, 2018 8:55 PM

**To:** Theodore, Jeffrey <jtheodore@steptoe.com>; Filiberto Agusti (fagusti@steptoe.com)
<fagusti@steptoe.com>; Petts, Nick <npetts@Steptoe.com>; hockeimerh@ballardspahr.com;
grugant@ballardspahr.com; ASloniewsky@steptoe.com
**Cc:** Kramer, Jake <jake.kramer@bclplaw.com>; Hartley, Sarah <sarah.hartley@bclplaw.com>; Ewelina
Johnson <ejohnson@lynnllp.com>; Kirkeby, Lisa <lisa.kirkeby@bclplaw.com>; Kent Krabill
<kkrabill@lynnllp.com>; Jeremy Fielding <jfielding@lynnllp.com>; Witsch, Michael
(MWitsch@mmwr.com) <MWitsch@mmwr.com>; Scheff, Richard (rscheff@mmwr.com)
<rscheff@mmwr.com>; Ragsdale Olszeski, Ali <ali.olszeski@bclplaw.com>; Scarborough, Lawrence
<lgscarborough@bclplaw.com>; Walsh, Brian <brian.walsh@bclplaw.com>; Natalie Stallbohm
<nstallbohm@lynnllp.com>; Greg Brassfield <gbrassfield@lynnllp.com>; Christian Orozco
<corozco@lynnllp.com>; Davis, Tim <tim.davis@bclplaw.com>
**Subject:** RE: Eddystone v. Bridger et al.; Rios and Gamboa Supplemental Production

Counsel,

Below is a link to Rios and Gamboa's supplemental production, stamped **RG_EDPA0098131-
RG_EDPA0108387.**

LINK:
https://dallaspinnacle.brickftp.com/f/b720651cea776b1e

Note that these are being produced pursuant to the requests propounded in Eddystone's Third Set of
RFPs, and complete Rios and Gamboa's production of documents responsive to these requests.

Please let me know if you have any trouble accessing these files.

Thanks,
Jon

---

**From:** Christian Orozco
**Sent:** Tuesday, November 7, 2017 11:02 AM
**To:** Christina Taylor <ctaylor@lynnllp.com>; grugant@ballardspahr.com; Agusti, Fil
<FAgusti@steptoe.com>; Work, Tim <twork@steptoe.com>; Petts, Nick <npetts@Steptoe.com>;
Theodore, Jeffrey <jtheodore@steptoe.com>; Sorkin, Joseph L. <jsorkin@AkinGump.com>; Zensky, David
<dzensky@AkinGump.com>; Porter, Katherine <kporter@akingump.com>; Dailey, Jeffery
<JDailey@AKINGUMP.com>; Gardner, Carly <cgardner@akingump.com>; jnegovan@griesinglaw.com;
hockeimerh@ballardspahr.com; Eno, Kirkely <keno@akingump.com>; Sloniewsky, Andrew
<ASloniewsky@steptoe.com>; Susan Wiebel <SWiebel@lynnllp.com>
**Cc:** Jonathan Kelley <jkelley@lynnllp.com>; Jeremy Fielding <jfielding@lynnllp.com>; Kent Krabill
<kkrabill@lynnllp.com>
**Subject:** RE: Eddystone v. Bridger et al.; Rios and Gamboa Supplemental Production

Counsel,

Below is a link to Defendants Rios and Gamboa's supplemental production, stamped **RG_EDPA0020239 -
RG_EDPA0024459**.

LINK:
https://dallaspinnacle.brickftp.com/f/d7b02fda68d1ed30

Best,
Christian

---

**From:** Christian Orozco
**Sent:** Monday, November 06, 2017 10:31 AM
**To:** Christina Taylor <ctaylor@lynnllp.com>; grugant@ballardspahr.com; Agusti, Fil <FAgusti@steptoe.com>; Work, Tim <twork@steptoe.com>; Petts, Nick <npetts@Steptoe.com>; Theodore, Jeffrey <jtheodore@steptoe.com>; Sorkin, Joseph L. <jsorkin@AkinGump.com>; Zensky, David <dzensky@AkinGump.com>; Porter, Katherine <kporter@akingump.com>; Dailey, Jeffery <JDailey@AKINGUMP.com>; Gardner, Carly <cgardner@akingump.com>; jnegovan@griesinglaw.com; hockeimerh@ballardspahr.com; Eno, Kelly <keno@akingump.com>; Sloniewsky, Andrew <ASloniewsky@steptoe.com>; Susan Wiebel <SWiebel@lynnllp.com>
**Cc:** Jonathan Kelley <jkelley@lynnllp.com>; Jeremy Fielding <jfielding@lynnllp.com>; Kent Krabill <kkrabill@lynnllp.com>
**Subject:** RE: Eddystone v. Bridger et al.; Rios and Gamboa Supplemental Production

Counsel,

Below is a link to Defendants Rios and Gamboa's supplemental production, stamped **RG_EDPA0011221 - RG_EDPA0020238**.

LINK:
https://dallaspinnacle.brickftp.com/f/9d3afff39681d8dc

Best,
Christian

---

**From:** Christina Taylor
**Sent:** Tuesday, October 31, 2017 4:12 PM
**To:** grugant@ballardspahr.com; Agusti, Fil <FAgusti@steptoe.com>; Work, Tim <twork@steptoe.com>; Petts, Nick <npetts@Steptoe.com>; Theodore, Jeffrey <jtheodore@steptoe.com>; Sorkin, Joseph L. <jsorkin@AkinGump.com>; Zensky, David <dzensky@AkinGump.com>; Porter, Katherine <kporter@akingump.com>; Dailey, Jeffery <JDailey@AKINGUMP.com>; Gardner, Carly <cgardner@akingump.com>; jnegovan@griesinglaw.com; hockeimerh@ballardspahr.com; Eno, Kelly <keno@akingump.com>; Sloniewsky, Andrew <ASloniewsky@steptoe.com>; Susan Wiebel <SWiebel@lynnllp.com>
**Cc:** Jonathan Kelley <jkelley@lynnllp.com>; Jeremy Fielding <jfielding@lynnllp.com>; Kent Krabill <kkrabill@lynnllp.com>; Christian Orozco <corozco@lynnllp.com>
**Subject:** RE: Eddystone v. Bridger et al.; Rios and Gamboa Supplemental Production

Counsel,

Below is a link to Defendants Rios' and Gamboa's supplemental production, stamped **RG_EDPA0003015 - RG_EDPA0011220**.

