UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDDYSTONE RAIL COMPANY, LLC | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 17-cv-00495 |
| | ) | |
| v. | ) | |
| | ) | PUBLIC VERSION |
| BRIDGER LOGISTICS, LLC, JULIO RIOS, | ) | |
| JEREMY GAMBOA, FERRELLGAS | ) | |
| PARTNERS, L.P., FERRELLGAS L.P., | ) | |
| BRIDGER ADMINISTRATIVE SERVICES II, | ) | |
| LLC, BRIDGER MARINE, LLC, BRIDGER | ) | |
| RAIL SHIPPING, LLC, BRIDGER REAL | ) | |
| PROPERTY, LLC, BRIDGER STORAGE, LLC, | ) | |
| BRIDGER SWAN RANCH, LLC, BRIDGER | ) | |
| TERMINALS, LLC, BRIDGER | ) | |
| TRANSPORTATION, LLC, BRIDGER | ) | |
| ENERGY, LLC, BRIDGER LEASING, LLC, | ) | |
| BRIDGER LAKE, LLC, J.J. LIBERTY, LLC, | ) | |
| J.J. ADDISON PARTNERS, LLC, | ) | |
| | ) | |
| Defendants. | | |

**PLAINTIFF EDDYSTONE RAIL COMPANY LLC'S OPPOSITION TO DEFENDANT
FERRELLGAS' MOTION TO DISQUALIFY**

BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: (215) 665-8500
Facsimile: (215) 864-8999

STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................ 1

RELEVANT FACTS ........................................................................................................... 2

ARGUMENT ....................................................................................................................... 9

    I.    █████████████████████████████████████████████████ ........ 9

    II.    ████████████████████████████████ .......................... 15

    III.   ████████████████████████████████████ ............... 17

    IV.   The facts here do not justify the draconian remedy of disqualification ........................ 20

    V.    Discovery is inappropriate in this case ........................................................ 23

CONCLUSION .................................................................................................................. 24

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Atlas Air, Inc. v. Greenberg Traurig, P.A.*,
   997 So. 2d 1117 (Fla. Dist. Ct. App. 2008) ............................................................19

*Brice v. Hoffert*,
   No. 5:15-cv-4020, 2016 WL 3981361 (E.D. Pa. July 25, 2016) ............................18

*Burch & Cracchiolo, P.A. v. Myers*,
   351 P.3d 376 (Ariz. Ct. App. 2015) ........................................................................19

*Cars R U.S. Sales and Rentals, Inc. v. Ford Motor Co.*,
   No. 08 C 50270, 2009 WL 1703123 (N.D. Ill., June 18, 2009) ............................21

*Clark v. Superior Court*,
   125 Cal. Rptr. 3d 361 (Cal. App. Ct. 2011) ...........................................................19

*Cohen v. Oasin*,
   844 F. Supp. 1065 (E.D. Pa. 1994) .......................................................................21

*Commonwealth Ins. Co. v. Graphix Hot Line, Inc.*,
   808 F. Supp. 1200 (E.D. Pa. 1992) ..................................................................20, 21

*In re David Cutler Indus. Ltd.*,
   432 B.R. 529 (Bankr. E.D. Pa. 2010) ....................................................................18

*De La Cruz v. Virgin Islands Water & Power Auth.*,
   597 F. App'x 83 (3d Cir. 2014) .............................................................................18

*Grant Heilman Photog., Inc. v. McGraw-Hill Glob. Educ. Holdings, LLC*,
   Civil Action No. 17-694, 2018 WL 2065060 (E.D. Pa. May 2, 2018) ...................20

*Holcombe v. Quest Diagnostics, Inc.*,
   675 F. Supp. 2d 515 (E.D. Pa. 2009) .....................................................................21

*INA Underwriters Ins. Co. v. Nalibotsky*,
   594 F. Supp. 1199 (E.D. Pa. 1984) ........................................................................21

*Int'l Bus. Machines Corp. v. Levin*,
   579 F.2d 271 (3d Cir. 1978) ...................................................................................18

*Irth Solutions, LLC v. Windstream Comm'ns LLC*,
   Civ. Action 2:16-cv-219, 2017 WL 3276021 (S.D. Ohio, Aug. 2, 2017) .................11, 12, 13

*J & J Snack Foods Corp. v. Kaffrissen*,
 No. CIV A 98-5743, 2000 WL 562736 (E.D. Pa. May 9, 2000).............................................18

