IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDDYSTONE RAIL COMPANY, LLC, | : | CIVIL ACTION |
| Plaintiff/Counter-Defendant, | : | |
| v. | : | No. 17-495 |
| BRIDGER LOGISITCS, LLC, JULIO RIOS, JEREMY GAMBOA, FERRELLGAS PARTNERS, L.P., and FERRELLGAS, L.P., et al., | : | |
| Defendants, | : | |
| BRIDGER LOGISTICS, LLC, FERRELLGAS PARTNERS, L.P., and FERRELLGAS, L.P., | : | |
| Defendants/Counterclaimants. | : | |

**ORDER**

**AND NOW**, this   20th   day of November, 2018, upon consideration of Defendants Julio Rios ("Rios") & Jeremy Gamboa's ("Gamboa") Motion to Dismiss Plaintiff's First Amended Complaint (Doc. No. 207),[1] Plaintiff Eddystone Rail Company, LLC's

---

[1] Pursuant to Federal Rule of Civil Procedure 12(b)(6), and based on Louisiana law, Rios and Gamboa seek dismissal of the breach of fiduciary duty claim against them. (See Defs.' Mot. to Dismiss; Defs.' Reply.) Specifically, they rely on the internal affairs doctrine to assert that Louisiana law applies. Pennsylvania's conflict of law principles apply because this Court sits in Pennsylvania. See Banjo Buddies, Inc. v. Renosky, 399 F.3d 168, 179 n.10 (3d Cir. 2005). "Pennsylvania has a statute adopting the 'internal affairs doctrine,' which dictates 'that courts look to the law of the state of incorporation to resolve issues involving the internal affairs of a corporation.'" Baker-Bey v. Delta Sigma Theta Sorority, Inc., 941 F. Supp. 2d 659, 664 (E.D. Pa. 2013) (quoting Banjo Buddies, 399 F.3d at 179 n.10 (citing 15 Pa. Cons. Stat. § 4145(a); CTS Corp. v. Dynamics Corp. of Am., 481 U.S. 69, 89–93 (1987); First Nat'l City Bank v. Banco Para El Comercio, 462 U.S. 611, 621 (1983); In re Estate of Hall, 731 A.2d 617, 622 (Pa. Super. Ct. 1999))). "The internal affairs doctrine is a conflict of laws principle which recognizes that only one State should have the authority to regulate a corporation's internal affairs — matters peculiar to the relationships among or between the corporation and its current officers, directors, and shareholders — because otherwise a corporation could be faced with conflicting demands." Edgar v. MITE Corp., 457 U.S. 624, 645, (1982); see also Norman v. Elkin, 860 F.3d 111, 122 (3d Cir. 2017) (noting that the internal affairs doctrine extends only to those matters which are peculiar to the relationships among or between the corporation and its current officers, directors, and shareholders) (citation omitted).

("Eddystone") Opposition to October 5, 2018 Motions, the Reply by Rios and Gamboa, and Eddystone's Sur-Reply, it is hereby **ORDERED** that the Motion to Dismiss is **DENIED**.[2]

BY THE COURT:

/s/ Robert F. Kelly
ROBERT F. KELLY
SENIOR JUDGE

---

[2] Eddystone argues, *inter alia*, that Pennsylvania law, not Louisiana law, applies. (See Pl.'s Opp'n Defs.' Mot.; Pl.'s Sur-Reply). We agree. Eddystone correctly states that the internal affairs doctrine does not apply here "where 'the rights of third parties external to the corporation are at issue.'" (Pl.'s Sur-Reply at 4) (quoting First Nat'l City Bank, 462 U.S. at 621; citing Curiale v. Tiber Holding Corp., No. 95-5284, 1997 WL 597944, at *11 (E.D. Pa. Sept. 18, 1997)) (stating "as a general matter, the law of the state of incorporation normally determines issues relating to the *internal* affairs of a corporation.... Different conflicts principles, however, apply where the rights of third parties *external* to the corporation are at issue"); see also Alphonse v. Arch Bay Holdings, LLC, 548 F. App'x 979, 986 (5th Cir. 2013); Mindspirit, LLC v. Evalueserve Ltd., No. 15-6065, 2018 WL 4759736, at *20 (S.D.N.Y. Sept. 30, 2018) (finding the internal affairs doctrine inapplicable stating, "[h]ere, [Plaintiff's] breach of contract claim concerns 'the rights of [a] third part[y] external to the corporation,' and 'is not brought by shareholders, officers, or directors, nor . . . brought derivatively on behalf of the corporation'"); Lastertel N. Am. v. Innova, Inc., No. 12-354, 2016 WL 1729558, at *1 (S.D. Ohio Feb. 10, 2016) ("Courts have held that a creditor's efforts to collect on a debtor's interest in a business entity do not involve the entity's 'internal affairs.'") (citing cases); Earthgrains Baking Cos., Inc. v. Sycamore Family Bakery Inc., No. 09-523, 2015 WL 5009376, at *1 (D. Utah Aug. 21, 2015) ("Many courts have already concluded that claims . . . asserted by third party creditors against an LLC fall outside the internal affairs doctrine."), aff'd sub nom. EarthGrains Baking Cos., Inc. v. Sycamore, 721 F. App'x 736 (10th Cir. 2017); Tech. Dev. Co. v. Onischenko, No. 05-4282, 2011 WL 6779552, at *11 (D.N.J. Dec. 23, 2011) (finding internal affairs doctrine inapplicable because factual bases for breach of fiduciary duty claims "involve dealings with third parties, as opposed to presenting 'issues of organic structure or internal administration'" of the entity) (citing Tyco Int'l, Ltd. v. Kozlowski, 756 F. Supp. 2d 553, 561 (S.D.N.Y. 2010); Palladin Partners v. Gaon, No. 05–3305, 2006 WL 2460650, at *17 (D.N.J. Aug. 22, 2006) (noting that "breach of fiduciary duty claims are typically subject to the internal affairs doctrine" but distinguishing claims at issue as "brought by creditors not by officers, directors, or shareholders" and therefore not subject to the internal affairs doctrine)); Roselink Inv'rs, LLC v. Shenkman, 386 F. Supp. 2d 209, 225 (S.D.N.Y. 2004) ("Creditors' claims at issue here are tort claims regarding the rights of 'third parties external to the corporation' as they are not brought by shareholders, officers or directors, nor are they brought derivatively on behalf of the corporation. Therefore, the 'internal affairs doctrine' is inapplicable here."). Moreover, under a choice of law analysis, Pennsylvania law would govern, which Rios and Gamboa apparently concede by arguing that Louisiana law applies solely pursuant to the internal affairs doctrine and by not addressing Eddystone's argument that Pennsylvania law controls under Pennsylvania's governmental interest conflicts of law test. Neither Rios nor Gamboa move for dismissal under Pennsylvania law; therefore, we will deny their Motion to Dismiss.