UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDDYSTONE RAIL COMPANY, LLC | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 17-cv-00495 |
| | ) | |
| v. | ) | |
| | ) | PUBLIC VERSION |
| BRIDGER LOGISTICS, LLC, JULIO RIOS, | ) | |
| JEREMY GAMBOA, FERRELLGAS | ) | |
| PARTNERS, L.P., FERRELLGAS L.P., | ) | |
| BRIDGER ADMINISTRATIVE SERVICES II, | ) | |
| LLC, BRIDGER MARINE, LLC, BRIDGER | ) | |
| RAIL SHIPPING, LLC, BRIDGER REAL | ) | |
| PROPERTY, LLC, BRIDGER STORAGE, LLC, | ) | |
| BRIDGER SWAN RANCH, LLC, BRIDGER | ) | |
| TERMINALS, LLC, BRIDGER | ) | |
| TRANSPORTATION, LLC, BRIDGER | ) | |
| ENERGY, LLC, BRIDGER LEASING, LLC, | ) | |
| BRIDGER LAKE, LLC, J.J. LIBERTY, LLC, | ) | |
| J.J. ADDISON PARTNERS, LLC, | ) | |
| | ) | |
| Defendants. | | |

**PLAINTIFF EDDYSTONE RAIL COMPANY LLC'S SUR-REPLY IN OPPOSITION TO
DEFENDANT FERRELLGAS' MOTION TO DISQUALIFY**

BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: (215) 665-8500
Facsimile: (215) 864-8999

STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902

12867387 8

# TABLE OF CONTENTS

INTRODUCTION .................................................................................................... 1

ARGUMENT ........................................................................................................... 9

    I.   An attorney does not violate applicable Pennsylvania legal and ethical requirements by reviewing inadvertently-produced documents in order to determine whether to contest privilege ............................................................................................. 3

        A.     The authorities that Steptoe cited in its Opposition compel the conclusion that Steptoe complied with all applicable legal and ethical requirements ...... 3

        B.     The Declaration of E. Norman Veasey supports Eddystone's position .......... 7

        C.     The authorities that Ferrellgas cites fail to support a finding of wrongdoing . 8

    III. The facts in this case do not support the extreme remedy of disqualification ............ 19

    IV. Discovery is inappropriate in this case ..................................................... 21

CONCLUSION ....................................................................................................... 25

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re Asousa P'ship*,
Bankr., No. 01-12295DWS, 2005 WL 3299823 (Bankr. E.D. Pa. Nov. 17, 2005) ...........................................................................................................................18

*Burt Hill, Inc. v. Hassan*,
Civ. A. No. 09-1285, 2010 WL 419433 (W.D. Pa. Jan. 29, 2010)...................................10, 12

*Cohen v. Oasin*,
844 F. Supp. 1065 (E.D. Pa. 1994) ...........................................................................................16

*Comm'l Credit Bus. Loans, Inc. v. Martin*,
590 F. Supp. 328 (E.D. Pa. 1984) .............................................................................................19

*Cudd Pressure Control, Inc. v. New Hampshire Ins. Co.*,
297 F.R.D. 495 (W.D. Okla. 2014)......................................................................................11, 12

*In re David Cutler Indus. Ltd.*,
432 B.R. 529 (Bankr. E.D. Pa. 2010) ......................................................................................17

*Greater N.Y. Taxi Ass'n v. City of N.Y.*,
No. 13-cv-3089 (VSB)(RLW), 2018 WL 2316629 (S.D.N.Y. May 8, 2018) ..................10, 12

*Irth Solutions, LLC v. Windstream Comm'ns LLC*,
Civ. Action 2:16-cv-219, 2017 WL 3276021 (S.D. Ohio, Aug. 2, 2017) ...........................4, 5

*Johnson v. Stein Mart, Inc.*,
No. 3:06-cv-341-J-34 TEM, 2009 WL 1424214 (M.D. Fla. May 20, 2009)..........................12

*Jordan v. Philadelphia Hous. Auth.*,
337 F. Supp. 2d 666 (E.D. Pa. 2004) ........................................................................................17

*Kelly v. CSE Safeguard Ins. Co.*,
No. 2:08-CV-88-KJD-RJJ, 2011 WL 3494235 (D. Nev. Aug. 10, 2011) ...............................12

*Martin v. Turner*,
Civil Action No. 10-1874, 2011 WL 717682 (E.D. Pa. Feb. 18, 2011) ..................................16

*National Graphics, Inc. v. Brax Ltd.*,
Case No. 12-C-1119, 2015 WL 13029361 (E.D. Wis., Jan. 8, 2015)....................................4, 5

