IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDDYSTONE RAIL COMPANY, LLC, | |
| Plaintiff, | |
| vs. | Civil Action No. 17-CV-00495 |
| BRIDGER LOGISTICS, LLC, JULIO RIOS, JEREMY GAMBOA, FERRELLGAS PARTNERS, L.P., FERRELLGAS, L.P., BRIDGER ADMINISTRATIVE SERVICES II, LLC, BRIDGER MARINE, LLC, BRIDGER RAIL SHIPPING, LLC, BRIDGER REAL PROPERTY, LLC, BRIDGER STORAGE, LLC, BRIDGER SWAN RANCH, LLC, BRIDGER TERMINALS, LLC, BRIDGER TRANSPORTATION, LLC, BRIDGER ENERGY, LLC, BRIDGER LEASING, LLC, BRIDGER LAKE, LLC, J.J. LIBERTY, LLC, J.J. ADDISON PARTNERS, LLC, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF CANOPY PROSPECTING, INC.'S
MOTION TO QUASH RULE 30(b)(6) DEPOSITION NOTICE**

**INTRODUCTION**

Canopy Prospecting, Inc. ("Canopy") has filed the accompanying Motion to Quash to prevent a blatant abuse of the discovery process. Canopy—a non-party—is a closely held business with only two principals, Jack Galloway and Erik Johnson. Both of these individuals have already been deposed. They were cooperative and forthcoming in their depositions, producing nearly 1,000 pages of testimony on a wide range of topics. Now, however, Defendants Rios and Gamboa seek to re-depose Mr. Galloway and Mr. Johnson on the same topics that were covered in their prior depositions. The Court should reject Rios and Gamboa's gross overreach.

On January 18, 2019, after Mr. Galloway and Mr. Johnson had been deposed, Rios and Gamboa served a Notice of Deposition on Canopy pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. Declaration of Steven Barber ("Barber Decl."), Ex. 1. The notice sought testimony of a corporate representative(s) of Canopy on *32 separate topics*. After counsel met and conferred, Rios and Gamboa served an amended Notice of Deposition ("Notice"), which deleted some topics but added others. Barber Decl., Ex. 2.

The Notice remains fundamentally objectionable. Rios and Gamboa seek testimony on 19 topics. The only persons who can provide corporate testimony for Canopy are Mr. Galloway and Mr. Johnson. Moreover, with a few trivial exceptions, all topics in the Notice were already covered in Mr. Johnson's and Mr. Galloway's prior depositions. As discussed more fully below, courts routinely decline to permit Rule 30(b)(6) testimony in these circumstances, because it would be duplicative and impose unreasonable costs and burdens on the responding party.

The Notice also improperly seeks Canopy's testimony on the bases for and meaning of various actions and contentions of Eddystone Rail Company, LLC ("ERC"). Canopy was a minority joint venture partner in ERC, but ERC and Canopy are distinct entities. The testimony of a Canopy corporate representative does not bind ERC. Moreover, several ERC-related subjects have been thoroughly covered in the depositions of ERC witnesses. Those subjects are also included among the topics in a Rule 30(b)(6) Notice of Deposition that Defendants recently served on ERC. Barber Decl, Ex. 7. Accordingly, Defendants have had and will continue to have ample opportunity to obtain ERC-specific discovery through more appropriate and less burdensome means.

In short, Rios and Gamboa's Notice is calculated to harass Mr. Johnson and Mr. Galloway by demanding that one or both provide additional testimony on topics already covered

at length in their prior depositions, in prior depositions of ERC witnesses, and in a separate Rule 30(b)(6) notice that has been served on ERC. Rios and Gamboa would not be prejudiced by the requested relief because they have already obtained testimony and documentary evidence on the topics in the Notice. The Court should grant Canopy's Motion to Quash, and protect Mr. Johnson, Mr. Galloway, Canopy, and ERC from the burdens and costs of complying with the Notice.

## FACTUAL BACKGROUND

Canopy is a closely held business with only two principals, Mr. Galloway and Mr. Johnson. (*See, e.g.,* Barber Decl., Ex. 3 (Deposition of Erik Johnson ["Johnson Dep."]) at 17:9-11) and Ex. 4 (Deposition of John "Jack" Galloway ["Galloway Dep."]) at 25:17-26:3). At all relevant times, Mr. Galloway was the President and CEO of Canopy. (Galloway Dep. at 25:14-16.) Mr. Johnson is Canopy's Vice President and General Manager. (Johnson Dep. at 16:17-23.) Although Canopy has occasionally hired certain individuals on a consulting or part-time basis, Mr. Johnson and Mr. Galloway were at all relevant times the only two full-time employees of Canopy. (Galloway Dep. at 25:17-26:3.)

