UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDDYSTONE RAIL COMPANY, LLC | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 17-cv-00495 |
| | ) | |
| v. | ) | |
| | ) | |
| BRIDGER LOGISTICS, LLC, JULIO RIOS, | ) | |
| JEREMY GAMBOA, FERRELLGAS | ) | |
| PARTNERS, L.P., FERRELLGAS L.P., | ) | |
| BRIDGER ADMINISTRATIVE SERVICES II, | ) | |
| LLC, BRIDGER MARINE, LLC, BRIDGER | ) | |
| RAIL SHIPPING, LLC, BRIDGER REAL | ) | |
| PROPERTY, LLC, BRIDGER STORAGE, LLC, | ) | |
| BRIDGER SWAN RANCH, LLC, BRIDGER | ) | |
| TERMINALS, LLC, BRIDGER | ) | |
| TRANSPORTATION, LLC, BRIDGER | ) | |
| ENERGY, LLC, BRIDGER LEASING, LLC, | ) | |
| BRIDGER LAKE, LLC, J.J. LIBERTY, LLC, | ) | |
| J.J. ADDISON PARTNERS, LLC, | ) | |
| | ) | |
| Defendants. | | |

**PLAINTIFF EDDYSTONE RAIL COMPANY LLC'S OPPOSITION TO DEFENDANTS
JULIO RIOS' AND JEREMY GAMBOA'S MOTION TO COMPEL DOCUMENTS ON
EDDYSTONE'S PRIVILEGE LOG**

BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: (215) 665-8500
Facsimile: (215) 864-8999

STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902

# TABLE OF CONTENTS

INTRODUCTION .................................................................................................................. 1

RELEVANT FACTS ............................................................................................................ 2

ARGUMENT ......................................................................................................................... 5

    I.    Rios/Gamboa has failed to show that Eddystone improperly withheld routine business communications.......................................................................................... 5

    II.   Eddystone has sufficiently described documents that it withheld or redacted on privilege grounds ................................................................................................ 6

    III.  Rios/Gamboa have failed to show that Eddystone improperly applied the common interest doctrine.................................................................................................... 9

CONCLUSION ..................................................................................................................... 12

13139841 5

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Bray v. United States,*
  No. Civ. A. 03-5150, 2005 WL 589754, at *3 (E.D. Pa Mar. 14, 2005)...................................6

*In re Intuniv Antitrust Litigation,*
  16-cv-12396-ADB (indirect), 2018 WL 6492747, at *5 (D. Mass. Dec. 10, 2018)...............10

*Karoly v. Mancuso*
  65 A.3d 301, 314 (Pa. 2013)......................................................................................................3

*Mine Safety Appliances Co. v. North River Ins. Co.,*
  Civ. Act. No. 2:09-cv-00348, 2012 WL 12930283, *2, fn. 6 (W.D. Pa. Aug. 6, 2012)..........7

*Nordotek Environmental, Inc. v. RDP Technologies, Inc.,*
  Ac. No. 09-4714, 2011 WL 13227709, at *2 (E.D. Penn. Nov. 28, 2011)...............................6

*Physicians Healthsource, Inc. v. Allscripts Health Solutions, Inc.,*
  No. 12 C 3233, 2017 WL 3730655, *1 (N.D. Ill. Aug. 30, 2017).........................................11

## Other Authorities

Fed.R.Civ. P. 37(a) ...................................................................................................1, 9, 11

Local Rule 26.1(f).....................................................................................................1, 9, 11

13139841 5

**INTRODUCTION**

Eddystone is puzzled by Rios and Gamboa's Motion to Compel ("Motion").  The Motion

tries to paint Eddystone as a party that is concealing incriminating documents.  But in every

instance, Rios and Gamboa ("Rios/Gamboa") are making up disputes that don't actually exist.

