UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

EDDYSTONE RAIL COMPANY, LLC

Plaintiff,

v.

BRIDGER LOGISTICS, LLC, JULIO RIOS, JEREMY GAMBOA, FERRELLGAS PARTNERS, L.P., FERRELLGAS L.P., BRIDGER ADMINISTRATIVE SERVICES II, LLC, BRIDGER MARINE, LLC, BRIDGER RAIL SHIPPING, LLC, BRIDGER REAL PROPERTY, LLC, BRIDGER STORAGE, LLC, BRIDGER SWAN RANCH, LLC, BRIDGER TERMINALS, LLC, BRIDGER TRANSPORTATION, LLC, BRIDGER ENERGY, LLC, BRIDGER LEASING, LLC, BRIDGER LAKE, LLC, J.J. LIBERTY, LLC, J.J. ADDISON PARTNERS, LLC,

Defendants.

Civil Action No. 17-cv-00495

**PLAINTIFF EDDYSTONE RAIL COMPANY LLC'S SURREPLY IN OPPOSITION TO DEFENDANTS JULIO RIOS' AND JEREMY GAMBOA'S MOTION TO COMPEL DOCUMENTS ON EDDYSTONE'S PRIVILEGE LOG**

BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: (215) 665-8500
Facsimile: (215) 864-8999

STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902

# Table of Contents

I. INTRODUCTION ..................................................................................................... 1

II. ADDITIONAL RELEVANT FACTS ..................................................................... 2

III. ARGUMENT ......................................................................................................... 3

A. Eddystone applied correct privilege law principles when preparing its log, and its production of excerpts from five documents do not suggest otherwise..................................... 3

B. Eddystone's log provides ample information to support its privilege claims..................... 6

C. Rios/Gamboa did not meet-and-confer with respect to particular Eddystone documents other than the documents Rios/Gamboa specifically identified ................................................ 9

D. Eddystone does not seek to place on Rios/Gamboa the burden of proving privilege....... 11

IV. CONCLUSION..................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arkwright Mut. Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*,
No. 90 Civ. 7811 (AGS), 1994 WL 510048 (S.D.N.Y. Sept. 16, 1994) ............................5, 11

*First Am. Corp. v. Al-Nahyan*,
2 F. Supp. 2d 58 (D.D.C. 1998) ............................................................................................7

*Hinds v. Enhanced Business Reporting Consortium*,
No. 4:05-cv-180-DFH-WGH, 2009 WL 2579050 (S.D. Ind., Aug. 20, 2009)..........................4

*Mine Safety Appliances Co. v. North River Ins. Co.*,
Civil Action No. 2:09-cv-00348, 2012 WL 12930283 (W.D. Pa. Aug. 6, 2012)......................6

*Nevada Partners Fund, LLC v. United States*,
Civil Action No. 3:06cv379-HTW-MTP, 2008 WL 2484198 (S.D. Miss. May 12, 2008) ........................................................................................................4, 5

*Oak Lane Printing & Letter Svs., Inc. v. Atlantic Mut. Ins. Co.*,
Civil Action No. 04-3301, 2007 WL 1725201 (E.D. Pa., June 13, 2007)..............................12

*Shire Development, Inc. v. Cadila Healthcare Ltd.*,
C.A. No. 10-581-KAJ, 2012 WL 5247315 (D. Del. June 15, 2012) .......................................5

*Spear v. Fenkell*,
Civil Action No. 13-02391, 2015 WL 3822138 (E.D. Pa. June 19, 2015)...............................8

*United States v. W. Elec. Co., Inc.*,
132 F.R.D. 1 (D.D.C. 1990)...................................................................................................7

**Other Authorities**

Local Rule 26.1(f)...........................................................................................................7, 10

Local Rule 37(a) ............................................................................................................7, 10

# I. INTRODUCTION

In its Opposition, Eddystone Rail Company, LLC ("Eddystone") rebutted all the arguments that Julio Rios and Jeremy Gamboa ("Rios/Gamboa") raised in their Motion to Compel. Rios/Gamboa now raise an entirely new set of points to try to salvage their position. But this new line of attack lacks merit as well.

