IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDDYSTONE RAIL COMPANY, LLC, | : | |
| Plaintiff/Counter-Defendant, | : | |
| v. | : | CIVIL ACTION |
| JULIO RIOS, JEREMY GAMBOA, BRIDGER LOGISTICS, LLC, FERRELLGAS PARTNERS, L.P., FERRELLGAS, L.P., BRIDGER RAIL SHIPPING, LLC, BRIDGER REAL PROPERTY, LLC, BRIDGER STORAGE, LLC, BRIDGER SWAN RANCH, LLC, BRIDGER TERMINALS, LLC, BRIDGER TRANSPORTATION, LLC, J.J. ADDISON PARTNERS, LLC, J.J. LIBERTY, LLC, BRIDGER ADMINISTRATIVE SERVICES II, LLC, BRIDGER ENERGY, LLC, BRIDGER LAKE, LLC, BRIDGER LEASING, LLC, and BRIDGER MARINE, LLC, | : | No. 17-495 |
| Defendants, | : | |
| BRIDGER LOGISTICS, LLC, FERRELLGAS PARTNERS, L.P., and FERRELLGAS, L.P., | : | |
| Defendants/Counterclaimants. | : | |

**ORDER**

**AND NOW**, this 1st day of May, 2019, in response to the Court's April 12, 2019 Order requiring the parties to notify the Court if they each consent to a jury trial by filing a Notice of Consent (Doc. No. 318) (stating that the issue of whether the parties consent to a jury trial under Federal Rule of Civil Procedure 39(c)(2) needs to be addressed because no federal right to a jury trial exists in this admiralty case), it is **NOTED** that Plaintiff, Eddystone Rail

Company, LLC ("Eddystone") filed a "Notice of Withdrawal of Jury Demand" expressly declining to consent to trial by jury (Doc. No. 320), as well as a "Supplemental Notice Regarding Jury Demand" clarifying that "it withdraws its jury demand on all claims and counterclaims and declines to consent to a trial by jury on any claims or counterclaims in the case." (Doc. No. 323). It is **FURTHER NOTED** that all of the Defendants have filed "Notices of Consent to Trial By Jury" consenting to trial by jury "as to all claims and counterclaims set forth by the pleadings in this action." (See Doc. Nos. 319, 321.)

Federal Rule of Civil Procedure 39(c)(2) provides that "[i]n an action not triable of right by a jury, the court, on motion or on its own . . . may, *with the parties' consent*, try any issue by a jury whose verdict has the same effect as if a jury trial had been a matter of right, unless the action is against the United States and a federal statute provides for a nonjury trial." Fed. R. Civ. P. 39(c)(2) (emphasis added). Since this action is "not triable of right by a jury," Eddystone's consent is necessary to send the case to a jury. Clearly, we lack that consent. Consequently, it is hereby **ORDERED** that this case shall proceed as a **BENCH TRIAL**.[1]

BY THE COURT:

/s/ Robert F. Kelly
ROBERT F. KELLY
SENIOR JUDGE

---

[1] Although all of the Defendants consented to a jury trial, it is important to point out that it does not appear that any of the Defendants will be prejudiced by a bench trial, especially given the fact that the case is currently in its discovery phase, and there is ample time in advance of trial for all of the parties to adequately prepare for a bench trial.