Filiberto Agusti
202 429 6428 direct
202 261 7512 fax
fagusti@steptoe.com



1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com

June 24, 2019

The Honorable Robert F. Kelly
United States District Court for the Eastern
   District of Pennsylvania
James A. Byrne U.S. Courthouse
Room 11613
601 Market Street
Philadelphia, PA 19106

      *Re:*    No. 17-cv-495
            *Eddystone Rail Co. LLC v. Bridger Logistics, LLC et al.*

Dear Judge Kelly,

      On behalf of Eddystone Rail Company, LLC, we write to clarify certain issues in response to the letter dated June 19, 2019, in which the BL/FG Defendants produced a sampling of the documents from their privilege logs based on the subject lines.

      The BL/FG Defendants report that they were unable to find in their privilege logs two of the subject lines listed in the Court's June 5, 2019 Order. One of those missing subject lines in which the Court expressed interest was "Bridger Logistics Structure." But there are documents with very similarly worded subject lines from the period of June-July 2015. In fact, we noted that the documents produced for *in camera* review fell almost exclusively in the time period *after* November 2015

      The earlier period, in June and July of 2015, is important because this is when the BL/FG Defendants first re-directed the Bridger Transfer Services revenue streams away from BTS to other entities, including fake entities. On or around June 12, 2015, there was a flurry of emails regarding Bridger's accounting structure, and what came out the other side was the new Bridger Logistics structure. About the same time, the BL/FG Defendants altered the accounting for BTS revenues so that BTS would not be credited with revenues generated by most of its contracts, but the credits would go to other entities instead. We therefore request that the Court include in its sampling for *in camera* review some additional documents to sample the earlier time period in June and July 2015.

We have identified certain privilege log entries in the June-July 2015 period that have subject lines similar to the subject line in which the Court had expressed interest but which the BL/FG defendants did not produce any documents—"Bridger Logistics Structure." Those are relatively few entries:

| Privilege Log No. | Date | Subject Line |
|---|---|---|
| 27653 | 6/12/2015 1:05 PM | FW: Bridger Logistics |
| 27654 | 6/12/2015 1:05 PM | FW: Bridger Logistics |
| 27655 | 6/12/2015 1:05 PM | Re: Bridger Logistics |
| 27665 | 6/12/2015 1:30 PM | RE: Bridger - Org Docs |
| 27666 | 6/12/2015 1:30 PM | RE: Bridger - Org Docs |
| 27675 | 6/12/2015 1:56 PM | RE: Bridger - Org Docs |
| 27676 | 6/12/2015 1:56 PM | RE: Bridger - Org Docs |
| 27694 | 6/12/2015 4:51 PM | RE: Accounting Structure |
| 27699 | 6/12/2015 5:10 PM | Re: Accounting Structure |
| 27700 | 6/12/2015 5:10 PM | Re: Accounting Structure |
| 27770 | 6/15/2015 1:51 PM | FW: Bridger Logistics |
| 27965 | 6/16/2015 4:12 PM | RE: Bridger - Org Docs |
| 28746 | 6/20/2015 10:31 AM | FW: Bridger Logistics Legal Entities- Accounting 2.pptx |
| 28747 | 6/20/2015 10:46 AM | Re: Bridger Logistics Legal Entities- Accounting 2.pptx |
| 30731 | 7/6/2015 5:08 PM | Updated Bridger org chart |
| 30732 | 7/6/2015 5:08 PM | Updated Bridger org chart |
| 30735 | 7/6/2015 5:23 PM | RE: Updated Bridger org chart |
| 30869 | 7/8/2015 3:40 PM | Re: Updated Bridger organizational chart |
| 30870 | 7/8/2015 3:40 PM | Re: Updated Bridger organizational chart |
| 30881 | 7/8/2015 5:01 PM | Updated Bridger organizational chart |

