## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDDYSTONE RAIL COMPANY, LLC, | § | |
| | § | |
| Plaintiff/Counter-Defendant, | § | |
| v. | § | No. 2:17-cv-00495-RK |
| | § | |
| | § | |
| JULIO RIOS, JEREMY GAMBOA, | § | |
| BRIDGER LOGISTICS, LLC, | § | |
| FERRELLGAS PARTNERS, L.P., | § | |
| FERRELLGAS, L.P., BRIDGER RAIL | § | |
| SHIPPING, LLC, BRIDGER REAL | § | |
| PROPERTY, LLC, BRIDGER STORAGE, | § | |
| LLC, BRIDGER SWAN RANCH, LLC, | § | |
| BRIDGER TERMINALS, LLC, | § | |
| BRIDGER TRANSPORTATION, LLC, | § | |
| J. J. ADDISON PARTNERS, LLC, J.J. | § | |
| LIBERTY, LLC, BRIDGER | § | |
| ADMINISTRATIVE SERVICES II, LLC, | § | |
| BRIDGER ENERGY, LLC, BRIDGER | § | |
| LAKE, LLC, BRIDGER LEASING, LLC, | § | |
| and BRIDGER MARINE, LLC, | § | |
| | § | |
| Defendants | § | |
| | § | |
| BRIDGER LOGISTICS, LLC, | § | |
| FERRELLGAS PARTNERS, L.P., and | § | |
| FERRELLGAS, L.P., | § | |
| | § | |
| Defendants/Counterclaimants. | § | |
| | § | |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS JULIO RIOS AND JEREMY GAMBOA'S MOTION
## TO DISMISS PURSUANT TO RULE 12(B)(1) FOR LACK OF STANDING

## **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ........................................................................................................1

II.   BACKGROUND .........................................................................................................2

III.  ARGUMENT ...............................................................................................................2

IV.   CONCLUSION ............................................................................................................7

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Artesanias Hacienda Real S.A. De C.V., Appellant, v. North Mill Capital LLC & Leisawitz Heller, Appellees.*,
  CV 18-5553, 2019 WL 3731546 (E.D. Pa. Aug. 8, 2019) ..................................................... 1, 3, 4, 7

*Ballentine v. United States*,
  486 F.3d 806 (3d Cir. 2007) .......................................................................................................... 2

*Torch Liquidating Trust ex rel. Bridge Associates L.L.C. v. Stockstill*,
  561 F.3d 377 (5th Cir. 2009) ........................................................................................................ 6

*In re Bruno*,
  553 B.R. 280 (Bankr. W.D. Pa. 2016) ...................................................................................... 4, 5

*Engle v. Matrix Golf & Hosp. Philadelphia, LLC*,
  CIV.A. 08-5831, 2009 WL 880680 (E.D. Pa. Mar. 31, 2009) ..................................................... 3

*Hill v. Ofalt*,
  2014 Pa. Super. 17, 85 A.3d 540 (2014) ................................................................................. 5, 7

*In re Lemington Home for Aged*,
  659 F.3d 282 (3d Cir. 2011) .......................................................................................................... 3

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) ....................................................................................................................... 3

*In re Marchese*,
  No. 16-13810, 2018 WL 3472823 (E.D. Pa. July 16, 2018) ...................................................... 4

*N. Am. Catholic Educ. Programming Found., Inc. v. Gheewalla*,
  930 A.2d 92 (Del. 2007) ............................................................................................................ 5, 6

*Pub. Interest Research Grp. of N.J., Inc. v. Magnesium Elektron, Inc.*,
  123 F.3d 111 (3d Cir. 1997) .......................................................................................................... 3

*VFB LLC v. Campbell Soup Co.*,
  482 F.3d 624 (3d Cir. 2007) .......................................................................................................... 3

*In re Zambrano Corp.*,
  478 B.R. 670 (Bankr. W.D. Pa. 2012) .......................................................................................... 3

**Statutes**

15 Pa. Stat. and Cons. Stat. § 1717 ............................................................................................... 4

