BRYAN
CAVE
LEIGHTON
PAISNER BCLP

Lawrence G. Scarborough
Partner
Direct:  (212) 541-1137
Fax:  (212) 541-4630
lgscarborough@bclplaw.com

BRYAN CAVE LEIGHTON PAISNER LLP
1290 Avenue of the Americas
New York  NY 10104 3300
T: +1 212 541 2000
F: +1 212 541 4630
www.bclplaw.com

October 25, 2019

The Honorable Robert F. Kelly
United States District Court – Eastern District of Pennsylvania
James A. Byrne United States Courthouse
601 Market Street, Room 11613
Philadelphia, PA 19106

Re:    Eddystone Rail Company, LLC v. Bridger Logistics, LLC, et al.
       Case No. 2:17-cv-00495-RK /USDC – Eastern District of Pennsylvania

Dear Judge Kelly:

On behalf of the BL/FG Defendants, we write to respond to the October 23, 2019 letter submitted by Eddystone (the "October 23 letter") (Dkt. 342) regarding the BL/FG Defendants' efforts to comply with the Court's June 28, 2019 order compelling production of privileged communications pursuant to the crime-fraud exception (Dkt. 333) (the "June 28 Order").  The October 23 letter is the third letter submitted by Eddystone, and this is our third response.[1]

The BL/FG Defendants have made every effort to comply fully with the June 28 Order and to respond in a reasonable manner to numerous requests from Eddystone.  On October 18, the BL/FG Defendants made their fourth production of documents compelled by the June 28 Order.  At this point, we have produced approximately 4,553 privileged documents.  As explained below, we have also provided Eddystone with an updated privilege log.

Because Eddystone did not provide a list of the privilege log entries it challenged when it filed its motion to compel, the BL/FG Defendants had no alternative but to review documents listed on their privilege log to determine whether they fall into the categories identified by the Court in its June 28 Order.  We have already carefully reviewed all of the documents listed in the exhibits to Eddystone's October 23 letter, and we do not believe that any of them fall within the scope of the June 28 Order.  Eddystone will not, however, accept that the BL/FG Defendants have complied with the June 28 Order in good faith.

Instead, Eddystone asks that the BL/FG Defendants turn over to Eddystone all such privileged communications, whereupon Eddystone would review the documents and return any that it deems to fall outside of the June 28 Order.  We found no precedent for such an approach, and Eddystone cites none.  Voluntarily turning over to Eddystone privileged communications

---

[1]     This exchange could have been avoided if Eddystone had raised its particular concerns directly with the BL/FG Defendants prior to sending letters petitioning the Court for assistance.  *See* Local Rule 26.1(e) ("No motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute.").

The Honorable Robert F. Kelly
October 25, 2019
Page 2



that fall outside the June 28 Order could be deemed a waiver of the attorney-client privilege, and the BL/FG Defendants do not intend to waive the privilege that applies to documents not subject to the June 28 Order. *See, e.g.*, *U.S. v. Rockwell Int'l*, 897 F.2d 1255, 1265 (3d Cir. 1990) (attorney-client privilege does not apply to communications disclosed to third parties); *Westinghouse Elec. Corp. v. Republic of the Philippines*, 951 F.2d 1414, 1424 (3d Cir. 1991) ("[V]oluntary disclosure to a third party of purportedly privileged communications has long been considered inconsistent with an assertion of the privilege.").[2]

The BL/FG Defendants have complied with the June 28 Order and continue to believe that there is no need for the Court to intervene. But if the Court is also unwilling to accept that the BL/FG Defendants have acted in good faith and produced the documents subject to the June 28 Order, the only practical solution we have been able to identify is a further *in camera* review by the Court (or a special master). We have already provided the Court with a list of documents from the *in camera* sample that the BL/FG Defendants did not produce to Eddystone, and we stand ready to submit any additional documents the Court wishes to review.

Finally, the BL/FG Defendants produced a further revised privilege log to Eddystone on October 18, updating the descriptions for any document that was not produced from the *in camera* sample. We also updated descriptions for all documents on Eddystone's list that were not produced from the period spanning August to November 2015. This is the same period Eddystone identified as containing "insufficient" descriptions.[3] For the reasons already set forth in our October 14, 2019 letter (Dkt. 340), there is no basis for Eddystone's repeated request that the Court find a waiver of the attorney-client privilege based on the sufficiency of the BL/FG Defendants' privilege log descriptions.

Sincerely,

Lawrence G. Scarborough

cc:     All Counsel of Record

---

[2]     Eddystone points out that some communications on the privilege log include Riverstone LLC. At the time of such communications, Riverstone was the majority owner of Bridger, LLC. Thus, it was not a "third party."

[3]     Eddystone's October 11, 2019 letter stated as follows:     "Eddystone demanded supplementation of all other log entries but the BL/FG Defendants refused. These remaining entries remain woefully insufficient, particularly for the period August 2015 through November 2015."     (Dkt. 337.)     The privilege log entries that Eddystone describes as "perfunctory" are for communications dated in May 2016, which is long after the period Eddystone identified (and long after the allegedly fraudulent transfers).