**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| EDDYSTONE RAIL COMPANY, LLC, ) | |
| Plaintiff/Counter-defendant, ) | |
| ) | Civil Action No. 2:17-cv-00495-JD |
| v. ) | |
| ) | |
| JULIO RIOS, JEREMY GAMBOA, BRIDGER ) | |
| LOGISTICS, LLC, FERRELLGAS PARTNERS, ) | |
| L.P., FERRELLGAS, L.P., *et al.*, ) | |
| Defendants, ) | |
| ) | |
| BRIDGER LOGISTICS, LLC, FERRELLGAS ) | |
| PARTNERS, L.P., and FERRELLGAS, L.P., ) | |
| Defendants/Counterclaimants. ) | |

**ORDER**

After considering Plaintiff Eddystone Rail Company's Motion to Enforce the Court's June 28 Order (the "Motion") (Dkt. 349), any and all responses thereto, and the arguments of counsel during a February 25, 2020 status conference, the Court ordered the parties to "meet and confer to discuss all issues raised in the Motion and the related issues addressed in the Status Conference and jointly submit a proposed order on or before March 6, 2020, covering a proposal for identifying and producing all additional discoverable documents including, but not limited to, identification of, and use of, a Discovery Master, if deemed necessary by the Court." (Dkt. 363.)

Following their efforts to meet and confer, the parties jointly proposed a compromise, which the Court hereby adopts, and now, this 30th day of March, 2020, it is **ORDERED** that the parties shall proceed in the following manner:

1. Except as otherwise provided below, the BL/FG Defendants shall produce to Plaintiff any documents that have not yet been produced that are (a) included in the *in camera* sample submitted to the Court pursuant to its June 5, 2019 Order (Dkt. 330), (b) identified in the Motion and Exhibit B thereto (Dkt. 342-2), or (c) identified (by privilege log entry or through search terms) in the February 20, 2020 and March 4, 2020 meet and confer letters from Plaintiff's counsel;

2. Notwithstanding the foregoing, and because the parties dispute whether the additional documents to be produced fall within the scope of the Court's June 28 Order (Dkt. 333), the Court adopts the following protective measures:

    a. the BL/FG Defendants may withhold from production any documents that they reasonably believe (i) would be prejudicial to disclose and (ii) do not fall within the scope of the June 28 Order—any such documents shall be reviewed *in camera* and if they are found to fall within the four categories set forth in the June 28 Order, they shall be produced, regardless of Defendants' claimed prejudice,

    b. any documents produced pursuant to this Order may be designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the Stipulated Protective Order (Dkt. 63) (the "Protective Order"), and may be used only in accordance with and for the purposes set forth in Paragraph 20 of the Protective Order, and

    c. Defendants' disclosure of any documents outside the scope of the June 28 Order shall not result in a waiver of the attorney-client privilege or work product

      protection for any other purpose or in any other proceeding, pursuant to Fed. R. Evid. 502(d) and 502(e).

3. On or before the next business day following entry of this Order, the BL/FG Defendants shall produce the documents subject to this Order.  By **April 1, 2020**, the BL/FG Defendants shall provide Plaintiff with updated privilege log descriptions, including more detailed information in the "subject matter" column, for all documents withheld for *in camera* review pursuant to Paragraph 2.a of this Order.  By **April 8, 2020**, the parties shall conclude meet and confer discussions in an effort to reduce the number of documents to be submitted for *in camera* review.  By **April 10, 2020**, the parties shall advise the Court of the number of documents (and pages) that remain for *in camera* review, at which time the Court shall determine whether to appoint a Magistrate or Discovery Master, as well as the procedure for conducting an *in camera* review; and

4. The foregoing shall render the Motion moot and resolve Plaintiff's objections to the sufficiency of the BL/FG Defendants' privilege log, as well as the demands set forth in Plaintiff's letters dated February 20, 2020 and March 4, 2020.  Plaintiff seeks no further enforcement of the June 28 Order but reserves its right to seek further production should additional responsive documents or information come to light in subsequent discovery.

                         BY THE COURT:

                         **/s/ Hon. Jan E. DuBois**

                         The Honorable Jan E. DuBois