IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDDYSTONE RAIL COMPANY, LLC, ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | |
| v. ) | No. 17-cv-00495-RK |
| ) | |
| BRIDGER LOGISTICS, LLC, JULIO RIOS, ) | |
| JEREMY GAMBOA, FERRELLGAS ) | |
| PARTNERS, L.P., and FERRELLGAS L.P. *et al.* ) | |
| ) | |
| Defendants. ) | |
| ) | |
| BRIDGER LOGISTICS, LLC, FERRELLGAS ) | |
| PARTNERS, L.P., and FERRELLGAS, L.P. ) | |
| ) | |
| Defendants/Counterclaimants ) | |
| ) | |

## JOINT MOTION FOR APPOINTMENT OF MEDIATOR
## AND EXTENSION OF PRETRIAL DEADLINES

Plaintiff Eddystone Rail Company, LLC ("Eddystone") and Defendants Bridger Logistics, LLC ("Bridger Logistics") and certain subsidiaries thereof ("Additional Entity Defendants"),[1] Ferrellgas Partners, L.P., Ferrellgas, L.P. (together, "Ferrellgas" or the "BL/FG Defendants"), Julio Rios, and Jeremy Gamboa hereby jointly move the Court to appoint a mediator to mediate the parties' dispute, stay fact depositions until after completion of the mediation, and adjust other pretrial deadlines set forth in the Court's Order dated April 14, 2020 ("Order," Doc. No. 372).

---

[1] The Additional Entity Defendants consist of: Bridger Administrative Services, II, LLC, Bridger Marine, LLC, Bridger Rail Shipping, LLC, Bridger Real Property, LLC, Bridger Storage, LLC, Bridger Swan Ranch, LLC, Bridger Terminals, LLC, Bridger Transportation, LLC, Bridger Leasing, LLC, Bridger Energy, LLC, Bridger Lake, LLC, J.J. Liberty, LLC, and J.J. Addison Partners, LLC. Dkt. 190 at 1.

1

601961460.2

I.     ARGUMENT

    A.     <u>The Parties' Proposal Would Advance Settlement Negotiations While Requiring only a Modest Extension of Discovery Deadlines</u>

The Order requires the parties to notify the Court by June 1, 2020 whether they wish to participate in a settlement conference to mediate their dispute. Order at ¶ 2. Through this Motion, the parties request appointment of a mediator to conduct a settlement conference by teleconference or videoconference, beginning the process in May. All parties also seek a modest extension of the Court's pretrial deadlines. This relief should be granted for several reasons.

First, Defendants' production of crime-fraud documents has led both sides to a better understanding of the merits of their respective positions. Mediation could be fruitful, even though deposition discovery has not been completed.

Second, the remaining fact depositions should be conducted in person but likely cannot start until at least late June due to the COVID-19 pandemic. Each deposition will require many documentary exhibits, and will be attended by multiple attorneys representing a large number of parties with varying objections and lines of inquiry. Under these circumstances, teleconference or videoconference depositions are impractical and potentially prejudicial to all parties. Yet the COVID-19 pandemic has spawned "stay-home" orders and federal guidelines which strongly suggest that in-person depositions cannot commence until late June, at the earliest. For example, most depositions will require air travel, because the deponents reside throughout the United States and outside of Pennsylvania. Federal guidelines currently state that non-essential air travel should not occur until the second phase of reopening the economy, and that phase should be triggered only after several conditions are satisfied, including at least two 14-day periods in which there is a downward trajectory of reports of flu-like and COVID-19 illnesses and of documented cases of COVID-19. *See* https://www.whitehouse.gov/wp-

content/uploads/2020/04/Guidelines-for-Opening-Up-America-Again.pdf.  It seems unlikely that these conditions and other conditions imposed by state-issued stay-home orders will permit depositions to proceed in May, or even in June.

Third, the gap in the deposition schedule caused by COVID-19 would be filled by a settlement conference conducted by a magistrate judge or another suitable mediator. The mediation may be conducted by teleconference or videoconference, which would reduce the number of scheduling and logistical conflicts that would otherwise occur in an in-person mediation.  The parties hope this would allow for a prompt start to the mediation process in May.  The Court had previously suggested that Magistrate Judge Thomas J. Rueter might be available for mediation in May and June.  The parties respectfully request the appointment of a magistrate judge or another suitable mediator to preside over a mediation.

Fourth, the parties' proposal would require only a modest extension of the deadlines in the Court's Order, and an extension would have been necessary regardless of mediation.  The Order states that fact depositions must be completed by June 22, 2020.  Order at ¶2.  The parties propose changing this deadline to ten weeks after the parties report completion of the mediation process.  For example, if mediation were completed on Friday, May 29, the fact discovery deadline would be extended by about five-and-a-half weeks (from June 22 to July 31).

