

Steven J. Barber
202 429 6430
sbarber@steptoe.com

1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com

August 7, 2020

The Honorable Jan E. DuBois
United States District Court
for the Eastern District of Pennsylvania
United States Courthouse
601 Market Street
Philadelphia, PA 19106

Re:   ***Eddystone Rail Company, LLC v. Bridger Logistics, LLC,*** **et al.**
      <u>*Civil Action No. 2:17-cv-00495*</u>

Dear Judge DuBois:

We represent Plaintiff Eddystone Rail Company, LLC ("Eddystone") in the above-referenced litigation. Eddystone respectfully requests a Discovery Conference with the Court to resolve a dispute related to upcoming fact depositions.

The parties are scheduled to depose a total of eight witnesses who reside in Texas, New Mexico, Missouri, and other locations across the country. The first deposition is set for August 13 and, with one exception, the remaining depositions will be completed by the September 9 fact discovery deadline.[1] Counsel originally planned to travel to these locations to depose the witnesses in person. However, the COVID-19 pandemic has made travel unsafe and impracticable.[2] Consistent with emerging case law across the country, the parties

---

[1] Due to availability issues, one witness (the Rule 30(b)(6) representative of the Bridger and Ferrellgas defendants) cannot be deposed until September 16. The parties respectfully request a one-week extension of the discovery deadline to complete this deposition.

[2] The Centers for Disease Control and Prevention ("CDC") warns "[t]ravel increases your chance of getting and spreading COVID-19. Staying home is the best way to protect yourself and others from COVID-19." (See https://www.cdc.gov/coronavirus/2019-ncov/travelers/travel-during-covid19.html) (emphasis in original). It further explains "[t]he

DMEAST #41893277 v1

**Steptoe**

The Honorable Jan E. DuBois
August 7, 2020
Page 2

had agreed to conduct the depositions remotely via an internet video platform.  *See, e.g.*, *Fouad v. The Milton Hershey Sch. & Trust*, Civ. No. 1:19-cv-253, 2020 U.S. Dist. LEXIS 129868, at *3-4 (M.D. Pa. July 23, 2020) (explaining that "in consideration of this altered world in which we live, courts across the country have ordered that video depositions be conducted in lieu of in-person discovery proceedings, finding that the risks presented by COVID-19 convey good cause to conduct remote depositions) (citing *See, e.g., Sonrai Sys., LLC v. Romano*, 2020 U.S. Dist. LEXIS 122339 (N.D. Ill. Jul. 13, 2020) ("the Court finds that the health concerns created by the COVID-19 pandemic create 'good cause" for the entry of an order requiring that . . . experts' depositions take place by remote videoconference.")

Counsel for Eddystone is scheduled to take all but one of the remaining fact depositions.  Despite the parties' prior agreement, defense counsel recently insisted on defending, in person, the depositions of Patrick Knapp (August 18), Jeremy Gamboa (August 20), Julio Rios (August 21), and the Rule 30(b)(6) representative of the Bridger and Ferrellgas defendants (September 16).  Eddystone objects for two reasons.  First, counsel for Eddystone would be significantly prejudiced if forced to ask deposition questions via internet video link while opposing counsel defended the witness in person.  Witness demeanor, credibility and body language is more difficult to assess remotely.  If all attorneys and witnesses participated remotely, both sides would be forced to cope with these constraints.  But under defendants' proposal, the disadvantages of remote depositions would be borne by Eddystone alone.  Second, there is no way to "level the playing field" by allowing both sides to participate in the depositions in person.  Knapp, Rios and Gamboa reside in Texas, as does counsel for Rios and Gamboa.  Defendants have tendered these witnesses for depositions in Texas, and invited Eddystone's counsel to attend in person.  But this is an empty gesture.  Whereas counsel for Rios and Gamboa would not need to travel, COVID-19 effectively bars Eddystone's counsel from flying to Texas.  And while it appears that counsel for the Bridger and Ferrellgas defendants might be willing to travel to Texas (Knapp) and Kansas City (Ferrellgas 30(b)(6)), counsel for Eddystone is not willing to accept that considerable health risk.

Under these circumstances, Eddystone respectfully submits that the only fair and equitable solution is to bar in-person participation in the remaining fact depositions and to require all attorneys and witnesses to participate separately via an internet video platform.

---

more cases at your destination, the more likely you are to get infected during travel and spread the virus to others when you return."  (Id.).

Steptoe

The Honorable Jan E. DuBois
August 7, 2020
Page 3

This would ensure that the burdens and disadvantages of remote procedures are shared equally by both sides.

        Respectfully,

        /s/
        Steven J. Barber