## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

---

EDDYSTONE RAIL COMPANY, LLC,
                Plaintiff/Counter-defendant,

    v.

BRIDGER LOGISTICS, LLC, *et al.*,
                Defendants,

BRIDGER LOGISTICS, LLC, *et al.*,
                Defendants/Counterclaimants.

: : : : : : : : : : : : : :

No. 2:17-cv-00495-JD

---

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON COUNT IV OF PLAINTIFF'S FIRST AMENDED COMPLAINT (BREACH OF FIDUCIARY DUTY)

# <u>TABLE OF CONTENTS</u>

**Page**

TABLE OF AUTHORITIES ..........................................................................................................ii

I.   INTRODUCTION. ............................................................................................................1

II.  RELEVANT AND UNDISPUTED FACTS...................................................................2

III. ARGUMENT......................................................................................................................3

      A.   A Claim of Breach of Fiduciary Duty Implicates the Internal-Affairs Doctrine and is Governed by the Law of the State in Which the Relevant Company is Organized.......................................................................................................3

            1.   Pennsylvania statutes provide that internal affairs are governed by the law of the state of formation...........................................................................3

            2.   Claims alleging breach of fiduciary duties are internal affairs. ....................4

            3.   Louisiana follows the same principles, and its courts would apply Pennsylvania law to a fiduciary-duty claim involving a Pennsylvania company...........................................................................................................6

            4.   The Court's earlier decision to apply Pennsylvania law is erroneous and unworkable. ............................................................................................7

      B.   Defendants Did Not Owe a Fiduciary Duty to Eddystone Under Louisiana Law...........................................................................................................................11

IV.  CONCLUSION. .............................................................................................................14

i

## <u>TABLE OF AUTHORITIES</u>

**Cases:**                                                                                          **Page(s)**

*3 Point Holdings, L.L.C. v. Gulf S. Sols., L.L.C.,*
  Civil Action No. 06-10902, 2008 WL 695379 (E.D. La. Mar. 13, 2008) ................... 12

*Abraham v. Lake Forest, Inc.,*
  377 So. 2d 465 (La. Ct. App. 1979) ............................................................................. 13

*Allen v. Cochran,*
  107 So. 292 (La. 1926) ................................................................................................. 12, 13

*Baker-Bey v. Delta Sigma Theta Sorority, Inc.,*
  941 F. Supp. 2d 659 (E.D. Pa. 2013) .......................................................................... 5

*Banjo Buddies, Inc. v. Renosky,*
  399 F.3d 168 (3d Cir. 2005) ........................................................................................ 3, 4, 5

*CML V, LLC v. Bax,*
  28 A.3d 1037 (Del. 2011) ............................................................................................. 10

*Curiale v. Tiber Holding Corp.,*
  No. CIV. A. 95-5284, 1997 WL 597944 (E.D. Pa. Sept. 18, 1997) ........................... 8

*Doltz v. Harris & Assocs.,*
  280 F. Supp. 2d 377 (E.D. Pa. 2003) .......................................................................... 5

*Earthgrains Baking Cos. v. Sycamore Family Bakery, Inc.,*
  No. 2:09CV523DAK, 2015 WL 5009376 (D. Utah Aug. 21, 2015),
  *aff'd*, 721 F. App'x 736 (10th Cir. 2017) ................................................................... 9

*Edgar v. MITE Corp.*
  457 U.S. 624 (1982) ...................................................................................................... 10

*Engle v. Matrix Golf & Hosp. Philadelphia, LLC,*
  Civil Action No. 08-5831, 2009 WL 880680 (E.D. Pa. Mar. 31, 2009) ..................... 5, 6

*Fine Iron Works v. Louisiana World Exposition, Inc.,*
  472 So. 2d 201 (La. Ct. App. 1985) ............................................................................. 12, 13

*First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba*
  462 U.S. 611 (1983) ...................................................................................................... 7

*Fleet Nat'l Bank v. Boyle,*
  No. Civ. A. 04cv1277LDD, 2005 LW 2455673 (E.D. Pa. Sept. 12, 2005) ................ 6

Page(s)

*Health Robotics, LLC v. Bennett*,
   Civil Action No. 09-cv-0627, 2009 WL 5033966 (E.D. Pa. Dec. 22, 2009) .............. 3, 5

*Hibernia Bank & Trust Co. v. Succession of Cancienne*,
   74 So. 267 (La. 1917) ............................................................................................ 13

*Hillman Lumber Prods., Inc. v. Webster Mfg., Inc.*
   No. Civ. A. 06-1204, 2007 WL 1266124 (W.D. La. Apr. 27, 2007) ......................... 13

*Hooper v. Maruka Mach. Corp. of Am.*,
   525 So. 2d 1113 (La. Ct. App. 1988) ...................................................................... 13

*In re CLK Energy Partners, LLC*,
   No. 09-05042, 2010 WL 1930065 (Bankr. W.D. La. May 12, 2010) ........................ 7

*In re Estate of Hall*,
   731 A.2d 617 (Pa. Super. Ct. 1999) ........................................................................ 5

