IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EDDYSTONE RAIL COMPANY, LLC,**<br>    **Plaintiff,**<br><br>        v.<br><br>**BRIDGER LOGISTICS, LLC,**<br>**JULIO RIOS,**<br>**JEREMY GAMBOA,**<br>**FERRELLGAS PARTNERS, L.P.,**<br>**FERRELLGAS, L.P.,**<br>**BRIDGER ADMINISTRATIVE**<br>**SERVICES II, LLC,**<br>**BRIDGER MARINE, LLC,**<br>**BRIDGER RAIL SHIPPING, LLC,**<br>**BRIDGER REAL PROPERTY, LLC,**<br>**BRIDGER STORAGE, LLC,**<br>**BRIDGER SWAN RANCH, LLC,**<br>**BRIDGER TERMINALS, LLC,**<br>**BRIDGER TRANSPORTATION, LLC,**<br>**BRIDGER ENERGY, LLC,**<br>**BRIDGER LEASING, LLC,**<br>**BRIDGER LAKE, LLC,**<br>**J.J. LIBERTY, LLC, and**<br>**J.J. ADDISON PARTNER, LLC,**<br>    **Defendants.** | **CIVIL ACTION**<br><br><br><br>**NO.  17-495** |

**DuBois, J.**                                                                                                                **December 16, 2020**

**M E M O R A N D U M**

**I.      INTRODUCTION**

This action arises out of a contractual dispute between plaintiff Eddystone Rail Company ("Eddystone") and non-party Bridger Transfer Services ("BTS") involving the construction of an oil transloading facility in Eddystone, Pennsylvania in 2014.  Plaintiff's central claim is that the owners and controlling persons of BTS used the company as a sham entity to defraud plaintiff out of payments it is allegedly owed under the construction contract with BTS.

Presently before the Court is the Motion for Summary Judgment on Count IV of Plaintiff's First Amended Complaint filed by Bridger Logistics, LLC, Ferrellgas Partners, L.P., and Ferrellgas, L.P. (collectively, the "BL/FG Defendants"). For the reasons set forth below, the motion is denied.

## II. BACKGROUND[1]

The background of this case is set forth in detail in the Court's Memorandum dated July 19, 2017 (Document No. 59). This Memorandum recites only the facts and procedural history relevant to the motion presently before the Court.

### A. Factual Background

In February 2013, plaintiff Eddystone and non-party BTS entered into a Rail Facilities Services Agreement ("RSA"). *See* Pl.'s Statement Mat. Facts ("Pl.'s SMF") ¶ 1. BTS was organized as a limited liability company under Louisiana law. Defs.' Statement Mat. Facts ¶ 1. Under the RSA, "BTS had an obligation to pay Eddystone for any oil Eddystone transloaded, or to make deficiency payments to Eddystone in the event the amount of oil transloaded was below a minimum amount." Pl.'s SMF ¶ 1. "Eddystone was thus a creditor of BTS." *Id.*

### B. Procedural History

Plaintiff filed its Complaint on February 2, 2017 and First Amended Complaint on September 7, 2018. In its First Amended Complaint, plaintiff claims that changes in the oil market rendered the RSA less profitable for defendants in this case—BTS's parent company, affiliates, and two Bridger Logistics executives, Julio Rios and Jeremy Gamboa ("individual defendants"). First Am. Compl. ¶¶ 7–8. According to plaintiff, defendants "tried to solve their

---

[1] The facts are presented in the light most favorable to plaintiff. Disputed facts are noted as such. Where appropriate, plaintiff and defendants' statements of material facts are cited in lieu of a direct citation to the record.

problem by improperly using their control of BTS . . . to render it insolvent and unable to pay its creditors." *Id.*

Plaintiff asserts four claims in this action: alter-ego liability (Count I); intentional fraudulent transfer in violation of 12 Pa.C.S. § 5104(a) (Count II); constructive fraudulent transfer in violation of 12 Pa.C.S. § 5105 (Count III); and breach of fiduciary duties of care and loyalty to creditors (Count IV).  Prior to the present motion, the individual defendants or the BL/FG defendants moved on three occasions to dismiss plaintiff's fiduciary duty claim on the same or similar grounds as asserted in the pending motion.  Each such prior motion was denied.

