**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**EDDYSTONE RAIL COMPANY, LLC,**

*Plaintiff,*

v.

**BRIDGER LOGISTICS, LLC,** ***et al.***

*Defendants.*

**Case No. 2:17-cv-00495-JDW**

**ORDER**

**AND NOW**, this 30th day of September, 2022, upon consideration of the Motion To Seal Of Plaintiff Eddystone Rail Company, LLC (ECF No. 586), the Court notes as follows:

1. The common law presumes that the public has a right of access to judicial materials. *See In re Avandia Marketing, Sales Practices and Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). To overcome the common law presumption, a movant must show that an interest in secrecy outweighs the presumption by demonstrating that the material is the kind of information that courts will protect **and** that disclosure will work a clearly defined and serious injury to the party seeking closure. *See id.* Under Third Circuit law, a party seeking to file material under seal must make a specific showing, and "[b]road allegations of harm, bereft of specific examples or articulated reasoning, are insufficient."

*In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). For the most part, Eddystone has not met its burden to show that sealing of the four documents[1] at issue is warranted.

2. *First*, Eddystone has not identified the specific information that it seeks to file under seal. Instead, it points to the Bramer Memorandum, the Bramer Report, the Mayer Exhibit, and Appendix A, in general, and leaves it for the Court to discern which specific information in each individual document is at issue. This approach falls well-short of the specific showing that must be made in order to overcome the presumption of public access to judicial records.

3. *Second*, and relatedly, Eddystone has not made any showing whatsoever that the information set forth in these four documents is the type of information that courts will protect from public view. Instead, Eddystone relies on the fact that Defendants designated the Bramer Report (which the Bramer Memorandum summarizes and/or quotes from) and the Mayer Exhibit as "Confidential," pursuant to the Parties' Stipulated Protective Order. However, the mere fact that the Parties agreed to keep designated materials confidential in the course of discovery is not a reason, by itself, to permit Eddystone to shield judicial records from public view. *See, e.g.*, *TL of Fla., Inc. v. Terex*

---

1 Those four documents include: (1) Eddystone's Memorandum in Support of the Motion to Exclude Proposed Expert Testimony From Defendants' Expert Erica Bramer On Compensatory Damages (the "Bramer Memorandum") (ECF No. 583-1), (2) Exhibit 2 to the Bramer Memorandum (the "Bramer Report") (ECF No. 583-13), (3) Exhibit D to Eddystone's Motion In Limine To Exclude In Part The Proposed Testimony From Defendants' Expert Jeffrey Mayer (the "Mayer Exhibit") (ECF no. 584-4), and (4) Appendix A to Eddystone's Motion to Strike Defendants' Eighteenth And Twentieth Affirmative Defenses ("Appendix A") (ECF No. 587-1).

*Corp.*, 706 F. App'x 89, 93 n.5 (3d Cir. 2017) ("[T]heir agreement to keep all the documents in that appendix confidential … is insufficient under our rule and runs afoul of our case law.").

4. Upon review, the Bramer Report is a rebuttal expert report on the issue of Eddystone's alleged damages, and the Mayer Exhibit is an Intermediation Agreement from April 3, 2014, between Merrill Lynch Commodities, Inc. and Bridger Trading, LLC. While Courts may seal certain types of information set forth in expert reports and contracts, such as trade secrets, confidential financials, and other sensitive business information, Eddystone has not identified any of those materials in the Bramer Memorandum, the Bramer Report, and the Mayer Exhibit. Therefore, it has failed to show that these documents contain the type of information that courts will seal.

5. *Third*, Eddystone has not argued (or even intimated) that the public disclosure of any of these materials will work a clearly defined and serious injury to any Party in this matter or any third parties.

6. Despite these failings, the Court will permit Eddystone to seal Appendix A because that document quotes from Defendants/Third-Party Plaintiffs Ferrellgas Partners, L.P. And Ferrellgas, L.P.'s First Amended Answer And Defenses To Complaint And Counterclaims (ECF No. 78) and Defendant/Third-Party Plaintiff Bridger Logistics, LLC's First Amended Answer And Defenses To Complaint And Counterclaims (ECF No. 79), both of which the Court permitted to be filed under seal. Though the Court later amended the

Stipulated Protective Order to revise how the Parties seek leave to file materials under seal, no Party has asked the Court to unseal ECF No. 78 or 79 or otherwise sought reconsideration of the Order permitting those documents to be filed under seal, and the Court will not revisit the issue *sua sponte*.

In light of the foregoing, it is **ORDERED** as follows:

1. The Motion To Seal Of Plaintiff Eddystone Rail Company, LLC (ECF No. 586) is **GRANTED IN PART** and **DENIED IN PART**. The Motion to Seal is **GRANTED** as to Appendix A (ECF No. 587-1.) The Motion is **DENIED** in all other respects; and

2. On or before October 7, 2022, Eddystone shall provide to the Clerk of Court unsealed and/or unredacted versions of the documents that are currently sealed and/or redacted on the docket for which the Court has denied Eddystone's Motion to Seal. The Clerk of Court shall substitute the unsealed and/or unredacted documents on the docket, where indicated by Eddystone.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.