# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDDYSTONE RAIL COMPANY, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BRIDGER LOGISTICS, LLC, FERRELLGAS ) <br> PARTNERS, L.P., and FERRELLGAS L.P. *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 2:17-cv-00495-JDW |

## MEMORANDUM IN SUPPORT OF MOTION OF PLAINTIFF EDDYSTONE RAIL COMPANY, LLC TO ADMIT INTO EVIDENCE CERTAIN TRIAL EXHIBITS WITHOUT A SPONSORING WITNESS

Henry E. Hockeimer, Jr. (I.D. No. 86768)
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599

Filiberto Agusti (*pro hac vice*)
Steven Barber (*pro hac vice*)
Jennifer Quinn-Barabanov (*pro hac vice*)
Elizabeth A. Cassady (*pro hac vice*)
Andrew J. Sloniewsky (*pro hac vice*)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036

*Counsel for Eddystone Rail Company, LLC*

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................... 1
ARGUMENT ............................................................................................................................ 2
I.    THE COURT HAS AUTHORITY TO ADMIT DOCUMENTS INTO EVIDENCE WITHOUT A SPONSORING WITNESS. ........................................................................ 2
      A.    The Stipulation ........................................................................................................ 3
            1.    Authentication ............................................................................................ 3
            2.    Hearsay and Foundation ............................................................................ 4
            3.    Documents Covered By the Stipulation Should Be Admitted Without a Sponsoring Witness ................................................................................... 4
      B.    Party Admissions .................................................................................................... 6
II.    EDDYSTONE'S EXEMPLAR EXHIBITS SHOULD BE ADMITTED INTO EVIDENCE ............................................................................................................................ 8
      A.    Ferrellgas Accounting Record for Aug. 2015 (Trial Exhibit 1824) ........................ 8
      B.    May 10, 2016 Bridger Terminals Invoice (Trial Exhibit 2086) .............................. 9
      C.    Jan. 1, 2015 Train Notes (Trial Exhibit 490) ........................................................ 10
      D.    Jan. 8, 2016 Morris Email (Trial Exhibit 1215) .................................................... 11
      E.    Ferrellgas' July 31, 2015 10-K Filing (Trial Exhibit 1399-A) .............................. 12
CONCLUSION ....................................................................................................................... 12

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Ameranth, Inc. v. Menusoft Systems Corp.*,
    No. 2:07-CV-271, 2011 WL 2110384 (E.D. Tex. May 26, 2011)............................................5

*In Re Behrends v. Oletski-Behrends*,
    No. 13-22392, 2017 WL 4513071 (D. Color. Bankr. Ct. Apr. 10, 2017)..................................5

*Cole v. Altieri*,
    534 F. Supp. 165 (E.D. Pa. 1981) ............................................................................................5

*Combustion Sys. Servs., Inc. v. Schuylkill Energy Resources, Inc. Reading Anthracite Co.*,
    No. CIV. A. 92-4228, 1994 WL 229762 (E.D. Pa. May 27, 1994).......................................5, 6

*Enslein v. Di Mase*,
    No. 16-09020-CV-W-ODS, 2020 WL 4383805 (W.D. Mo. July 31, 2020),
    *aff'd*, 24 F.4th 1197 (8th Cir. 2022)..........................................................................................5

*Fed. Deposit Ins. Corp. v. St. Paul Fire & Marine Ins. Co.*,
    942 F.2d 1032 (6th Cir. 1991) ..................................................................................................5

*In re Joy Global, Inc.*,
    346 B.R. 659 (D. Del. 2006)...................................................................................................12

*Langbord v. U.S. Dept. of Treasury*,
    2011 WL 2623315 (E.D. Pa., July 5, 2021), *aff'd*, 832 F.3d 170 (3d Cir. 2015) ..................7, 8

*Lorraine v. Markel Am. Ins. Co.*,
    241 F.R.D. 534 (D. Md. 2007)..................................................................................................8

*In re Magnesium Corp. of Am.*,
    460 B.R. 360 (Bankr. S.D.N.Y. 2011)....................................................................................12

*Mills v. Ethan Allen Interiors, Inc.*,
    Case No. CV 15–01842–BRO, 2016 WL 7655772 (S.D. Cal. Aug. 10, 2016).......................12

