**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EDDYSTONE RAIL COMPANY, LLC, | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | |
| | ) | |
| v. | ) | No. 17-cv-00495-JDW |
| | ) | |
| BRIDGER LOGISTICS, LLC, FERRELLGAS | ) | |
| PARTNERS, L.P., and FERRELLGAS, L.P. *et* | ) | |
| *al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| BRIDGER LOGISTICS, LLC, FERRELLGAS | ) | |
| PARTNERS, L.P., and FERRELLGAS, L.P. | ) | |
| | ) | |
| Defendants/Counterclaimants. | ) | |

_____

**PLAINTIFF'S RESPONSE TO THE COURT'S ORDER OF JUNE 1, 2023**

**T**ABLE OF **C**ONTENTS

BACKGROUND ..........................................................................................................1

ARGUMENT...........................................................................................................2

    A.      *Hanaway* .....................................................................................3

    B.      *Retina Associates* ........................................................................6

    C.      The BTS LLC operating agreement......................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Hanaway v. Parkesburg Group, LP,*
  168 A.3d 146 (Pa. 2017) .................................................... *passim*

*Hipple v. Hipple,*
  2016 WL 320216 (E.D. Pa. Jan. 27, 2016) ..........................................2, 8

*In re Jamuna Real Estate, LLC,*
  416 B.R. 412 (Bankr. E.D. Pa. 2009) ..............................................2, 8

*In re Lemington Home for Aged,*
  659 F.3d 282 (3d Cir. 2011)......................................................8, 10

*Polselli v. Nationwide Mutual Fire Ins. Co.,*
  126 F.3d 524 (3d Cir. 1997).........................................................9

*Retina Associates of Greater Philadelphia, Ltd. v. Retinovitreous Associates, Ltd.,*
  176 A.3d 263 (Pa. Super. Ct. 2017) ......................................... *passim*

*Robar Dev. Corp. v. Minutello,*
  408 A.2d 851 (Pa. Super. 1979).....................................................5, 8

*SodexoMAGIC, LLC v. Drexel Univ.,*
  24 F.4th 183 (3d Cir. 2022) ........................................................9

*Winer Family Trust v. Queen,*
  503 F.3d 319 (3d Cir. 2007).........................................................8

**Statutes**

15 Pa. Stat. § 110 ...................................................................7, 8

15 Pa. Stat. § 8520 .....................................................................4

15 Pa. Stat. § 8815 .....................................................................5

15 Pa. Stat. § 8821 ...................................................................9, 10

15 Pa. Stat. § 8904 .....................................................................7

15 Pa. Stat. § 8916, Comm. Cmt........................................................5

15 Pa. Stat. § 8922 ...................................................................................................6

15 Pa. Stat. § 8943 ................................................................................................6, 7

La. Stat. § 12:1304 ...................................................................................................9

La. Stat. § 12:1305 ...................................................................................................9

**Other Authorities**

Restatement (Second) of Contracts § 205 (1981) ..............................................3, 4, 5

Eddystone respectfully submits this supplemental brief in response to the Court's order of June 1, 2023.  Dkt. 743.  That order authorizes supplemental briefs "addressing whether and to what extent" *Hanaway v. Parkesburg Group, LP*, 168 A.3d 146 (Pa. 2017), and *Retina Associates of Greater Philadelphia, Ltd. v. Retinovitreous Associates, Ltd.*, 176 A.3d 263 (Pa. Super. Ct. 2017), "bear on [Eddystone's] breach of fiduciary duty claim, including whether managers and/or members of limited liability companies owe fiduciary duties to creditors under Pennsylvania law, and whether those decisions should cause [the Court] to reconsider [its] conclusion that members or managers o[f] an insolvent LLC owe a fiduciary duty to the company's creditors."  *Id.* at 2.