LINK:
https://dallaspinnacle.brickftp.com/f/5be463878fe4ed69

**CHRISTINA TAYLOR** | Paralegal
**LynnPinkerCoxHurst**

**From:** Christina Taylor
**Sent:** Tuesday, October 24, 2017 3:11 PM
**To:** grugant@ballardspahr.com; Agusti, Fil <FAgusti@steptoe.com>; Work, Tim <twork@steptoe.com>; Petts, Nick <npetts@Steptoe.com>; Theodore, Jeffrey <jtheodore@steptoe.com>; Sorkin, Joseph L. <jsorkin@AkinGump.com>; Zensky, David <dzensky@AkinGump.com>; Porter, Katherine <kporter@akingump.com>; Dailey, Jeffery <JDailey@AKINGUMP.com>; Gardner, Carly <cgardner@akingump.com>; jnegovan@griesinglaw.com; hockeimerh@ballardspahr.com; Eno, Kelly <keno@akingump.com>; Sloniewsky, Andrew <ASloniewsky@steptoe.com>; Susan Wiebel <SWiebel@lynnllp.com>
**Cc:** Jonathan Kelley <jkelley@lynnllp.com>; Jeremy Fielding <jfielding@lynnllp.com>; Kent Krabill <kkrabill@lynnllp.com>; Christian Orozco <corozco@lynnllp.com>
**Subject:** RE: Eddystone v. Bridger et al.; Rios and Gamboa Supplemental Production

Counsel,

Below is a link to Defendants Rios' and Gamboa's supplemental production, stamped **RG_EDPA0000298 - RG_EDPA0003014** and marked "confidential."

LINK: https://dallaspinnacle.brickftp.com/f/5a30d227e2dab74f

**CHRISTINA TAYLOR** | Paralegal
**Lynn**Pinker**Cox**Hurst

**From:** Jonathan Kelley
**Sent:** Wednesday, October 04, 2017 4:24 PM
**To:** grugant@ballardspahr.com; Agusti, Fil <FAgusti@steptoe.com>; Work, Tim <twork@steptoe.com>; Petts, Nick <npetts@Steptoe.com>; Theodore, Jeffrey <jtheodore@steptoe.com>; Sorkin, Joseph L. <jsorkin@AkinGump.com>; Christina Taylor <ctaylor@lynnllp.com>; Zensky, David <dzensky@AkinGump.com>; Porter, Katherine <kporter@akingump.com>; Jeremy Fielding <jfielding@lynnllp.com>; Kent Krabill <kkrabill@lynnllp.com>; Christian Orozco <corozco@lynnllp.com>; Dailey, Jeffery <JDailey@AKINGUMP.com>; Gardner, Carly <cgardner@akingump.com>; jnegovan@griesinglaw.com; hockeimerh@ballardspahr.com; Eno, Kelly <keno@akingump.com>; Sloniewsky, Andrew <ASloniewsky@steptoe.com>; Susan Wiebel <SWiebel@lynnllp.com>; Christina Taylor <ctaylor@lynnllp.com>
**Subject:** Eddystone v. Bridger et al.; Rios and Gamboa Supplemental Production of Bank Records

Counsel,

Below is a link to Defendants Rios' and Gamboa's supplemental production, stamped **RG_EDPA0000203 - RG_EDPA0000297** and marked as "confidential" and "attorneys' eyes only":

**Link**: https://dallaspinnacle.brickftp.com/f/338f9fb3c87b2e1e

This production contains bank records for both Rios' and Gamboa's personal accounts at Business First Bank, from November 2015 through May 2016. These records have been redacted except for any incoming or outgoing transactions involving any Ferrellgas, Bridger, or Jamex entity.

Thanks,
Jon

**From:** Jonathan Kelley
**Sent:** Wednesday, August 30, 2017 7:02 PM
**To:** 'grugant@ballardspahr.com' <grugant@ballardspahr.com>; 'Agusti, Fil' <FAgusti@steptoe.com>;
'Work, Tim' <twork@steptoe.com>; 'Petts, Nick' <npetts@Steptoe.com>; 'Theodore, Jeffrey'
<jtheodore@steptoe.com>; Christina Taylor <ctaylor@lynnllp.com>; 'Zensky, David'
<dzensky@AkinGump.com>; 'Porter, Katherine' <kporter@akingump.com>; Jeremy Fielding
<jfielding@lynnllp.com>; Kent Krabill <kkrabill@lynnllp.com>; 'Dailey, Jeffery'
<JDailey@AKINGUMP.com>; 'Gardner, Carly' <cgardner@akingump.com>;
'jnegovan@griesinglaw.com' <jnegovan@griesinglaw.com>; 'hockeimerh@ballardspahr.com'
<hockeimerh@ballardspahr.com>; 'Eno, Kelly' <keno@akingump.com>; 'Sloniewsky, Andrew'
<ASloniewsky@steptoe.com>; Susan Wiebel <SWiebel@lynnllp.com>
**Subject:** RE: Eddystone v. Bridger et al.; Rios and Gamboa Production of Insurance Agreements

Counsel,

I have attached a copy of Defendants Julio Rios' and Jeremy Gamboa's supplemental production, stamped **RG_EDPA0000202**, which contains the indemnification agreement with Ferrellgas identified in our initial disclosures.  I note that this is the only indemnification agreement in existence, and as such, this completes our production of the insurance documents referenced in the disclosures.