*Martinez v. Cty. of Antelope, Nebraska*,
 4:15CV3064, 2016 WL 3248241 (D. Neb. June 13, 2016).....................................................20

*McDermott Will & Emery LLP v. Superior Court*,
 10 Cal. App. 5th 1083, 1093 (Ct. App. 2017).........................................................................19

*National Graphics, Inc. v. Brax Ltd.*,
 Case No. 12-C-1119, 2015 WL 13029361 (E.D. Wisc., Jan. 8, 2015)............................11, 13

*Nesselrotte v. Allegheny Energy, Inc.*,
 Civil. Action No. 06-01390, 2008 WL 2890832 (W.D. Pa. July 23, 2008) ...............21, 22, 23

*Strategic Environmental Partners, LLC v. Bucco*,
 NO. 13-5032 (CCC), 2014 WL 6065816 (D. N.J. Nov. 12, 2014).........................................21

*U.S. Home Corp. v. Settlers Crossing, L.L.C.*,
 Civ. Act. No. DKC-08-1863, 2012 WL 13013055 (D. Md., Oct. 12, 2012).........11, 12, 13, 21

*United States v. Miller*,
 624 F.2d 1198 (3d Cir. 1980)..................................................................................................18

*United States v. Stewart*,
 294 F. Supp. 2d 490 (S.D.N.Y. 2003)......................................................................................14

## Other Authorities

Fed. R. Civ. P. 26(b)(5)(B) ................................................................................... *passim*

Pa. R. P. C. 4.4(b) ...................................................................................................14

Fed. R. Evid. 502 ...........................................................................................1, 3, 10

Plaintiff Eddystone Rail Co., LLC ("Eddystone") hereby submits the following Opposition to the Motion to Disqualify filed by Defendants/Counterclaimants Bridger Logistics, LLC, Ferrellgas Partners, L.P., and Ferrellgas, L.P. (collectively "Ferrellgas", and together with Defendants Julio Rios and Jeremy Gamboa, "Defendants"):

## INTRODUCTION

The Motion to Disqualify should be denied because its legal premise is incorrect. None of the rules on which it relies prohibits a party receiving inadvertently-produced documents from reviewing them to determine whether they are privileged. In fact, Fed. R. Civ. P. 26(b)(5)(B) clearly contemplates that parties receiving inadvertently-produced documents may analyze them for purposes of assessing privilege and deciding whether to seek judicial assistance. The Rule 502(d) stipulation approved by this Court similarly preserves the right of the receiving party to seek a judicial determination on privilege. Recent case law recognizes that a receiving party may examine inadvertently produced documents to determine whether to contest a privilege claim.



The cases that Ferrellgas cites are inapposite. Not one of them disqualifies an attorney for having reviewed an inadvertently-produced document where the attorney's review was

1

conducted solely to analyze privilege.  None of them supports the view that Steptoe violated any applicable legal or ethical requirements.

In any event, disqualification would be a draconian and wholly unjust remedy.  ████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████ Defendants should not be allowed to benefit from their own mistaken disclosures.

**RELEVANT FACTS**

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████ ████████████████████████

████████████████████████████████████████████

████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████

On August, 1, 2017, while informal discovery was ongoing, the Court entered a Fed. R. Evid. 502(d) Stipulation (the "Stipulation").  Stipulation (Dkt. 62).  Portions of the Stipulation track the language of Fed. R. Civ. P. 26(b)(5)(B).  Parties receiving inadvertently-produced privileged documents may not "use or disclose" such materials.  *Id.*  But the producing party must provide the receiving party with "a statement of the basis for the Producing Party's contention that the information is privileged or protected."  *Id.*  The Stipulation also states that "[n]othing in this Stipulation shall prevent a Receiving Party from challenging the privilege or protection asserted by the Producing Party, or limit the right of a Receiving Party to petition the Court for an in camera review of the Protected Information."

████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

█████████ ████████ ██████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████████████████████

---

[1] ███████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████     The Court ordered that document discovery be completed in this

case on or before August 13, 2018.  Dkt. 157.  On August 13, 2018, Ferrellgas produced 1.75

million pages of documents, which at the time amounted to more than 85% of its production in

the case.  After that, Ferrellgas produced a total of another 300,000 pages on August 15, August

24, September 14, September 17, September 26, and October 1. Defendants Rios and Gamboa

have produced at least 80,000 pages since the August 13 document completion deadline with the

most recent production on October 2.  On the eve of a deposition scheduled for November 14,

Rios and Gamboa produced another 1,000 pages of handwritten notes.