*Nesselrotte v. Allegheny Energy, Inc.*,
Civil Action No. 06-01390, 2008 WL 2890832 (W.D. Pa. July 23, 2008) .......................10, 20

ii

*Nunez v. Lovell*,
    Civil No. 2005-7, 2008 WL 4525835 (D.V.I. Oct. 3, 2008)..............................................17, 19

*U.S. Home Corp. v. Settlers Crossing, L.L.C.*,
    Civ. Act. No. DKC-08-1863, 2012 WL 13013055 (D. Md., Oct. 12, 2012).....................4, 5, 9

*United States v. Stewart*,
    294 F. Supp. 2d 490 (S.D.N.Y. 2003)...........................................................................6, 7, 10

**Other Authorities**

ABA Formal Opinion 05-437 ................................................................................................7, 11

ABA Formal Opinion 92-362 ...................................................................................................10

Fed. R. Civ. P. 26(b)(5)(B) ..............................................................................................*passim*

Pa. R. P. C. 4.4(b) ...........................................................................................................*passim*

Plaintiff Eddystone Rail Co., LLC ("Eddystone") hereby submits the following Sur-Reply in Opposition to the Motion to Disqualify filed by Defendants/Counterclaimants Bridger Logistics, LLC, Ferrellgas Partners, L.P., and Ferrellgas, L.P. (collectively "Ferrellgas", and together with Defendants Julio Rios and Jeremy Gamboa, "Defendants"):

## INTRODUCTION

Ferrellgas' Motion to Disqualify represents a long-shot maneuver through which Ferrellgas hopes to gain a tactical advantage and delay this litigation.  The arguments that Ferrellgas invokes in its Reply do not undermine – or even cast serious doubt on – the points made by Eddystone in its Opposition: (1) the authorities cited by Ferrellgas – Fed. R. Civ. P. 26(b)(5)(B), the 502(d) stipulation (the "Stipulation"), and Pa. R. C. P. 4.4 – did not bar Steptoe from reviewing inadvertently-produced documents for the limited purpose of assessing privilege; ███████████████████████████████████████████ in preparing the Motion to Compel Production of Withheld Documents Under the Crime Fraud Exception (the "Crime-Fraud Motion") or for any other purpose; and (3) even if there were questions about any of the foregoing, disqualification would be a grossly disproportionate remedy.

The weakness of Ferrellgas's position can be seen in the cases that it relies upon, including the many that it cites for the first time in its Reply.  Despite having filed two briefs, *Ferrellgas has not identified a single case in which, under the authorities applicable here, an attorney who reviewed an inadvertently-produced document for purposes of assessing privilege was found to have acted improperly, much less been disqualified*.  By contrast, Eddystone referenced in its Opposition a series of cases where courts specifically refused to find such behavior sanctionable.

1

In a bid to salvage its Motion, Ferrellgas has improperly submitted with its Reply a wholly new piece of evidence, a declaration from attorney Lawrence J. Fox.  Mr. Fox is – as he admits – the initial author of a 1992 American Bar Association ("ABA") formal opinion that barred attorney review of inadvertently-produced documents for purposes of assessing privilege. The ABA withdrew that opinion in 2005 because it was inconsistent with the ABA's 2002 revision to ABA Model Rule 4.4(b), which does not forbid such attorney review.

A view consistent with the current ABA position is set forth in the attached declaration of E. Norman Veasey, former Chief Justice of the Delaware Supreme Court.[1]  Chief Justice Veasey is former chair of an ABA ethics committee that in 2002 modified Model Rule 4.4(b), the Rule which is the model for Pa. R. C. P. 4.4(b).  In his declaration, the Chief Justice explains that attorney review of inadvertently-produced documents for purposes of assessing privilege does not violate applicable ABA ethics rules, related Pennsylvania ethics rules, Fed. R. Civ. P. 26(b)(5)(B), or the Stipulation.  In the Chief Justice's view, "there is no ethical or procedural rule" prohibiting a review of inadvertently-produced documents "for the limited purpose" of assessing whether "a unilateral claim of privilege is valid."  The Chief Justice also points out in his declaration the logical and rhetorical shortcomings in Mr. Fox's declaration.

Steptoe takes seriously its ethical and legal obligations in this and all other matters.  It committed no violations here.  In this District, a party seeking disqualification bears the burden of "clearly showing" that such a remedy is proper.  Ferrellgas has failed to demonstrate that Steptoe engaged in any wrongdoing or that it should be disqualified.

---

[1] Eddystone submits Chief Justice Veasey's declaration at this late stage of the briefing because Ferrellgas included Mr. Fox's declaration with its Reply.