Defendants have already deposed Mr. Johnson (December 5, 2018) and Mr. Galloway (January 15, 2019). Barber Decl. at Exs. 3 and 4. Counsel for Rios and Gamboa attended and participated in each deposition. *Id*. The transcripts of the depositions total nearly 1,000 pages, and a total of 57 exhibits were marked during the examinations. (*See generally id.*) The deposition process was particularly burdensome for Mr. Galloway, who is 83 years old. Nonetheless, he testified for more than seven hours, generated 515 pages of testimony, and answered questions about 33 exhibits.

On December 20, 2018—prior to Mr. Galloway's deposition—counsel for Defendants informed counsel for ERC that they intended to serve a Rule 30(b)(6) notice on Canopy. Barber Decl. at Ex. 5. By email dated January 10, 2019, counsel for ERC objected to the yet-to-be served notice:

> Eddystone strongly objects to any such notice. As you know, Johnson and Galloway are the two principals at Canopy. Defendants deposed Johnson in December and will depose Galloway next week. The testimony of these witnesses binds Canopy. There is simply no need for a separate 30b6 deposition, which would be duplicative and impose undue burdens and costs on Canopy and Eddystone.
>
> We urge defendants not to pursue the Canopy 30b6. If they do, Eddystone reserves its right to see [sic] all appropriate relief.

*Id*. at Ex. 5.

On January 18, 2019, Rios and Gamboa served the original notice, unilaterally setting the Rule 30(b)(6) deposition for February 8, 2019. The notice requested testimony on 32 topics. *Id.* at Ex 1. After counsel met and conferred, Rios and Gamboa served the amended Notice. This new Notice excluded some topics that were contained in the original notice, but added other topics not included in the original notice, resulting in a total of 19 separate topics. *Id.* at Ex. 2. Aside from a few minor exceptions, all these topics were addressed in the depositions of Mr. Galloway and Mr. Johnson. *Id*. at Ex. 6. For instance, one topic is "[c]ommunication to Bridger regarding the SEPTA window and the granite pinnacle." (*Id*. at Ex. 2, Topic 3.) Mr. Johnson and Mr. Galloway testified about this extensively. (Johnson Dep. at, *e.g.*, 118:13-123:7, 139:9-142:15, 165:13-173:17; Galloway Dep. at, *e.g.*, 319:9-12.) Other topics include "[c]ommunications with any experts or consultants hired by Canopy or ERC to investigate any operational problems or obstacles encountered at the Facility . . ." and "[a]ny diligence conducted by Canopy or ERC into the Facility's operational capabilities and functionality." (Barber Decl., Ex. 2, Topics 2, 13.) Again, both Mr. Galloway and Mr. Johnson discussed these

- 4 -

topics at length in their depositions. (Johnson Dep. at, *e.g.*, 68:9-69:14, 71:10-72:23, 138:5-139:21; Galloway Dep. at, *e.g.*, 217:16-225:1, 310:22-311:14.) Yet another proposed topic is the "justification for the consideration Canopy gave Enbridge for its 75% interest in ERC." (Barber Decl., Ex. 2, Topic 15.) And again, this topic has been thoroughly addressed. (Johnson Dep. T. at, *e.g.,* 245:8-264:9.) These are but a few examples of topics covered in Mr. Johnson's and Mr. Galloway's depositions. Attached as Exhibit 6 to the Barber Declaration is a table listing all topics included in the Notice and the portions of the Johnson and Galloway depositions in which those topics are discussed.

By email dated February 1, 2019, counsel for ERC advised counsel for Rios and Gamboa that ERC and Canopy objected to the Notice for the same reasons they objected to the original notice (i.e., the topics were covered in Mr. Galloway's and Mr. Johnson's prior deposition testimony). Barber Decl., Ex. 8. Canopy's Motion to Quash followed.

## ARGUMENT

**I.     Legal Standard**

Rule 26 of the Federal Rules of Civil Procedure empowers the Court to limit the scope of discovery, taking into account "the importance of the discovery in resolving the issues[] and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). For good cause, the Court can fashion discovery remedies "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Further, the Court should limit discovery if it determines that the "discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or "the party seeking discovery has had

ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(2)(C).

These concerns are especially compelling when discovery is sought from a non-party like Canopy.[1] *See Tetratec Corp. v. E.I. Dupont De Nemours & Co.,* 1992 WL 202169, at *1 (E.D. Pa. Aug. 12, 1992) (recognizing that when "ruling on discovery motions, courts have held that non-parties are entitled to greater protection than parties"). In "the case of nonparty deponents, courts recognize that discovery should be more limited to protect nonparty deponents from harassment, inconvenience or disclosure of confidential documents." *Taggart v. Wells Fargo Home Mortg., Inc.*, 2012 WL 4462633, at *2 (E.D. Pa. Sept. 27, 2012) (internal quotations omitted).