First, Rios/Gamboa devote several pages in their Motion to privilege law rules *that*

*Eddystone has never disputed*.  For example, Eddystone has never taken the position that

documents reflecting negotiations between Canopy Prospecting, Inc. ("Canopy") and Enbridge,

Inc. ("Enbridge") are subject to a common interest privilege.  However, Enbridge and Canopy

were joint owners of Eddystone.  They sometimes sought legal advice on matters on which their

interests were aligned (*e.g.*, insurance coverage for the facility, the Bridger letter of credit,

Eddystone's lease of facility, etc.).  These communications are within the scope of the common

interest privilege.  Second, Rios/Gamboa attack Eddystone's privilege log, but *the log includes*

*the information that Rios/Gamboa claim it omits*.  Third, Rios/Gamboa identify in their Motion

as problematic five Eddystone documents, asserting that Eddystone wrongly redacted them.  ***In***

***fact, though, Eddystone produced unredacted versions of the subject texts in January 2019, as***

***part of the parties' meet-and-confer discussions.***

Perhaps Rios/Gamboa may attempt in their Reply to identify new documents that are

problematic.  But such an effort would run afoul of the requirement – set forth in Fed. R. Civ. P.

37(a) and Local Rule 26.1(f) – that litigants must confer in good faith before bringing discovery

disputes to the Court's attention.

In short, there simply is no basis for the Motion, and the Court should deny it.  If

Rios/Gamboa continue to believe that Eddystone has wrongly asserted privilege, before filing

1

13139841 5

another motion they should first discuss with Eddystone the specific documents that they think are problematic.  Moreover, when selecting documents to address, Rios/Gamboa should be discriminating and should focus on those that they believe may contain relevant information.  In the event that the parties cannot reach an understanding, the Court should not be asked to perform an *in camera* review of hundreds of marginal documents.

**RELEVANT FACTS**

Eddystone has produced over 560,000 pages of documents in this litigation.  On August 23, 2018, Eddystone provided Defendants with its initial privilege log, and on October 26, 2018 Eddystone served an amended log.  Eddystone's amended log has approximately 17,000 entries.  Rios/Gamboa and the Ferrellgas defendants have also served privilege logs in this case.  Rios/Gamboa's log contains approximately 8,000 entries and the Defendant Ferrellgas entities' log has approximately 62,000 entries.

Between December 7, 2018 and February 6, 2019, Eddystone and Rios/Gamboa engaged in meet-and-confer discussions intended to address alleged shortcomings in Eddystone's amended log.   See Declaration of Andrew J. Sloniewsky ("Sloniewsky Decl."), Ex. A hereto, Exs. 1-8.  During those discussions, Eddystone agreed on several occasions to produce without redaction documents that Rios/Gamboa asserted should have been produced in full.   Sloniewsky Decl., Exs. 2-4, 6, 8.

Among the documents that Eddystone ultimately produced in unredacted form were documents that contained texts that Rios/Gamboa now assert Eddystone has improperly withheld.  Eddystone produced the unredacted versions of these documents in January 2019.  Eddystone stamped the unredacted versions of the documents with following new bates numbers:

2

| Original Eddystone Production/<br>Doc. Mentioned in Rios/Gamboa Motion: | New Eddystone Production: |
|---|---|
| ERCEDPA00519813[1] | ERCEDPA00564714 |
| ERCEDPA00522570 | ERCEDPA00564692 |
| ERCEDPA00516580 | ERCEDPA00564710 |
| ERCEDPA00520286 | ERCEDPA00564716 |

Sloniewsky Decl., Exs. 9-12.  Rios/Gamboa mention one other specific document in the Motion – ERCEDPA00488517 – but the redacted text in that document duplicates text in another document that Eddystone produced in unredacted form, ERCEDPA00564692.   Sloniewsky Decl., Exs 10, 13.[2]

During the course of the parties' meet-and-confer communications, Rios/Gamboa sent emails to Eddystone on December 7, 2018 and January 18, 2019 that invoked basic principles of privilege law.  Sloniewsky Decl., Exs. 1 and 5.  Rios/Gamboa noted the well-established rule that attorney-client privilege cannot justify withholding routine business communications unrelated to legal advice.  *Id.*  Rios/Gamboa also pointed out that the so-called common interest doctrine[3] does not apply to a communication that reflects a dispute between the communicating parties. *Id.*

---

[1] Rios/Gamboa sometimes incorrectly state that this document as begins at ERCEDPA00519814.

[2] Ironically, though not mentioned in their Motion, Rios/Gamboa included unredacted versions of three of the five documents in the Motion's Exs. B-D.