Rios/Gamboa previously argued that Eddystone's ostensibly wrongful redaction of five documents demonstrated that Eddystone's privilege log suffered endemic problems. In response, Eddystone pointed out that the redacted excerpts actually *were* produced. Rios/Gamboa now argue that Eddystone's *production* shows the log suffers from widespread deficiencies. Rios/Gamboa are wrong, however, for several reasons: (a) Rios/Gamboa have failed to specify the particular log entries they believe are problematic, even though the issues they focus on – business communications v. legal advice and the common interest doctrine – require individualized document analysis; (b) the excerpts that Eddystone produced are not taken from documents representative of materials listed on the log; (c) other documents discussed during the parties' meet and confer (and ignored in Rios/Gamboa's briefs) remain redacted because Eddystone continues to stand on its privilege objections; and (d) an analysis of other similar redacted documents on Eddystone's log further demonstrates that the log does not suffer from pervasive deficiencies.

Rios/Gamboa's other arguments fare equally poorly. Ample case law authority confirms that Eddystone's privilege log provides sufficient detail regarding the documents and excerpts that Eddystone has withheld. Rios/Gamboa did not properly meet-and-confer regarding the thousands of entries on Eddystone's log that they now believe need to be reevaluated and reanalyzed. By asking that Rios/Gamboa need to provide more detail regarding the documents

that they contest, Eddystone was not attempting to shift its burden of establishing privilege. To the contrary, Eddystone has already met that burden by providing a detailed log and submitting supporting declarations in response to Rios/Gamboa's Motion. The problem lies in Rios/Gamboa's response to Eddystone's evidence. Rios/Gamboa speculates that, regardless of Eddystone's log and declarations, thousands of documents have been improperly withheld. As discussed below, numerous courts have held that this approach does not come close to discharging Rios/Gamboa's meet-and-confer obligation, nor does it support the relief sought in its Motion.

Rios/Gamboa's Motion should be denied. If, after denial, Rios/Gamboa continue to believe that Eddystone has wrongly asserted privilege, they should first discuss with Eddystone the specific documents that they think are problematic and explain why they believe that the designations are inappropriate. Moreover, in selecting documents to address, Rios/Gamboa should focus on those that they believe contain relevant information.

## II. ADDITIONAL RELEVANT FACTS

Rios/Gamboa now assert in their Reply that, during negotiations with Eddystone, they identified numerous Eddystone privilege log entries that were supposedly "representative" of problems throughout Eddystone's log. Reply at 3-5. The "representative" entries appear to fall into two categories: (a) entries in which alleged routine business communications were improperly identified as involving privileged legal advice, and (b) entries in which the common interest doctrine was purportedly applied to communications in which the parties were at odds. Opposition ("Opp'n"), Ex. 5 at 1-3.

Rios/Gamboa suggest in their Reply that, during negotiations, they told Eddystone that they were interested in documents falling within "specific timeframes" and that mentioned

"specific attorneys". Reply at 4. In fact, however, they did not tell Eddystone that their criticisms were limited solely to such documents. Opp'n, Ex. 5 at 1-2. Rather, Rios/Gamboa indicated that they were contesting all Eddystone log entries that touched on (a) the issue of alleged routine business communications vs. legal advice, and (b) the common interest doctrine. *Id.*

The privilege log that Eddystone submitted contains approximately 17,000 entries. Supplemental Declaration of Andrew J. Sloniewsky ("Supp. Sloniewsky Decl."), ¶ 7. Of these, approximately half required analysis to determine whether the underlying document (a) reflected a request for or provision of legal advice or was merely a routine business communication, or (b) reflected privileged communications among persons with a common interest. *Id.*

## III. ARGUMENT

### A. Eddystone applied correct privilege law principles when preparing its log, and its production of excerpts from five documents do not suggest otherwise

In their Motion, Rios/Gamboa pointed to Eddystone's alleged redaction of excerpts from five documents as proof that Eddystone had failed to properly apply privilege law in conducting its privilege review. Motion at 9-10. With respect to those five excerpts, Rios/Gamboa asserted Eddystone had "not met its burden of establishing that these [excerpts] are privileged . . . ." Motion at 10. Rios/Gamboa contended that the failure to produce the excerpts showed that Eddystone's log suffered from widespread deficiencies. *Id.* at 9-10.