| 30936 | 7/9/2015 6:20 PM | Updated Org Chart/FGP |
| 30937 | 7/9/2015 6:20 PM | Updated Org Chart/FGP |
| 31292 | 7/17/2015 7:42 PM | Bridger Org Structure |
| 31293 | 7/17/2015 7:42 PM | Bridger Org Structure |
| 31444 | 7/21/2015 6:01 PM | Bridger Logistics Legal Entities- Accounting 2.pptx |
| 31446 | 7/21/2015 6:29 PM | Bridger Logistics Legal Entities- Accounting 2.pptx |
| 31453 | 7/21/2015 9:15 PM | Re: Bridger Logistics Legal Entities- Accounting 2.pptx |
| 31467 | 7/22/2015 7:19 AM | Re: Bridger Logistics Legal Entities- Accounting 2.pptx |
| 31470 | 7/22/2015 8:02 AM | Re: Bridger Logistics Legal Entities- Accounting 2.pptx |
| 31471 | 7/22/2015 8:03 AM | Re: Bridger Logistics Legal Entities- Accounting 2.pptx |
| 31475 | 7/22/2015 8:16 AM | FW: Bridger Logistics Legal Entities- Accounting 2.pptx |
| 31476 | 7/22/2015 8:16 AM | FW: Bridger Logistics Legal Entities- Accounting 2.pptx |
| 31479 | 7/22/2015 8:47 AM | Fwd: Bridger Logistics Legal Entities- Accounting 2.pptx |
| 31480 | 7/22/2015 8:47 AM | Fwd: Bridger Logistics Legal Entities- Accounting 2.pptx |
| 31482 | 7/22/2015 9:54 AM | RE: Bridger Logistics Legal Entities- Accounting 2.pptx |

We had asked the BL/FG Defendants to submit many of these documents falling in June and July 2015 period for *in camera* review. However, they refused.

In addition, although the June 6 Order directed an initial sampling of documents based on the subject lines in the privilege log, the Court explained that additional documents may be ordered if necessary. (Doc. 333 at 2 n.1.) In light of the tens of thousands of entries in the privilege log, it may be difficult to identify the pertinent documents by using the subject lines shown on the privilege logs. The BL/FG Defendants have designated an extraordinary number of documents as "privileged" in the May- July 2015 time period alone. With over 10,820 entries on their privilege logs during this time period and only generalized descriptions of the withheld documents, it is difficult to tell which documents might show an intent to make fraudulent transfers. Therefore, we suggest that the Court may want to direct the BL/FG Defendants to produce documents, focusing on the time period between May 1, 2015 and August 1, 2015, based on a search of the text of the written communication and attachments. We propose the following search terms:

1. the names of the non-existent legal entities, "Bridger Rail Services" and "Bridger Pipeline Services."

2. the terms: ("eddystone" OR "ERC") AND ("legal entit*" OR "structure" OR "risk")

3. the term: "fraudulent."

Finally, the BL/FG Defendants observe that many of the written communications submitted for *in camera* review emanated *from their employees*, not attorneys. (June 19 Letter at 2.) They assert that, even if these communications do contain evidence of a crime or fraud, the crime-fraud exception would not apply because these communications are from the client, not *from* a lawyer. (*Id.*) This argument is wrong. As the U.S. Supreme Court explained, "[a] client who consults an attorney for advice that will serve him in the commission of a fraud will have no help from the law." *Clark v. United States,* 289 U.S. 1, 15 (1933) ("The attorney may be innocent, and still the guilty client must let the truth come out."); *In re Grand Jury Subpoena Duces Tecum v. United States*, 731 F.2d 1032, 1038 (2d Cir. 1984) (explaining that client communications seeking advice in furtherance of a fraudulent or unlawful goal are "not worthy of protection" under the attorney-client privilege); *In re Murphy*, 560 F.2d 326, 337 (8th Cir. 1977) ("the attorney-client privilege is lost if the client consults an attorney for advice that will assist the client in carrying out a contemplated illegal or fraudulent scheme"); 8 WIGMORE ON EVIDENCE § 2298, at 573 (McNaughton Rev. 1969) (the reasons for the privilege "all cease to operate at a certain point, namely where the desired [legal] advice refers not to prior wrongdoing, but to future wrongdoing"). The BL/FG Defendants do not and cannot dispute that a fraudulent conveyance can occur even if an attorney is not present on the communications.

Respectfully submitted,

/s   Filiberto Agusti

cc:  Counsel for Defendants