15 Pa. Stat. and Cons. Stat.  § 8849.2 (2016)................................................................3

15 Pa. Stat. and Cons. Stat. § 8881(a).......................................................................4, 5

15 Pa. Stat. and Cons. Stat.  § 8881(b).......................................................................4, 5

15 Pa. Stat. and Cons. Stat. § 8882(a)..........................................................................5

**Rules**

Fed. R. Civ. P. 12(b)(1)...................................................................................... 1, 2, 3

**Other Authorities**

12B Fletcher Cyclopedia of the Law of Corporations § 5911..............................................5

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Defendants Julio Rios and Jeremy Gamboa (together, the "Individual Defendants") file this Memorandum of Law in Support of their Motion to Dismiss for Lack of Standing (the "Motion") on Plaintiff Eddystone Rail Company, LLC's ("ERC" or "Plaintiff") breach of fiduciary duty claim.  In support thereof, the Individual Defendants respectfully show as follows:

## I.      INTRODUCTION

In its First Amended Complaint, ERC asserts a direct claim for breach of fiduciary duty against Rios and Gamboa, alleging that as officers of Bridger Logistics, a Louisiana manager-managed limited liability company, the Individual Defendants owed fiduciary duties to the creditors of allegedly-insolvent Bridger Transfer Services, LLC ("BTS"), a subsidiary of Bridger Logistics.  But under well-settled Pennsylvania law[1]—most recently underscored in an August 2019 decision from this district— "creditors of an insolvent corporation are precluded from asserting direct claims against the corporate directors for a breach of their fiduciary duties" and, instead, must "pursue *derivative* claims on behalf of the insolvent corporation."  *Artesanias Hacienda Real S.A. De C.V., Appellant, v. North Mill Capital LLC & Leisawitz Heller, Appellees.*, CV 18-5553, 2019 WL 3731546, at *11 (E.D. Pa. Aug. 8, 2019) (emphasis added).

Because ERC failed to bring fiduciary duty claims against Rios and Gamboa derivatively— instead, bringing a direct claim against each for recovery of its creditor claims—the Court should grant this Motion and dismiss ERC's fiduciary duty claim against the Individual Defendants.

---

[1] Rios and Gamboa still take the position that, because BTS is a Louisiana limited liability company, the fiduciary duties of officers and directors are governed by Louisiana law under the internal affairs doctrine.  However, because the Court has held that Pennsylvania law controls (*see* Doc. No. 275), for purposes of this Motion, Rios and Gamboa brief application of Pennsylvania law.

## II.    BACKGROUND

From 2013 to 2015, Rios and Gamboa were officers of Bridger Logistics. Bridger Logistics is a Louisiana manager-managed LLC, managed by Ferrellgas, L.P. Prior to February 2016, Bridger Logistics owned BTS—also a Louisiana manager-managed LLC—and served as its manager. During this period, on February 13, 2013, BTS executed the Eddystone Rail Facilities Services Agreement ("RSA") between itself and ERC. In February 2016, Bridger Logistics sold its interests in BTS to Jamex Transfer Holdings, a subsidiary of Jamex, LLC. Thereafter, BTS allegedly defaulted on the RSA's payment obligations and Plaintiff filed suit against BTS. After entering a collusive settlement agreement with BTS, Plaintiff filed suit against the Individual Defendants, alleging that Rios and Gamboa owed BTS and its creditors fiduciary duties of loyalty and care when BTS became insolvent. See e.g., First Am. Compl. ¶ 101, 102, 103.

In its First Amended Complaint, Plaintiff alleges that (1) BTS was insolvent during the relevant timeframe, and (2) Rios and Gamboa therefore owed a fiduciary duty to BTS and to ERC as a creditor of BTS.[2] Even assuming, *arguendo*, the truth of these allegations, Plaintiff lacks standing.

## III.    ARGUMENT

The Court should grant the Individual Defendants' Motion because Plaintiff is prohibited from bringing a direct claim against the Individual Defendants for a breach of fiduciary duty resulting in injury to BTS, and Plaintiff has not alleged and cannot provide any evidence that it suffered a direct, personal, and independent injury from the Individual Defendants' actions.