For all these reasons, the parties propose that the Court vacate the Order and issue a new scheduling order as follows:

| | |
|---|---|
| Completion of Fact Depositions | 10 weeks after completion of mediation |
| Disclosures of Claims and Counterclaims Experts | 4 weeks after completion of mediation |
| Disclosures of Rebuttal Experts | 7 weeks after completion of mediation |
| Expert Reports of Claims and Counterclaims | 3 weeks after completion of fact depositions |

| | |
|---|---|
| Due | |
| Expert Reports in Opposition to Claims and Counterclaims Due | 3 weeks after expert reports in support of claims and counterclaims are due |
| Rebuttal Expert Reports Due | 3 weeks after expert reports in opposition to claims and counterclaims are due |
| Completion of Expert Discovery | 5 weeks after rebuttal reports are due |
| Potential Mediation / Settlement Negotiation | Conducted within 2 weeks of completion of expert discovery |

Dated:  April 28, 2020                                   Respectfully submitted,

/s/ Filiberto Agusti
Henry E. Hockeimer, Jr. (I.D. No. 86768)
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: (215) 665-8500
Facsimile: (215) 864-8999
hockeimerh@ballardspahr.com
grugant@ballardspahr.com

Filiberto Agusti (*pro hac vice*)
Steven Barber (pro hac vice)
Andrew J. Sloniewsky (*pro hac vice*)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902
fagusti@steptoe.com

*Counsel for Eddystone Rail Company, LLC*

601961460.2

/s/ *Lawrence G. Scarborough*
Lawrence G. Scarborough (Admitted *Pro Hac Vice*)

Richard L. Scheff (I.D. No. 35213)
Michael C. Witsch (I.D. No. 313884)
ARMSTRONG TEASDALE LLP
One Commerce Square
2005 Market Street, 29th Floor
Philadelphia, PA 19103
Telephone: (267) 780-2000
Facsimile: (215) 405-9070
rlscheff@atllp.com
mwitsch@atllp.com

Lawrence G. Scarborough (Admitted *Pro Hac Vice*)
Bieta Andemariam (Admitted *Pro Hac Vice*)
BRYAN CAVE LEIGHTON PAISNER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 541-2000
Facsimile: (212) 541-4630
lgscarborough@bclplaw.com
bieta.andemariam@bclplaw.com

Jacob A. Kramer (Admitted *Pro Hac Vice*)
Rachel A. Beck (Admitted *Pro Hac Vice*)
BRYAN CAVE LEIGHTON PAISNER LLP
1155 F Street, NW
Washington, D.C. 20004
Telephone: (202) 508-6000
Facsimile: (202) 508-6200
jake.kramer@bclplaw.com
rachel.beck@bclplaw.com

Brian C. Walsh (Admitted *Pro Hac Vice*)
Alicia Ragsdale Olszeski (Admitted *Pro Hac Vice*)
BRYAN CAVE LEIGHTON PAISNER LLP
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
Telephone: (314) 259-2000
Facsimile: (314) 259-2020
brian.walsh@bclplaw.com
ali.olszeski@bclplaw.com

Sarah L. Hartley (Admitted *Pro Hac Vice*)
BRYAN CAVE LEIGHTON PAISNER LLP
1700 Lincoln Street, Suite 4100
Denver, Colorado 80203
Telephone: (303) 861-7000
Facsimile: (303) 866-0200
sarah.hartley@bclplaw.com

*Attorneys for Bridger Logistics, LLC, Ferrellgas Partners, L.P., Ferrellgas L.P., Bridger Rail Shipping, LLC, Bridger Real Property, LLC, Bridger Storage, LLC, Bridger Swan Ranch, LLC, Bridger Terminals, LLC, Bridger Transportation, LLC, J.J. Addison Partners, LLC, J.J. Liberty, LLC, Bridger Admin Services II LLC, Bridger Energy, LLC, Bridger Lake, LLC, Bridger Leasing, LLC, Bridger Marine, LLC*

/s/ Jeremy A. Fielding
Jeremy A. Fielding, PC (pro hac vice)
jeremy.fielding@kirkland.com
Jonathan D. Kelley (pro hac vice)
jon.kelley@kirkland.com
KIRKLAND & ELLIS LLP
1601 Elm Street, 27th Floor
Dallas, Texas 75201
Telephone: (214) 972-1755
Facsimile: (214) 972-1771

Julie Negovan,
jnegovan@griesinglaw.com
GRIESING LAW, LLC
1717 Arch Street, Suite 3630
Philadelphia, Pennsylvania 19103

*Attorneys for Defendants Julio Rios and Jeremy Gamboa*

601961460.2

## CERTIFICATE OF SERVICE

I certify that the foregoing was filed via the Court's ECF system on April 28, 2020, thereby serving all counsel of record.

/s/ Filiberto Agusti<br>
Filiberto Agusti

601961460.2