*In re Gulf Fleet Holdings, Inc.*,
   491 B.R. 747 (Bankr. W.D. La. 2013) ...................................................................... 7

*In re Lobell*,
   390 B.R. 206 (Bankr. M.D. La. 2008) ................................................... 11, 12, 13

*In re School Asbestos Litig.*,
   No. 83-0268, 1993 WL 209719 (E.D. Pa. Jun. 15, 1993) ......................................... 6

*In re Teleglobe Commc'ns Corp.*,
   493 F.3d 345 (3d Cir. 2007) .................................................................................... 6

*International Bhd. of Teamsters v. Willis Corroon Corp.*,
   802 A.2d 1050 (Md. 2002), *abrogated by Plank v. Cherneski*,
   Misc. No. 3, Sept. Term, 2019, 2020 WL 3967980 (Md. July 14, 2020) ................... 10

*Korson v. Independence Mall I, Ltd.*,
   595 So. 2d 1174 (La. Ct. App. 1992) ....................................................................... 12

*Kunreuther v. Outboard Marine Corp.*,
   757 F. Supp. 633 (E.D. Pa. 1991) ........................................................................... 2

*Lasertel N. Am. v. Innova, Inc.*,
   Case No. 3:12-CV-354, 2016 WL 1729558 (S.D. Ohio Feb. 10, 2016) ..................... 9

*Louisiana World Exposition v. Federal Ins. Co.*,
   858 F.2d 233 (5th Cir. 1988) ............................................................... 12, 13, 14

Page(s)

*McDonough Marine Serv. v. Doucet,*
   694 So. 2d 305 (La. Ct. App. 1996) ............................................................ 12, 13

*Miller v. Native Link Constr., LLC,*
   Civil Action No. 15-1605, 2017 WL 3536175 (W.D. Pa. Aug. 17, 2017) ................ 5

*Mindspirit, LLC v. Evalueserve Ltd.,*
   346 F. Supp. 3d 552 (S.D.N.Y. 2018) ........................................................ 8

*Nilson v. Softmart, Inc.,*
   Civ. No. 12-3914, 2014 WL 12603514 (E.D. Pa. May 28, 2014) ........................ 5

*Norman v. Elkin,*
   860 F.3d 111 (3d Cir. 2017) .................................................................. 8

*Ogea v. Merritt,*
   130 So. 3d 888 (La. 2013) .................................................................. 11

*Richelson v. Yost,*
   738 F. Supp. 2d 589 (E.D. Pa. 2010) ........................................................ 5

*Robertshaw v. Pudles,*
   Civil Action No. 11-7353, 2013 WL 3976284 (E.D. Pa. Aug. 5, 2013) .................... 5

*Roselink Inv'rs, L.L.C. v. Shenkman,*
   386 F. Supp. 2d 209 (S.D.N.Y. 2004) ........................................................ 9

*Schmidt v. Skolas,*
   706 F. App'x 68 (3d Cir. 2017) ............................................................ 5

*Terrebonne Concrete, LLC v. CEC Enters., LLC,*
   76 So. 3d 502 (La. Ct. App. 2011) ........................................................ 12, 13

*Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill,*
   561 F.3d 377 (5th Cir. 2009) ................................................................ 7

*Tyco Int'l, Ltd. v. Kozlowski,*
   756 F. Supp. 2d 553 (S.D.N.Y. 2010) ........................................................ 8

*Wirth v. Albert,*
   141 So. 1 (La. 1932) ........................................................................ 12, 13

*Young v. Adolph,*
   821 So. 2d 101 (La. Ct. App. 2002) ........................................................ 13

|  | **Page(s)** |
|---|---|
| **Statutes and Rules:** | |
| 15 Pa. C.S. § 102(a) | 4 |
| 15 Pa. C.S. § 402(a)(1) | 4 |
| 15 Pa. C.S. § 4145(a) | 4 |
| 15 Pa. C.S. § 8581 | 4 |
| 15 Pa. C.S. § 8814(a) | 4 |
| 15 Pa. C.S. § 8815(c)(6) | 4 |
| 15 Pa. C.S. § 8981 | 4 |
| La. Code Civ. P. art. 611(A) | 11 |
| La. R.S. § 12:1311 | 3 |
| La. R.S. § 12:1314 | 2 |
| La. R.S. § 12:1314(A)(1) | 11 |
| La. R.S. § 12:1319(B)(2)(b) | 9 |
| La. R.S. § 12:1320(A) | 12 |
| La. R.S. § 12:1320(D) | 12 |
| La. R.S. § 12:1342 | 6 |
| La. R.S. § 12:1365 | 11 |
| Uniform Limited Liability Company Act § 104 (2006) | 10 |
| Uniform Limited Liability Company Act § 901(a) (2006) | 10 |

## I.     INTRODUCTION.

Plaintiff Eddystone Rail Company, LLC ("ERC" or "Eddystone") has sued five of the defendants in this case for breach of fiduciary duty: Bridger Logistics, LLC ("Bridger Logistics"), Ferrellgas Partners, L.P. ("FGP"), Ferrellgas, L.P. ("FG"), Julio Rios, and Jeremy Gamboa. Eddystone's theory is that each of these defendants was an officer or a controlling person of Bridger Transfer Services, LLC ("BTS"), a company that was "[i]n the zone of insolvency," such that the defendants "owed fiduciary duties of care and loyalty to BTS' creditors, including Eddystone." (Dkt. 182 ¶ 100.)