On March 16, 2017, the BL/FG defendants filed a motion to dismiss plaintiff's original complaint, joined in by the individual defendants, arguing that (a) defendants' fiduciary duties were "exclusively governed by[] Louisiana's comprehensive statutory law," and (b) under Louisiana law, "Count Four is legally insufficient and must be dismissed."  Document No. 35-1 at 24.  By Memorandum and Order dated July 19, 2017, the Court denied the motion, stating that "Eddystone's Complaint clearly and adequately alleges colorable claims against each Defendant for . . . Breach of Fiduciary Duties of Care and Loyalty to Creditors."  Document No. 60 at 1–2.

On October 5, 2018, the individual defendants filed a second motion to dismiss plaintiff's First Amended Complaint, arguing that Count IV must be dismissed because "under well-settled Louisiana law – which controls here – no such fiduciary duties exist."  Document No. 207 at 1.  By Order dated November 20, 2018, the Court denied the motion, stating that "Pennsylvania law, not Louisiana law, applies" to this claim.  Document No. 275 at 2 n.2.

On October 25, 2019, the individual defendants filed a third motion to dismiss plaintiff's First Amended Complaint, arguing "creditors of an insolvent corporation are precluded from asserting direct claims against the corporate directors for a breach of their fiduciary duties . . . ."

Document No. 343-1 at 1. By Memorandum and Order dated March 12, 2020, the Court denied the motion, stating that "this basic argument has already been raised—and rejected—on a previous occasion." Document No. 368 at 6–7.

### C. The Present Motion

On August 13, 2020, the BL/FG defendants filed a Motion for Summary Judgment on Count IV of Plaintiff's First Amended Complaint. Plaintiff filed its response on September 10, 2020, and the BL/FG defendants filed a reply on October 1, 2020. The motion is thus ripe for decision.

### III. LEGAL STANDARD

The Court will grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A fact is material when it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The Court's role at the summary judgment stage "is not . . . to weigh the evidence and determine the truth of the matter but to determine whether . . . there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249. However, the existence of a mere "scintilla" of evidence in support of the nonmoving party is insufficient. *Id.* at 252. In making this determination, "the court is required to examine the evidence of record in the light most favorable to the party opposing summary judgment, and resolve all reasonable inferences in that party's favor." *Wishkin v. Potter*, 476 F.3d 180, 184 (3d

Cir. 2007). The party opposing summary judgment must, however, identify evidence that supports each element on which it has the burden of proof. *Celotex Corp.*, 477 U.S. at 322.

## IV.   DISCUSSION

In their motion, the BL/FG defendants argue that Count IV of the First Amended Complaint fails because it is governed by Louisiana law, under which they did not owe fiduciary duties to plaintiff. Plaintiff responds that "[t]his Court has upheld the legal sufficiency of [its] fiduciary duty claim *three times in three years*," and the BL/FG defendants' motion is therefore barred by the law of the case doctrine. Pl.'s Resp. at 1 (emphasis in original). The Court agrees with plaintiff and concludes that the BL/FG defendants have not stated a sufficient reason to warrant re-litigation of this issue.

### A.   Law of the Case Doctrine

"The law of the case doctrine provides that once a court decides an issue, the same issue may not be relitigated in subsequent proceedings in the same case." *Schneyder v. Smith*, 709 F. Supp. 2d 368, 383 (E.D. Pa. 2010) (DuBois, J.); *see also Waldorf v. Shuta*, 142 F.3d 601, 616 n.4 (3d Cir. 1998) ("Under law of the case doctrine, once an issue has been decided, parties may not relitigate that issue in the same case."). "The exceptions to the law of the case doctrine are narrow, reserved for instances where there has been an intervening change in the law, where new evidence has become available, or where reconsideration is necessary to prevent clear error or a manifest injustice." *Schneyder*, 709 F. Supp. 2d at 383 (quotations and citations omitted).

The BL/FG defendants do not argue "there has been an intervening change in the law" or "new evidence has become available." *Id*. Therefore, the Court focuses its analysis on whether reconsideration of its prior decisions is necessary to prevent clear error or manifest injustice.

1. Clear Error and Manifest Injustice

"A finding of clear error requires a 'definite and firm conviction that a mistake has been committed.'" *United States v. Jasin*, 292 F. Supp. 2d 670, 676 (E.D. Pa. 2003) (DuBois, J.) (quoting *Easley v. Cromartie,* 532 U.S. 234, 242 (2001)).  Similarly, "a manifest injustice occurs only when there is direct, obvious, and observable error." *Ass'n of N.J. Rifle & Pistol Clubs Inc. v. AG N.J.*, 974 F.3d 237, 247 (3d Cir. 2020) (quotations omitted).