*Sac and Fox Indians of Miss. In Iowa v. Sac and Fox Indians of Miss. In Okl.*,
    220 U.S. 481, 31 S. Ct. 473, 55 L.Ed. 552 (1911)....................................................................4

*Thanongsinh v. Board of Educ.*,
    462 F.3d 762 (7th Cir. 2006) ....................................................................................................3

*Tucker v. Chas, Kurz & Co.*,
    Civ. No. 14-4893, 2014 WL 12573518 (E.D. Pa. Nov. 10, 2014) ..........................................10

*Petition of U.S.*,
    367 F.2d 505 (3d Cir. 1966).................................................................................................10

*United States v. Ammar*,
    714 F.2d 238 (3d Cir. 1983)...................................................................................................7

*United States v. Bonnett*,
    877 F.2d 1450 (CA10 1989) ..................................................................................................5

*United States v. Cook*,
    820 F. App'x. 110 (3d Cir. 2020) ........................................................................................12

*United States. v. Fleet Mgmt., Ltd.*,
    Crim. Act. No. 07–279, 2009 WL 2581710 (E.D. Pa. Aug. 20, 2009).....................................3

*United States v. Mezzanatto*,
    513 U.S. 196 (1995)........................................................................................................4, 5, 6

*United States v. Pantic*,
    308 F. App'x. 731 (4th Cir. 2009), 2009 WL 161313 ..............................................................8

*United States v. Penn*,
    Crim. Case No. 20-cr-00152-PAB, 2022 WL 489417 (D. Colo. Feb. 17, 2022) .....................7

*United States v. Totoro*,
    Crim. Act. No. 15-291, 2017 WL 3189216 (E.D. Pa. July 27, 2017) ......................................4

**Other Authorities**

Fed. R. Evid. § 401 ..........................................................................................................................8

Fed. R. Evid. §§ 401-15 ..................................................................................................................2

Fed. R. Evid. §§ 801-07..................................................................................................................2

Fed. R. Evid. § 801(d)(2).......................................................................................................*passim*

Fed. R. Evid. § 803(6).........................................................................................................4, 9, 10

Fed. R Evid. § 803(8).....................................................................................................................8

Fed. R. Evid. § 901 .........................................................................................................................3

Fed. R. Evid. § 901 ......................................................................................................................3, 4

Fed. R. Evid. § 901(a).....................................................................................................................3

Fed. R. Evid. § 902 ............................................................................................................................8

Fed. R. Evid. § 1101 ..........................................................................................................................2

# INTRODUCTION

Plaintiff Eddystone Rail Company, LLC ("Eddystone") respectfully moves for the admission into evidence of five exemplar trial exhibits. These exhibits present limited evidentiary issues that are present with respect to numerous other similar trial exhibits, including whether documents subject to the court-approved Stipulation Regarding Admissibility of Evidence (Dkt. 390) ("Stipulation") may be admitted into evidence without testimony from a sponsoring witness. The Stipulation provides that all documents that were produced in this litigation are presumptively authenticated, and that certain materials relating to accounting issues and operations at the Eddystone facility fall within the business records exception to the hearsay rule. Eddystone respectfully submits that the Court's ruling now on the handful of exemplar exhibits discussed in this motion will provide critical guidance to the parties and greatly streamline proceedings once trial resumes.

Defendants have stated that they do not object to the admission without a sponsoring witness of three of the exhibits addressed herein: (i) an accounting record of Ferrellgas Partners, L.P. (together with other Ferrellgas and Bridger entities, "Ferrellgas"), (ii) an invoice from Defendant Bridger Terminals, LLC ("Bridger Terminals"), and (iii) a rail logistics report for the Eddystone facility (although defendants object to a portion of the first page, comprising an email header). These three exhibits are presumptively authenticated under the Stipulation, and also fall within the scope of the Stipulation's business records exception. There are literally hundreds of similar trial exhibits that fall within the Stipulation's authentication and business records provisions. Eddystone does not, however, intend to flood the Court with such materials, but instead expects to seek admission of select exhibits in connection with expert testimony. A favorable ruling on the exemplars will speed the process of admitting similar documents and conserve the Court's time.