These cases cast no doubt on the Court's holding and provide no reason to reopen the issue.  *Hanaway* relates to whether partners in a partnership could assert a claim for breach of the implied covenant of good faith against other partners.  *Retina Associates* supports Eddystone's claim.  The ruling for the plaintiffs there rested on the statutory provision stating that "the principles of law and equity … *shall* supplement [the] provisions" of the Pennsylvania LLC law and the court's recognition that "[i]t is intended that the courts will fashion rules in appropriate circumstances by analogy to principles of corporate or partnership law to deal with situations such as oppression of minority members, actions taken in bad faith, etc."  176 A.3d at 273 (emphasis added; quotation marks omitted).  Indeed, Pennsylvania courts "routinely have provided remedies when a controlling faction of a corporation, partnership, or other business entity engages in conduct alleged to oppress a minority," and the LLC statute "gives courts the flexibility to analogize to corporate and partnership law to bar a member from engaging in" oppressive conduct that violates fiduciary duties.  *Id.* at 274-75.  This Court's prior rulings are sound and should stand.

## BACKGROUND

This Court has repeatedly held that Eddystone's fiduciary duty claim is legally viable under Pennsylvania law.  At the pleading stage, the Court held that "the Complaint clearly and adequately

alleges claims against each Defendant for … Breach of Fiduciary Duties of Care and Loyalty to Creditors … [T]he Complaint clearly alleges colorable claims."  Dkt. 59 at 12 (Kelly, J.); *see also* Dkt. 60 at 1-2 (Kelly, J.) ("Eddystone's Complaint clearly and adequately alleges colorable claims against each Defendant for … Breach of Fiduciary Duties of Care and Loyalty to Creditors").

After the case was transferred, Defendants again raised the issue.  "Consistent with Judge Kelly's [ruling], the Court conclude[d] that [Eddystone] has stated a claim for breach of fiduciary duty."  Dkt. 368 at 6-10 (DuBois, J.).  "[W]hen a corporation is insolvent, corporate directors and officers owe a fiduciary duty to the creditors of the corporation.  This fiduciary relationship with creditors applies in the context of insolvent limited liability companies, such as BTS."  *Id.* at 8 (citing *Hipple v. Hipple*, 2016 WL 320216, at *12 (E.D. Pa. Jan. 27, 2016)); *see also, e.g.*, *In re Jamuna Real Estate, LLC*, 416 B.R. 412, 436 (Bankr. E.D. Pa. 2009) (holding in LLC insolvency proceeding that the "allegations clearly suffice for purposes of alleging that the Bagga companies breached a fiduciary duty to their creditors").  Defendants then filed a motion for summary judgment on Count IV only on the same grounds.  The Court adhered to the law of the case: "Denial of the previously filed motions to dismiss was entirely proper.  Under the law of the case doctrine, this issue may not be relitigated."  Dkt. 421 at 8 (DuBois, J.).

After the case was again transferred, Defendants relitigated the issue.  Dkt. 495-1 at 45-49. The Court rejected their argument again: "When a corporation is insolvent, corporate directors and officers owe a fiduciary duty to the creditors of the corporation.  This fiduciary relationship applies to insolvent limited liability companies like BTS."  Dkt. 557 at 11 (Wolson, J.) (citations omitted).

## ARGUMENT

This Court has repeatedly held, in rulings by three judges, that Pennsylvania law imposes on an insolvent LLC's managers and members a fiduciary duty to creditors.  That is the law of the

case, and it is correct. *Hanaway* is inapposite in numerous respects, and *Retina Associates* supports the Court's holding by recognizing that Pennsylvania's LLC statute "gives courts the flexibility to analogize to corporate … law to bar [an LLC] member from engaging in … oppressive conduct." 176 A.3d at 275; *see id.* at 273-75. There is no reason to depart from the law of the case here.