Thanks,
Jon

_____
**From:** Jonathan Kelley
**Sent:** Thursday, August 24, 2017 3:59 PM
**To:** grugant@ballardspahr.com; Agusti, Fil <FAgusti@steptoe.com>; Work, Tim <twork@steptoe.com>;
Petts, Nick <npetts@Steptoe.com>; Theodore, Jeffrey <jtheodore@steptoe.com>; Zensky, David
<dzensky@AkinGump.com>; Porter, Katherine <kporter@akingump.com>; Jeremy Fielding
<jfielding@lynnllp.com>; Kent Krabill <kkrabill@lynnllp.com>; Dailey, Jeffery
<JDailey@AKINGUMP.com>; Gardner, Carly <cgardner@akingump.com>; jnegovan@griesinglaw.com;
hockeimerh@ballardspahr.com; Eno, Kelly <keno@akingump.com>; 'Sloniewsky, Andrew'
<ASloniewsky@steptoe.com>
**Subject:** Eddystone v. Bridger et al.; Rios and Gamboa Production of Insurance Agreements

Counsel,

Below is a link containing Defendants Julio Rios' and Jeremy Gamboa's production of insurance agreements identified in their initial disclosures, stamped **RG_EDPA0000001 - RG_EDPA0000201**.  Let me know if you have any trouble downloading the files.

Link:  https://dallaspinnacle.brickftp.com/f/244a2d24f8ae165b

**JON KELLEY**, Attorney
**Lynn Pinker Cox & Hurst**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
**lynnllp.com**

Direct    214 981 3823
**jkelley@lynnllp.com**

*Benchmark Litigation - Top 10 Litigation Boutiques in America - 2017*

# EXHIBIT E

## LYNN PINKER COX HURST

JEREMY A. FIELDING, PLLC
*Partner*

D 214 981 3803
F 214 981 3839
jfielding@lynnllp.com

Lynn Pinker Cox & Hurst, LLP
2100 Ross Avenue
Suite 2700
Dallas, Texas 75201
**lynnllp.com**

October 05, 2018

**<u>Via Email: fagusti@steptoe.com</u>**
Mr. Filiberto Agusti
STEPTOE & JOHNSON LLP
1330 Connecticut Ave. NW
Washington, DC 20036

Re:     *Eddystone Rail Company, LLC v. Bridger Logistics, LLC et al.*, Civil
        Action No. 17–cv–00495, in the USDC for the Eastern District of
        Pennsylvania

Counsel:

Over the last several days, the parties have had an exhaustive back-and-forth regarding the proper treatment of produced materials which have been flagged as subject to the attorney-client privilege. We are concerned that there remains disagreement about the treatment of those materials where there should be none. So there can be no mistake, the documents identified in our letter dated September 28, 2018 (the "Clawback Letter") are protected by the attorney-client privilege and cannot be used in any way. This should be uncontroversial for several reasons.

*First*, and most importantly, disclosure of privileged information in this case cannot constitute waiver because it is governed by a protective order under Rule 502(d) of the Federal Rules of Evidence. Rule 502(d) states:

A federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court--in which event the disclosure is also not a waiver in any other federal or state proceeding.

Document 62, filed July 31, 2017, is the parties' Stipulation Pursuant to Fed. R. Civ. P. 502(d). The parties specifically contemplated that "voluminous" electronic discovery could lead to the inadvertent production of privileged information. The parties further contemplated that the burden of ensuring absolute protection against such disclosure should be ameliorated by stipulating, among other things, that the production of privileged documents "is not a waiver of privilege or protection from discovery." Notably, the parties agreed that their stipulation would govern *"regardless of whether the Producing Party took reasonable steps to prevent the disclosure or to rectify the error."*

Rios and Gamboa are entitled to the protections of the stipulation because they have complied with their obligations. Firstly, they promptly provided written notice to Eddystone. Rios and Gamboa discovered the inadvertent disclosure on September 27, 2018 and sent the Clawback Letter to Eddystone's counsel the very next day. *See* Email from Christian Orozco to Jeffrey Theodore, dated September 28, 2018 at 11:53 am ("Please review the attached letter clawing back some inadvertently produced documents."). Secondly, Rios and Gamboa provided Eddystone with a "basis for the Producing Party's contention that the information is privileged or protected." *See* Email from Jeremy Fielding to Jeffrey Theodore, dated October 3, 2018 at 8:26 am ("[T]he documents identified in our letter involve communications between FGP employees and lawyers for FGP in which those lawyers are providing legal advice or being requested that they provide legal advice. Please confirm pursuant to the federal rules and our stipulation that you have deleted all copies of the clawed-back documents by our 502(d) stipulation.").

Having been duly notified under the stipulation, Eddystone *must* "return, sequester, or destroy" the information identified in the Clawback Letter. Eddystone *must not* use the information in any way. If Steptoe has disseminated any of that information (*e.g.*, to its client in the form of a memo), it *must* retrieve it immediately. In any event, under no circumstances may Eddystone review any of the information. Should it choose to challenge the privilege designations, Eddystone may not use the contents of the information in support of any motion. Indeed, Eddystone must make its application based on nonprivileged information, like the information included in a privilege log, to challenge and assertions of privilege.

***Second,*** even if there were no stipulation in place, Rule 502(b) would apply and defeat any argument of waiver of privilege of the documents identified in the Clawback Letter. Here, there is no serious question that the inadvertent production of 400 documents among the millions of pages of documents produced in this case falls squarely within Rule 502(b)'s broad protections.