███████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████

████████████████████████████████████████████████

█████████████████████████████████████████████

████████████████████     While the clawback letter demanded that Eddystone return, sequester, or

destroy the identified documents, it did not comply with the requirement in the Stipulation that

---

[2] The Rios/Soiefer/Hampton email chain was produced by Rios and Gamboa, but
Ferrellgas asserts privilege claims with respect to that document.

the producing party provide a statement of the basis for the contention that the documents were privileged.  In fact, the clawback letter simply listed a series of bates numbers and did not provide any information about any of the individual documents.  At this point, Ferrellgas had not yet served a privilege log. ███████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████

On September 28, Rios and Gamboa sent a letter seeking to claw back 400 other documents, including the Rios/Soiefer/Hampton email. Theodore Decl. ¶ 19.  As with the Ferrellgas's letter, Rios and Gamboa's letter failed to comply with the Stipulation's requirement that the producing party identify the bases for its privilege claims. ███████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████

Following their initial clawback letters, Defendants submitted three more clawback letters to Eddystone in which they sought to claw back additional documents that Defendants now claim were inadvertently produced.[3]  Defendants have now clawed back more than 850 inadvertently-produced documents.

On September 26, 2018, nearly six weeks after the August 13, 2018 document production deadline, Ferrellgas finally provided its first privilege log to Eddystone.[4] ████████████████████

---

[3] 95% of the inadvertently-produced documents  – including the Rios/Soiefer/Hampton email chain – were produced by Defendants after July 22, 2018.

[4] Rios and Gamboa had produced their first log in late August.  Ferrellgas' log had about 63,000 entries, whereas Rios and Gamboa's had about 8,000.  Ferrellgas and Rios/Gamboa have since submitted amended logs.



██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████

    The Motion focused on the period June 2015-February 2016, and asked for the

production of documents, among others. ████████████████████████████████

████████████████████████████████   ████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████████████ The Motion also

sought emails described on the privilege logs as addressing ████████████████

███████████████████████████████████████████████████ a

reference to BTS being denuded of assets. ██████████████████████████████



On November 5, 2018, Ferrellgas filed its Motion to Disqualify Steptoe as counsel for

Eddystone.[5]  Ferrellgas did so even though – as Defendants had requested – ██████████

██████████████████████████████████████████████  In its Motion to

Disqualify, Ferrellgas does not allege that any inadverently-produced documents are especially

significant or describe how they could be used to prejudice Defendants, ██████████

---

[5] Defendants never provided the bases for their privilege assertions with respect to many
of the clawed-back documents, and provided the bases for the assertion of privilege over the
remainder late.  Ferrellgas provided the privilege bases for some documents when it partially
amended its privilege log to provide more detail on October 11 and October 24.  Rios and
Gamboa did not provide the bases until they submitted a revised privilege log on November 7.

█████████████████████████████████████████████████████████

████     Ferrellgas nowhere asserts that the documents include a description or summary of

Defendants' strategy in this litigation.  Despite discussing Fed. R. Civ. P. 26(b)(5)(B) at length,

Ferrellgas never mentions language in that Rule providing that the receiving party "may

promptly present the [privileged] information to the court under seal for a determination of the

claim."  Ferrellgas also does not mention similar language in the Stipulation allowing recourse to

the Court to address contested privilege claims.

**ARGUMENT**

**I.**   ████████████████████████████████████████████████████████
████████████████████████████████

Ferrellgas' recounting of the legal and ethical rules governing this matter is simply

incorrect.  ███████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████     But the authorities that Ferrellgas cites – Fed. R. Civ. P.

26(b)(5)(B), the Stipulation, and the Pennsylvania Rules of Professional Conduct – ███████

████████████████████████████████████████████████████

████████████████████     Moreover, as explained below in Section III, Ferrellgas has not

cited a single case in which a court disqualified an attorney who reviewed inadvertently-

produced documents solely for purposes of assessing or contesting privilege.