## ARGUMENT

I.  **An attorney does not violate applicable Pennsylvania legal and ethical requirements by reviewing inadvertently-produced documents in order to determine whether to contest privilege**

A.  *The authorities that Steptoe cited in its Opposition compel the conclusion that Steptoe complied with all applicable legal and ethical requirements*

As Steptoe explained in its Opposition, a party does not violate Fed. R. Civ. P. 26(b)(5)(B) by reviewing an inadvertently-produced document for the limited purpose of assessing the producing party's claim of privilege.  The Rule does not on its face impose the requirement that Ferrellgas now insists upon, namely, that a party must immediately stop reviewing a document upon realizing that the producing party will claim privilege.   While Fed. R. Civ. P. 26(b)(5)(B) states that a party may not "use" inadvertently-produced privileged information, it does not proscribe review.  As Chief Justice Veasey notes, the term "use" in this context is properly read to mean – not mere review – but utilization in a "deposition, pleading, or active court proceeding."  Declaration of E. Norman Veasey ("Veasey Decl.") at ¶ 32. Moreover, the Rule also states that a party "may promptly present the [inadvertently-produced] information to the court under seal for a determination of the claim."  It makes sense that a party should be allowed to review the inadvertently-produced information before "presenting" such to the court, to ensure that the court's time is not wasted.  In footnote 2 of its Reply, Ferrellgas says that such prior review need not "necessarily" be performed.  This may be true, but absent such review, the receiving party court may be asking the court to conduct a pointless *in camera* analysis of irrelevant documents.

The Stipulation also does not bar the receiving party from reviewing inadvertently-produced documents for the limited purpose of assessing privilege.  As Chief Justice Veasey notes, the Stipulation tracks the language of Fed. R. Civ. P. 26(b)(5)(B).  Veasey Decl. at ¶ 28.

Moreover, although the Stipulation also bars the "use" of inadvertently-produced documents, it clearly subordinates that obligation by stating that "[n]othing in this Stipulation shall prevent a Receiving Party from challenging the privilege or protection asserted by the Producing Party, or limit the right of a Receiving Party to petition the Court for an in camera review of the Protected Information."  Stipulation (Dkt #62) at 2.

The foregoing interpretations of  Fed. R. Civ. 26(b)(5)(B) and the Stipulation are fully supported by the recent case law that Eddystone identified in its Opposition ("Opp.").   Opp. at 11-13, Dkt. 272.  These cases stand for the rule that a receiving party may review inadvertently-produced documents for privilege, notwithstanding a producing party's demand that the documents immediately be returned, sequestered, or destroyed:

- *National Graphics, Inc. v. Brax Ltd.*, Case No. 12-C-1119, 2015 WL 13029361, *2 (E.D. Wis., Jan. 8, 2015) – There was no violation of Rule 26(b)(5)(B) or stipulation where the receiving party refused to return an allegedly-privileged declaration, and instead discussed it with the declarant to determine the viability of the privilege claim;

- *U.S. Home Corp. v. Settlers Crossing, L.L.C.*, Civ. Act. No. DKC-08-1863, 2012 WL 13013055, **10-13 (D. Md., Oct. 12, 2012) – There was no violation of Rule 26(b)(5)(B) or stipulation where receiving party "reviewed, studied, and used" documents that were privileged on their face, but did not utilize them for purposes other than assessing the privilege claim;

- *Irth Solutions, LLC v. Windstream Comm'ns LLC*, Civ. Action 2:16-cv-219, 2017 WL 3276021, *15 (S.D. Ohio, Aug. 2, 2017) – There was no violation of Rule 26(b)(5)(B) where receiving party refused to return or destroy allegedly privileged documents, and instead reviewed them but did not utilize them for any purpose in the litigation.

Ferrellgas cites no cases in its initial Memorandum or in its Reply that are on all-fours with the facts here and that support its position.  Unable to identify on-point precedent that supports its views, Ferrellgas tries to distinguish Eddystone's cases by arguing that, in them, the courts ultimately found the inadvertently-produced documents were not privileged.  Reply at 7-8.

4

This conflates the ultimate decision regarding privilege with the question of whether review was proper.  Ferrellgas' interpretation is unsupported by the language of the cases and is illogical.

First, in none of Eddystone's cases did the courts state that they were analyzing the proper use of inadvertently-produced documents by reference to whether the documents were ultimately found to be privileged.  Instead, these courts assessed the propriety of the receiving party's behavior independently from the question of whether the documents were actually privileged.  *National Graphics*, 2015 WL 13029361, *2 (court conducts analysis without reference to whether documents are actually privileged); *U.S. Home*, 2012 WL 13013055, **10-13 (same); *Irth Solutions,* 2017 WL 3276021, *15 (same).