## II. The Notice is Unreasonably Cumulative and Duplicative, and Seeks to Impose Undue Burdens and Expense on Mr. Johnson, Mr. Galloway, and ERC

There is no legitimate reason for another deposition of Mr. Johnson or Mr. Galloway. Canopy is a closely held business. Mr. Galloway and Mr. Johnson are its only principals, and thus, the only individuals who can speak for the company. As such, their fact deposition testimony may be imputed to Canopy. *See A.I.A. Holdings, S.A. v. Lehman Bros.*, 2002 WL 1041356, at *3 (S.D.N.Y. May 23, 2002) (where the only individuals who can provide testimony as a corporate representative have already been deposed, "there appears to be no obstacle to the entity's complying with its obligations under Rule 30(b)(6) by adopting the witness's testimony in his individual capacity"). Because Mr. Johnson's and Mr. Galloway's deposition testimony

---

[1] Rios and Gamboa did not serve Canopy with a Rule 45 subpoena for deposition testimony. Instead, they merely served a deposition notice on ERC's counsel. For this reason alone, the Court has authority to quash the Notice. *See Nuskey v. Lambright*, 251 F.R.D. 3, 12 (D.D.C. 2008) (a "nonparty[] can only be compelled to attend a deposition if served with a subpoena pursuant to Rule 45"). Canopy asserts that there are compelling substantive reasons to quash this discovery as well.

covered the topics in the Notice, Rios and Gamboa already possess binding testimony on the topics of interest.

The real reason for the Notice is that Rios and Gamboa are unhappy with the answers Mr. Johnson and Mr. Galloway gave in their depositions. Rios and Gamboa want a do-over. They also effectively seek to exceed the 7-hour limit imposed on each deposition. *See* Fed. R. Civ. P. 30(d)(1) ("Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours."). But Rule 30(b)(6) cannot be used for these purposes. This Court has held that "allowing for serial depositions, whether of an individual or organization, provides the deposing party with an unfair strategic advantage, offering it multiple bites at the apple, each time with better information than the last." *State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.*, 254 F.R.D. 227, 235 (E.D. Pa. 2008) (rejecting attempt to depose individual who was already deposed as a Rule 30(b)(6) corporate representative).

Courts are especially protective when a Rule 30(b)(6) notice is served on a closely held company. "[C]ommon sense teaches that in the case of relatively small, closely-held entities . . . there may be no difference between the knowledge of the entity and the knowledge of its principals." *A.I.A. Holdings, S.A.*, 2002 WL 1041356, at *3. Accordingly, a Rule 30(b)(6) deposition is not appropriate where "the witness's testimony as a 30(b)(6) witness would be identical to his testimony as an individual and the 30(b)(6) is limited, or substantially limited, to topics covered in the deposition taken in the witness's individual capacity." *Id. See also Sabre v. First Dominion Capital, LLC,* 2001 WL 1590544, at *2 (S.D.N.Y. Dec. 12, 2001) ("In the case of many closely held corporations, the knowledge of an individual concerning a particular subject also constitutes the total knowledge of the entity. In such a situation, the witness could

simply adopt the testimony he or she provided in a former capacity, thereby obviating the need for a second deposition.").

In *Nicholas v. Wyndham Int'l, Inc.*, 373 F.3d 537, 543 (4th Cir. 2004), the Fourth Circuit affirmed the district court's decision preventing defendant from taking the Rule 30(b)(6) deposition of an entity controlled by two individuals whom defendant had already deposed. The court reasoned: "Wyndham had already deposed both Plaintiffs, and Wyndham's counsel conceded to the district court that Brainwave could have no more information about the facts of liability and damages than Plaintiffs themselves had. (Indeed, Wyndham was aware that either of the Plaintiffs would have been designated as Brainwave's corporate representative at any deposition.)." *Nicholas*, 373 F.3d at 543. Thus, the court credited the district court's conclusion that the Rule 30(b)(6) deposition sought by defendant was "cumulative and duplicative, unduly burdensome, and harassing." *Id.*

The facts of this case are on all fours with *Nicholas*. As in that case, corporate executives of the company (Canopy) have already testified on the topics set forth in the Rule 30(b)(6) notice.[2] Moreover, Rios and Gamboa can claim no prejudice if the Notice is quashed. As noted, prior to Mr. Galloway's deposition, counsel for Rios and Gamboa were on notice that ERC would object to any effort to re-depose him as a Rule 30(b)(6) witness. They knew that they would need to cover—and did in fact cover—the topics in the Notice during Mr. Galloway's deposition. The fact that counsel now wishes it had asked different questions or elicited different answers in the prior depositions does not justify the substantial costs and burdens that would be