[3] The common interest doctrine provides that "[i]f two or more clients with a common interest in a litigated or nonlitigated matter are represented by separate lawyers and they agree to exchange information concerning the matter, a communication of any such client that otherwise qualifies as privileged . . .  that relates to the matter is privileged as against third persons." Restatement (Third) of the Law Governing Lawyers sec. 76 (2000); *Karoly v. Mancuso*, 65 A.3d 301, 314 (Pa. 2013) (citing with approval section 76).

3

In email responses dated December 21, 2018 and February 4, 2019, Eddystone agreed with Rios/Gamboa's description of the principles of privilege law.  Sloniewsky Decl., Exs. 1 and 7.  But Eddystone stated that it had complied with those principles in preparing its privilege log. *Id.*  Eddystone further noted that the common interest doctrine may apply to communications addressing issues in which the communicating parties' interests are aligned, even if there are other issues that divide the parties.   *Id.*

Eddystone also stated more generally in its February 4 email that, while it was willing to continue discussing privilege issues further, it needed Rios/Gamboa to (a) identify any additional documents that Rios/Gamboa believed Eddystone had wrongly withheld, and (b) explain why they believed Eddystone had erred.  Sloniewsky Decl., Ex. 7.  Eddystone further noted that, as evidenced by the parties' prior negotiations, "when Defendants present specific arguments linked to specific documents, we [Eddystone] take their position seriously and respond in good faith." *Id.*

Rios/Gamboa did not respond to the February 4, 2019 email.  Instead, they filed the Motion three weeks later.[4]  In the Motion, Rios/Gamboa assert with respect to the five documents that Eddystone has "not met its burden of establishing that these [five documents] . . . are privileged."

---

[4] Rios/Gamboa discuss and include with their Motion a letter that Canopy's counsel sent to Enbridge's attorneys in May 2017.  Rios/Gamboa fail to mention several aspects of the letter that are at odds with Defendants' positions in this litigation: (a) consistent with Rios/Gamboa's view of the common interest doctrine, Eddystone produced the letter to Defendants without redaction; (b) Canopy claims in the letter that Enbridge "destroyed" Eddystone's value, but this "destruction" purportedly arose from Enbridge's overly accommodating policy toward Bridger Transfer Services, LLC – an entity that Rios/Gamboa controlled; and (c) Defendants claim that the facility suffered severe problems from the time it began receiving trains, but the letter mentions Bridger, LLC's desire to buy Enbridge's interest in Eddystone after operations had started.

4

## ARGUMENT

I.   **Rios/Gamboa has failed to show that Eddystone improperly withheld routine business communications**

Rios/Gamboa discuss at great length the principle that ordinary business communications do not become privileged merely by being routed through an attorney.  Motion at 6-9.  But this lengthy discussion is beside the point.  In preparing its log, Eddystone applied the rule that business communications unrelated to legal advice cannot justify a privilege claim.  Sloniewsky Decl., ¶¶ 17-18.[5]  Eddystone also never denied the existence of this rule during the parties' meet-and-confer sessions, and does not deny it now.   Sloniewsky Decl., ¶ 20.

Having devoted many pages to a rule that Eddystone does not dispute, Rios/Gamboa then identify in their Motion a total of five (5) particular documents that they insist Eddystone has improperly redacted in contravention of the rule.  Motion at 9-10.  Rios/Gamboa devote much discussion to these documents, claiming that Eddystone has "not met its burden of establishing that these [documents] . . . are privileged."  *Id.* at 10.  Rios/Gamboa then speculate that "hundreds" of other privilege entries are problematic for the same reason.  *Id.* at 9.

In their eagerness to paint Eddystone as a wrongdoer, however, Rios/Gamboa have misstated the relevant facts.  The parties addressed the redacted texts in the five documents during their meet and confer process.  ***And, after those discussions, Eddystone produced to Defendants in January 2019 the texts found in all five of the documents***.   Thus, it is completely incorrect to say, as Rios/Gamboa counsel does in his certification (Motion at 13), that "the Parties, after reasonable effort, are unable to resolve the discovery dispute identified in this

---

[5] The Declaration of Mr. Sloniewsky addresses categories of withheld documents, as Rios/Gamboa's arguments – other than with respect to the five documents specifically mentioned in the Motion – focus on the same.  Counsel for Eddystone is prepared to submit a more detailed sworn statement should the Court find this necessary.

motion." On the contrary, this episode demonstrates the effectiveness – and necessity – of the meet-and-confer process.