Eddystone rebutted this claim in its Opposition. Eddystone noted there that, following discussions with Rios/Gamboa, *it had produced unredacted versions of the excerpts*. Opposition ("Opp'n") at 2-3, 5-6. Eddystone also included with its Opposition the Declaration of Andrew J. Sloniewsky, outside counsel for Eddystone. Opp'n, Ex. A. Mr. Sloniewsky explained that,

when conducting their privilege analysis, Eddystone's attorneys sought to avoid marking routine business records as privileged, or to apply the common interest doctrine to communications in which the participants were at odds. *Id.* at ¶¶ 17-20.

The points that Eddystone raised in its Opposition should have put to rest Rios/Gamboa's claim that Eddystone's log suffers from systemic deficiencies. Instead, Rios/Gamboa now argue that Eddystone's *failure* to redact the excerpts demonstrates that its log is deficient. Reply at 2. In other words, Rios/Gamboa are advocating a "heads-I-win-tails-you-lose" strategy. The Court should reject this gambit for several reasons.

First, Rios/Gamboa have not specified particular entries in the privilege log that they currently believe are problematic. Instead, they have challenged entire categories of documents. But this is not a case in which the Court is being asked to decide a discrete question that automatically applies across a category of documents (e.g., whether waiver of privilege occurred, thereby potentially disqualifying an entire category of documents based on that bright line determination). Instead, the privilege here turns on a document-specific inquiry about whether a document contains or seeks legal advice and whether such advice is sought or provided in the context of a common interest. It is for this reason that courts have repeatedly insisted that, under circumstances such as these, challenges to privilege logs should be made on a document-by-document basis. *See Hinds v. Enhanced Business Reporting Consortium*, No. 4:05-cv-180-DFH-WGH, 2009 WL 2579050, at *1 (S.D. Ind., Aug. 20, 2009) (denying motion to compel documents from the privilege log where the challenged log "sufficiently details the documents that have been withheld . . . Plaintiff may file an additional motion to compel addressing—on a specific document-by-document—basis why certain documents may not be subject to the claimed privilege"); *Nevada Partners Fund, LLC v. United States*, Civil Action No. 3:06cv379-

HTW-MTP, 2008 WL 2484198, at * 8 (S.D. Miss. May 12, 2008). This rule protects Eddystone (and potentially, the Court) from the massive burden and cost associated with re-reviewing thousands of documents to rebut Rios/Gamboa's speculative, categorical assertions. *See Nevada Partners*, 2008 WL 2484198, at * 8.[1]

Second, the five documents that Rios/Gamboa identified do not represent a random sample from Eddystone's privilege log. Rather, these are documents that Rios/Gamboa picked because their entries on the log, and the redactions that Eddystone made, seemed especially problematic to Rios/Gamboa. There are literally thousands of documents on Eddystone's privilege log that implicate allegedly routine business communications or common interest issues. The fact that Eddystone conceded privilege on only five documents that Rios/Gamboa had identified as problematic – out of many thousands on the log – hardly demonstrates that the log is rife with problems.

Third, the five documents do not even represent all of the materials that Rios/Gamboa focused on during the parties' meet-and-confer process. In particular, Rios/Gamboa referred to two additional documents, ERCEDPA00450286 and ERCEDPA00520202, during those discussions. Eddystone considered the privilege assertions for these documents, and concluded that the documents had been properly redacted. Opp'n, Ex. 1 at 2-3. Eddystone stands by these privilege calls now, and Rios/Gamboa have not contested them. Supp. Sloniewsky Decl., ¶¶ 4-6.

---

[1] Even if a categorical challenge was appropriate here (it is not), Eddystone has rebutted any such challenge through the Sloniewsky Declaration's description of the instructions given to the document reviewers. A party seeking to withhold documents on privilege grounds may rebut a categorical critique of its privilege log with a categorical response. *See Shire Development, Inc. v. Cadila Healthcare Ltd.*, C.A. No. 10-581-KAJ, 2012 WL 5247315, at *4 (D. Del. June 15, 2012) (addressing categorical arguments regarding confidentiality and formulation strategies); *Arkwright Mut. Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 90 Civ. 7811 (AGS), 1994 WL 510048, at **1-2 (S.D.N.Y. Sept. 16, 1994) (addressing categorical arguments regarding waiver).