---

[2] Plaintiff asserts that Rios and Gamboa owe this fiduciary duty without alleging that they were managers of BTS, Bridger Logistics, or Ferrellgas. The reason for this omission is simple: Rios and Gamboa were not managers of BTS, Bridger Logistics, or Ferrellgas during the relevant timeframe, and were never officers of BTS.

A challenge to Plaintiff's standing must be raised pursuant to FED. R. CIV. P. 12(b)(1) because "standing is a jurisdictional matter." *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007). Standing "is a threshold jurisdictional requirement, derived from the 'case or controversy' language of Article III of the Constitution." *Pub. Interest Research Grp. of N.J., Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 117 (3d Cir. 1997). Failure to establish standing warrants dismissal for lack of subject-matter jurisdiction. FED. R. CIV. P. 12(b)(1). Establishing standing requires, among other things, that a plaintiff sufficiently allege an "injury in fact"—that is, an injury to "a legally protected interest that is both (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

Under Pennsylvania law, a manager owes to the company and its members the fiduciary duties of loyalty and care. 15 PA. CONS. STAT. § 8849.2 (2016). Normally, a manager does not owe a fiduciary duty to the company's creditors, but when an entity becomes insolvent, a manager's duties enlarge, extending to the creditors of the entity as well as its shareholders. *In re Lemington Home for Aged*, 659 F.3d 282, 290 (3d Cir. 2011) (applying Pennsylvania law); *see also VFB LLC v. Campbell Soup Co.*, 482 F.3d 624, 635 (3d Cir. 2007) (applying New Jersey law and finding that a corporate director owed a fiduciary duty to the corporation's creditors); *Engle v. Matrix Golf & Hosp. Philadelphia, LLC*, CIV.A. 08-5831, 2009 WL 880680, at *6 (E.D. Pa. Mar. 31, 2009) (applying New Jersey law and extending the holding of *VFB* to a dispute involving a limited liability company). Thus, when a company is insolvent, a manager must "[protect] the entire community of interests in the corporation, which includes creditors as well as stockholders." *In re Zambrano Corp.*, 478 B.R. 670, 685 (Bankr. W.D. Pa. 2012). This is because, at the point of insolvency, officers and directors "hold their powers in trust for all

creditors of the corporation." *Artesanias Hacienda*, at *11.[3]   Accordingly, "creditors of an insolvent corporation are precluded from asserting direct claims against the corporate directors for a breach of their fiduciary duties," and must "pursue derivative claims on behalf of the insolvent corporation." *Id.* (holding that creditor lacked standing to bring a direct action).   Indeed, "[s]ection 1717 of the Pennsylvania Business Corporation Law provides that an action for breach of fiduciary duty may only be brought by the corporation directly, or in the alternative, indirectly by a shareholder through a derivative action brought on behalf of the corporation." *In re Bruno*, 553 B.R. 280, 286 (Bankr. W.D. Pa. 2016).   These actions "may not be enforced directly by a shareholder *or by any other person or group*." 15 PA. STAT. AND CONS. STAT. § 1717 (emphasis added).

If the manager of an LLC breaches its fiduciary duty to the company or a member thereof, the Pennsylvania Uniform Limited Liability Company Act of 2016 (the "Act") provides such member with two options.[4]   *First*, Section 8881 permits a member to bring a direct action against another member, a manager, or the limited liability company to protect its interests; however, to do so, the member must "plead and prove an actual or threatened injury that is not solely the result of an injury suffered or threatened to be suffered by the limited liability company." 15 PA. STAT. AND CONS. STAT. ANN. § 8881(a)–(b).   *Alternatively*, if the alleged injury is not independent of the harm to the

---

[3] The aforementioned case law makes clear that officers of a corporation owe certain fiduciary obligations to the corporation (and upon insolvency to the creditors), but does not specifically address the applicability of this obligation with respect to officers of a limited liability company.  For the purposes of this motion only, Individual Defendants accept ERC's contention that the fiduciary obligations of an officer of a corporation apply equally to officers of an LLC.