BTS is a limited liability company organized under Louisiana law.  Pennsylvania statutes and a wealth of precedent from the Third Circuit and this Court establish that questions of fiduciary duties involving a foreign corporation or LLC are governed by the law of the state in which the company was formed.  The Louisiana legislature and courts follow the same principle, applying the law of a company's home state to issues of fiduciary duty.

It has been clear for nearly 100 years that an officer, director, member, or manager of a Louisiana company does not owe a fiduciary duty to creditors of the company.  There is no exception for insolvency or the zone of insolvency, as Eddystone has argued previously; there simply is no such duty.  As a result, Count IV of the First Amended Complaint cannot survive.

This question has arisen twice before in this case.  When Defendants moved to dismiss Eddystone's initial complaint for failure to state a claim, Judge Kelly stated that "the Complaint clearly and adequately alleges claims against each Defendant for . . . Breach of Fiduciary Duties of Care and Loyalty to Creditors," without addressing the choice-of-law issue or further explaining the sufficiency of the claim. (Dkt. 59 at 12.)  Defendants Rios and Gamboa later moved to dismiss the fiduciary-duty count in the First Amended Complaint.  Judge Kelly denied that motion, addressing the choice-of-law question in two footnotes. (Dkt. 275.)

As explained below, the cases cited by Eddystone and the Court earlier in this case do not establish that Pennsylvania law should determine questions of fiduciary duty involving a Louisiana company, nor that creditors may sue for breach of fiduciary duty under Louisiana law. While we do not lightly revisit rulings already made by the Court, we are mindful "of Justice Frankfurter's advice that 'Wisdom ofttimes is never gained at all, and therefore should not be rejected merely because it arrives late.'" *Kunreuther v. Outboard Marine Corp.*, 757 F. Supp. 633, 634 (E.D. Pa. 1991) (DuBois, J.). Accordingly, the BL/FG Defendants respectfully ask the Court to correct the erroneous legal rulings that have allowed the breach of fiduciary duty claim to proceed this far and streamline this case by granting summary judgment for Defendants on Count IV of the First Amended Complaint.

## II.    RELEVANT AND UNDISPUTED FACTS.

BTS was organized as a limited liability company under Louisiana law on June 1, 2011. [Statement of Uncontroverted Material Facts ("SUMF") ¶ 1] Its articles of organization specified that the company would be managed by "one or more Managers." [*Id.* ¶ 3] La. R.S. § 12:1314, discussed at greater length below, states that, if management of a limited liability company is vested in managers, a manager has "a fiduciary relationship to the limited liability company and its members."

As of July 1, 2013, Bridger Logistics was the sole member of BTS, and Bridger LLC was the sole manager of BTS. [SUMF ¶¶ 5-6] BTS did not have an operating agreement. [*Id.* ¶ 2]

On June 24, 2015, FGP acquired the membership interests of Bridger Logistics from Bridger LLC. [*Id.* ¶ 7] On the same date, BTS filed amended and restated articles of organization with the Louisiana Secretary of State. [*Id.* ¶ 8] These articles did not specify whether the company

was managed by its member or by managers.  [*Id.* ¶ 8]  Thus, under the default rule of La. R.S. § 12:1311, it was thereafter managed by its sole member, Bridger Logistics.

## III.   ARGUMENT.

Notwithstanding prior rulings, the law is straightforward and forecloses ERC's breach of fiduciary duty claim.  Both Pennsylvania and Louisiana follow the internal-affairs doctrine, which provides that internal corporate affairs are controlled by the law of the state in which the company is organized.  Because BTS is a Louisiana company, the laws of Louisiana govern the existence and extent of the fiduciary duties alleged in this case.  There is no fiduciary duty to creditors in Louisiana, and summary judgment should be entered for Defendants on Count IV.

### A.   A Claim of Breach of Fiduciary Duty Implicates the Internal-Affairs Doctrine and is Governed by the Law of the State in Which the Relevant Company is Organized.

Under the internal-affairs doctrine, "courts look to the law of the state of incorporation to resolve issues involving the internal affairs of a corporation."  *Banjo Buddies, Inc. v. Renosky*, 399 F.3d 168, 179 n.10 (3d Cir. 2005).  The doctrine applies equally to a limited liability company organized under the laws of another state.  *See Health Robotics, LLC v. Bennett*, Civil Action No. 09-cv-0627, 2009 WL 5033966, at *5 (E.D. Pa. Dec. 22, 2009) (question of fiduciary duty "involves the internal affairs of a foreign limited liability company").