The BL/FG defendants argue the Court's prior decisions applying Pennsylvania law, rather than Louisiana law, to Count IV of the First Amended Complaint constituted clear error and were manifestly unjust because, under the internal affairs doctrine, claims of breach of fiduciary duty are "governed by the law of the state in which the company was formed." Defs.' Mot. at 7.  As discussed *supra*, BTS was formed under Louisiana law.[2]

"The internal affairs doctrine is a conflict of laws principle which recognizes that only one State should have the authority to regulate a corporation's internal affairs — matters peculiar to the relationships among or between the corporation and its current officers, directors, and shareholders — because otherwise a corporation could be faced with conflicting demands." Document No. 275 at 1 n.1 (quoting *Edgar v. Mite Corp.*, 457 U.S. 624, 645 (1982)).  In its November 20, 2018 Order, the Court concluded that "the internal affairs doctrine does not apply" in this case on the ground that "the rights of third parties external to the corporation are at issue." Document No. 275 at 2 n.2.  The Court's conclusion that the internal affairs doctrine does not apply to claims asserted by third party creditors, like plaintiff, is supported by ample authority.

---

[2] In their reply, the BL/FG defendants argue for the first time that 15 Pa.C.S. § 402(a)(2) governs "precisely the sort of liability Eddystone . . . seeks to impose on Defendants here." Defs.' Reply at 7.  The Court need not consider this argument on the ground that the "moving party may not raise new issues . . . in a reply brief that it should have raised in its initial brief." *D'Alessandro v. Bugler Tobacco Co.*, No. 05-5051, 2007 WL 130798, at *2 (D.N.J. Jan. 12, 2007).  Furthermore, the BL/FG defendants cite no authority supporting their interpretation of 15 Pa.C.S. § 402(a)(2).

*See, e.g., Palladin Partners v. Gaon*, No. 05-3305, 2006 WL 2460650, at *17 (D.N.J. Aug. 22, 2006); *Curiale v. Tiber Holding Corp.*, No. 95-5284, 1997 WL 597944, at *11 (E.D. Pa. Sept. 18, 1997) (internal affairs doctrine does not apply "where the rights of third parties *external* to the corporation are at issue.") (emphasis in original).

Furthermore, this Court has, by agreement of the parties, applied Pennsylvania law to breach of fiduciary duty claims asserted by creditors of non-Pennsylvania companies in a number of cases. For example, in *Hipple v. Hipple*, this Court applied Pennsylvania law to a creditor's fiduciary duty claim against an individual who allegedly "transfer[ed] assets" from a Delaware LLC to himself. No. 12-1256, 2016 WL 320216, at *11–12 (E.D. Pa. Jan. 27, 2016). Likewise, in *Sugartown Worldwide LLC v. Shanks*, this Court applied Pennsylvania law to a creditor's fiduciary duty claim against officers who made "alleged fraudulent transfers" from a Hong Kong company. No. 14-5063, 2015 WL 1312572, at *12 (E.D. Pa. Mar. 24, 2015). Finally, in *Falcone v. Wiredlogic, Inc.*, this Court applied Pennsylvania law to a creditor's fiduciary duty claim against officers of a Delaware corporation who allegedly "terminat[ed] [plaintiff] in order to increase their own profits." No. 06-800, 2006 WL 8459813, at *4, *18 (E.D. Pa. Oct. 26, 2006); *cf. Engle v. Matrix Golf & Hosp. Phila., LLC*, No. 08-5831, 2009 WL 880680, at *7 n.2 (E.D. Pa. Mar. 31, 2009) (applying New Jersey law where "[t]he parties have agreed . . . that New Jersey law governs disputes arising from the loan."); *Fleet Nat'l Bank v. Boyle*, No. 04-1277, 2005 WL 2455673, at *9 (E.D. Pa. Sept. 12, 2005) (applying Delaware law where "[t]he parties agree that Delaware law . . . applies to [the] breach of fiduciary duty claims.").

The Court's prior decisions that the internal affairs doctrine and Louisiana law do not apply to Count IV of the First Amended Complaint were neither clear error nor manifestly

7

unjust. Those decisions correctly stated the law. Denial of the previously filed motions to dismiss was entirely proper. Under the law of the case doctrine, this issue may not be relitigated.

## V.  CONCLUSION

For the foregoing reasons, the BL/FG Defendants' Motion for Summary Judgment on Count IV of Plaintiff's First Amended Complaint is denied. An appropriate order follows.