1

The remaining two exemplar exhibits are (i) a July 2015 Ferrellgas 10-K SEC filing and (ii) a January 2016 email chain between and among Ferrellgas counsel regarding the absence of a lien on assets of Ferrellgas subsidiaries, including Bridger Transfer Services, LLC ("BTS"). Both of these exhibits are presumptively authenticated under the Stipulation, and both fall outside the hearsay rule because they comprise statements of a party opponent under Rule 801(d)(2) of the Federal Rules of Evidence ("FRE" or "Rules"). Eddystone expects to move into evidence at trial several similar Ferrellgas SEC filings, together with a handful of additional Ferrellgas counsel communications related to the placing of a blanket lien on BTS assets in January 2016. Defendants have taken the position that the two exhibits should not be admitted absent sponsoring witness testimony, but, as explained below, neither the FRE nor Third Circuit authority provide that sponsoring witness testimony is required to admit these documents into evidence. The Court should grant the present motion with respect to these exhibits, as doing so would simplify the process of admitting similar exhibits at trial and would promote judicial economy.

## ARGUMENT

**I.    THE COURT HAS AUTHORITY TO ADMIT DOCUMENTS INTO EVIDENCE WITHOUT A SPONSORING WITNESS.**

As the Court is aware, the FRE regulate the admissibility of documents in federal district courts. FRE 1101. Under the FRE, several factors must be considered when deciding whether a document may be entered into evidence at trial. These include whether the document is authentic (FRE 901-03), relevant (FRE 401-15), and can overcome the bar of the hearsay rule (FRE 801-07).

Witnesses may provide testimony at trial to satisfy one of the FRE's requirements for admissibility. But the FRE nowhere mandate such sponsoring witness testimony, nor does the

2

Third Circuit impose such a requirement. Indeed, as discussed below, case law precedent and the text of the FRE make clear that the trial exhibits at issue here – documents subject to the Stipulation and admissions of a party opponent – may be admitted without a sponsoring witness.

### A. The Stipulation

During discovery, the parties produced many millions of pages of documents. They negotiated and signed the Stipulation on August 24, 2020 in an effort to streamline the process for admitting certain of the documents at trial. Judge DuBois approved the stipulation the next day, August 25, 2020. The Stipulation has two sections, one addressing authentication and the other focusing on hearsay and foundation.

#### 1. **Authentication**

The Stipulation states that "there shall be a rebuttable presumption that all documents produced" in this litigation shall "meet the requirements for authenticity under Fed. R. Evid. § 901." Stipulation at 1. FRE 901 defines authentication as the process of proving that a document "is what the proponent claims it is." FRE 901(a). Accordingly, under the Stipulation, a propounding party's assertion regarding the identity of a document produced in this litigation shall be presumed correct absent competent contesting authority, eliminating time-consuming authentication issues unless there is genuine reason for doubt. Authentication may provide foundation for admitting a document as an admission of a party opponent. *See Thanongsinh v. Board of Educ.*, 462 F.3d 762, 779 (7th Cir. 2006) (documents authenticated under FRE 901 as a statement of a party opponent held to be admissible under FRE 801(d)(2)); *United States. v. Fleet Mgmt., Ltd.*, Crim. Act. No. 07–279, 2009 WL 2581710, at *2 (E.D. Pa. Aug. 20, 2009) (finding documents were authenticated under FRE 901 and also overcame the hearsay bar under FRE 801(d)(2)); *United States v. Totoro*, Crim. Act. No. 15-291, 2017 WL 3189216, at *9 (E.D.

Pa. July 27, 2017) (document admissible as party-opponent statement under FRE 801(d)(2) if authenticated under FRE 901).

### 2. Hearsay and Foundation

The Stipulation also provides that four categories of documents shall be deemed to satisfy the requirements of the FRE 803(6) business-records exception to the hearsay rule. Stipulation ¶¶ 2-3. These are (i) "accounting documents" including Ferrellgas' "general ledgers" and "invoices sent to or by any Bridger/Ferrellgas entity, Eddystone, or any Jamex entity," (ii) "reports reflecting operations at the Eddystone, Pa. transloading facility . . . or rail and barge movements," where such were "created or compiled by any Bridger/Ferrellgas entity or Eddystone," (iii) "monthly management reports," and (iv) "rate sheets". *Id.* ¶ 2. The Stipulation includes additional language defining the scope of each of these categories. *Id.* at 2-3. To the extent a document falls into one of these categories, it not only avoids the bar of the hearsay rule but – as explained below – rests on an adequate foundation.