A.  **Hanaway.** The Pennsylvania Supreme Court's decision in *Hanaway* is inapposite. *Hanaway* was a suit by partners (not creditors) of a limited partnership (not an LLC) claiming violation by another partner of contract law's "implied covenant of good faith and fair dealing" (not fiduciary duties). 168 A.3d at 147. That contract-law principle states that "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." *Id.* at 150 n.7 (quoting Restatement (Second) of Contracts § 205 (1981)). Pennsylvania courts generally follow this rule. *See id.* at 151 n.8, 156-57 (collecting cases). But *Hanaway* held that "the implied covenant of good faith and fair dealing is inapplicable to the Pennsylvania limited partnership agreement at issue" (*i.e.*, the contract that governed relations among the plaintiffs and defendant as partners in the limited partnership). *Id.* at 148.

The Supreme Court's reasoning was based on a close reading of the Pennsylvania limited partnership statute (PRULPA). The revised version of PRULPA, which was enacted after the events at issue in *Hanaway*, expressly recognizes "an implied covenant of good faith and fair dealing with respect to limited partnership agreements" and prohibits partners from "[v]ary[ing] the contractual obligation of good faith and fair dealing." *Id.* at 151, 153 & n.10; *see also id.* at 152, 154. But the earlier version of PRULPA, which governed the claims in *Hanaway*, did not reference a contractual duty of good faith and fair dealing and, to the contrary, "contemplated broad freedom of contract" in arranging *the internal affairs of the partnership*:

> A written partnership agreement may contain any provision for the regulation of
> the internal affairs of the limited partnership agreed to by the partners, whether or

> not specifically authorized by or in contravention of this chapter, except where this chapter … expressly provides that the partnership agreement shall not relax or contravene any provision on a specified subject.

*Id.* at 154-55 (quoting 15 Pa. Stat. § 8520(d) (repealed 2016)).  The court concluded that this provision "enshrined the freedom to contract" for partners in a PRULPA limited partnership.  *Id.* at 156.  And the court found that the parties to the partnership agreement at issue there had exercised that freedom to give the defendant general partner "unfettered discretion to fulfill [the partnership's] business obligations and duties, without fear of being second-guessed by a court" under the good-faith-and-fair-dealing principle.  *Id.*  Because the court found that the parties had exercised their freedom to contract away that duty of good faith and fair dealing, it rejected the plaintiff partners' claim that the defendant partner had breached such a duty.  *Id.*

In short, the court held that PRULPA had expressly given the parties to a particular type of contract (the partnership agreement of a limited partnership) the freedom to contract away a duty that is implied in other contracts, and that the equity owners (partners) had in fact done so under the terms of their limited partnership agreement.  *Id.* at 156.  The court confirmed the viability of the Pennsylvania cases holding that the implied duty of good faith and fair dealing described by § 205 of the Restatement indeed applies under Pennsylvania contract law unless a statute like PRULPA indicates otherwise.  *See id.* at 157 (distinguishing Pennsylvania cases that applied the duty on the ground that "the contracts at issue were not governed by statute").

None of *Hanaway*'s reasoning applies here.  *First*, BTS was an LLC, not a partnership, so it was not governed by PRULPA.  *Second,* Eddystone is not a member of the LLC and had nothing to do with BTS' organizational agreements.  Eddystone is pursuing its claim as a *third-party creditor* of BTS, not as a member of that LLC.  By contrast, *Hanaway* was a dispute *among the partners* of a limited partnership.  As partners, the plaintiffs and defendant were parties to the

4

partnership agreement.  That is why the plaintiffs invoked a contract-law principle (the implied duty of good faith and fair dealing described by § 205 of the Restatement), and it is why the court focused on the terms of the parties' partnership agreement and the statute governing it.