***Third,*** even if there were no stipulation in place, Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure would apply and require Eddystone to sequester or destroy all information identified in the Clawback Letter; prohibit use of that information; and retrieve that information if it was already disseminated.

***Fourth,*** even if there were no stipulation, the case law in this jurisdiction would protect the attorney-client privilege in the information identified in the Clawback Letter. *Rhoads Indus., Inc. v. Bldg. Materials Corp. of Am.*, 254 F.R.D. 216 (E.D. Pa.), is one of many cases detailing the importance of preserving attorney-client privilege. There, even though four of the five factors in the Third Circuit's traditional five-factor balancing test militated in favor of waiver, the fifth factor – the interest of justice – outweighed the other four combined. Specifically, that court held that:

> "Loss of the attorney-client privilege in a high-stakes, hard-fought litigation is a severe sanction and can lead to serious prejudice. Although I have little knowledge of the content of Rhoads's privileged documents, I assume they contain candid assessments of the facts and strategy in this case, as to which Rhoads understandably has a high degree of proprietary interest.

2

> On the other hand, denying these documents to Defendants is not prejudicial
> to Defendants because, in the first place, they have no right or expectation to
> any of Rhoads's privileged communications…."

*Rhoads Indus., Inc. v. Bldg. Materials Corp. of Am.*, 254 F.R.D. at 227.

**Fifth,** and this should go without saying, but there are ethical and professional rules governing the review and use of inadvertently produced documents. Among others is, ABA Rule 4.4(b) and its many jurisdictional equivalents (*e.g.*, DC Rule 4.4(b)). Briefly, information which is protected, including information subject to the attorney-client privilege, is off limits once it is identified as protected.

In sum, we trust that there remains no question that, as to the information identified in the Clawback Letter, Eddystone will not open, review, or use a single document for any reason. Accordingly, please provide us with an unequivocal statement that, after receipt of the Clawback Letter, Eddystone has not opened or reviewed any of the information contained therein, and that it will not do so unless permitted by the Court.

Best regards,

Jeremy Fielding, PLLC

# EXHIBIT F

# LYNN PINKER COX HURST

JEREMY A. FIELDING, PLLC
*Partner*

D 214 981 3803
F 214 981 3839
jfielding@lynnllp.com

Lynn Pinker Cox & Hurst, LLP
2100 Ross Avenue
Suite 2700
Dallas, Texas 75201
lynnllp.com

October 08, 2018

**Via Email: fagusti@steptoe.com**
Mr. Filiberto Agusti
STEPTOE & JOHNSON LLP
1330 Connecticut Ave. NW
Washington, DC 20036

Re:   *Eddystone Rail Company, LLC v. Bridger Logistics, LLC et al.,* Civil Action No.
17–cv–00495, in the USDC for the Eastern District of Pennsylvania

Counsel:

We appreciate your time Friday to discuss important issues related to the proper treatment of materials we asserted are subject to the attorney-client privilege in our Clawback Letter from September 28, 2018. It should come as no surprise that we are far more concerned about the treatment of our materials following the call than we were before the call. Among our chief concerns were the revelations that Steptoe: (1) identified privileged information between Ferrellgas Partners ("FGP") and its counsel from our July 20, 2018 production; (2) acknowledged that we would view that information as Protected Information as defined in our Stipulation Pursuant to FED. R. CIV. P. 502(d), filed July 31, 2017 (the "Stipulation"); (3) did not immediately sequester or destroy that information as required by the Stipulation; (4) did not immediately notify us about the inadvertent disclosure as required by the Stipulation; and (5) continued to review and identify other privileged information after it was crystal clear that the information was Protected Information.

Our goal in this letter is not to litigate matters to which you have already expressed your strong disagreement. We would, however, like to make an attempt to isolate the factual information that will inform us of exactly how our information was treated, without prying into matters that could fairly be characterized as privileged or protected by the work product doctrine. We believe that the following list of questions might help narrow, and possibly eliminate our concerns.

1. Please identify the date on which Steptoe first identified Protected Information in our July 20, 2018 production.
2. Please identify the individual who first determined that Steptoe received Protected Information, as well as all individuals who subsequently reviewed Protected Information.
3. Please identify by Bates Label the first document Steptoe determined was Protected Information.
4. Please identify by Bates Label each document containing Protected Information that was reviewed by Steptoe.

5.  Jeffrey Theodore represented today that certain Protected Information was "seared into [his] memory," and he could recite certain Protected Information "by heart." He also stated that, upon reviewing such Protected Information, it was "clear to [him] that [we] would claim that it was privileged." Please identify such Protected Information by  by Bates Label and state the date on which he first reviewed the Protected Information.

6.  Please confirm that Steptoe never disclosed any Protected Information in any form, (*e.g.,* written or oral) to anyone, including, but not limited to its client, retained or nonretained experts, or fact witnesses.

7.  Please identify all individuals who reviewed Protected Information, stating their name, employer, and job title.

8.  Jeffrey Theodore also represented today that Steptoe was preparing a notice under the stipulation when it received our Clawback Letter. Please identify the date that Steptoe began preparing such notice.

9.  Please confirm that Steptoe immediately stopped review of documents after it first determined it received Protected Information,.

10. Please identify the steps Steptoe has taken to sequester and collect all Protected Information, including copies.

11. Please confirm that Steptoe did not incorporate Protected Information in any work product (*e.g.,* memoranda, briefing, analyses, reports, etc.).