Fed. R. Civ. P. 26(b)(5)(B) allows receiving counsel to review an inadvertently-produced

document for purposes of analyzing privilege, even after the producing party has asked the

receiving counsel to "return, sequester, or destroy" it.  In particular, Fed. R. Civ. P. 26(b)(5)(B)

expressly contemplates that receiving counsel may provide a document to the court under seal

for a determination of privilege – necessarily entailing that receiving counsel is permitted to

analyze the document before deciding whether to contest privilege:

> (B) Information Produced. If information produced in discovery is
> subject to a claim of privilege or of protection as trial-preparation
> material, the party making the claim may notify any party that
> received the information of the claim and the basis for it. After
> being notified, a party must promptly return, sequester, or destroy
> the specified information and any copies it has; must not use or
> disclose the information until the claim is resolved; must take
> reasonable steps to retrieve the information if the party disclosed it
> before being notified; <u>and may promptly present the information to
> the court under seal for a determination of the claim.</u>

Fed. R. Civ. P. 26(b)(5)(B) (excerpt, emphasis added).  Importantly, nowhere in its Motion to

Disqualify does Ferrellgas discuss – or even allude to – the foregoing underlined language.

This interpretation is supported by Advisory Committee Notes that were issued in

December 2006 when the relevant provisions of Fed. R. Civ. P. 26(b)(5)(B) were adopted.

Specifically, the Notes state that Fed. R. Civ. P. 26(b)(5)(B) "provides a procedure for a party

that has withheld information on the basis of privilege or protection as trial-preparation material

to make the claim *so that the requesting party can decide whether to contest the claim* and the

court can resolve the dispute. . . ."  Advisory Committee Notes to 2006 amendment (emphasis

added).  They further state that the "receiving party may present to the court the questions

whether the information is privileged or protected as trial-preparation material, and whether the

privilege or protection has been waived."  *Id.* (emphasis added).

The parties' Rule 502(d) Stipulation is consistent with the foregoing.  Like Fed. R. Civ.

P. 26(b)(5)(B), the Stipulation does not prevent a receiving counsel from reviewing

inadvertently-produced documents where the purpose of the review is to assess privilege.  In

particular, the Stipulation expressly states that "[n]othing in this Stipulation shall prevent a

Receiving Party from challenging the privilege or protection asserted by the Producing Party, or

10

limit the right of a Receiving Party to petition the Court for an in camera review of the Protected

Information."  Stipulation (Dkt #62) at 2.  As with the similar provision in Fed. R. Civ. P.

26(b)(5)(B), Ferrellgas does not discuss – or even reference – this language in its Motion.

A number of courts have considered Fed. R. Civ. P. 26(b)(5)(B) and stipulations like the

one in this case under circumstances similar to those here.  These courts have refused to find a

violation when a receiving attorney reviewed inadvertently-produced documents to assess

privilege, notwithstanding the producing party's demand that the documents be immediately

returned, sequestered, or destroyed. *National Graphics, Inc. v. Brax Ltd.*, Case No. 12-C-1119,

2015 WL 13029361, *2 (E.D. Wisc., Jan. 8, 2015); *U.S. Home Corp. v. Settlers Crossing, L.L.C.*,

Civ. Act. No. DKC-08-1863, 2012 WL 13013055, **10-13 (D. Md., Oct. 12, 2012); *Irth*

*Solutions, LLC v. Windstream Comm'ns LLC*, Civ. Action 2:16-cv-219, 2017 WL 3276021, *15

(S.D. Ohio, Aug. 2, 2017).

In *National Graphics*, 2015 WL 13029361, the producing party inadvertently provided in

discovery a declaration signed by a third party.  *Id.* at *1.  Upon discovering that it had produced

the declaration, the producing party informed the receiving counsel that the declaration was

privileged and asked that it immediately be returned, citing both Fed. R. Civ. P. 26(b)(5)(B) and

a stipulation like the one in the present case.  *Id.* at *2.  The receiving counsel refused, sent the

declaration to the declarant, discussed the declaration with him to determine whether it was

really privileged, and thereafter filed a motion to compel production of the declaration on

grounds that it was not privileged.  *Id.*  The producing party opposed the motion by arguing that

the receiving counsel had violated Fed. R. Civ. P. 26(b)(5)(B) and the stipulation, but the court

disagreed.  *Id.*  The court instead found that the receiving counsel had been free to discuss the

document with the declarant, as counsel had done so merely to determine whether to contest privilege. *Id.*