The foregoing point is made clear in the *U.S. Home* decision.  The court in that case was asked to assess the receiving party's handling of inadvertently-produced documents during two periods: before the court's prior ruling that the inadvertently-privileged documents were not privileged, and after that ruling.  *U.S. Home*, 2012 WL 13013055, **10-13.  The court easily concluded that, after the ruling that the documents were non-privileged, the receiving party was free to use them as it wished.  *Id.* at *12.  But with respect to the receiving party's use of the documents before the ruling, the court conducted a detailed analysis under Rule 26(b)(5)(B) and related stipulation, concluding that there was no violation.  *Id.*  If the court's prior ruling that the documents were non-privileged had been dispositive, there would have been no need for the court to bifurcate its analysis.

Second, Ferrellgas' interpretation of Eddystone's cases would impose an illogical and unworkable standard on counsel.  Counsel receiving inadvertently-produced documents would be permitted to review them for privilege, but only if a court later found that the documents were actually not privileged.  Thus, counsel would have no clear *ex ante* guidance from the courts

about how to treat inadvertently-produced documents.  This cannot be the standard that the courts in Eddystone's cases intended to apply.

Apart from Fed. R. Civ. P. 26(b)(5)(B) and the Stipulation, Ferrellgas also makes the unconvincing argument that Steptoe violated Pa. R. P. C. 4.4(b).  As Steptoe noted previously, Opp. at 14, Pa. R. P. C. 4.4(b) on its face merely requires receiving parties to provide notice of the production of potentially privileged documents.  Thus, the Pennsylvania Bar Association Committee on Legal Ethics and Professional Responsibility found that Pa. R. P. C. 4.4(b) leaves to the attorney's professional judgment whether to return unread an inadvertently-produced document.  Pa. Bar. Assoc. Comm. on Legal Ethics, Revised Formal Opinion 2007-200, Inadvertent Disclosures.  Ferrellgas correctly notes that the Rule does not preclude the application of other rules in the inadvertent-production context.  Reply at 6, Dkt. 279.  But permitting application of other rules does not mean that Pa. R. P. C. 4.4(b) itself imposes some unstated further requirements.  And – apart from Rule 26(b)(5)(B), the Stipulation, and Pa. R. P. C. 4.4(b) – Ferrellas cites no legal or ethical rules that it claims Steptoe violated.

 Moreover, Ferrellgas admits that the purpose of the notification requirement is to "permit [the sender] to take protective measures" but makes no effort to identify any prejudice it allegedly has suffered as a

result of Steptoe's alleged tardiness.  *See Stewart*, 294 F. Supp. 2d at 494 ("vague and

conclusory" allegations of prejudice from delayed notice of inadvertent production are

insufficient).

Finally, the history of Pa. R. P. C. 4.4(b) supports the conclusion that Pennsylvania does

not limit a receiving party's ability to review inadvertently-produced documents for privilege.

As Eddystone noted in its Opposition, Opp. at 14-15, Pa. R. C. P. 4.4(b) mirrors ABA Model

Rule 4.4, which omits any obligation to cease reviewing or to return or destroy inadvertently

produced documents.  Pa. Bar. Assoc. Comm. on Legal Ethics, Revised Formal Opinion 2007-

200, Inadvertent Disclosures.  Based on its 2002 amendment to ABA Model Rule 4.4, the ABA

expressly stated in 2005 that Model Rule 4.4(b) does not obligate a "lawyer either to refrain from

examining the materials or to abide by the instructions of the sending lawyer."  ABA Formal

Opinion 05-437 (Oct. 1, 2005).  Pennsylvania's adoption of Pa. R.P.C. 4.4(b) supports the

conclusion that, in Pennsylvania, a receiving counsel is allowed to review inadvertently-

produced documents in order to assess privilege.  Ferrellgas has nothing to say in its Reply about

the foregoing history.

   B.    *The Declaration of E. Norman Veasey supports Eddystone's position*

Any remaining concerns regarding Eddystone's reading of the foregoing authorities

should be put to rest by the attached declaration of E. Norman Veasey, former Chief Justice of

the Delaware Supreme Court, who chaired the ABA commission responsible for the current

version of Model Rule 4.4(b).  Chief Justice Veasey served as President of the Delaware State

Bar Association, and has taught ethics as an adjunct professor at numerous law schools,

including the University of Virginia and the University of Pennsylvania.  Veasey Decl. at ¶¶ 13-

14.  The Chief Justice also served on the ABA Standing Committee on Ethics and Professional

Responsibility, and was the Chair of the ABA Commission to Evaluate the Model Rules of

Professional Conduct ("Ethics 2000").   *Id.* at ¶¶ 10, 13.  In the latter position, he oversaw

revisions to the Model Rules including the 2002 changes to Model Rule 4.4(b), the model for Pa.