---

[2] Not surprisingly, Mr. Johnson and Mr. Galloway could not always recall every detail in responding to counsel's questions. However, that does not justify additional deposition testimony. *See Estrada v. Wass,* 2012 WL 1268533, at *2 (M.D. Pa. Apr. 16, 2012) ("a Rule 30(b)(6) deponent need not have perfect responses to each question, nor a clairvoyant ability to predict every single question that may be posed").

imposed on Mr. Johnson, Mr. Galloway, and ERC if the Rule 30(b)(6) deposition were allowed to go forward. Protection is especially warranted here because Canopy is not party to the suit. *See, e.g., Thompson v. Glenmede Tr. Co.,* 1995 WL 752422, at *2 (E.D. Pa. Dec. 19, 1995) ("federal courts have imposed broader restrictions on the scope of discovery when a non-party is targeted"); *Kelley v. Enhanced Recovery Co., LLC*, 2016 WL 8673055, at *2 (D.N.J. Oct. 7, 2016) ("Discovery from a nonparty is unduly burdensome where the information sought has already been, or can be obtained from other means.")

### III. Rios and Gamboa Improperly Seek Canopy's Testimony on the Bases for and Meaning of ERC's Contentions and Actions

The Notice is also improper because it seeks Canopy's testimony on the bases for and meaning of ERC's conduct and contentions in this litigation. Although Canopy was a minority joint venture partner in ERC, ERC and Canopy are separate and distinct entities. Canopy's testimony does not bind ERC. *See* Fed. R. Civ. P. 30(b)(6) (a designated corporate representative for a corporate deponent is only required to testify "on [that corporation's] behalf"). Yet, five subtopics in the Notice seek testimony on the "basis for and meaning of ERC's allegations" in the litigation. Barber Decl., Ex. 2, Topics 16(b)-(f). Topic 17 covers the "reasons **ERC** did not exercise its remedy under the RSA to cease accepting BTS' crude. . . ." (*Id*., Ex. 2, Topic 17 (emphasis added)). Canopy's speculative testimony on these topics does not bind ERC and would have little, if any, probative value.[3]

Moreover, Defendants have already obtained testimony on ERC-related topics from ERC witnesses. Defendants have also listed many ERC-related topics in their Rule 30(b)(6) Notice of

---

[3] Other topics in the Notice are irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and unduly burdensome. For instance, Topics 4 and 19 seek testimony related to Eddystone's transfer of assets to Canopy in late 2017. Barber Decl., Ex. 2, Topics 4 and 19. Inquiries into the sale of assets two years after the breach of the RSA have nothing to do with the claims or defenses in this litigation.

ERC.  *Id*. at Ex. 7.  The parties are in the midst of meet-and-confer negotiations regarding that notice.  ERC expects to produce a corporate representative(s) to testify on various topics after the Court rules on ERC's pending motion to compel based on the crime-fraud exception to the attorney-client privilege.  (ECF No. 217.)[4]  ERC and Canopy have also produced voluminous documents, which contain much of the information sought in the Notice.  Accordingly, Rios and Gamboa can obtain—and have obtained—the requested discovery through less burdensome means.  *See Nicholas*, 373 F.3d at 543 (affirming denial of Rule 30(b)(6) deposition of plaintiffs' corporate entity in part because "Plaintiffs had already produced some 400 pages of e-mails").  *See also* Fed. R. Civ. P. 26(b)(2)(C)(i) (court must limit discovery when the discovery sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive").

## CONCLUSION

For all the foregoing reasons, Canopy respectfully requests that the Court grant its Motion to Quash.

Respectfully submitted,

*/s/ Ellen Rosen Rogoff*
Ellen Rosen Rogoff, Esq.
Adriel J. Garcia, Esq.
Stradley Ronon Stevens & Young, LLP
2005 Market Street, Suite 2600
Philadelphia, PA  19103-7018
Telephone:  215-564-8000
erogoff@stradley.com
agarcia@stradley.com

---

[4]  The Rule 30(b)(6) Notice served on ERC contains a topic that is similar to Topic 16 in the Notice.  Barber Decl., Ex. 7, Topic 4.  Consistent with the Court's order on Rios' motion to compel ERC to provide supplemental interrogatory answers (ECF No. 188 ), ERC objects to providing deposition testimony on this subject but instead will provide supplemental interrogatory answers after the discovery record is further developed.

OF COUNSEL:

Peter Bogdasarian, Esq.
Stradley Ronon Stevens & Young, LLP
1250 Connecticut Avenue, N.W., Suite 500
Washington, DC  20036
Telephone:  202-419-8405
pbogdasarian@stradley.com

*Attorneys for Non-Party, Canopy Prospecting, Inc.*


Dated:  February 1, 2019