Rios/Gamboa will no doubt respond to the foregoing by arguing in their Reply that Eddystone improperly listed other routine business communications on its privilege log. But Rios/Gamboa did not identify any such materials in prior meet-and-confer discussions with Eddystone, thereby violating Fed. R. Civ. P. 37 and Local Rule 26.1(f). A good faith meet-and-confer is not a meaningless formality to be ignored with impunity. *Nordotek Environmental, Inc. v. RDP Technologies, Inc.*, Civ. Ac. No. 09-4714, 2011 WL 13227709, at *2 (E.D. Penn. Nov. 28, 2011) (internal citation omitted). Failure to comply with the pre-filing consultation requirement justifies denial of a motion to compel without prejudice. *Id.* at *3 (denying motion to compel due to non-compliance with Local Rule 26.1(f)).

Accordingly, the Court should deny the Motion and instruct Rios/Gamboa that, if they believe Eddystone wrongly withheld routine business communications, they should identify the specific documents at issue in pre-filing discussions with Eddystone. Moreover, if the parties are unable to reach agreement, the Court may be required to conduct an in camera review of the materials at issue. *Bray v. United States*, No. Civ. A. 03-5150, 2005 WL 589754, at *3 (E.D. Pa. Mar. 14, 2005) (requiring *in camera* review of disputed report to determine privilege). Because of the burden this would place on the Court, Rios/Gamboa should also be instructed to focus on documents that are likely to be relevant, rather than simply make an indiscriminate demand covering "hundreds" of documents on Eddystone's log.

## II.    Eddystone has sufficiently described documents that it withheld or redacted on privilege grounds

Rios/Gamboa argue that Eddystone's privilege log does not provide enough information for Rios/Gamboa to assess and potentially challenge Eddystone's privilege claims. As a

6

threshold matter, this assertion is undermined by the parties' meet-and-confer sessions regarding the foregoing documents that Eddystone agreed to produce.  During the parties' meet and confer talks, Rios/Gamboa brought the relevant log entries to Eddystone's attention.  Eddystone considered Rios/Gamboa's position, and decided to produce the documents.  There is no problem with Eddystone's log.  Rios/Gamboa has simply abandoned the meet-and-confer process.

Eddystone has supplied Defendants with all information that is traditionally provided to requesting parties regarding materials withheld or redacted on privilege grounds.  Eddystone's log identifies the authors of withheld and redacted documents, their recipients (direct and cc'd parties), the dates of the documents, and the privilege type asserted (work product, attorney-client privilege, etc.).  Motion, Appendix A.  It also describes the basis for the privilege assertions, including the names of the attorneys associated with the legal advice at issue, and the general subject matter of the advice.  *Id.*  Where Eddystone has redacted privileged text from older links in an email chain, the log identifies the relevant attorneys implicated in that text, the subject matter of the legal advice at issue, and the privilege asserted, and the produced version of the email chain identifies all non-attorney authors and recipients of the redacted text.  *Id.*; Sloniewsky Decl., Ex. 1 at pt. 8.

The foregoing information satisfies the requirements needed to assert privilege under Fed. R. Civ. P. 26 and Pennsylvania state law.  *Mine Safety Appliances Co. v. North River Ins. Co.*, Civ. Act. No. 2:09-cv-00348, 2012 WL 12930283, *2, fn. 6 (W.D. Pa. Aug. 6, 2012) (log providing same information as Eddystone supplied found sufficient to properly assert privilege).

Rios/Gamboa's attacks in its Motion on Eddystone's log fall short.  Rios/Gamboa have not cited – and cannot cite – a single case in which a court found information like that which

7

Eddystone provided to be insufficient.  Rios/Gamboa identify in their Motion what they contend are three shortcomings in Eddystone's log, but none of their criticisms hold up.

Rios/Gamboa's first attack apparently consists of the contention that certain log entries do not describe the subjects – the "underlying facts" in Rios/Gamboa's words  – of the legal advice that ostensibly justifies the privilege assertion.  Motion at 6.  Rios/Gamboa specifically complain about the following language that they say appears "hundreds" of times in the log: "Confidential email communications . . . providing information necessary for the provision of legal advice; and furthering a legal interest or strategy."