Thus, even some of the documents that Rios/Gamboa considered problematic during the negotiations were not produced by Eddystone.

Fourth, in an effort to assist the Court, Eddystone's counsel has sampled documents from its log that resemble the five that were the sources for the excerpts ultimately produced. Specifically, Eddystone re-examined 15 documents generated in 2016 and 2017. Eddystone's counsel has confirmed that all 15 of these documents were properly redacted. Supp. Sloniewsky Decl., ¶¶ 8-25. Eddystone's counsel stands ready to submit additional declarations if that would be helpful to the Court.

In short, there is no widespread problem in the Eddystone's privilege log. If Rios/Gamboa wish to address particular documents that are significant and that they believe Eddystone improperly withheld, Rios/Gamboa should specifically identify them so that the parties may engage in a meaningful discussion about them.

**B. Eddystone's log provides ample information to support its privilege claims**

In its Opposition, Eddystone completely rebutted the assertion in Rios/Gamboa's Motion that Eddystone's log was unduly vague. Opp'n at 6-9. Eddystone noted that its log contained the type of information that federal courts have found sufficient to support a claim of privilege. *See, e.g.*, *Mine Safety Appliances Co. v. North River Ins. Co.*, Civil Action No. 2:09-cv-00348, 2012 WL 12930283, *2, fn. 6 (W.D. Pa. Aug. 6, 2012) (log providing same information as Eddystone supplied found sufficient to properly assert privilege). In addition, Eddystone showed there was no merit to Rios/Gamboa's claims that (1) the log failed to disclose the subjects of the privileged information (it did disclose such subjects), (2) the log's document descriptions are so broad that any of them could describe "each and every communication" in the case (they are

considerably less broad than that), and (3) Eddystone failed to provide information regarding interim privileged emails in email chains (it did provide such information). Opp'n at 6-9.

In their Reply, Rios/Gamboa abandon all the arguments they previously made on this point. Instead, they now raise a variety of new and different contentions that are intended to show that the log is unduly vague. But like their earlier arguments, these latest arguments also lack merit.

Rios/Gamboa first argue that Eddystone's log provides insufficient detail in light of *United States v. W. Elec. Co., Inc.*, 132 F.R.D. 1, 3 (D.D.C. 1990) and *First Am. Corp. v. Al-Nahyan*, 2 F. Supp. 2d 58, 63 n. 5 (D.D.C. 1998). Reply at 8. But in those cases, the courts did not find that privilege logs with the levels of detail in Eddystone's log were insufficient. *In fact, Rios/Gamboa have not cited any cases in which a court found that the level of detail found in Eddystone's log was insufficient.*

Rios/Gamboa next complain about log entries for two new email chains, but those entries are sufficiently detailed. Reply at 9. The entries set forth the documents' dates, identify the recipients and authors of the last email in the chain, identify Christopher McGlincey – counsel for Enbridge and Eddystone – as a communicant, and note that the documents reflect receipt of, or requests for, legal advice regarding a potential sale of Eddystone. And contrary to Local Rule 37(a) and Local Rule 26.1(f), Rios/Gamboa never raised these documents during the parties' meet-and-confers, and indeed, did not even mention them in their initial Motion.

Rios/Gamboa's criticisms of the log entries for these documents do not persuade. Rios/Gamboa complain that Eddystone does not identify who requested or provided the legal advice at issue, but this information can be derived from the documents themselves. The first document, ERCEDPA00518222, contains a single redaction of an email sent by a non-attorney

(Vince Paradis) to several individuals, including Mr. McGlincey. Reply at Ex. 2. From a review of the log entry and redacted document, it is clear that Eddystone is asserting that Mr. Paradis provided information to Mr. McGlincey in the redacted text that Mr. McGlincey would need in order to provide legal advice regarding the sale of Eddystone. The second document, ERCEDPA00518817, is also properly described. The two most recent redactions in the document are of emails from Mr. McGlincey to a non-lawyer (Bryan Boaz), and Mr. Boaz's response to Mr. McGlincey. The log entry and redacted document make clear that Eddystone is contending that Mr. McGlincey provided legal advice, and that Mr. Boaz subsequently provided him with additional facts needed for further legal analysis.