[4] The Act became effective on April 1, 2017.  Although the alleged conduct giving rise to this action occurred prior to such date, "legislation concerning purely procedural matters [is] applied not only to litigation commenced after its passage, but also to litigation existing at the time of passage.  Procedural matters are those relating to the judicial process for enforcing rights and duties recognized by substantive law and for justly administering remedy and redress for disregard or infraction of them." *In re Marchese*, No. 16-13810, 2018 WL 3472823, *11 (E.D. Pa. July 16, 2018) (holding that the "1994 LLC law governs substance" but "2016 LLC law governs procedure" of lawsuit) (internal citations omitted) (internal quotation marks omitted).

company, Section 8882 permits a member or manager to maintain a derivative action to enforce the rights of the limited liability company.  § 8882(a).[5]

Thus, in Pennsylvania, to have standing to bring a direct action against a manager, the member "must allege a direct, personal injury—that is independent of any injury to the corporation—and the shareholder must be entitled to receive the benefit of any recovery." 15 PA. STAT. AND CONS. STAT. ANN. § 8881(a)–(b); *Hill v. Ofalt*, 2014 Pa. Super. 17, 85 A.3d 540, 548 (2014).  In determining whether an alleged injury is "independent," a court must examine the nature of the allegations and the available relief.  *In re Bruno*, 553 B.R. 280, 286 (Bankr. W.D. Pa. 2016) (citing 12B Fletcher Cyclopedia of the Law of Corporations § 5911 (2013)).  Fiduciary duty claims brought by creditors of insolvent corporations are classic examples of the kind of non-independent claims that must be brought derivatively:

> The action is derivative if the gravamen of the complaint is injury to the corporation, or to the whole body of its stock or property without any severance or distribution among individual holders, ***or if it seeks to recover assets for the corporation or to prevent dissipation of its assets.***  If damages to a shareholder result indirectly, as the result of an injury to the corporation, and not directly, the shareholder cannot sue as an individual.

*Hill*, 2014 Pa. Super. 17, 85 A.3d at 549 (emphasis added).

Nor is this legal principle limited to Pennsylvania law.  In a seminal decision on the subject, the Delaware Supreme Court specifically held that individual creditors of an insolvent corporation have no right to assert direct claims for breach of fiduciary duties.  *N. Am. Catholic Educ. Programming*

---

[5] ERC is not a "member" of BTS, and courts have not interpreted the Act to provide creditors with standing to pursue direct or derivative claims against a limited liability company.  Nevertheless, for purposes of this Motion only, and without waiver of further arguments on this point, Individual Defendants accept the contention that ERC could pursue any claim that a creditor of a Pennsylvania corporation could pursue.

*Found., Inc. v. Gheewalla*, 930 A.2d 92, 103 (Del. 2007). Instead, creditors may only protect their interests by bringing derivative claims on behalf of the insolvent company. *Id.*

> And, as the Delaware Supreme Court has persuasively noted, there is good reason for this rule:

> > Recognizing that directors of an insolvent corporation owe direct fiduciary duties to creditors would create uncertainty for directors who have a fiduciary duty to exercise their business judgment in the best interest of the insolvent corporation. To recognize a new right for creditors to bring direct fiduciary claims against those directors would create a conflict between those directors' duty to maximize the value of the insolvent corporation for the benefit of all those having an interest in it, and the newly recognized direct fiduciary duty to individual creditors. Directors of insolvent corporations must retain the freedom to engage in vigorous, good faith negotiations with individual creditors for the benefit of the corporation.

*Gheewalla*, 930 A.2d 92 at 103 (Del. 2007).