Under this well-established principle, claims of breach of fiduciary duty are considered internal affairs, and if they involve a company organized in another state, the law of that state governs the existence and extent of the duty.

#### 1.   Pennsylvania statutes provide that internal affairs are governed by the law of the state of formation.

Pennsylvania's corporate code provides a clear answer to the choice-of-law question before the Court:  "The laws of the jurisdiction of formation of a foreign association govern[] . . . [t]he

internal affairs of the association."  15 Pa. C.S. § 402(a)(1).  An "association" includes "a limited liability company."  15 Pa. C.S. § 102(a).[1]  Eddystone previously represented to the Court in a sur-reply that Section 402(a) "appears in the chapter of the business code governing unincorporated foreign associations and applies only to such associations . . . .  There is no such provision for limited liability companies."  (Dkt. 53 at 13 n.14.)  This is a false statement of the law; the section expressly applies to limited liability companies.

The legislature has provided similar treatment for foreign corporations, directing the courts to resolve "internal affairs" under "the law of the jurisdiction under which the foreign domiciliary corporation was incorporated."  15 Pa. C.S. § 4145(a).

Conversely, and not surprisingly, Pennsylvania law governs the "internal affairs" of an LLC organized under Pennsylvania law, as well as "the liability of a member as member and of a manager as manager for the debts, obligations or other liabilities of a limited liability company."  15 Pa. C.S. § 8814(a).  This principle is so fundamental that the statute prohibits a Pennsylvania company from altering the governing law in its operating agreement.  *Id.* § 8815(c)(6).

### 2.    Claims alleging breach of fiduciary duties are internal affairs.

The courts have consistently concluded that questions of fiduciary duties fall within the internal-affairs doctrine and are governed by the law of the state in which the relevant company is organized.  In *Banjo Buddies*, for example, the Third Circuit held that Judge Ambrose of the Western District of Pennsylvania correctly applied Wisconsin law to a claim that a director of a Wisconsin corporation breached his fiduciary duty.  *See Banjo Buddies*, 399 F.3d at 179 n.10.  The

---

[1]    The relevant provisions of these statutes became effective on July 1, 2015.  The same concepts were previously included in 15 Pa. C.S. § 8581 (repealed 2015) (laws of jurisdiction in which foreign limited partnership is organized govern its internal affairs) and § 8981 (repealed 2015) (foreign LLC is treated as foreign limited partnership for this purpose).

court of appeals cited and followed *Banjo Buddies* in *Schmidt v. Skolas*, 706 F. App'x 68 (3d Cir. 2017), a case that originated in this Court.  The Third Circuit concluded that Delaware law governed a question of fiduciary duty involving a Delaware corporation.  *Id.* at 72 n.3.

Judges of this Court have reached the same conclusion repeatedly.  *See, e.g., Baker-Bey v. Delta Sigma Theta Sorority, Inc.*, 941 F. Supp. 2d 659, 664 (E.D. Pa. 2013) (applying District of Columbia law to breach of fiduciary duty claim involving D.C. corporation); *Robertshaw v. Pudles*, Civil Action No. 11-7353, 2013 WL 3976284, at *17 (E.D. Pa. Aug. 5, 2013) (applying Delaware law to claim of breach of fiduciary duty involving Delaware corporation); *Richelson v. Yost*, 738 F. Supp. 2d 589, 596 n.7 (E.D. Pa. 2010) (applying Delaware law to claim of breach of fiduciary duty involving Delaware corporation); *Health Robotics, LLC*, 2009 WL 5033966, at *5 (applying Delaware law to claim of breach of fiduciary duty involving Delaware LLC); *Engle v. Matrix Golf & Hosp. Philadelphia, LLC*, Civil Action No. 08-5831, 2009 WL 880680, at *6 (E.D. Pa. Mar. 31, 2009) (Kelly, J.) (applying New Jersey law to claim of breach of fiduciary duty involving New Jersey LLC).[2]

Eddystone has argued in earlier proceedings that the internal-affairs doctrine does not apply to a creditor's claim for breach of fiduciary duty, because a company's relationships with its creditors are *external* affairs.  Precedent does not support the distinction Eddystone seeks to draw.  For example, *Nilson v. Softmart, Inc.*, Civ. No. 12-3914, 2014 WL 12603514 (E.D. Pa. May 28, 2014), involved a claim by a creditor who sought to pierce the corporate veil of a Delaware

---

[2]     The internal-affairs doctrine also applies to a variety of issues that are closely related to fiduciary duties.  *See, e.g., Miller v. Native Link Constr., LLC*, Civil Action No. 15-1605, 2017 WL 3536175, at *9 (W.D. Pa. Aug. 17, 2017) (applying Delaware law to claim of breach of operating agreement of Delaware LLC); *Doltz v. Harris & Assocs.*, 280 F. Supp. 2d 377, 383 (E.D. Pa. 2003) (applying Florida law to determine whether plaintiff had standing to bring derivative action on behalf of Florida corporation); *In re Estate of Hall*, 731 A.2d 617, 622 (Pa. Super. Ct. 1999) (applying Delaware law to determine enforceability of bylaw of Delaware corporation).

corporation.  This Court applied the internal-affairs doctrine and held that Delaware law governed.  *See id.* at *1.  Similarly, *In re School Asbestos Litigation*, No. 83-0268, 1993 WL 209719 (E.D. Pa. Jun. 15, 1993), concerned creditors' attempts to hold a company's shareholder liable under an alter-ego theory.  The Court held that this was a question governed by the law of New Jersey, where the company at issue was incorporated.  *See id.* at *3.