### 3. Documents Covered By the Stipulation Should Be Admitted Without a Sponsoring Witness

The U.S. Supreme Court has held that evidentiary stipulations should be enforced by trial courts. *United States v. Mezzanatto*, 513 U.S. 196, 202-03 (1995). In *Mezzanatto*, a criminal defendant entered into an agreement with prosecutors that statements made to the prosecutors prior to trial could be used to impeach him at trial. *Id.* at 198. The Supreme Court cited to the FRE in ruling that the stipulation was enforceable:

> [A]t the time of the adoption of the Federal Rules of Evidence, agreements as to the admissibility of documentary evidence were routinely enforced and held to preclude subsequent objections as to authenticity. [citations omitted] And although hearsay is inadmissible except under certain specified exceptions, we have held that agreements to waive hearsay objections are enforceable. *See Sac and Fox Indians of Miss. In Iowa v. Sac and Fox Indians of Miss. In Okl.,* 220 U.S. 481, 488-89, 31 S. Ct. 473, 476-477, 55 L.Ed. 552 (1911); *see also United States v. Bonnett*, 877 F.2d 1450, 1458-1459 (CA10

>       1989) (party's stipulation to admissibility of document precluded hearsay objection at trial).

*Id*. at 202.  The Court observed that evidentiary stipulations are "routinely honored" in both civil and criminal trials:

> Indeed, evidentiary stipulations are a valuable and integral part of everyday trial practice.  Prior to trial, parties often agree in writing to the admission of otherwise objectionable evidence, either in exchange for stipulations from opposing counsel or for other strategic purposes.  *Both the Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure* appear to contemplate that the parties will enter into evidentiary agreements during a pretrial conference.  During the course of trial, parties frequently decide to waive evidentiary objections, and such tactics are routinely honored by trial judges.

*Id*. at 203 (emphasis added) (citations omitted).  In civil cases across the country, federal courts have thus relied on *Mezzanatto* to admit into evidence documents covered by evidentiary stipulations.  *See, e.g.*, *Ameranth, Inc. v. Menusoft Systems Corp.*, No. 2:07-CV-271, 2011 WL 2110384, at *2-3 (E.D. Tex. May 26, 2011) (expert report admitted into evidence on basis of parties' stipulation); *Enslein v. Di Mase*, No. 16-09020-CV-W-ODS, 2020 WL 4383805, at *19 (W.D. Mo. July 31, 2020) (same), *aff'd*, 24 F.4th 1197 (8th Cir. 2022); *In Re Behrends v. Oletski-Behrends*, No. 13-22392, 2017 WL 4513071, at *1 (D. Color. Bankr. Ct. Apr. 10, 2017) (all trial exhibits of bankruptcy trustee admitted pursuant to parties' stipulation).

This Court has held that "[s]tipulations as to fact are binding on the parties and the Court."  *Combustion Sys. Servs., Inc. v. Schuylkill Energy Resources, Inc. Reading Anthracite Co.*, No. CIV. A. 92-4228, 1994 WL 229762, at *2 (E.D. Pa. May 27, 1994) (citing *Fed. Deposit Ins. Corp. v. St. Paul Fire & Marine Ins. Co.*, 942 F.2d 1032, 1038 (6th Cir. 1991) and *Cole v. Altieri*, 534 F. Supp. 165 (E.D. Pa. 1981)).  In *Combustion Systems*, the parties had stipulated to the amount of monetary damages arising from one of plaintiff's claims. The proponent of the stipulation presented no sponsoring witness.  Nonetheless, the Court honored the stipulation, holding that a "party is entitled to require a fact finder to accept stipulations on which little or no

evidence has been presented." 1994 WL 229762, at *2. The Court observed that "[s]tipulations serve the purpose of conserving judicial resources and allowing the parties to focus on truly disputed issues. In order for stipulations to be effective, parties must be able to rely on them." *Id.*

Although the Stipulation might be regarded as an evidentiary stipulation rather than a stipulation of fact, documents covered by the Stipulation should be admitted into evidence for the reasons articulated in *Mezzanatto* and *Combustion Systems*. The parties signed and Judge DuBois approved the Stipulation to "conserve[e] judicial resources and allow[] the parties to focus on truly disputed issues." 1994 WL 229762, at *2. As noted, the parties stipulated that documents produced by each are presumptively authentic, because they were aware of no evidence to the contrary. As a fail-safe, the Stipulation provides that, if a party uncovers evidence of inauthenticity, it may attempt to rebut the presumption.