Eddystone was not a party to the BTS operating agreement (the LLC analogue of a partnership agreement, which sets the duties and obligations of the LLC's members to one another, *see* 15 Pa. Stat. §§ 8812(a), 8815(a)).  The operating agreement's terms are therefore irrelevant to Eddystone's claim.  Eddystone seeks recovery against Defendants not for breach of the contract-law duty of good faith and fair dealing but, rather, for breach of an insolvent debtor's fiduciary duty to its creditors.  *See Robar Dev. Corp. v. Minutello*, 408 A.2d 851, 853 (Pa. Super. 1979) (corporate officers have a "fiduciary duty to protect the interest of the other creditors"); *see also Retina Associates*, 176 A.3d at 279-80 ("fiduciary duty" and "duty of good faith and fair dealing" "are not synonymous"; the latter concept is "most commonly recognized as a contractual obligation" while the former is in the nature of a tort-law duty).  The Official Comment to the Pennsylvania LLC statute effective in 2016 says explicitly that the "freedom of contract" is limited to "the internal affairs of the company" and "that freedom does not extend to varying the rights of third parties, *such as creditors*."  Committee Comment to 15 Pa. Stat. § 8916 (emphasis added).

*Third*, as Defendants have often observed, BTS was organized under the laws of Louisiana, not Pennsylvania, so its LLC agreement is not governed by *any* Pennsylvania statute.  As the Court has noted, if a dispute arose among the equity-holding members of BTS—as in *Hanaway*—it would be governed by Louisiana law under the internal affairs doctrine.  *See* Dkt. 421 at 6. Pennsylvania law applies here because this claim concerns the rights of *a third party external to the LLC*, its creditor Eddystone.  *Id.* (holding that "the internal affairs doctrine does not apply in

this case on the ground that the rights of third parties external to the corporation are at issue" (quotation marks omitted)).

*Hanaway* is in no way inconsistent with this Court's prior rulings that Pennsylvania law imposes on an insolvent LLC's control persons a fiduciary duty to the LLC's creditor.

    **B.**    ***Retina Associates.***  Unlike *Hanaway*, the *Retina Associates* case dealt with an LLC. 176 A.3d at 264.  Like *Hanaway*, though, it was a suit by minority *members* of the LLC rather than a third-party creditor.  *Id.* at 264-65.  Because the LLC was organized under Pennsylvania law, the respective rights and obligations of the equity owners were governed first and foremost by Pennsylvania's Limited Liability Company Law of 1994 and by the LLC's operating agreement, a contract to which both the plaintiffs and the defendants—all LLC members or managers—were parties.  *Id.* at 271-72. (The 1994 law was replaced effective in 2017, but *Retina Associates* dealt with acts that were committed before that effective date and were therefore subject to the 1994 version.  *See id.* at 271 & n.4.)  Specifically, the "[d]uties of managers and members" to one another were governed by 15 Pa. Stat. § 8943.  *Retina Associates* thus rejected the defendants' attempted reliance on § 8922, which is titled "Liability of members and managers" and "deals with members' liability to third parties, such as company creditors—not liability to other members."  176 A.3d at 273 n.7. (Section 8922 shields LLC members from liability "solely by reason of being a member."  15 Pa. Stat. § 8922(a).  Like limited liability provisions for corporations, it does not confer immunity for fiduciary duty claims like those asserted by Eddystone here, which are based on the defendant's conduct, not mere equity-holder status.)

    The *Retina Associates* court held that the plaintiff LLC members had stated a legally viable claim against the defendant LLC members and managers for breach of fiduciary duty.  *See id.* at 282-83.  The court therefore reversed the dismissal of the fiduciary duty claim and remanded for

the claim to move forward.  *Id.* at 283.  Nothing in *Retina Associates* suggests that Pennsylvania law does not impose fiduciary duties on the controllers of an insolvent LLC in favor of its creditor.