We understand that Steptoe may continue to resist responding to our inquiries about Protected Information. But without full, frank responses to these factual inquiries, we cannot imagine how we can avoid significant judicial intervention. Because time is of the essence in this matter, we need responses by no later than Tuesday, October 9 at 5:00 pm EST. If we do not receive full responses, we intend to seek relief from the Court for violations of the Stipulation and reserve the right to seek all other relief up to and including disqualification.

Best regards,

Jeremy Fielding, PLLC

# EXHIBIT G

Jeffrey M. Theodore
202 429 8139
jtheodore@steptoe.com



1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com

October 9, 2018

Jeremy Fielding
Lynn Pinker Cox & Hurst LLP
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201

Jeremy,

Thanks for your letter. For the record, we disagree with your various assertions, including your accusations of unspecified misconduct and your characterization of the so-called "revelations" from our Friday meet and confer teleconference. The accusations and questions in your letter are baseless and do not suggest a good faith effort to meet-and-confer regarding these issues.

We do not think that there is a single document in your production that is privileged. But we have sequestered every document from your production that you have asserted to be privileged (as we stated on the phone, we dispute that the documents are privileged) or that we think you might believe to be privileged. We have not in any way disclosed or made use of any such document to prosecute this litigation. We have not shared them with experts, our client, or anyone else. We have not reviewed them with the knowledge that they were privileged or that you would think them to be privileged. And we will not use them, except in the context of motion practice seeking a ruling on the privilege, until we have obtained such a determination.

That assurance ought to resolve any concerns you may have, especially given that there does not seem to be any concrete factual basis in your letter to suggest that any of the above is untrue. In light of that reality, we do not see any justification for the tone and thrust of your letter or your suggestion that judicial intervention may be necessary. If you do want to resolve this matter without court intervention, it would be helpful to know what concrete actions we have taken with respect to documents you have produced that give you pause so that we can respond. It would also be helpful to know what relief you hope to obtain from the Court so that we can discuss that as well.

The bulk of your letter consists of eleven highly invasive questions that have little relevance to a bona fide attempt to assure compliance with the protective order and seek instead to interrogate us about the details of our work effort in this litigation. There is really no basis for



such questioning, and answering them would require us to disclose substantial information about our work effort on this case in contravention of the work product doctrine. In any event, submitting a demand for extensive information at noon on a holiday and demanding a response by 5 PM the next day makes answering your questions impossible. There is simply no way that we could answer all of your questions to the level of detail you have requested in the timeframe that you have allotted even apart from the concerns we have described in the preceding sentences.

At the outset, your questions are premised on the notion that we have received "Protected Information," which is defined in our Rule 502(d) stipulation as "privileged or work-product-protected documents or information." You ask when we first identified Protected Information, who determined that Steptoe received Protected Information, who reviewed Protected Information, and so on. We do not believe that any of the documents that we have reviewed are privileged. Thus, the literal answer to all of these questions is "none."

To get to the core of what you are asking, however, nobody outside the Steptoe litigation team has received any information that you claim to be privileged or that we think that you might claim to be privileged. At Steptoe, we have sequestered all of the documents that you have sought to claw back or that we think you might claim to be privileged. And we have not made any use of them other than as part of taking steps to obtain a determination of the privilege from the Court. In terms of steps to sequester the documents, we have removed the files from our document management software and looked for offline copies of the documents you have sought to claw back. If we come across any, we will remove them.

While we have honored your clawback requests, you have failed to comply with the requirement that you supply "a statement of the basis for the Producing Party's contention that the information is privileged or protected." Dkt. 62 at 2. Your clawback letter provides only a list of bates numbers, and you have yet to list the clawed back documents at issue on a privilege log. In response to our request for a detailed explanation of your contention that each clawed back document is privileged, you have responded only with the blanket assertion that "the documents identified in our letter involve communications between FGP employees and lawyers for FGP in which those lawyers are providing legal advice or being requested that they provide legal advice." Of course, that generic statement is not sufficient to support a claim of privilege. Accordingly, you have provided no basis whatsoever for any claim that any of the material that you have produced consists of "Protected Information." It is essential that you supply an adequate privilege log so that we and the Court can evaluate your claims of privilege. Nonetheless, we have removed the clawed back material from our systems.

Finally, we question the timing of your letter, your demand for an extensive and near immediate response, and your threats of "significant judicial intervention." This does not appear to be a good faith attempt to resolve the issues that you claim to be concerned about. After taking more than seventy-two hours to draft a two-page letter, you have emailed us on a holiday and demanded a response within twenty-nine hours.  You also demand that, within this time period, we collect and supply you with extensive and detailed information, including attorney work product. Meanwhile, you have not specified any relief that you request other than a vague reference to "disqualification." And you have not provided supplied us with an updated privilege



log that sets out the detailed basis for your assertion of privilege that the Rules and the protective order require even though you served your clawback request almost two weeks ago.

We are more than happy to discuss the matters raised in your letter, including any specific relief that might resolve your concerns or any specific actions of ours that you think problematic. Please let us know if you would like to attempt to resolve your concerns in good faith.


Sincerely,


Jeffrey M. Theodore


cc:  all counsel

# EXHIBIT H



BRYAN CAVE LEIGHTON PAISNER LLP
1155 F Street NW
Washington DC 20004 1357
T: +1 202 508 6000
F: +1 202 508 6200
www.bclplaw.com

October 8, 2018

Jacob A. Kramer
Direct: 202/508-6153
Fax: 202/220-7453
jake.kramer@bclplaw.com

Jeffrey M. Theodore
Steptoe
1330 Connecticut Avenue, NW
Washington, DC 20036

**VIA E-MAIL**

Re:     Inadvertently Produced Privileged Documents

Dear Jeff:

We write to address Steptoe & Johnson's ("**Steptoe**") handling of inadvertently produced privileged documents, which were the subject of a clawback notice from Lynn Pinker Cox & Hurst ("**Lynn Pinker**") dated September 28, 2018 (the "**LP Letter**"), as well as subsequent letters from Lynn Pinker dated October 5 and 8, 2018 and a meet-and-confer call in which we participated on October 5.  Our clients hold the privilege related to such materials, and the purpose of this letter is to address next steps.  In particular, we would appreciate a proposal from Steptoe outlining how it plans to continue to serve as counsel in this matter under the circumstances.