In *U.S. Home*, 2012 WL 13013055, a party asserting privilege claims with respect to documents that had been produced by a third party sought to disqualify counsel for the receiving party. *Id.* at *10. The movant accused the receiving counsel of having "surreptitiously and extensively reviewed, studied, and used" the documents despite knowing that the movant considered them privileged. *Id.* Notwithstanding these heated accusations, the court denied the motion to disqualify. *Id.* at 12. The court noted that Fed. R. Civ. P. 26(b)(5)(B) and the stipulation in that case (which resembles the one here) barred the receiving party from "using the disclosed privileged documents in any way other than submitting [them] . . . to the court for a [privilege] determination." *Id.* In response to the disqualification motion, the receiving counsel submitted a declaration stating that it had never used the subject documents for substantive purposes (i.e., it had not used the documents to develop legal theories, had not utilized them bring new counterclaims, had not shared them with its clients, etc.). *Id.* at 10. The court found this sufficient to establish that Fed. R. Civ. P. 26(b)(5)(B) and the stipulation in that case had not been violated. *Id.* at 12.[6]

In *Irth Solutions*, 2017 WL 3276021, the producing party inadvertently provided in discovery certain arguably privileged documents. *Id.* at 15. Thereafter, upon learning of its error, the producing party demanded that the receiving counsel return or destroy the documents. *Id.* When the receiving counsel refused and instead reviewed the documents, the producing party filed a motion for sanctions complaining that counsel had, among other things, violated Fed. R.

---

[6] The court noted that the receiving counsel in *U.S. Home* arguably committed a violation when it briefly described the importance of the subject documents in a collateral discovery brief, something Steptoe has not done here. *Id.* at *12. The court ultimately concluded that this error was *de minimis* and insufficient to warrant disqualification of counsel. *Id.*

Civ. P. 26(b)(5)(B).  *Id*.  The court disagreed and denied the motion, based in large part upon the receiving counsel's testimony.  Counsel's testimony was that from the time the documents had been received, they had been sequestered and treated as "attorneys eyes" only.  The court found this was sufficient to satisfy the requirements of Fed. R. Civ. P. 26(b)(5)(B).

These cases are recent.  They address the correct authorities (Fed. R. Civ. P. 26(b)(5)(B) and stipulations like the one here), and they hold that a party receiving documents subject to a claim of privilege may review them to determine whether to contest the privilege claim.

[7] ████████████████████████████████████████

Finally, with respect to Pa. R. P. C. 4.4(b), even Ferrellgas admits that this rule does not require the receiving party to return, sequester, or destroy inadvertently-produced documents upon request from the producing party.  Motion (Dkt #264) at 9.  Instead, the rule merely requires a receiving party that has reviewed a document that it believes may be privileged to alert the producing party.

In fact, the history of Pa. R. P. C. 4.4(b) supports the conclusion that Pennsylvania does not limit a receiving party's ability to review inadvertently-produced documents for privilege.  In 2002, the American Bar Association ("ABA") amended its Rule 4.4 to omit any obligation on behalf of a receiving party to cease reviewing an inadvertently produced privileged document.  *See* ABA Formal Opinion 05-437 (Oct. 1, 2005).[8]  On January 1, 2005, Pennsylvania followed the ABA's 2002 amendment, adopting the current version of Pa. R. P. C. 4.4(b), which similarly rejects the obligation to cease reviewing or to return or destroy inadvertently produced documents.  Pa. Bar. Assoc. Comm. On Legal Ethics, Revised Formal Opinion 2007-200, Inadvertent Disclosures.  Based on its 2002 amendment to ABA Rule 4.4, the ABA expressly stated that Rule 4.4(b) does not obligate a "lawyer either to refrain from examining the materials or to abide by the instructions of the sending lawyer."  ABA Formal Opinion 05-437 (Oct. 1, 2005).  Ultimately, the change in the ABA's position and Pennsylvania's adoption of Pa. R.P.C.

---



[8]
https://www.lexisnexis.com/applieddiscovery/lawLibrary/CourtRulesArticles/ABA_05_437.pdf.

4.4(b) support the conclusion that, in Pennsylvania, a receiving counsel is allowed to review

inadvertently-produced documents in order to assess privilege.[9]

**II.**   ████████████████████████████████████████████████████████

      Fed. R. Civ. P. 26(b)(5)(B) and the Stipulation both provide that a party receiving

inadvertently-produced documents may not "use" such materials upon learning that they are or

may be privileged.  As previously noted, in this case Steptoe (a) never attached any

inadvertently-produced documents to a pleading, motion, brief, or other filing; (b) before the

present Opposition, never disclosed in any filing that it had received documents that Defendants

considered privileged; (c) never referenced the documents at any deposition or in any discovery

response, (d) never provided the documents to Eddystone's experts, (e) never supplied them to

Eddystone executives or employees, and (f) never used them to formulate any claims or

defenses.  Theodore Decl. ¶ 36.