R. C. P. 4.4(b).  *Id.* at ¶¶ 19, 22-23.

Chief Justice Veasey agrees with Eddystone's view of the relevant authorities in this

case.  His declaration explains that under Model Rule 4.4(b) – and hence, Pa. R. C. P. 4.4(b) as

well – there is no requirement that "the receiving lawyer either refrain from examining the

materials or to abide by the instructions of the sending lawyer."   Veasey Decl. at ¶¶ 22 (quoting

ABA Formal Opinion 05-437), 24.   Similarly, while Fed. R. Civ. P. 26(b)(5)(B) bars a receiving

attorney from "deploying" an inadvertently-produced document in a deposition, pleading or

court proceeding, the Rule does not prevent review of the document to assess privilege.  *Id.* at ¶¶

28-33.  A rule forbidding an attorney from reviewing an inadvertently-received document for

privilege would be in tension with the attorney's duty to his or her client.  *Id.* at ¶ 37.  The Chief

Justice concludes that "there is no ethical or procedural rule prohibiting . . .  [a] Receiving

Lawyer from reviewing . . . [inadvertently-produced] documents for the limited purpose of

informing the lawyer on the sole question, which is whether or not the Producing Lawyer's

unilateral claim of privilege is valid."  *Id.* at ¶ 38.

C.     *The authorities that Ferrellgas cites fail to support a finding of wrongdoing*

As Eddystone previously explained, the cases that Ferrellgas cited in its initial

Memorandum are easily distinguishable.   Opp. at 18-20.  They involve serious conflicts of

interest or other egregious behavior, apply non-Pennsylvania law that differs from

Pennsylvania's standards, and fail to reference Rule 26(b)(5)(B) or related stipulations.  *Id.*

Ferrellgas attempts half-heartedly in its Reply to defend the relevance of its cases by arguing that they involved parties improperly using privileged information. Reply at 14. But this begs the question of whether, when it reviewed the inadvertently-produced documents for the limited purpose of assessing privilege, Steptoe was acting improperly. As noted, none of Ferrellgas' cases involve facts like those here. Given this, it is not surprising that Ferrellgas devotes only two sentences in its Reply to defending the relevance of decisions that it cited in its Memorandum.

In further support of its Motion, Ferrellgas claims in its Reply that a parade of horribles would flow from adoption of Steptoe's position. Ferrellgas suggests that Steptoe's approach would "eviscerate" the protections against inadvertently-produced documents by allowing parties to freely use the information in those documents. Reply at 3. Ferrellgas even claims that this approach would mean that litigants had sunk to the "rules of the jungle." Reply at 9.

Ferrellgas is attacking a strawman. Steptoe does not assert that inadvertently-produced documents may be used by receiving parties in Pennsylvania for any purpose. Instead, Steptoe contends that such parties are free to review inadvertently-produced documents *but solely for purposes of assessing privilege*. Thus, such documents cannot be used to draft pleadings, cannot be utilized at deposition, cannot be shown to experts or used at trial, etc. Contrary to Ferrellgas, these limitations place real constraints on the use of the documents. *See U.S. Home Corp. v. Settlers Crossing, L.L.C.*, 2012 WL 13013055, at *12 (warning receiving party not to reference inadvertently-produced documents in support of its court filings).

Moreover, numerous decisions – including decisions cited by Ferrellgas – have confirmed that orders limiting the use of inadvertently-produced documents provide sufficient protection to the producing party. These decisions have merely imposed restraints on receiving

counsel's use of privileged information, rather than disqualifying counsel. *Burt Hill, Inc. v. Hassan*, Civ. A. No. 09-1285, 2010 WL 419433, at *9 (W.D. Pa. Jan. 29, 2010) (refusing to disqualify receiving party, but limiting use of privileged documents); *Greater N.Y. Taxi Ass'n v. City of N.Y.*, No. 13-cv-3089 (VSB)(RLW), 2018 WL 2316629, at *6 (S.D.N.Y. May 8, 2018) (where stipulation forbade any review of inadvertently-produced documents, court did not disqualify receiving party but barred its use of the documents to contest privilege); *see also Stewart*, 294 F. Supp. 2d at 494 (the remedy for review of inadvertently-produced document is not disqualification, but an order limiting document's use, e.g., "suppression"); *Nesselrotte v. Allegheny Energy, Inc.*, Civil Action No. 06-01390, 2008 WL 2890832, at *6 (W.D. Pa. July 23, 2008) (no disqualification necessary, court finds it sufficient to bar use of improperly-received documents).