Rios/Gamboa are simply wrong.  Eddystone's log always to disclosed the subject matter of the legal advice that it was relying on for its privilege assertion.  Sloniewsky Decl.,¶ 18; Motion, Appendix A.  For instance, the first page of the log excerpts attached to Rios/Gamboa's Motion identifies legal advice regarding the following subjects: (a) an "Exelon soil matter," (b) "Berthold draft agreements," (c) a "confidentiality agreement," (d) an "exclusivity agreement," and (e) a "MOU" [memorandum of understanding].  Motion, Appendix A at 1.  As Eddystone explained to Rios/Gamboa during their meet-and-confer discussions, log entries for email attachments do not describe the subject matter of the advice, as the subject of the advice for those attachments is identified in the entries for parent emails.  Sloniewsky Decl., Ex. 1 at pt. 8. Ironically, Rios/Gamboa provided less information regarding attachments in their privilege log: their log does not separately list email attachments, but instead merely provides single entries for emails and any attached materials.  Sloniewsky Decl., Ex.14  (PLID_000 270 and -273).

Rios/Gamboa's second, and similarly weak, criticism is that even those log entries that identify the subjects of the legal advice are somehow deficient.  Rios/Gamboa give as an example an entry that reads as follows: "Confidential email communications to [attorney]

requesting legal advice regarding Eddystone sale and furthering a legal interest or strategy."
Motion at 6. Rios/Gamboa claim that this description is so broad that "it could arguably include
each and every communication sent or received by ERC, Enbridge, or Canopy. . . ." *Id.*

Again, Rios/Gamboa's criticism does not add up. Eddystone has identified the attorneys
involved in the legal advice, the subjects of the advice, the privilege type, and the authors,
recipients, and dates for each document. Motion, Appendix A. Rios/Gamboa are obviously
incorrect in saying that this level of detail would be so vague that the exact same information
would be provided for "each and every communication" involving Eddystone, Enbridge, or
Canopy. Moreover, the log Eddystone provided supplies considerably more information than
Rios/Gamboa's log. Some of the entries in the latter fail to provide any information regarding
the subject of the privileged information, while others do not identify specific attorneys but
instead merely reference "Bridger Counsel" or "Akin Gump". Sloniewsky Decl., Ex. 14
(PLID_000001-000075).

Rios/Gamboa's last criticism appears to be that Eddystone's log "only provides a
description listing the person involved in the latest communication." Motion at 6. This
criticism is also simply wrong. As explained above, the log identifies any attorneys who are
parties to redacted texts in older email links, together with the subjects of their communications
and the privileges that Eddystone is asserting. Motion, Appendix A. Rios/Gamboa have been
given enough information to fully assess Eddystone's privilege assertions. Moreover, contrary to
Fed. R. Civ. P. 37(a) and Local Rule 26.1(f), Rios/Gamboa did not raise this as a criticism before
filing their motion, further justifying dismissal of this argument.

## III. Rios/Gamboa have failed to show that Eddystone improperly applied the common interest doctrine

9

Rios/Gamboa's arguments regarding Eddystone's application of the common interest doctrine are either legally incorrect, or they are too vague to be assessed.  Rios/Gamboa argue that, at various times after 2014, Enbridge and Canopy were at odds over efforts to sell Enbridge's stake in Eddystone or Eddystone's assets.  They further assert that, where Enbridge and Canopy were negotiating against each other, such discussions cannot be protected by common interest.  While Rios/Gamboa contend that Eddystone has wrongly withheld "numerous documents and communications" relating to the sale of Eddystone or its assets, their Motion does not specifically identify any of these materials.

Contrary to Rios/Gamboa's implied suggestion, Eddystone has never denied that the common interest doctrine does not protect communications in which Enbridge and Canopy were at odds.  Sloniewsky Decl., ¶¶ 19-20.  Moreover, Eddystone complied with the foregoing principle in preparing its privilege log.  *Id*.  But the fact that Enbridge and Canopy may have been at odds during some communications does not mean that, as a matter of law, the common interest doctrine could not apply to their other communications occurring at the same time.   *In re Intuniv Antitrust Litigation*, 16-cv-12396-ADB (indirect), 2018 WL 6492747, at *5 (D. Mass. Dec. 10, 2018) (attorney-client privilege together with common interest doctrine support partial redaction of emails).