Rios/Gamboa also repeatedly assert in their Reply that Eddystone's log should have specifically identified when Eddystone was relying on the common-interest doctrine. Reply at 7, 10. But the common interest doctrine is an exception to ordinary waiver rules, not a privilege, and a party withholding documents is not required to mention it on a log. *Spear v. Fenkell*, Civil Action No. 13-02391, 2015 WL 3822138, *6 (E.D. Pa. June 19, 2015) (no requirement that a party mention the common interest doctrine in its privilege log). Rios/Gamboa cite no contrary case law.[2]

Rios/Gamboa now also complain that subject lines from emails are not provided in the log, purportedly rendering it more difficult to collect emails that relate to the same topic. Reply at 10. This criticism has no merit. To streamline production and review, Eddystone has removed wholly redundant partial email chains from its production, and produced and redacted only the

[2] Rios/Gamboa further complain that the subjects of the communications described in the log do not clearly indicate whether common interest is asserted. Reply at 7. But Rios/Gamboa do not cite any cases saying that the log must state whether the subject of the parties' conversation was within the common interest or not (although if the subject of the communication demonstrates a dispute between the communicants, the doctrine would clearly not apply).

most comprehensive versions of the chains. Accordingly, there should only be a few emails in Eddystone's production with the same subject. Moreover, Eddystone's log is sortable by date, so Rios/Gamboa can relatively easily find any emails relating to ones they find significant. Additionally, of course, the subject lines of the emails are visible in the produced emails. They can therefore be searched for via the document management systems that all the litigants are using in this case.

Finally, Rios/Gamboa now claim that the revisions they seek are reasonable because Eddystone itself purportedly raised similar challenges to the privilege log of Defendant Ferrellgas, L.P. and related entities ("Ferrellgas"). Reply at 10, and Ex. 4. But the email exchange that Rios/Gamboa cite in this regard does not support their position. In fact, in January 2019 Eddystone provided counsel for Ferrellgas a specific list of emails for which Eddystone wanted more detail. Unlike Rios/Gamboa – who seek to have Eddystone revisit literally thousands of privilege log entries – Eddystone identified only some 20 documents, each of which Eddystone identified by bates number. Reply, Ex. 4 at 2-3. Eddystone's request was far more focused and discrete than what Rios/Gamboa propose.

**C. Rios/Gamboa did not meet-and-confer with respect to particular Eddystone documents other than the documents Rios/Gamboa specifically identified**

Contrary to Rios/Gamboa's lengthy discussion of the point, Reply at 3-5, Eddystone does not assert that Rios/Gamboa failed to engage in any meet-and-confer discussions regarding Eddystone's log; rather, Eddystone disputes that the parties met and conferred about the issues Rios/Gamboa raise in their Motion and the new issues in their Reply. As Eddystone noted in its Opposition, the parties engaged in extensive negotiations during which they discussed a number of particular Eddystone documents, and ultimately reached agreement on many of them. Opp'n

Exs. 1-8. In addition, the parties discussed and reached agreement regarding general principles of privilege law, including that (a) routine business communications that do not reflect or seek legal advice are ordinarily not privileged, and (b) communications on an issue over which the communicants are at odds are not subject to the common interest doctrine. Opp'n, Ex. 7 at 1. Eddystone further expressed a willingness during negotiations to consider honestly and forthrightly any additional specific documents that Rios/Gamboa wished to discuss. *Id.*

Eddystone disputes, however, Rios/Gamboa's claim that the parties met-and-conferred regarding the proper application of agreed-upon privilege law principles to documents that Rios/Gamboa refused to specify with particularity. Rios/Gamboa claim that the documents that they identified during the parties' negotiations were "representative" of certain categories of documents. But, as noted, the categories at issue potentially encompassed thousands of documents on Eddystone's log, e.g., all documents requiring an assessment of whether they involve routine business communications or legal advice, and all documents requiring consideration of the common interest doctrine.