> Plaintiff's own briefing recognizes this same principle. *See* Pl.'s Opposition to Defs.' Mot. to Dismiss 38, ECF No. 39 (citing *Torch Liquidating Trust ex rel. Bridge Associates L.L.C. v. Stockstill*, 561 F.3d 377, 385 (5th Cir. 2009), for the proposition that "insolvency determines whether creditors have the power to bring *derivative* claims"). Indeed, Plaintiff's cited authority specifically states that a direct claim for a breach of fiduciary duty by a creditor is not actionable. *See Torch Liquidating Trust ex rel. Bridge Associates L.L.C.*, 561 F.3d at 384.

> Here, Plaintiff does not allege any direct injury that is independent of the alleged injury to BTS. Rather, Plaintiff alleges that Defendants' breach of fiduciary duty resulted in the transfer of BTS's assets, which had the effect of making these assets unavailable for recovery by BTS's creditors. First Am. Compl. ¶ 101. Plaintiff also alleges, in the alternative, that Defendants' breaches (1) caused the abrogation of an implied contract without any consideration paid to BTS, *id.* ¶102; or (2) allowed BTS's assets to be used for the benefit of Defendants without benefit to BTS. *Id.* ¶103.

The common thread tying these allegations together is that none involve a claim of direct, personal injury to Plaintiff.  Instead, any harm from these allegations would affect *all* beneficiaries of BTS, including all its members and creditors.  At best, Plaintiff's alleged injury could be characterized as an indirect, consequential injury to its ability to collect from BTS.  But because this alleged injury was suffered by all of BTS's creditors generally, the claim must be brought derivatively.  *See Hill*, 2014 Pa. Super. 17, 85 A.3d at 549; *Artesanias Hacienda*, at *11.  This is the only way to ensure that benefits of any recovery are equally available to all of BTS's creditors.  Put simply, Plaintiff is not entitled to take solely for itself the recovery for the alleged harm to BTS's assets under this cause of action.

## IV.    CONCLUSION

For the foregoing reasons, the Individual Defendants request the Court grant Rios and Gamboa's Motion to Dismiss under Rule 12(b)(1) and dismiss Plaintiff's breach of fiduciary duty claims against the Individual Defendants.

DATE: October 25, 2019

Respectfully submitted:

*/s/ Jeremy A. Fielding*
Jeremy A. Fielding, PC (*pro hac vice*)
jeremy.fielding@kirkland.com
Jonathan D. Kelley (*pro hac vice*)
jon.kelley@kirkland.com
**KIRKLAND & ELLIS LLP**
901 Main Street, 54th Floor
Dallas, Texas 75202
Telephone:  (214) 972-1755
Facsimile: (214) 972-1771

Julie Negovan,
jnegovan@griesinglaw.com
GRIESING LAW, LLC
1880 JFK Blvd, Suite 1800
Philadelphia, Pennsylvania 19103

**ATTORNEYS FOR DEFENDANTS**
**JULIO RIOS AND JEREMY GAMBOA**

## CERTIFICATE OF SERVICE

I, Julie Negovan, hereby certify that I served the foregoing on all counsel of record via the Coutt's ECF system on October 25, 2019 as follows:

Filiberto Agusti
fagusti@steptoe.com
Jeffrey M. Theodore
jtheodore@steptoe.com
Nicholas Petts
npetts@steptoe.com
Timothy Work
twork@steptoe.com
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue NW
Washington, D.C. 20036

Henry Hockeimer, Jr.
hockeimerh@ballardspahr.com
Terence Grugan
grugant@ballardspahr.com
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia Pennsylvania 19103

*Attorneys for Plaintiff*
*Eddystone Rail Company, LLC*

Lawrence Scarborough
lgscarborough@bclplaw.com
Brian C. Walsh
brian.walsh@bclplaw.com
Sarah Hartley
Sarah.hartley@bclplaw.com
Alicia Ragsdale Olszeski
ali.olszeski@bclplaw.com
Jacob A. Kramer
jake.kramer@bclplaw.com
BRYAN CAVE LEIGHTON PAISNER
LLP

*Attorneys for Defendants*
*Bridger Logistics, LLC; Ferrellgas Partners,*
*L.P.; and Ferrellgas L.P.*

*/s/ Julie Negovan*
Julie Negovan