Courts in this jurisdiction have also spoken directly to the question of a fiduciary duty to creditors, concluding that it is an internal affair.  *See Fleet Nat'l Bank v. Boyle*, No. Civ. A. 04cv1277LDD, 2005 WL 2455673, at *9 (E.D. Pa. Sept. 12, 2005) (agreeing with parties' position that Delaware law governed claim of breach of fiduciary duty to creditors of Delaware corporation).  *See also Engle*, 2009 WL 880680, at *6 (applying New Jersey law to claim of breach of fiduciary duty to creditors of New Jersey LLC); *In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 386 (3d Cir. 2007) (stating, in case involving claim that parent company owed fiduciary duty to subsidiary's creditors, that "anyone controlling a Delaware corporation is subject to Delaware law on fiduciary obligations to the corporation and other relevant stakeholders").

### 3.   Louisiana follows the same principles, and its courts would apply Pennsylvania law to a fiduciary-duty claim involving a Pennsylvania company.

Louisiana law differs from Pennsylvania law in many respects, but the internal-affairs doctrine is not one of them.  It is clear that if this dispute involved fiduciary duties relating to a Pennsylvania company, a Louisiana court would evaluate the claim under Pennsylvania law.

As in Pennsylvania, the doctrine is a statutory matter in Louisiana.  La. R.S. § 12:1342 provides that "[t]he laws of the state or other jurisdiction under which a foreign limited liability company is organized shall govern its organization, its internal affairs, and the liability of its managers and members that arise solely out of their positions as managers and members."  The

courts have, accordingly, applied the laws of other states to fiduciary-duty disputes involving foreign LLCs. *See, e.g., Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 385 n.7 (5th Cir. 2009) (applying Delaware law to claims of breach of fiduciary duty asserted in E.D. La. involving Delaware LLCs and corporation); *In re Gulf Fleet Holdings, Inc.*, 491 B.R. 747, 776 (Bankr. W.D. La. 2013) (applying Delaware law to claims of breach of fiduciary duty involving Delaware LLCs and corporation and Louisiana law to claims involving Louisiana LLCs); *In re CLK Energy Partners, LLC*, No. 09-05042, 2010 WL 1930065, at *8 (Bankr. W.D. La. May 12, 2010) (applying Delaware law to claim of breach of fiduciary duty involving Delaware corporation).

### 4. The Court's earlier decision to apply Pennsylvania law is erroneous and unworkable.

In his order of November 20, 2018 (Dkt. 275 at 2 n.2), Judge Kelly stated that "the internal affairs doctrine does not apply" because "'the rights of third parties external to the corporation are at issue.'" Neither the case from which the Court quoted, *First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba*, 462 U.S. 611, 621 (1983), nor the other cases it cited in support, justify disregarding the internal-affairs doctrine in the context of a claim of breach of fiduciary duty.

*First National City Bank* presented the question whether a bank established by the Cuban government was distinct from the government itself for purposes of an American creditor's attempt to set off mutual claims. The Supreme Court determined that the two were not distinct, declining to rely on Cuban law and instead applying "internationally recognized equitable principles to avoid the injustice that would result from permitting a foreign state to reap the benefits of our courts while avoiding the obligations of international law." *Id.* at 633-34. No such concerns are present here. Rather, this case involves a fact pattern that occurs routinely in domestic business affairs: a

company does business in multiple states, but the fiduciary obligations of its members and managers are governed by the law of a single jurisdiction.

Other cases cited by the Court are also wide of the mark.  For example:

- *Norman v. Elkin*, 860 F.3d 111, 122 (3d Cir. 2017), rejected the "dubious premise that the internal affairs doctrine requires the application of Delaware's statute of limitations to all claims in every case involving a Delaware-chartered corporation and its stockholders."  Defendants here advance no such contention, nor anything like it.  As shown above, the Third Circuit and many other courts have recognized that the internal-affairs doctrine controls when the question is the existence, extent, or breach of a fiduciary duty.

- One case from this Court applied New York's choice-of-law principles to conclude that New York law should determine whether the corporate veil of a Bermuda corporation should be pierced.  *See Curiale v. Tiber Holding Corp.*, No. CIV. A. 95-5284, 1997 WL 597944, at *11 (E.D. Pa. Sept. 18, 1997).  *Curiale* did not involve a fiduciary-duty claim.  Moreover, "New York takes a much narrower view of the internal affairs doctrine than do some other jurisdictions," *Tyco Int'l, Ltd. v. Kozlowski*, 756 F. Supp. 2d 553, 560 (S.D.N.Y. 2010).