Ferrellgas produced thousands of pages of necessarily interrelated accounting records and Eddystone produced hundreds of pages of operational reports during discovery. These documents were generated in the ordinary course by persons with knowledge of the underlying data. Accordingly, the parties stipulated that these and similar documents fall within the business records exception to the hearsay rule. By enforcing this portion of the Stipulation, the Court would streamline the parties' presentation of accounting evidence and evidence related to the alleged operational deficiencies at the Eddystone facility. If the Stipulation is not enforced at trial, Eddystone will need to designate and call additional document custodian and other witnesses and there could be a substantial delay in completing the trial as foundation evidence is introduced on a document-by-document basis.

**B.     Party Admissions**

FRE 801(d)(2) provides that a written statement of a party opponent is not hearsay if it is:

>offered against an opposing party and: (A) was made by the party in an individual or representative capacity; (B) is one the party manifested that it adopted or believed to be true; (C) was made by a person whom the party authorized to make a statement on the subject; [or] (D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed. . . .

FRE 801(d)(2). As with any other document it seeks to admit, the proponent must establish the authenticity of the claimed admission (i.e., that the document is what the proponent claims it is - a statement of a party opponent). But a sponsoring witness is unnecessary, because the proponent of the document need not prove that the admission is based on personal knowledge. *United States v. Ammar*, 714 F.2d 238, 254 (3d Cir. 1983) (holding that proponent of the admission need not prove that the speaker had personal knowledge of the subject matter of the statement). In *Ammar*, the Third Circuit relied on the Advisory Committee Notes to Rule 801, which state:

>The freedom which admissions have enjoyed from technical demands of searching for an assurance of trustworthiness in some against-interest circumstance, and from the restrictive influences of the opinion rule *and the rule requiring firsthand knowledge*, when taken with the apparently prevalent satisfaction with the results, calls for generous treatment of this avenue to admissibility.

*Id.* at 254 n.14 (emphasis added). *See also Langbord v. U.S. Dept. of Treasury*, 2011 WL 2623315, at *14 (E.D. Pa., July 5, 2021) (no sponsoring witness needed to admit into evidence statements of a party opponent under 801(d)(2)), *aff'd*, 832 F.3d 170 (3d Cir. 2015); *United States v. Penn*, Crim. Case No. 20-cr-00152-PAB, 2022 WL 489417, at *1 (D. Colo., Feb. 17, 2022) (document admitted under 801(d)(2) without sponsoring witness).

It bears noting that FRE 801(d)(2) is not an aberration among the Rules. Other Rules expressly provide that sponsoring witnesses are unnecessary. For example, a sponsoring witness is unnecessary to establish authenticity if a document is self-authenticating under FRE 902. FRE 902; *Lorraine v. Markel Am. Ins. Co.*, 241 F.R.D. 534, 551 (D. Md. 2007) (FRE 902 "does not

7

require the sponsoring testimony of any witness" for authentication); *see Langbord*, 2011 WL 2623315, at \*14 (no witness testimony needed to satisfy requirements for self-authentication under FRE 902). Similarly, notwithstanding the absence of a sponsoring witness, the hearsay rule will not bar admission of a document if on its face it falls within the hearsay exception for public records. FRE 803(8); *United States v. Pantic*, 308 F. App'x. 731 (4th Cir. 2009) (Table), 2009 WL 161313, at \*3 (no witness needed to show that documents satisfy the public-records exception under FRE 803(8)).

## II. EDDYSTONE'S EXEMPLAR EXHIBITS SHOULD BE ADMITTED INTO EVIDENCE

Eddystone requests that the Court admit the following exhibits into evidence.

### A. Ferrellgas Accounting Record for Aug. 2015 (Trial Exhibit 1824)

Eddystone seeks admission into evidence Trial Exhibit 1824 (Ex. 1 hereto[1]), a document taken from Ferrellgas' accounting records, specifically, Ferrellgas' August 2015 general ledger. As noted, defendants do not object to the admission of this document into evidence.

This document was produced during discovery, as can be seen from its Ferrellgas bates number prefix (BLFG_EDPA). It is therefore presumptively authentic. As with all other exhibits at issue in this motion, Eddystone is unaware of any evidence to rebut the presumption, and defendants have identified none.