*Retina Associates* in fact *supports* the existence of such a duty.  In determining what duties are owed by the members and managers of an LLC, *Retina Associates* explains that the 1994 LLC statute "specifically provides that Section 110 [of the title of the Pennsylvania code addressing artificial entities (Title 15)] may be used as a basis for determining the liability of a limited liability company's members."  176 A.3d at 273 (citing 15 Pa. Stat. § 8904(b)).  Section 110 in turn provides that, "[u]nless displaced by the particular provisions of this title [*i.e.*, 15 Pa. Stat.], *the principles of law and equity*, including, but not limited to, the law relating to principal and agent, estoppel, waiver, fraud, misrepresentation, duress, coercion, mistake, bankruptcy or other validating or invalidating cause, *shall supplement its provisions*."  15 Pa. Stat. § 110 (emphases added).  In applying § 110, *Retina Associates* invoked an official Committee Comment to Pennsylvania's LLC statute, which states, citing § 110, that "the member has no right to appropriate for personal use property belonging to the company.  *It is intended that the courts will fashion rules in appropriate circumstances by analogy to principles of corporate or partnership law to deal with situations such as oppression of minority members, actions taken in bad faith, etc. See* 15 Pa.C.S. § 110."  176 A.3d at 273 (emphasis added) (quoting Committee Comment to 15 Pa. Stat. § 8943(b)(2)); *see also* PCOL at 85 (discussing role of official comments under Pennsylvania statutory interpretation law).

The court thus agreed with the plaintiffs that the Pennsylvania LLC law "*gives courts the flexibility to analogize to corporate and partnership law* to bar a member from engaging in the oppressive conduct that they allege occurred here."  176 A.3d at 274 (emphasis added).  Indeed, Pennsylvania courts "routinely have provided remedies when a controlling faction of a

corporation, partnership, or other business entity engages in conduct alleged to oppress a minority." *Id.* at 275. This reasoning confirms that this Court and the courts in *Hipple* and *Jamuna* were correct to draw on corporate law in imposing fiduciary duties on the control persons of LLCs. *See* Dkt. 557 at 10-11; *Hipple*, 2016 WL 320216, at *12; *Jamuna*, 416 B.R. at 436. After all, it is established under Pennsylvania law that "fiduciary duties are owed not only to the corporation and its shareholders, but also to the creditors of an insolvent entity." *In re Lemington Home for Aged*, 659 F.3d 282, 290 (3d Cir. 2011); *see also Winer Family Trust v. Queen*, 503 F.3d 319, 339 (3d Cir. 2007) (holding that Section 1717 of the Pennsylvania corporations statute applies to derivative but not direct actions for fiduciary breach). This was an established "principle[] of law and equity" long before the enactment of the 1994 LLC statute. *See, e.g.*, *Robar*, 408 A.2d at 853; PCOL ¶¶ 362, 365, 392. It therefore "*shall* supplement [the LLC statute's] provisions." 15 Pa. Stat. § 110 (emphasis added).

Moreover, Defendants here were not mere passive *members* of BTS. They were the control persons of that LLC's sole member *and manager*, Bridger Logistics. TX 1261.222-223; *see* Dkt. 557 at 11 (holding that "[c]ontrol persons of a fiduciary may be liable when they cause that fiduciary to breach its duties"). The focus of *Retina Associates* was on whether members of a manager-managed LLC owe fiduciary duties. The court held that they do. But it never questioned that the *manager* owes fiduciary duties. Rather, it took that fundamental principle for granted, questioning only whether the plaintiffs' complaint was sufficient to put the defendants on notice that they were suing the managers in their capacity as managers and not just in their capacity as members. *See* 176 A.3d at 280-83. (The court concluded that the pleading was sufficient. *Id.* at 282-83.)

8

Although *Retina Associates* addressed the duties owed to an LLC's minority members rather than to an insolvent LLC's third-party creditor, it confirms the correctness of this Court's reasoning in holding that Pennsylvania law imposes on an insolvent LLC's managers and members a fiduciary duty to creditors. *Retina Associates* holds that courts can and should "analogize to corporate and partnership law to bar a member from engaging in the oppressive conduct" at issue. *Id.* at 274. In predicting how the Pennsylvania Supreme Court would rule, "the decisions of intermediate Pennsylvania appellate courts receive 'significant weight in the absence of an indication that the highest state court would rule otherwise.'" *SodexoMAGIC, LLC v. Drexel Univ.*, 24 F.4th 183, 204 (3d Cir. 2022) (quoting *Polselli v. Nationwide Mutual Fire Ins. Co.*, 126 F.3d 524, 528 n.3 (3d Cir. 1997)). This Court rightly held, consistent with the reasoning of *Retina Associates*, that the managers and members of an insolvent LLC owe the same duty to the LLC's creditor as the officers of a traditional corporation owe to its creditor.