## I.     RELEVANT BACKGROUND

On September 21, 2018, we sent a letter advising you that we had inadvertently produced some privileged documents (the "**BCLP Letter**").  In accordance with Fed. R. Evid. 502(d) and the related stipulation and Order entered in this case, we asked that you "promptly return, sequester, or destroy" any and all copies of such documents.

One week later, on September 28, 2018, counsel for our co-defendants, Julio Rios and Jeremy Gamboa, sent you the LP Letter, notifying you that other materials subject to the attorney-client privilege had been inadvertently produced (together with the documents identified in the BCLP Clawback Letter, the "**Protected Information**").  Again, the letter notified you that Steptoe was required to "promptly return, sequester, or destroy all" copies of the Protected Information.

Jeffrey M. Theodore
October 8, 2018
Page 2



That same day, you responded to the BCLP Letter, and you questioned whether various documents were privileged, asserting reasons that you believed a subset of such documents were not privileged. The level of detail in your email strongly suggested that Steptoe had continued to review and analyze the documents listed in the BCLP letter after receiving our clawback notice. We responded the following Monday, October 1, 2018, and asked for confirmation that Steptoe adhered to its obligation to "promptly return, sequester, or destroy inadvertently produced privileged documents."

After receiving no response, we emailed you again the next day, October 2, and again asked you to confirm that the Protected Information had been removed from Steptoe's systems without further review. You responded on October 3, but you did not admit or deny whether Steptoe had continued to review the Protected Information after receiving our letter; instead, you stated that "we are working to sequester the documents in a prompt manner, and we have no intention of using the material while this remains an issue."

We responded that same day, October 3, and reiterated that we wanted "confirmation that you and your team did not go review these inadvertently produced privileged documents after receiving our clawback notice," and we asked that you please "provide a direct answer to that question." Also on October 3, counsel for defendants Rios and Gamboa emailed you and likewise asked that you "confirm pursuant to the federal rules and [the parties'] stipulation that you have deleted all copies of the" Protected Information." You responded to our email on October 4, and you again refused to state whether Steptoe had continued to review the Protected Information after receiving our clawback notice, on the ground that Steptoe was "not going to provide [us] with details of [Steptoe's] work effort on this case."

On October 5, 2018, Lynn Pinker sent you another letter explaining that Steptoe was required to immediately cease any and all review of the Protected Information as soon as it had received a clawback notice. Counsel again asked for "an unequivocal statement that, after receipt of the Clawback Letter, Eddystone ha[d] not opened or reviewed any of the information contained therein."

Counsel for the parties also held a meet and confer telephone conference on Friday, October 5, 2018. During that call, you provided us with answers to some of our questions:

- You stated that you reviewed an email chain containing Protected Information, the contents were "seared into [your] memory," and you could likely "recite [the contents] by heart;"

Jeffrey M. Theodore
October 8, 2018
Page 3



- You admitted that, when you first reviewed an email containing Protected Information, it was "clear to [you] that [Defendants] would claim that [the material] was privileged;"
- You stated that Steptoe was preparing to notify us that Protected Information had been produced, but you refused to state when Steptoe first reviewed any of the Protected Information, stating only that it was "recently;"
- During the call, you refused to say whether Steptoe had continued to review any of the Protected Information following receipt of the Defendants' clawback notices;
- We explained on the call that we would assume from your refusal to answer such questions that Steptoe had, in fact, continued to review the Protected Information following receipt of Defendants' clawback notices, and you did not tell us on the call, or at any time since, that our assumption is wrong; and
- You stated that Steptoe intends to submit documents containing Protected Information that you have already reviewed to the Court for *in camera* review.

After you stated on the call that Steptoe had "done nothing wrong," we asked if you had reviewed the governing authorities and applicable rules of professional conduct, and you then asked us to provide you with such authorities. We respond to this request below.

## II.     GOVERNING AUTHORITIES AND RULES

The "Rules of Professional Conduct adopted by the Supreme Court of Pennsylvania provide the standards for professional conduct that attorneys appearing before this Court must comply with." *J & J Snack Foods Corp. v. Kaffrissen*, 2000 WL 562736, at *2 (E.D. Pa. May 9, 2000) (Kelly, J.). Under the Pennsylvania Rules, a lawyer who receives a document relating to the legal representation of a client, and who knows or reasonably should know that it was inadvertently sent, must promptly notify the sender in order to permit the sender to take protective measures. Pa. R. P. C. 4.4(b) & cmt. 2; *see also Alers v. City of Philadelphia*, Civil Action No. 08–4745, 2011 WL 60000602, *1 (E.D. Pa. Nov. 29, 2011). While Rule 4.4(b) does not expressly require the receiving lawyer to also return or destroy any such document, the receiving lawyer is obligated to do so under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and, in this case, the Rule 502(d) stipulation and Order. *See* Pa. R. P. C. 4.4(b) & cmt. 2 (recognizing that even though Rule 4.4(b) does not expressly impose a return or destroy requirement, other sources of law may require it).

Under Fed. R. Civ. P. 26(b)(5)(B), after being notified that an opposing party has inadvertently produced information subject to a claim of privilege, "a party *must* promptly



return, sequester, or destroy the specified information and any copies it has," and it "*must not* use or disclose the information until the claim is resolved." (emphasis added).