---

[9] It should also be noted that for many documents identified in its clawback letters,
Ferrellgas never met the Stipulation's requirement that it provide "a statement of the basis for
[its] contention that the information is privileged or protected."  Similarly, Rios and Gamboa did
not provide such basis for the documents in their clawback letters until November 7.  These are
additional reasons why Steptoe's review of the documents was not improper.

15

previously, "use" that is forbidden under Fed. R. Civ. P. 26(b)(5)(B) and the Stipulation means

"use other than for purposes of assessing or contesting privilege."  This is obvious, since the

Rule and Stipulation permit a receiving party to submit inadvertently-produced documents to the

Court for *in camera* review of privilege.  ███████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████

  ████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████



In sum, though it would not have been improper for it to do so, ██████████████████

██████████████████████████████████

**III.**   ██████████████████████████████████

Ferrellgas has cited several decisions to support its claim ████████████████

████████████ In none of these cases, however, did a court disqualify a counsel who had reviewed

---

[10] Ferrellgas' current allegations regarding the speed with which Eddystone prepared the Crime-Fraud Motion are contrary to views that it expressed to this Court last month.  At that time, Ferrellgas was seeking to enlarge – to an extraordinary five weeks – the amount of time it would have to respond to the Crime-Fraud Motion.  In arguing for this enlargement, Ferrellgas told the Court in an (ultimately successful) motion that "Plaintiff has been working on its [Crime-Fraud] Motion . . . *for quite some time* . . . . Defendants require sufficient time to untangle an erroneous and one-sided narrative that Plaintiff *has been weaving for some time* . . . ."  Dkt. #234 at 6 (emphasis).

inadvertently-produced documents and used information from that review solely to assess privilege.  All of Ferrellgas' cases are distinguishable.

First, the cases that Ferrellgas has cited from this Circuit and District address conflicts of interest, not inadvertent disclosures of information, and are therefore inapposite.  Conflicts of interest, of course, raise duty of loyalty concerns, concerns that are not present in this case. Disqualification is much more justified in the conflicts of interest context. *See In re David Cutler Indus. Ltd.*, 432 B.R. 529, 541 (Bankr. E.D. Pa. 2010) (difficult to imagine attorney conflicts of interest that do not require disqualification).  Moreover, these cases do not address Fed. R. Civ. P. 26(b)(5)(B) or any related stipulations.  In fact, several of these cases were issued before Fed. R. Civ. P. 26(b)(5)(B) was adopted in 2006:

- *J & J Snack Foods Corp. v. Kaffrissen*, No. CIV A 98-5743, 2000 WL 562736, at *4 (E.D. Pa. May 9, 2000) (disqualifying counsel who simultaneously represented two clients with "directly adverse" interests);

- *De La Cruz v. Virgin Islands Water & Power Auth.*, 597 F. App'x 83, 85, 88 (3d Cir. 2014) (affirming disqualification of counsel who represented adverse party in prior, substantially related matter, and noting need for "integrity in judicial proceeding" and attorney "loyalty");

- *Brice v. Hoffert*, No. 5:15-cv-4020, 2016 WL 3981361, at *1 (E.D. Pa. July 25, 2016) (disqualifying counsel due to prior representation of adverse party in substantially related matter);

- *Int'l Bus. Machines Corp. v. Levin*, 579 F.2d 271, 283 (3d Cir. 1978) (affirming disqualification of plaintiff's counsel in litigation against IBM who previously represented IBM in legal matters; Court emphasizes importance of an attorney's duty of "undivided loyalty" to his client);

- *United States v. Miller*, 624 F.2d 1198, 1202 (3d Cir. 1980) (disqualifying former assistant US attorney from representing criminal defendant where representation involved potential conflict of interest, even in the absence of any transfer of confidential information, in light of the importance of attorney loyalty).

Second, Ferrellgas cites California, Arizona, and Florida state court cases that address inadvertently-produced documents but that are factually distinguishable and apply standards that

have not been adopted in Pennsylvania.  Arizona and Florida in particular require proof that the

receiving party obtained an "unfair informational advantage" in the litigation through the

inadvertently-produced documents, a showing that Ferrellgas did not even try to make in this

case and that may require the Court to conduct an *in camera* review of the inadvertently-

produced documents.  In addition, in several of Ferrellgas's cases, receiving counsel did not

merely review the inadvertently-produced documents to determine privilege but also used, or

expressed a willingness to use, the documents' contents for substantive purposes in the litigation.