The previously-described history of ABA Model Rule 4.4(b) and Pa. R. C. P. 4.4(b) directly contradicts Ferrellgas' claim that adoption of Steptoe's approach would result in disaster. The Rules were both amended approximately a decade ago, and neither now forbids a party from reviewing a privileged document that was inadvertently-produced. Moreover, due to the amendment, in 2005 ABA Formal Opinon 05-437 withdrew ABA Formal Opinion 92-362, an opinion which had required a party to immediately stop reviewing a document that might be privileged. Had the Ferrellgas' premonitions of doom been well-founded, ABA Rule 4.4(b) and Pa. R. C. P. 4.4(b) would never have been amended as they were, or the amendments would have been reversed.

Ferrellgas also includes with its Reply the declaration of attorney Lawrence J. Fox. Mr. Fox acknowledges that he was the author of the first draft of ABA Formal Opinion 92-362, the opinion that barred attorneys from reviewing inadvertently-produced documents for privilege,

and that the ABA withdrew in 2005 due to its adoption of Model Rule 4.4(b).   Fox Decl. at ¶ 15;

ABA Formal Opinion 05-437.   Mr. Fox in his declaration is now advocating for the same ethics

rule that the ABA previously considered and rejected.   Moreover, as Chief Justice Veasey

explains, Mr. Fox's declaration is flawed.   Mr. Fox claims that permitting limited attorney

review of inadvertently-produced documents will result in the wholesale "destruction" of

privilege.   The Chief Justice – consistently with the above cases that found it sufficient to merely

place limits on the use of inadvertently-produced documents – concludes that Mr. Fox's rhetoric

is "overstated".   Veasey Decl. at ¶¶ 34-35.   The Chief Justice also notes that Mr. Fox in his

declaration does not provide logical support for his conclusions, but merely "begs the question"

of whether an attorney violates any rules when he or she reviews inadvertently-produced

documents for purposes of assessing privilege.   *Id.* at ¶ 35.   And even Mr. Fox does not state that

Steptoe should be disqualified in this case.

Finally, Ferrellgas cites a new set of cases in the Reply for the proposition that "relying

on the material subject to the claim of privilege to argue against the privilege" is "prohibited."

Reply at 4.   But Eddystone has not relied on any of the documents at issue to argue against the

privilege – the contents of the documents are not mentioned anywhere in the Crime-Fraud

Motion.   Unsurprisingly, none of Ferrellgas's new cases involve actions like those taken by

Steptoe in this case, *i.e.*, none involve counsel merely reviewing documents to evaluate privilege.

Additionally, none of these cases resulted in disqualification of counsel:

- *Cudd Pressure Control, Inc. v. New Hampshire Ins. Co.*, 297 F.R.D. 495, 499 (W.D. Okla. 2014) – The receiving party in this case disclosed the contents of the inadvertently-produced documents in a brief that was filed with the court and made available to the public. *See Cudd,* Dkt. 89.   The quotation that Ferrellgas included in the Reply focused on this public filing.   Reply at 4.   The receiving party's public disclosure of inadvertently-produced information was contrary to the requirement that such information be submitted under seal, Fed. R. Civ. P. 26(b)(5)(B), and there is no

allegation that Steptoe did anything similar here.  In any event, while the court in *Cudd* did admonish the receiving party, it did not impose sanctions.

- *Greater N.Y. Taxi Ass'n v. City of N.Y.*, No. 13-cv-3089 (VSB)(RLW), 2018 WL 2316629, at *6 (S.D.N.Y. May 8, 2018) – The stipulation in *Greater N.Y. Taxi* – unlike in the present litigation – essentially required the receiving party to immediately destroy or return inadvertently-produced documents upon receipt of a clawback request, *i.e.*, the stipulation forbade any review of the clawed-back documents.  Even though the receiving party in *Greater N.Y. Taxi* read the documents and attached them to a court filing (*see Greater N.Y. Taxi*, fn. 4) after they were clawed back, the court in this case merely admonished the receiving party.

- *Burt Hill, Inc. v. Hassan*, No. 09-1285, 2010 WL 419433, at *4 (W.D. Pa. Jan. 29, 2010) – In its Reply, Ferrellgas mentions this decision's reference to an "oft-cited protocol," but that reference is dicta, as this is an unauthorized-production case and not one involving inadvertent disclosures.  Moreover, the court admits that the "protocol" it references has changed in light of the edits to Rule 4.4(b) described previously.   The court also does not order disqualification in this case.

- *Kelly v. CSE Safeguard Ins. Co.*, No. 2:08-CV-88-KJD-RJJ, 2011 WL 3494235, at *3 (D. Nev. Aug. 10, 2011) – The court here orders inadvertently-produced documents returned or destroyed, but only after the dispute over privilege had been resolved.  The court also refuses to sanction the receiving party.