In this case, Enbridge and Canopy were part owners of Eddystone from 2013 onward. Sloniewsky Decl., ¶ 21.  During that period, Enbridge and Canopy occasionally discussed legal issues intended to promote Eddystone's interests.   *Id*.  Those discussions – if otherwise privileged – would be protected from disclosure by the common interest doctrine.   For instance, after 2013, Eddystone discussed legal issues relating to Bridger, lessors of property at or near the Eddystone facility, and insurance coverage.   Sloniewsky Decl., ¶ 21.  Communications between

10

Enbridge and Canopy regarding those topics would potentially be subject to the common interest doctrine, even if at the time of those communications, Enbridge and Canopy were also at odds over other issues.

Because the existence of disputes between Enbridge and Canopy after 2012 does not justify a blanket prohibition on use of the common interest doctrine, Rios/Gamboa should have identified in their Motion specific log entries that they believe are problematic.  They did not do so.  And neither this Court nor Eddystone are required to search for such entries now by rummaging through Rios/Gamboa's Motion or its 60+ page Appendix like "pigs hunting for truffles".  *Physicians Healthsource, Inc. v. Allscripts Health Solutions, Inc.*, No. 12 C 3233, 2017 WL 3730655, *1 (N.D. Ill. Aug. 30, 2017) (refusing to scour record to assess motion to compel; internal citations and quotations omitted).

Of course, Rios/Gamboa may in their Reply try to identify additional entries in Eddystone's log that they believe improperly rely on the common interest doctrine.  But during the parties' meet-and-confer sessions, Eddystone agreed to produce a number of documents that Rios/Gamboa specifically alleged had been wrongly withheld on that basis.  The identification of new documents during the briefing process, without Eddystone having been given the opportunity to address them beforehand, would violate Fed. R. Civ. P. 37(a) and Local Rule 26.1(f).

Rios/Gamboa's claim that Eddystone wrongfully invoked the common interest doctrine should be denied without prejudice until the parties have a further opportunity to discuss any particular documents that Rios/Gamboa identify.  Because of the burden that would be placed on the Court by any future *in camera* review of documents, Rios/Gamboa should also be instructed that they need to focus on documents from time periods that are especially important to them.

11

Indiscriminate demands covering hundreds of documents on Eddystone's privilege log are unnecessarily burdensome.

## CONCLUSION

The Court should deny Rios/Gamboa's Motion to Compel. Rios/Gamboa have failed to show that Eddystone wrongly withheld routine business communications. Eddystone has supplied sufficient detail regarding the documents that it has withheld or redacted on privilege grounds. And Rios/Gamboa have not established that Eddystone improperly applied the common interest doctrine.

In the event that Rios/Gamboa wish to contest again Eddystone's privilege log entries, they should first specify a discrete set of significant documents to address, and discuss those documents with Eddystone before filing another motion.

Dated: March 5, 2019                                      Respectfully submitted,


                                                          /s/ Andrew J. Sloniewsky
                                                          Henry E. Hockeimer, Jr. (I.D. No. 86768)
                                                          Terence M. Grugan (I.D. No. 307211)
                                                          BALLARD SPAHR LLP
                                                          1735 Market Street, 51st Floor
                                                          Philadelphia, PA 19103-7599
                                                          Telephone: (215) 665-8500
                                                          Facsimile: (215) 864-8999
                                                          hockeimerh@ballardspahr.com
                                                          grugant@ballardspahr.com

                                                          Filiberto Agusti (*pro hac vice*)
                                                          Andrew J. Sloniewsky (*pro hac vice*)
                                                          Timothy Work (*pro hac vice*)
                                                          Nicholas Petts (*pro hac vice*)
                                                          STEPTOE & JOHNSON LLP
                                                          1330 Connecticut Avenue, NW
                                                          Washington, DC 20036
                                                          Telephone: (202) 429-3000
                                                          Facsimile: (202) 429-3902

12

fagusti@steptoe.com
twork@steptoe.com
npetts@steptoe.com

*Counsel for Eddystone Rail Company, LLC*

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing via the Court's ECF system on March 5, 2019, thereby serving all counsel of record.

/s/ Andrew J. Sloniewsky
Andrew J. Sloniewsky

13139841 5