Rios/Gamboa never identified any straightforward, fundamental flaw in Eddystone's handling of the "representative" documents that applied to all of the many thousands of documents that Rios/Gamboa want Eddystone to re-analyze. The unfocused and unlimited nature of Rios/Gamboa's position means that, if their Motion were granted, Eddystone would literally have to re-review many thousands of documents. Eddystone believes that, under these circumstances, the requirements of Rule 37(a) and Local Rule 26.1(f) were not met with respect to those documents that Rios/Gamboa did not specifically identify.

**D. Eddystone does not seek to place on Rios/Gamboa the burden of proving privilege**

By asking that Rios/Gamboa identify with greater particularity the specific documents whose privilege they contest, Eddystone is obviously not seeking to have Rios/Gamboa bear the burden of proving (or disproving) privilege. Eddystone does not deny that it has the obligation to show that privilege was properly asserted. It has met that burden by providing a detailed log, explaining its position in the parties' meet and confers, and providing supporting declarations in connection with Rios/Gamboa's Motion. Rios/Gamboa are required to identify specific documents they find problematic so that the parties can have a meaningful meet-and-confer discussion to resolve their disputes. *See Arkwright*, 1994 WL 5100048, at *2 (requiring a requesting party to identify contested log entries does not mean that the burden of proof on privilege has been shifted to that party).

Rios/Gamboa have exhibited a curious resistance to identifying some reasonable subset of documents in which they are interested. This reluctance suggests that their Motion is merely an exercise in harassment. Eddystone ultimately provided the excerpts from the five documents, but Rios/Gamboa has never explained why those excerpts are significant. For instance, Rios/Gamboa has never explained whether or how the produced texts are important to the case, whether they support of any of Rios/Gamboa defenses, or whether they would justify additional discovery.

Finally, Rios/Gamboa's claim that Eddystone is attempting "intimidate" the Court by referencing the *in camera* review process is ridiculous. Reply at 7. If Eddystone is compelled to re-analyze thousands of log entries, it is virtually certain that afterwards there will be hundreds and possibly thousands of documents that will continue to be the subject of disagreement between Rios/Gamboa and Eddystone. To resolve the dispute at that point, the documents will

need to be referred to the Court for a burdensome *in camera* review. If Rios/Gamboa does not intend at that time to refer all the documents to the Court for such review, then to avoid unnecessarily burdening Eddystone, it should take the time now to identify the documents that it believes are especially important. *See Oak Lane Printing & Letter Svs., Inc. v. Atlantic Mut. Ins. Co.*, Civil Action No. 04-3301, 2007 WL 1725201, at * 4 n. 3 (E.D. Pa., June 13, 2007) (court refuses to conduct "extensive judicial review" of allegedly privileged documents, instead requiring requesting party to first engage in "careful and extensive review . . . of the privilege log" to identify potentially problematic entries).

## IV. CONCLUSION

Rios/Gamboa's Motion to Compel should be denied. Eddystone's privilege log suffers from no shortcomings. It provides sufficient detail regarding the documents and document-excerpts that Eddystone has withheld. Rios/Gamboa did not properly meet-and-confer regarding the thousands of log entries that are subject of the Motion. By having Rios/Gamboa specify with greater detail the documents that they seek, Eddystone does not seek to shift to any other party the burden of proving privilege. It simply seeks to foster a meaningful meet-and-confer process.

Dated: March 19, 2019

Respectfully submitted,

/s/ Filiberto Agusti
Henry E. Hockeimer, Jr. (I.D. No. 86768)
Terence M. Grugan (I.D. No. 307211)
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: (215) 665-8500
Facsimile: (215) 864-8999
hockeimerh@ballardspahr.com
grugant@ballardspahr.com

Filiberto Agusti (*pro hac vice*)
Andrew J. Sloniewsky (*pro hac vice*)
Timothy Work (*pro hac vice*)
Nicholas Petts (*pro hac vice*)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902
fagusti@steptoe.com
twork@steptoe.com
npetts@steptoe.com

*Counsel for Eddystone Rail Company, LLC*

**CERTIFICATE OF SERVICE**

I certify that I filed the foregoing via the Court's ECF system on March 19, 2019, thereby serving all counsel of record.

/s/ Andrew J. Sloniewsky
Andrew J. Sloniewsky