- Another case involved a "simple contract suit."  *Mindspirit, LLC v. Evalueserve Ltd.*, 346 F. Supp. 3d 552, 581 (S.D.N.Y. 2018) (citation omitted).  Defendants do not contend that every breach-of-contract claim against BTS must be evaluated under Louisiana law.

- Two more cases involved disputes between LLC *members and their own creditors*— not the LLCs' creditors—including those creditors' efforts to obtain charging orders

8

over the members' membership interests. *See Lasertel N. Am. v. Innova, Inc.*, Case No. 3:12-CV-354, 2016 WL 1729558, at *1 (S.D. Ohio Feb. 10, 2016); *Earthgrains Baking Cos. v. Sycamore Family Bakery, Inc.*, No. 2:09-CV-523-DAK, 2015 WL 5009376, at *1 (D. Utah Aug. 21, 2015), *aff'd*, 721 F. App'x 736 (10th Cir. 2017).

- And one case cited by the Court actually supports Defendants' position.  In *Roselink Investors, L.L.C. v. Shenkman*, 386 F. Supp. 2d 209 (S.D.N.Y. 2004), the court concluded that fraudulent-transfer claims involving assets of a Delaware corporation were not subject to New York's narrow version of the internal-affairs doctrine.  *See id.* at 225.  But earlier in the opinion, the court addressed whether the defendants owed a fiduciary duty to the plaintiffs, who were creditors of the corporation.  The court held that "Delaware law, on which the parties have relied, controls." *Id.* at 215.

In short, Eddystone's characterization of itself as an "external" third party might be persuasive if it were asserting a claim for breach of contract (as to which different states' laws frequently apply and parties may select the governing law) or a common-law tort cause of action (as to which a company can modify its business practices in different states to minimize its liabilities).  But if Eddystone seeks to avoid the application of Louisiana law in connection with its dealings with a Louisiana company, it must do more than merely declare itself to be an outsider. Having chosen to assert a claim that is a quintessential matter of corporate governance involving a Louisiana company, Eddystone is bound by the laws of Louisiana.[3]

Deference to the law of a company's home state on fiduciary-duty issues is not only supported by ample precedent; it also is the only workable principle.  Consider a hypothetical

---

[3]     For example, no one would contend that, if Eddystone demanded copies of BTS's tax returns, a privilege reserved to members under La. R.S. § 12:1319(B)(2)(b), Eddystone could avoid the application of Louisiana law by insisting that it is not a member of BTS.

trucking company organized as a Pennsylvania LLC, doing business in the mid-Atlantic states, and attempting to comply with Eddystone's view that fiduciary duties vary by state.  In connection with the company's dealings in Delaware, its members and managers would owe no fiduciary duties to creditors, directly or derivatively.  *See CML V, LLC v. Bax*, 28 A.3d 1037, 1043 (Del. 2011).  In doing business in Maryland, the company's members and managers would have been uncertain until recently whether they owed fiduciary duties to anyone.  *See International Bhd. of Teamsters v. Willis Corroon Corp.*, 802 A.2d 1050, 1051 n.1 (Md. 2002) ("[A]lthough the breach of a fiduciary duty may give rise to one or more causes of action, in tort or in contract, Maryland does not recognize a separate tort action for breach of fiduciary duty."), *abrogated by Plank v. Cherneski*, Misc. No. 3 Sept. Term, 2019 , 2020 WL 3967980, at *20 (Md. July 14, 2020) ("[A] breach of fiduciary duty may be actionable as an independent cause of action.").  Further south, other jurisdictions might impose fiduciary obligations to prioritize local creditors over all others— perhaps the IRS in the District of Columbia, shippers of potatoes in Virginia, and banks in North Carolina.  No fiduciary could hope to navigate this sea of inconsistent and, in some cases, contradictory duties.  *See generally Edgar v. MITE Corp.*, 457 U.S. 624, 645 (1982) (internal-affairs doctrine attempts to avoid "conflicting demands").

In the real world, fiduciaries do not face such uncertainties.  Their obligations are established by the jurisdiction in which the company is organized, and those who invest in or do business with the company do so with those obligations already established.  *See, e.g.*, Uniform Limited Liability Company Act §§ 104, 901(a) (2006) (domestic law governs domestic companies, and foreign law governs foreign companies).

**B.      Defendants Did Not Owe a Fiduciary Duty to Eddystone Under Louisiana Law.**

Under Louisiana law, there is no fiduciary duty to creditors.  Eddystone cannot prevail on Count IV of its First Amended Complaint, and summary judgment is warranted.

La. R.S. § 12:1314(A)(1) provides that members or managers of a limited liability company, as appropriate, "stand in a fiduciary relationship to the limited liability company and its members."  Nothing in the statute imposes a fiduciary duty owed to a creditor or permits a creditor to enforce the members' or managers' duty to the company.  Only a shareholder, partner, or member may commence a derivative action to enforce a fiduciary duty.  La. Code. Civ. P. art. 611(A); La. R.S. § 12:1365 (LLC treated as unincorporated association for this purpose).