Trial Exhibit 1824 also satisfies all other requirements for admissibility. It is relevant under FRE 401 because it supports Eddystone's revenue diversion claim: it shows that Ferrellgas accountants credited Bridger Rail Services, LLC ("Rail Services") – which was assigned accounting code number 208 – with "rail throughput" revenue earned by BTS. *See*,

---

[1] Due to the size of Trial Exhibit 1824, Ex. 1 is a representative excerpt of the document.

*e.g.*, Ex. 1 at line 21223. Eddystone will prove at trial that Rail Services was not a real limited liability company. Instead, it was the name of an account Ferrellgas used to capture revenues diverted from BTS.

The exhibit also does not run afoul of the hearsay rule for two reasons. First, it is an "accounting record" within the meaning of the Stipulation and therefore constitutes a business record under FRE 803(6). Second, Eddystone is offering the exhibit against a party opponent (Ferrellgas) and has authenticated it as a statement of Ferrellgas. Accordingly, it is admissible as a party admission under FRE 801(d)(2).

### B. May 10, 2016 Bridger Terminals Invoice (Trial Exhibit 2086)

Eddystone moves for admission of Trial Exhibit 2086 (Ex. 2 hereto), a May 10, 2016 invoice that Bridger Terminals, a 100% indirect subsidiary of Defendant Ferrellgas Partners, L.P., submitted to Jamex Marketing, LLC (together with related entities, "Jamex"). As noted, defendants do not object to the admission of this document into evidence.

This exhibit was produced in this litigation, and is therefore presumptively authentic. Trial Exhibit 2086 also meets all other admissibility requirements. Eddystone intends to prove that, on January 7, 2016, Ferrellgas formed Bridger Terminals as a wholly owned subsidiary of Bridger Logistics, LLC ("Logistics") for the purpose of receiving various assets Ferrellgas diverted from BTS for no consideration. Eddystone will further prove that Ferrellgas transferred BTS injection station equipment and the value of its future earnings to Bridger Terminals on January 31, 2016, and that Jamex subsequently utilized the injection stations in exchange for a fee it paid to Bridger Terminals. Exhibit 2 is relevant because it is an invoice for those services. The hearsay rule does not bar admission of the exhibit because the exhibit is an "accounting document" under the Stipulation, and it is a statement of a party opponent.

### C.     Jan. 1, 2015 Train Notes (Trial Exhibit 490)

Eddystone moves for admission of Trial Exhibit 490 (Ex. 3 hereto), a January 1, 2015 train movement log that was prepared by Eddystone's contractor, Railserve, Inc. ("Railserve") and that is set forth in the body of an email.

Eddystone produced this document in discovery, so it is presumptively authentic. Trial Exhibit 490 also meets the other requirements for admissibility. As can be seen on its face, the RailService report includes a detailed log of the activities involved in handling each train at the Eddystone transloading facility. These reports were provided to Eddystone's facility manager. The exhibit is relevant because Eddystone expects to use it to show that Eddystone was not responsible for claimed delays in the arrival, unloading and departure of trains. The exhibit also meets the requirements for an FRE 803(6) business record under the Stipulation, as it is a report "reflecting operations at the Eddystone, Pa. transloading facility . . . or rail and barge movements" that was "created or compiled" by Eddystone's contractor, RailServe. Because RailServe was an Eddystone contractor and agent, the RailServe reports are effectively created by Eddystone within the meaning of the Stipulation. *See Petition of U.S.*, 367 F.2d 505, 509 (3d Cir. 1966) (independent contractor who operated government ship was government's agent); *Tucker v. Chas, Kurz & Co.*, Civ. No. 14-4893, 2014 WL 12573518 (E.D. Pa. Nov. 10, 2014) (same).

Defendants object to that a portion of the first page of the exhibit – comprising an email header – falls outside the Stipulation. They therefore object to admission of this part of the exhibit, though they do not object to the rest. But the Stipulation does not contemplate that exhibits will be carved up so that only portions "reflecting operations" are admissible. Accordingly, the entire document should be admitted into evidence.

### D.      Jan. 8, 2016 Morris Email (Trial Exhibit 1215)

Eddystone moves for admission of Trial Exhibit 1215 (Ex. 4 hereto), an email chain last dated January 8, 2016 between outside counsel for Ferrellgas - William Morris of Akin Gump Strauss Hauer & Feld, LLP ("Akin") and Jeris Brunette of Bracewell & Guiliani LLP ("Bracewell").  The email chain is presumptively authentic because it was produced in discovery.