*Retina Associates* also confirms that Pennsylvania law, prior to the non-retroactive 2022 amendment, allowed fiduciary duties to be enforced through direct suits. *Contra* Dkt. 739 at 34 (asserting that "no Pennsylvania state court decisions are affected by the" amendment).

C.   **The BTS LLC operating agreement.**   As noted above, since Eddystone is an external third-party creditor of BTS rather than a member of BTS, Eddystone was not a party to (or even privy to) the BTS operating agreement and therefore cannot have been bound by any purported limitations in that agreement on the duties owed by BTS members, managers, or other persons with control. Indeed, LLC operating agreements are private contracts among the members that are seldom disclosed to creditors, so Eddystone did not know its contents before discovery. *See* La. Stat. § 12:1304 (formation of LLC requires filing of "the articles of organization and the initial report," but not its operating agreement, *see also id.* § 1305(C)); 15 Pa. Stat. § 8821(a)

(same).  So far as Eddystone is aware, no court has *ever* held that an insolvent entity's operating agreement prevented an external creditor from recovering for breach of fiduciary duties.

In any event, by contrast to the partnership agreement in *Hanaway*, the BTS operating agreement did not even purport to abrogate duties of the persons controlling that LLC.  *See* TX 1261.222-226.  For this reason, too, *Hanaway* is inapposite.

*          *          *

This Court correctly held that Pennsylvania law imposes on an insolvent corporation's controlling persons a fiduciary duty to the corporation's creditor.  Dkt. 557 at 11.  Its decision is backed by the decisions of other courts in Pennsylvania and a Third Circuit decision applying Pennsylvania law that, as this Court suggested, would appear to be controlling.  *Id.* (citing *Lemington Home*, 659 F.3d at 290).  There is no reason why a creditor that deals with a business organized as an LLC should have fewer rights in this context than one that deals with a business organized as a traditional corporation (*i.e.*, a C corporation).  The various entity forms—LP, LLC, traditional corporation, etc.—have different legal implications of relevance to the organization's equity owners, who select the form, including as to tax treatment, access to public equity markets, and internal affairs.  *See, e.g.*, *Retina Associates*, 176 A.3d at 271 n.5 (discussing reasons for the "popularity" of the LLC business form).  But they do not call for differential treatment of creditors, who may not know the details of any operating agreement—especially when Pennsylvania law requires that longstanding "principles of law and equity … shall supplement" its LLC statute.

*Hathaway* and *Retina Associates* are consistent with the Court's prior holdings on Eddystone's breach of fiduciary duty claim.  The Court should adhere to the law of the case.

10

Respectfully submitted,

s/ Filiberto Agusti
Henry E. Hockeimer, Jr. (I.D. No. 86768)
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103-7599
Telephone: (215) 665-8500
Facsimile: (215) 864-8999
hockeimerh@ballardspahr.com

Filiberto Agusti (*pro hac vice*)
Steven Barber (*pro hac vice*)
Jennifer Quinn-Barabanov (*pro hac vice*)
Alice Loughran (*pro hac vice*)
Mark C. Savignac
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC  20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902
fagusti@steptoe.com

*Counsel for Plaintiff Eddystone Rail Co., LLC*

**CERTIFICATE OF WORD COUNT**

I certify that this brief complies with the 10-page limit imposed by the Court's order of June 1, 2023 (Dkt. 743 at 2).

**CERTIFICATE OF SERVICE**

I certify that the foregoing was filed via the Court's ECF system on June 16, 2023, thereby serving all counsel of record.

_____/s/ Filiberto Agusti_____
Filiberto Agusti