Fed. R. Evid. 502(b) makes clear that inadvertent disclosure "does *not* operate as a waiver" so long as the privilege holder took reasonable steps to prevent disclosure and to promptly rectify the error. (emphasis added). In any event, the privilege held by our clients cannot be waived by our co-defendants. *See In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 364 (3d Cir. 2007).

Moreover, the parties entered into a stipulation, endorsed by the Court (Dkt. 62), recognizing the importance of these rules in a case like this, where both sides would be producing (and have produced) a massive number of electronic documents. Specifically, the parties agreed that any party receiving a document that the receiving party "believes the Producing Party may deem to be" privileged must "promptly provide written notice to the Producing Party," and upon "giving notice . . . must promptly return, sequester, or destroy" the specified information. (*Id.* at 2.) Likewise, where a producing party discovers that it has produced privileged information, it must promptly provide notice to the receiving party, and the "recei[pt]" of such notice triggers the receiving party's obligation to "promptly return, sequester, or destroy the specified" material. (*Id.*)

To ensure compliance with the rules of professional conduct, the Court has the "power to disqualify an attorney." *J & J Snack Foods*, 2000 WL 562736, at *2; *see also De La Cruz v. Virgin Islands Water and Power Authority*, 597 Fed. App'x 83, 87 (3d Cir. 2014); *United States v. Miller*, 624 F.2d 1198, 1201 (3d Cir. 1980)); *IBM v. Levin*, 579 F.2d 271, 283 (3d Cir. 1978)).

Both the Eastern District of Pennsylvania and the Third Circuit have recognized that counsel should be disqualified after obtaining the confidential information of a litigation adversary in violation of rules of professional conduct. *See, e.g.*, *De La Cruz*, 597 Fed. App'x at 88; *J & J Snack Foods*, 2000 WL 562736, at * 4. Where there is risk that the implicated attorney "has shared confidential information with a partner who has appeared in the case," the disqualification will "ordinarily" apply to "all of the partners of the implicated attorney." *Miller*, 624 F.2d at 1203.

## III.   NEXT STEPS

Here, it is clear that Steptoe received Protected Information, reviewed it, and did not promptly notify us. It also appears that Steptoe continued to review Protected Information after recognizing it as such, perhaps even after receiving the BCLP Letter. It further appears that, after reviewing Protected Information identified in the LP Letter and analyzing its significance in this case, Steptoe intends to submit such documents for *in camera* review.

Jeffrey M. Theodore
October 8, 2018
Page 5



If you continue on this course, we see no alternative to disqualification. Indeed, your firm would be using Protected Information to make tactical and strategic choices about how to litigate this case, in violation of the rules cited above.

Because we do not relish the prospect of making such a motion, however, we invite Steptoe to tell us how it intends to proceed. If there is a path forward here, Steptoe must at a minimum (1) confirm that it promptly "return[ed], sequester[ed], or destroy[ed]" all Protected Information after receiving the BCLP Letter and the LP Letter, (2) find some way to provide us with adequate assurances that our clients' Protected Information will not be used for any purpose in this litigation, and (3) refrain from submitting any documents that might contain Privileged Information that Steptoe has already reviewed to the Court for *in camera* review.

\* \* \*

We appreciate your prompt attention to this urgent matter.

Sincerely,

Jacob A. Kramer

# EXHIBIT I

Jeffrey M. Theodore
202 429 8139
jtheodore@steptoe.com



1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com

October 12, 2018

Jacob A. Kramer
Bryan Cave Leighton Paisner LLP
1155 F Street NW,
Washington, DC  20004-1357

Jake,

     Thanks for your letter and email and for attempting to resolve your concerns about privilege issues in a productive, cooperative manner.  While we disagree with your suggestion that disqualification is even plausibly at issue here, we look forward to working with you to satisfy you that there is nothing for you to be concerned about.

     We have sequestered all of the documents identified in each of the three clawback letters that we have received from you and will not use any of that information to prosecute this litigation unless we obtain a determination from the Court that it is not privileged. We do not agree that we must refrain from submitting any documents that might contain privileged information for in camera review. The Parties' 502(d) stipulation expressly permits us to do so for documents that we identify may be privileged and for documents that you have clawed back. Nonetheless, in an attempt to assuage your concerns, at least for now, we will not submit such documents without first obtaining permission from the Court.

     You sent your first clawback letter on September 21. That letter identified more than a hundred documents solely by bates number, with no explanation of the subject matter of the document or the basis for the claim of privilege. That was not consistent with our Rule 502(d) stipulation, which requires that any clawback notice "include a statement of the basis for the Producing Party's contention that the information is privileged or protected." Our Rule 502(d) stipulation permits us, upon receiving an effective clawback notice, to "choose[] to contest the claim" of privilege and "present the Protected Information to the Court under seal for a determination." In order to do that, and given your failure to provide any description of the documents at issue or of the basis for your claim of privilege, it was appropriate to look at the documents at issue and attempt to meet-and-confer regarding your overbroad privilege assertions. Particularly given your failure to provide any description of the documents or basis for claiming privilege, there was no way for us to preserve our express rights under the stipulation to "choose" whether to "contest the claim" of privilege other than to review the documents.



We have made no attempt to use the documents for any purpose other than "choos[ing]" whether "to contest" your claim pursuant to the Parties' stipulation, and in fact we think that the documents are irrelevant. We do not plan to use them in this litigation, notwithstanding that you have not substantiated any grounds on which to claim that they are privileged.

As to the Rios/Gamboa clawback letter of September 28, we had identified the Rios/Soiefer/Hampton chain prior to the letter as something that you likely would claim to be privileged and were planning to raise it with you promptly along with any other documents we might find in our review of your productions. We did not attempt to make any use of it to prosecute this litigation. Submitting it to the Court for an in camera determination as expressly contemplated by our Rule 502(d) stipulation would be entirely appropriate behavior.