As previously noted, pending resolution of privilege issues, Fed. R. Civ. P. 26(b)(5)(B) and the

Stipulation do not permit "use" of inadvertently-produced documents for any purpose other than

privilege analysis:

- *McDermott Will & Emery LLP v. Superior Court*, 10 Cal. App. 5th 1083, 1093 (Ct. App. 2017) (disqualifying counsel who did not just review the inadvertently-produced for privilege, but also used it at depositions, produced it in discovery, filed a copy of it with the court, and read its contents into the record);

- *Clark v. Superior Court*, 125 Cal. Rptr. 3d 361, 375, fns. 10-11 (Cal. App. Ct. 2011) (disqualifying counsel who used inadvertently produced documents to craft multiple claims against adverse party, may have relied on the documents in crafting deposition questions, and refused to agree that he would not offer such documents as trial exhibits);

- *Burch & Cracchiolo, P.A. v. Myers*, 351 P.3d 376, 386 (Ariz. Ct. App. 2015) (disqualifying counsel who received adverse party's complete client file containing privileged material, distributed its contents to all parties in the action in discovery, and used the material in support of two discovery motions; applying Arizona "informational advantage" standard);

- *Atlas Air, Inc. v. Greenberg Traurig, P.A.*, 997 So. 2d 1117, 1118 (Fla. Dist. Ct. App. 2008) (elliptical decision relying on Florida law to uphold disqualification of counsel who had received privileged documents and had gained an "informational advantage" over its opponents).

Finally, Ferrellgas also cites cases in which a court ordered disqualification due to

egregious behavior involving an attorney's solicitation of privileged information from, or actual

retention of, an opponent's former employee who was in possession of privileged information.

*Martinez v. Cty. of Antelope, Nebraska*, 4:15CV3064, 2016 WL 3248241, at *10 (D. Neb. June 13, 2016) (disqualifying counsel who interviewed former employee of adverse party possessing privileged information, where counsel relied on such information to prepare discovery requests and refused to state that he would not use privileged information at trial); *Grant Heilman Photog., Inc. v. McGraw-Hill Glob. Educ. Holdings, LLC*, Civil Action No. 17-694, 2018 WL 2065060, at *6 (E.D. Pa. May 2, 2018) (disqualifying counsel who engaged as a consultant a former employee of adverse party, where such employee had acted as liaison with outside and in-house counsel, and was not warned to avoid providing privileged information to counsel). Moreover, because these cases do not involve inadvertent disclosures of documents, they do not address Fed. R. Civ. P. 26(b)(5)(B) or the Stipulation's language regarding privilege analyses.

███████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████

## IV.     The facts here do not justify the draconian remedy of disqualification

████████████████████████████████████████████████████████

But even if questions could be raised on this account, disqualification should not be ordered here.

Disqualification is an extreme remedy that is "not favored" in this District. *Commonwealth Ins. Co. v. Graphix Hot Line, Inc.*, 808 F. Supp. 1200, 1203 (E.D. Pa. 1992). "When considering a motion to disqualify, a court must strike a balance between several competing considerations, including the unfettered practice of law, the judiciary's responsibility to ensure that the integrity of the profession is maintained, and striking a balance [between] the plaintiff's right to retain counsel of his or her choice against the opposing party's right to prepare and try a case without prejudice." *Nesselrotte v. Allegheny Energy, Inc.*, Civil. Action No. 06-

01390, 2008 WL 2890832, at *4 (W.D. Pa. July 23, 2008) (internal quotations and citations omitted).

Disqualification is never applied "automatically," and the party seeking disqualification bears the burden of "clearly showing" that this remedy is proper.  *See Holcombe v. Quest Diagnostics, Inc.*, 675 F. Supp. 2d 515, 518, 520 (E.D. Pa.  2009); *Cohen v. Oasin*, 844 F. Supp. 1065, 1067 (E.D. Pa. 1994).  Minor violations that do not result in substantial prejudice do not justify disqualification.  *U.S. Home Corp. v. Settlers Crossing, L.L.C.*, 2012 WL 13013055 at *12 (brief allusion in filing to inadvertently-produced documents was an improper "use" under Fed. R. Civ. P. 26(b)(5)(B), but was too minor to justify disqualification); *Cars R U.S. Sales and Rentals, Inc. v. Ford Motor Co.*, No. 08 C 50270, 2009 WL 1703123, at *4 (N.D. Ill., June 18, 2009) (attaching allegedly-privileged document to discovery motion violated Fed. R. Civ. P. 26(b)(5)(B), but no disqualification was ordered due to document's lack of sensitivity and the absence of egregious behavior by counsel).