- *Johnson v. Stein Mart, Inc.*, No. 3:06-cv-341-J-34 TEM, 2009 WL 1424214, at *3 (M.D. Fla. May 20, 2009) – The receiving party attached inadvertently-produced documents to briefs filed in the public record (*see* Dkt. 95) even after receiving a clawback request.  The court found this behavior "reprehensible", but did not order disqualification (or apparently, any sanctions).

    In short, none of these cases justify the conclusion that an attorney receiving

inadvertently-produced documents may not review them to assess privilege.

**II.**   ███████████████████████████████████████████

    *A.*   ████████████████████████████████

      █████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████









Moreover, as noted in the Opposition, Ferrellgas – as the party seeking disqualification – bears

the burden of "clearly showing" that disqualification is proper.  *Cohen v. Oasin*, 844 F. Supp.

1065, 1067 (E.D. Pa. 1994); *Martin v. Turner*, Civil Action No. 10-1874, 2011 WL 717682, *2

(E.D. Pa. Feb. 18, 2011). 

*B.*

Again, the authorities cited by Ferrellgas – Fed. R. Civ. P. 26(b)(5)(B), the Stipulation, and Pa. R. C. P. 4.4(b) – do not forbid a receiving party from reviewing inadvertently-produced documents for purposes of assessing privilege.

Additionally, Ferrellgas has not explained how any of the documents identified in its clawback letter had anything to do with the Crime-Fraud Motion, or even that they are relevant to this case.  In fact, they are not.

The two cases that Ferrellgas cites in this portion of the Reply are obviously inapposite. They arise – not in the inadvertent-production context – but in the context of attorney conflicts of interest, a much more serious issue that implicates duty of loyalty concerns.  *Nunez v. Lovell*, Civil No. 2005-7, 2008 WL 4525835, at *6 (D.V.I. Oct. 3, 2008) (addressing disqualification in the context of a conflict of interest); *Jordan v. Philadelphia Hous. Auth.*, 337 F. Supp. 2d 666, 678 (E.D. Pa. 2004) (same).  The *Nunez* opinion expressly underlines the importance of that duty: "An attorney who fails to observe his obligation of undivided loyalty to his client injures his profession and demeans it in the eyes of the public."  *Nunez*, 2008 WL 4525835, at *2 (*quoting Int'l Bus. Machines Corp. v. Levin*, 579 F.2d 271, 283 (3d Cir. 1978)); *see In re David*

*Cutler Indus. Ltd.*, 432 B.R. 529, 541 (Bankr. E.D. Pa. 2010) (difficult to imagine attorney conflicts of interest that do not require disqualification). ██████████████████████

████████████████████████████████████████████████████████████████████████████

█████████████████████ As previously noted, Ferrellgas has not cited a single case finding misconduct – much less granting disqualification – based on facts like those here.

██ ███████████████████████████████████████████
████████████████████████████
█████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
████████████████████████████████
████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
███████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

*Asousa P'ship,* Bankr.*,* No. 01-12295DWS, 2005 WL 3299823, at *3 (Bankr. E.D. Pa. Nov. 17, 2005); *Koumoulis v. Ind. Fin. Mktg. Grp.*, Inc., 295 F.R.D. 28, 38 (E.D.N.Y. 2013) ("'the attorney-client privilege is not available merely by stamping a document that was prepared by an attorney, which contains solely business advice, 'PRIVILEGED AND CONFIDENTIAL' [or] 'Advice of Counsel.''"). ████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████

## III.    The facts in this case do not support the extreme remedy of disqualification

████████████████████████████████████████████████████████████

████████████████████████████████████████ As Steptoe previously noted, in this District, disqualification is "not favored," is not applied "automatically," and the party seeking disqualification must provide facts "clearly showing" entitlement to such.  Opp. at 20-21. Disqualification is also improper (outside the breach of loyalty context) if the violation does not result in substantial prejudice.  *Id.*  A party's choice of counsel is entitled to "substantial deference," and a court should be especially wary of ordering disqualification when – as here – counsel at issue has already expended substantial and effort on the matter and disqualification would impose a substantial burden on the client.  *Id.*

Ferrellgas does not seriously dispute the foregoing.  The two cases that it cites regarding disqualification involve obviously different facts.  One of them, *Nunez*, 2008 WL 4525835, addresses disqualification in the breach of the loyalty context.  The other case, *Comm'l Credit Bus. Loans, Inc. v. Martin*, 590 F. Supp. 328, 336 (E.D. Pa. 1984), involves an attorney who refused to stop testifying at trial, requiring the court to disqualify him to ensure a fair proceeding. Neither of these cases involve inadvertent disclosures, Rule 26(b)(5)(B), stipulations like the one here, or Pa. R. P. C. 4.4(b).