Nor is there an extra-statutory basis for a fiduciary duty in favor of creditors.  The Louisiana legislature has specified that the liability "of members, managers, employees, or agents, as such, of a limited liability company organized and existing under this Chapter shall at all times be determined solely and exclusively by the provisions of this Chapter."  La. R.S. § 12:1320(A).[4]

The bankruptcy court for the Middle District of Louisiana has stated that "[n]o controlling authority" supports the imposition of a fiduciary duty to creditors of a Louisiana LLC.  *In re Lobell*,

---

[4]      Section 12:1320(D) states that nothing in the chapter is in derogation of "any rights which any person may by law have against a member, manager, employee, or agent of a limited liability company because of any . . . negligent or wrongful act by such person."  The Supreme Court of Louisiana discussed this exception at length in *Ogea v. Merritt*, 130 So. 3d 888, 901 (La. 2013), acknowledging that it may permit a claim for violation of "a duty in the tort sense."  But Eddystone has not alleged that Defendants owed it a duty under tort law; Eddystone claims that Defendants owed it a fiduciary duty because of their relationship to a limited liability company with which Eddystone had a contract.  If such a duty existed, it would be set forth expressly in this statute, not permitted indirectly by a savings clause for tort claims.

11

390 B.R. 206, 217 (Bankr. M.D. La. 2008).[5]  *Lobell* is consistent with decades of precedent rejecting arguments that corporate officers and directors owe fiduciary duties to creditors.  *See, e.g., Louisiana World Exposition v. Federal Ins. Co.*, 858 F.2d 233, 240 (5th Cir. 1988) ("Louisiana law does not authorize a creditor of a corporation to bring a personal action against the corporation's officers and directors for the recovery of damages resulting from their . . . breach of fiduciary duty."); *Fine Iron Works v. Louisiana World Exposition, Inc.*, 472 So. 2d 201, 203 (La. Ct. App. 1985) (rejecting claim of fiduciary duty to creditors and distinguishing other circumstances in which directors may be liable to creditors, such as fraud or written guaranty); *McDonough Marine Serv. v. Doucet*, 694 So. 2d 305, 312 (La. Ct. App. 1996) (officers and directors do not owe a fiduciary duty to "persons or entities which contract with the corporation"); *Korson v. Independence Mall I, Ltd.*, 595 So. 2d 1174, 1178 (La. Ct. App. 1992) ("The Louisiana Supreme Court has long held that officers and directors do not owe a fiduciary duty to third parties, and cannot be held liable for negligence or omission of duty to third parties for harm resulting from acts done on behalf of that entity."); *Terrebonne Concrete, LLC v. CEC Enters., LLC*, 76 So. 3d 502, 512 (La. Ct. App. 2011) (same); *Wirth v. Albert*, 141 So. 1, 4 (La. 1932) ("A creditor of a corporation has no right of action against the corporation's agents for gross negligence or maladministration of corporate affairs or omission of duty."); *Allen v. Cochran*, 107 So. 292, 293 (La. 1926) ("The corporation itself and, in proper cases, the stockholders have a right of action

---

[5]      The *Lobell* court distinguished a non-controlling opinion in *3 Point Holdings, L.L.C. v. Gulf S. Sols., L.L.C.*, Civil Action No. 06-10902, 2008 WL 695379 (E.D. La. Mar. 13, 2008).  *3 Point* involved a plaintiff's motion for summary judgment, which *pro se* defendants did not oppose.  *See id.* at *2.  And the court's determination that the defendants owed fiduciary duties to the creditors of an LLC was supported by a single citation to a case involving a Texas company, not any Louisiana authority.  *See id.* (citing *Carriere v. Jobs.com Inc.*, 393 F.3d 508, 534 & n.24 (5th Cir. 2004)).

against the agents of the corporation for gross negligence, maladministration of the corporate affairs, and omissions of official duty, but a creditor of the corporation has no such right.").[6]

There is no different rule when the company is insolvent or in the zone of insolvency. *See Lobell*, 390 B.R. at 216 ("This claims too much."). *Louisiana World Exposition*, *Fine Iron*, and *McDonough* all involved the bankruptcy of the companies at issue. *See Louisiana World Exposition*, 858 F.2d at 235; *Fine Iron*, 472 So. 2d at 202 (involving same debtor); *McDonough*, 694 So. 2d at 307. *Terrebonne* involved a general contractor that failed to pay subcontractors because of cash-flow problems. *See Terrebonne*, 76 So. 3d at 506-07. *Allen* arose from a bank failure. *See Allen*, 107 So. at 293. And *Wirth* involved a securities company that was placed in receivership. *See Wirth*, 141 So. at 2. Yet in each case, the court flatly rejected the existence of a fiduciary duty.