This exhibit is relevant because it shows that Akin was aware by early January 2016 that Ferrellgas' lenders had not executed a guaranty supplement with BTS, which would have made BTS a guarantor under Ferrellgas' credit agreement with its lenders.  Eddystone will prove that Ferrellgas' lenders had no lien on BTS' assets until January 15, 2016, one day after BTS and Ferrellgas' lenders executed a guaranty supplement and a security agreement called a grantor accession agreement.  Eddystone contends that the lien on BTS was not a "valid lien" under the Pennsylvania Uniform Fraudulent Transfer Act ("PUFTA"), and did not immunize Ferrellgas for liability under the statute.  Eddystone also contends that that the signing of the guaranty supplement and grantor accession agreements were themselves fraudulent transfers.

This exhibit is not hearsay under FRE 801(d)(2) because it contains statements of a party-opponent's agents acting within the scope of their authority.  At the time this document was written, Ferrellgas had retained Bracewell as outside credit counsel and Akin as outside counsel on the transfers of BTS assets and sale of BTS to Jamex.  Sept. 19, 2022 Trial Test. at 108:15-21 (in its opening, Ferrellgas described Bracewell as doing its transactional work); Sept. 22, 2022 Trial Test. at 77:16-78:2 (Rios agrees that Akin was assigned the job of "restructuring" BTS, *i.e.*, removing its assets).  Because the document is presumptively authentic, it is what it purports to be on its face: statements by outside counsel for Ferrellgas about the matters on which they were retained.  Such counsel statements are properly admissible under FRE 801(d)(2).  *United States*

*v. Cook*, 820 F. App'x. 110, 114-15 (3d Cir. 2020) (attorney statements made during negotiation of a business dispute were admissible under FRE 801(d)(2)); *In re Joy Global, Inc.*, 346 B.R. 659, 665 n. 13 (D. Del. 2006) (attorney statements to government investigator were admissible under FRE 801(d)(2)).

### E.     Ferrellgas' July 31, 2015 10-K Filing (Trial Exhibit 1399-A)

Eddystone also moves for the admission of the attached Trial Exhibit 1399-A, a Ferrellgas 10-K filing (Trial Exs. 1399 is attached hereto as Ex. 5).  The document was produced during discovery and is presumptively authentic.

It is also are relevant.  Eddystone expects to present the Ferrellgas 10-K as evidence of the consideration that Ferrellgas paid to buy Logistics and the nature of Logistics' business prior to its acquisition by Ferrellgas.  The document was also filed by Ferrellgas with the SEC, and hence is admissible as a party admission.  *Mills v. Ethan Allen Interiors, Inc.*, Case No. CV 15–01842–BRO (KKx), 2016 WL 7655772, at *7 n.16 (S.D. Cal. Aug. 10, 2016) (party opponent's 10-K filing is not hearsay under FRE 801(d)(2)); *In re Magnesium Corp. of Am.*, 460 B.R. 360, 377 n.67 (Bankr. S.D.N.Y. 2011) (SEC filings of a party opponent fall within FRE 801(d)(2)).

### CONCLUSION

For all the foregoing reasons, Eddystone respectfully requests that the Court admit into evidence Trial Exhibits 1824, 2086, 490, 1215, and 1399-A.

Dated: November 3, 2022                              Respectfully submitted,

*/s/Filiberto Agusti*
Henry E. Hockeimer, Jr. (I.D. No. 86768)
Terence M. Grugan (I.D. No. 307211)
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599

Telephone: (215) 665-8500
Facsimile: (215) 864-8999
hockeimerh@ballardspahr.com
grugant@ballardspahr.com

Filiberto Agusti (*pro hac vice*)
Steven J. Barber (*pro hac vice*)
Jennifer Quinn-Barabanov (*pro hac vice*)
Elizabeth A. Cassady (*pro hac vice*)
Andrew J. Sloniewsky (*pro hac vice*)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902
jquinnbarabanov@steptoe.com
fagusti@steptoe.com
sbarber@steptoe.com
ecassady@steptoe.com

*Counsel for Eddystone Rail Company, LLC*

13

**CERTIFICATE OF SERVICE**

    I certify that I filed the foregoing via the Court's ECF system on Thu, Nov 3, 2022, thereby serving all counsel of record.

                                          /s/ Andrew J. Sloniewsky
                                          Andrew J. Sloniewsky