Finally, as to your most recent clawback letter, we have sequestered the original documents, uploaded your redacted versions, and plan to use those for any further litigation purpose to which they may prove relevant. Again, this is completely in keeping with our stipulation and the Rules.

None of the case law you cite in your letter suggests that there has been any misconduct here, much less anything that merits disqualification. Only one of your cases, *Alers v. City of Philadelphia*, Civil Action No. 08–4745, 2011 WL 6000602 (E.D. Pa. Nov. 29, 2011), involved a lawyer's review of the other side's privileged documents during litigation. In that case, a lawyer attempted to use a facially privileged document at a deposition. After the privilege issue was joined, the court ruled that there had been no waiver of the privilege and that there could be no further use of the document. The court did not make any finding of misconduct, much less require disqualification. Given that we have not attempted to use any of your supposedly privileged documents other than to seek a determination of the privilege, much less introduce them at a deposition, *Alers* strongly contradicts your assertion that there has been misconduct here or that disqualification is an appropriate remedy.[1]

Your remaining cases have nothing to do with the handling of inadvertent productions of privileged documents. Each relates to conflicts of interest arising out of a prior representation. Conflicts of interest of that sort raise very different issues than reviewing an inadvertent production, including an attorney's duty of loyalty to his or her client. While access to confidential information is relevant to that analysis, a lawyer's deep knowledge of his opposing party's confidential information arising out of a prior representation is not comparable to the review of a stray, inadvertently produced document. Not one of your cases makes that connection, and you have provided no support for your suggestion that disqualification is appropriate in this context.

---

[1] The discussion of waiver via inadvertent production in *Alers* and in your letter is not germane to any issue between the Parties. We have never claimed that you waived the privilege via inadvertent production. Our challenges to your privilege assertions are based on the crime-fraud exception and your failure to provide descriptions sufficient to justify invocation of the privilege in you privilege log and your clawback letters.



On this point, it is important to correct a misstatement on page three of your letter.  We did not ask you to share "the governing authorities and the applicable rule of professional conduct."  We asked you to provide authority for the proposition that our conduct was wrongful and that, if so, disqualification is an appropriate remedy.  Your letter does not do so.[2]

You conclude your letter by making three requests of us.  As to the first, we can confirm that we have sequestered all of the documents identified in the three clawback letters that we have received.  As to the second, we can assure you that we will not use any of the information at issue unless the Court determines that it is not privileged.  Under the law, this should resolve your concerns about your allegedly privileged documents.

Your third request is that we "refrain from submitting any documents that might contain Privileged Information that Steptoe has already reviewed to the Court for in camera review." The Parties' stipulation expressly entitles us to seek a determination of privilege from the Court by "present[ing] the Protected Information to the Court under seal for a determination of the claim."  On our call, we asked you for any authority you might have that we were not permitted to submit the supposedly privileged documents to the Court or provide a description of what they knew about them. While we did not see any in your letter, your follow-up email cites *United States v. Zolin*, 491 U.S. 554 (1979), on this point as well as lower court authority for the proposition that the Court should make a threshold finding before review the emails at issue. We disagree with your reading of those cases: that the Court must make a threshold finding before looking at the email does not mean that we are not permitted to submit in under seal along with our request for such a determination. If there is some authority that we may not even submit such documents, please let us know, and we will consider. But absent that, we do not think that there is any impropriety in seeking a decision on the privilege status of documents in this litigation pursuant to the Parties' stipulation.

Contrary your email's suggestion that we may not reference the contents of the documents in our motion, *Zolin* expressly permitted the party challenging the privilege to offer portions of the material at issue "in the pursuit of in camera review" itself.  At issue in *Zolin* were tapes that the defendant claimed were privileged.  In moving for in camera review, the prosecution submitted a declaration to the trial court that "offered a description of the tapes'

---

[2] We will not correct your characterization of the parties' email correspondence as that can speak for itself.  However, several of your other statements about our meet-and-confer call of last Friday require correction.  I cannot recite the entire Rios/Soiefer/Hampton chain verbatim, but I remember its overall content and remember several words or phrases from it.  It was clear to me after reading it that you would claim it as privileged but that you had no basis to do so in light of the crime-fraud exception.  We disagree that there is any Protected Information, which was an important and explicit premise of our statements on the call, an important distinction that your summary elides in mischaracterizing our statements.  When you stated on the call that you were going to make "assumptions" about things, we told you that you could assume what you like but also told you that did *not* mean that your assumption was correct.  Your suggestion that we somehow endorsed your "assumptions" is the opposite of the truth.  More generally, we take issue with your gambit of stating "assumptions" and then requiring us to agree or disagree with them, and you should not draw any inferences regarding our decision not to respond.



contents" and "partial transcripts of the tapes." *Zolin* 491 U.S. at 559. The Supreme Court held that it was entirely proper to submit the excerpts to the trial court for consideration in deciding the crime-fraud issue *and* in pursuit of in camera review. "There can be little doubt that partial transcripts, or other evidence directly but incompletely reflecting the content of the contested communications, generally will be strong evidence of the subject matter of the communications themselves." *Id*. at 573. The Supreme Court went on to conclude that evidence like partial transcripts "may be used not only in the pursuit of in camera review, but also may provide the evidentiary basis for the ultimate showing that the crime-fraud exception applies." *Id*. at n.12.

Nonetheless, in an attempt to pursue this matter in the most amicable way possible, we will agree, at least for now, to make our request and then await the Court's instructions before submitting the documents at issue. We hope that this letter resolves your concerns, and we look forward to addressing our disputes over privilege on the merits.

Sincerely,

Jeffrey M. Theodore

cc: all counsel of record