When a court is considering a motion to disqualify, "a party's choice of counsel is entitled to substantial deference."  *Nesselrotte*, 2008 WL 2890832, at *4 (W.D. Pa. July 23, 2008).  A court should be especially careful in considering disqualification when – as here – a "substantial amount of time and effort have already been expended by the counsel who may be disqualified and disqualification would impose a concomitant burden on the current client."  *INA Underwriters Ins. Co. v. Nalibotsky*, 594 F. Supp. 1199, 1203 (E.D. Pa. 1984); *see Commonwealth Ins. Co.*, 808 F. Supp. at 1209; *Strategic Environmental Partners, LLC v. Bucco*, NO. 13-5032 (CCC), 2014 WL 6065816, at *4 (D. N.J. Nov. 12, 2014) (longstanding relationship between attorney and client "most compelling" factor weighing against disqualification).

21

The Pennsylvania case of *Nesselrotte v. Allegheny Energy, Inc.*, 2008 WL 2890832, at *4 is illuminating regarding the issue of disqualification.  In that case, plaintiff, who was a former in-house counsel for defendants, brought suit against defendants.  While previously employed by defendants, plaintiff had copied and removed from defendants' offices hundreds of documents, some of which were privileged.  Plaintiff gave those documents to her counsel, who held them for years without notifying defendants.  Upon discovering this, defendants moved to disqualify plaintiff's counsel.

The court denied the motion, finding that disqualification was not proper for several reasons:  (a) plaintiff's counsel did not act in bad faith[11]; (b) based upon its review of the subject documents, the court concluded that they did not rise to the level of a roadmap to defendants' legal strategy; (c) the plaintiff did not meaningfully rely on the documents in preparing and pursuing her substantive claims; and (d) disqualification of plaintiff's counsel would severely prejudice plaintiff given that discovery had ended and the parties were preparing summary judgment motions.  *Nesselrotte*, 2008 WL 2890832, at **6-8.

This framework compels the conclusion that Ferrellgas has failed to make the "clear showing" necessary for the "disfavored" remedy of disqualification.  ████████████████ ███████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████ ███████████████████████████████████████████████

---

[11] Plaintiff's counsel in *Nesselrotte* believed reasonably, albeit incorrectly, that plaintiff was allowed to keep the copied documents under the principle that attorney-client privilege does not apply in client-attorney disputes.  See *Nesselrotte,* Civil. Action No. 06-01390, Expert Report of Thomas Ross, Dkt. 175 (report of plaintiff's legal expert).

22



[13]

## V.    Discovery is inappropriate in this case

Motion at 17-18.  The Court should reject this plan to have the parties engage in satellite discovery, *i.e.*, discovery about discovery. If adopted, Ferrellgas' proposal threatens to be highly intrusive, would likely give rise to privilege disputes, and would be quite time-consuming.  Moreover, none of the cases that

[12]

[13]

Ferrellgas cites in its Motion contemplate discovery as a remedy for a receiving counsel's receipt of inadvertently-disclosed documents.

**CONCLUSION**

For these reasons, the Court should deny Ferrellgas' Motion to Disqualify.


Dated: November 19, 2018                    Respectfully submitted,


/s/ Andrew J. Sloniewsky
Henry E. Hockeimer, Jr. (I.D. No. 86768)
Terence M. Grugan (I.D. No. 307211)
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: (215) 665-8500
Facsimile: (215) 864-8999
hockeimerh@ballardspahr.com
grugant@ballardspahr.com

Filiberto Agusti (*pro hac vice*)
Jeffrey M. Theodore (*pro hac vice*)
Andrew J. Sloniewsky (*pro hac vice*)
Timothy Work (*pro hac vice*)
Nicholas Petts (*pro hac vice*)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036

Telephone: (202) 429-3000
Facsimile: (202) 429-3902
fagusti@steptoe.com
jtheodore@steptoe.com
twork@steptoe.com
npetts@steptoe.com

*Counsel for Eddystone Rail Company, LLC*

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing via the Court's ECF system on November 19, 2018, thereby serving all counsel of record.

/s/ Andrew J. Sloniewsky
Andrew J. Sloniewsky