Ferrellgas attacks Eddystone's reliance on *Nesselrotte v. Allegheny Energy, Inc.*, Civil. Action No. 06-01390, 2008 WL 2890832, at **4, 6-8 (W.D. Pa. July 23, 2008), but its criticisms miss the mark. Reply at 14. *Nesselrotte* compels the conclusion that disqualification would be improper here.

In *Nesselrotte*, the court found the receiving counsel had acted in good faith because it had applied a reasonable, albeit incorrect, understanding of the law of privilege. *Nesselrotte*, 2008 WL 2890832, at *6. Based on that understanding, counsel believed that its retention and review of the documents at issue in the case was proper. *Id.* In this case, as noted above, Fed. R. Civ. P. 26(b)(5)(B), the Stipulation, and Pa. R. C. P. 4.4(b) do not bar the receiving party from reviewing inadvertently-produced documents for privilege. ██████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
██████████

Other *Nesselrotte* factors also weigh against disqualification in this case. Contrary to Ferrellgas, in *Nesselrotte* the court stated that if the documents at issue did not constitute a "roadmap" to the opponent's litigation strategy, their review by the receiving party would not weigh in favor of disqualification. *Nesselrotte*, 2008 WL 2890832, at *6. ████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
█████████████████████████████████████

Finally, a significant *Nesselrote* factor weighing against disqualification here is that substitution of new counsel would impose severe costs on Eddystone. Ferrellgas does not deny

Steptoe's contention, Opp. at 23, that Steptoe has filed or opposed dozens of motions in this case, has reviewed and analyzed hundreds of thousands of pages of documents (approximately 3 million pages have been produced in this litigation), and has retained and interacted with numerous experts. █████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████  Additionally, as of the filing date of the Opposition, Defendants had taken, or were in the process of taking, at least five depositions, all of which were or will be defended by Steptoe.

Despite the foregoing, Ferrellgas argues unpersuasively that switching counsel would not be unduly burdensome for Eddystone.  Reply 15.  Ferrellgas asserts that the parties are only in the middle of fact depositions, expert discovery has yet to begun, dispositive motions have not been filed, and a trial date has not yet been set.  Ferrellgas ignores the fact that it would require a very major effort to educate new lead counsel – ██████████████████ – to take over the running of this case.  Ferrellgas nowhere addresses the very great expense that Eddystone would have to incur to have a whole new set of lawyers learn about this complex case.  Ferrellgas also does not discuss the fact that – to allow time for new counsel to get up to speed – this case would have to be stayed for several weeks or months, further prejudicing Eddystone.

## IV.   Discovery is inappropriate in this case

Eddystone previously noted that ordering satellite discovery here, *i.e.*, discovery about discovery, would be wasteful and inefficient.  Opp. at 23.  Such discovery would be very intrusive, would generate numerous discovery disputes, and would time-consuming.  Additionally none of the cases that Ferrellgas has cited in this matter have ordered discovery like that which Ferrellgas proposes.   Ferrellgas has not responded in its Reply to these criticisms, which should counsel the Court to deny discovery here.

**CONCLUSION**

Ferrellgas' Motion to Dismiss fails on all counts.  The authorities that Ferrellgas cites –

Fed. R. Civ. P. 26(b)(5)(B), the Stipulation, and Pa. R. C. P. 4.4(b) – do not forbid a receiving

party from reviewing inadvertently-produced documents for the limited purpose of assessing

privilege.  ████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████

██████ .  The Motion should be denied.

Dated: December 14, 2018                   Respectfully submitted,


                                           /s/ Andrew J. Sloniewsky
                                           Henry E. Hockeimer, Jr. (I.D. No. 86768)
                                           Terence M. Grugan (I.D. No. 307211)
                                           BALLARD SPAHR LLP
                                           1735 Market Street, 51st Floor
                                           Philadelphia, PA 19103-7599
                                           Telephone: (215) 665-8500
                                           Facsimile: (215) 864-8999
                                           hockeimerh@ballardspahr.com
                                           grugant@ballardspahr.com

                                           Filiberto Agusti (*pro hac vice*)
                                           Andrew J. Sloniewsky (*pro hac vice*)
                                           Timothy Work (*pro hac vice*)
                                           Nicholas Petts (*pro hac vice*)
                                           STEPTOE & JOHNSON LLP
                                           1330 Connecticut Avenue, NW
                                           Washington, DC 20036
                                           Telephone: (202) 429-3000
                                           Facsimile: (202) 429-3902
                                           fagusti@steptoe.com

jtheodore@steptoe.com
twork@steptoe.com
npetts@steptoe.com

*Counsel for Eddystone Rail Company, LLC*

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing via the Court's ECF system on December 14, 2018, thereby serving all counsel of record.

/s/ Andrew J. Sloniewsky
Andrew J. Sloniewsky

24