---

[6]     A few Louisiana cases indicate that a *company* may have a fiduciary duty to its creditors, but they clarify that "personal liability by the principals of the corporation for breach of that duty does not lie, absent proof of fraud in the actions taken by the principals." *Young v. Adolph*, 821 So. 2d 101, 106 (La. Ct. App. 2002); *see also Hillman Lumber Prods., Inc. v. Webster Mfg., Inc.*, Civ. A. No. 06-1204, 2007 WL 1266124, at *6 (W.D. La. Apr. 27, 2007) (same). There also are stray Louisiana cases suggesting that officers and directors may have *some sort of obligation* to corporate creditors. *See Hibernia Bank & Trust Co. v. Succession of Cancienne*, 74 So. 267, 269 (La. 1917) (where director sought to avoid liability on his personal guarantees of corporate debt on the basis that the company was insolvent, court noted that "[o]n account of that fiduciary relation of the directors to the corporation and its creditors, the directors are under a certain *moral obligation* to see that its creditors are paid"; thus, director was charged with knowledge of company's financial situation) (emphasis added); *Hooper v. Maruka Mach. Corp. of Am.*, 525 So. 2d 1113, 1117 (La. Ct. App. 1988) (in suit to enforce vendor's privilege, referring to fiduciary relationship and "a certain obligation" to ensure payment); *Abraham v. Lake Forest, Inc.*, 377 So. 2d 465, 471 (La. Ct. App. 1979) (in unlawful-dividend case, describing officers and directors as owing fiduciary duty to creditor, "and their transfer of the last remaining asset of the corporation to [an affiliate] was inconsistent with that duty"). None of these cases involved a claim for breach of fiduciary duty, and their musings about the obligations of officers and directors were dicta. When the question has been clearly presented, as in the cases cited in the main text, the Louisiana courts have rejected the existence of a fiduciary duty to creditors.

## IV.    CONCLUSION.

For all of the foregoing reasons, the Court should grant summary judgment to Defendants

on Count IV of the First Amended Complaint in this case.

Dated:  August 13, 2020

Respectfully submitted,

By: */s/ Lawrence G. Scarborough*
    Lawrence G. Scarborough (Admitted *Pro Hac Vice*)

    Richard L. Scheff (I.D. No. 35213)
    Michael C. Witsch (I.D. No. 313884)
    ARMSTRONG TEASDALE LLP
    One Commerce Square
    2005 Market Street, 29th Floor
    Philadelphia, PA 19103
    Telephone:  (267) 780-2000
    Facsimile:  (215) 405-9070
    rlscheff@atllp.com
    mwitsch@atllp.com

    Lawrence G. Scarborough (Admitted *Pro Hac Vice*)
    Bieta Andemariam (Admitted *Pro Hac Vice*)
    BRYAN CAVE LEIGHTON PAISNER LLP
    1290 Avenue of the Americas
    New York, New York 10104
    Telephone:  (212) 541-2000
    Facsimile:  (212) 541-4630
    lgscarborough@bclplaw.com
    bieta.andemariam@bclplaw.com

    Jacob A.  Kramer (Admitted *Pro Hac Vice*)
    Rachel A. Beck (Admitted *Pro Hac Vice*)
    BRYAN CAVE LEIGHTON PAISNER LLP
    1155 F Street, NW
    Washington, D.C. 20004
    Telephone:  (202) 508-6000
    Facsimile:  (202) 508-6200
    jake.kramer@bclplaw.com
    rachel.beck@bclplaw.com

Brian C. Walsh (Admitted *Pro Hac Vice*)
Alicia Ragsdale Olszeski (Admitted *Pro Hac Vice*)
BRYAN CAVE LEIGHTON PAISNER LLP
211 North Broadway, Suite 3600
St.  Louis, Missouri 63102
Telephone:  (314) 259-2000
Facsimile:  (314) 259-2020
brian.walsh@bclplaw.com
ali.olszeski@bclplaw.com

Sarah L. Hartley (Admitted *Pro Hac Vice*)
BRYAN CAVE LEIGHTON PAISNER LLP
1700 Lincoln Street, Suite 4100
Denver, Colorado 80203
Telephone:  (303) 861-7000
Facsimile:  (303) 866-0200
sarah.hartley@bclplaw.com

*Attorneys for Bridger Logistics, LLC, Ferrellgas
Partners, L.P., Ferrellgas L.P., Bridger Rail
Shipping, LLC, Bridger Real Property, LLC,
Bridger Storage, LLC, Bridger Swan Ranch, LLC,
Bridger Terminals, LLC, Bridger Transportation,
LLC, J.J. Addison Partners, LLC, J.J. Liberty, LLC,
Bridger Admin Services II LLC, Bridger Energy,
LLC, Bridger Lake, LLC, Bridger Leasing, LLC,
Bridger Marine, LLC*

15

## **CERTIFICATE OF SERVICE**

I, Jacob A. Kramer, hereby certify that on August 13, 2020, a true and correct copy of the foregoing memorandum was filed electronically via the Court's ECF filing system. This document is available for viewing and downloading from the ECF system and electronic notification has been sent to all counsel of record.

 /s/ *Jacob A. Kramer*
Jacob A. Kramer